IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: CAPITAL ONE CONSUMER                )
DATA SECURITY BREACH LITIGATION            )          MDL No. 1:19md2915 (AJT/JFA)
_____)

This Document Relates to ALL Cases
_____

## **INITIAL ORDER**

### PRETRIAL ORDER #1
Setting Initial Conference
and General Matters

By Order dated October 2, 2019 [Doc. 1] ("Transfer Order"), and Conditional Transfer

Order dated October 15, 2019 [Doc. 2] ("CTO-1"), the Panel on Multi-District Litigation

("MDLP") transferred to this Court certain cases for coordinated or consolidated pre-trial

proceedings pursuant to 28 U.S. C. §1407. Other cases have been subsequently transferred and

additional cases are expected to be transferred. The cases currently transferred to this Court are

listed in Schedules A and B, together with those cases directly-filed with this Court which are

subject to this MDL. As determined by the MDLP, these cases "share factual issues concerning a

recently-announced incident in which an individual gained unauthorized access to the personal

information, maintained on cloud-based systems, of more than 100 million Capital One credit

card customers and individuals who applied for Capital One credit card Products [and] [a]ll

actions arise from the same data security breach, and they allege that Capital One failed to put in

place reasonable data protections."  [Doc. 1 at 1-2].

The Court's charge and objective are to complete pre-trial proceedings in these

transferred cases expeditiously, efficiently and fairly, while eliminating duplicative discovery,

preventing inconsistent pre-trial rulings on class certification and other issues and conserving the

resources of the parties, their counsel, and the judiciary.  The Court expects all counsel to work cooperatively towards that end, understanding that counsel also have their own obligations to their clients.

This Order and, unless indicated otherwise, all subsequent orders, shall apply to all cases transferred to this Court and all "tag-along actions" filed in, removed to, or transferred to this Court.

### 1.  Local Rules and Practices Apply

Counsel must familiarize themselves with the Court's Local Rules, which shall govern, except as provided herein or by subsequent order.  In that regard, the Court will follow its usual practice with respect to the role of the Magistrate Judge and all non-dispositive motions not requiring a ruling by Judge Trenga will initially be referred automatically to Magistrate Judge Anderson for consideration.  Counsel are encouraged to reach agreements on non-controversial matters, and to use this Division's procedure for agreed motions (always remembering that the Court may not agree that the action sought is appropriate).  The Local Rules are found at http://www.vaed.uscourts.gov/localrules/LocalRulesEDVA.pdf and the Alexandria Division procedures are at http://www.vaed.uscourts.gov/locations/documents/AlexandriaInformation-5-5-14.pdf.

The Court makes the following initial modifications to its rules and procedures:

> a.  Separate local counsel for each plaintiff will not be required initially.  The Court may revisit this decision if warranted.  Plaintiffs' Lead Counsel, to be designated as set forth herein, must associate with and designate for the Court's approval a member of the Bar of this Court to serve as his or her local counsel, who will have for all plaintiffs the responsibilities set out in Local

Civil Rule 83.1.

b.   Each attorney not admitted in this Court shall file this Court's "Application to Qualify as a Foreign Attorney," but it need not be signed by a member of the Bar of this Court, and payment of the fee for admission is hereby waived for all such applications filed after the date of this Order.

c.   The usual practice for noticing motions for hearing on a regular Friday docket will not apply in this litigation.  The Court will determine whether and when a hearing is needed and will notify the parties.  The parties shall deliver to the Judges' Chambers by overnight mail or courier a copy of every motion, brief, and document relating to a motion or brief will be required.  Hand delivery of Chambers copies will not be required until further notice.

d.   Discovery requests and responses are not to be filed nor sent to the Judges' Chambers, except when specifically ordered by the Court or to the extent needed in connection with a motion.

**2.  Consolidation**

The civil actions listed on Schedules A and B are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Virginia, Alexandria Division, will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which that person or entity has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

### 3.  Plaintiffs' Lead Counsel and Plaintiffs' Steering Committee

The Court intends promptly to appoint Plaintiffs' Lead Counsel and may also appoint a Plaintiffs' Steering Committee. The Court will defer deciding whether a Liaison Counsel is needed.  In selecting Plaintiffs' Lead Counsel and members of the Plaintiffs' Steering Committee, the Court will give due regard to any consensus among counsel with respect to any particular candidate for either position.  Plaintiffs' counsel are therefore encouraged to confer as a group in an effort to select by consensus, and nominate to the Court, both Plaintiffs' Lead Counsel and a Plaintiffs' Steering Committee.

### a.  Appointment Process

All applications and nominations for Plaintiffs' Lead Counsel or Plaintiffs' Steering Committee must be filed on or before November 18, 2019, stating counsel's qualifications, including specifically experience in multi-district litigation and in this District.

The main criteria for both Lead Counsel and Steering Committee members will be: (a) professional experience in this type of litigation; (b) willingness and availability to commit to a time-consuming project, including, without limitation, the ability to attend timely to the initial duties of Lead Counsel outlined in this Order before the Initial Status Conference and Rule 16(b) Conference on January 21, 2020; (c) ability to work cooperatively with others; (d) willingness to commit the necessary resources to pursue this matter at an expeditious pace; and (e) any compensation arrangement that counsel is willing to accept.  Applications and nominations should succinctly address each of the above criteria as well as any other relevant matters, including counsel's access to resources sufficient to advance the litigation in a timely manner, any particular financing arrangements in that regard, and the specific fee arrangement expected or in place.  Any application for appointment as Lead Counsel should contain an explicit representation

that he or she is prepared to assume and discharge all duties of Lead Counsel personally. The required information pertaining to available resources, including, specifically, any third-party financing arrangements and specific fee arrangements, must be shared with other plaintiffs' counsel but need not be provided to defendants at this time and may be separately submitted to the Court *ex parte* and not as part of an applicant's public filings.  An application should be limited to five (5) pages in addition to any case listings and separately-provided financing and fee information. The Court will only consider an attorney who has entered an appearance in a civil action involved in these proceedings.

Written objections may be made to the appointment of a proposed applicant or nominee. Any such written objections must be filed on or before [November 25, 2019.  The objections, if there be any, must be short, yet thorough, and must be supported by any necessary documentation.

The Court considers its appointment of Lead Counsel and a Steering Committee to be among the most important in these proceedings. Its expectations are high; and the Court will not hesitate to reconsider its appointments during the litigation if the Court believes Lead Counsel or Steering Committee members are not discharging their obligations appropriately.  The Court intends to appoint Lead Counsel promptly following receipt of any objections and without interviews or a hearing.

   b. <u>Duties of Plaintiffs' Lead Counsel</u>

Plaintiffs' Lead Counsel, assisted by and in consultation with the Plaintiffs' Steering Committee, if appointed, and other counsel, as may be appropriate, shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

    i. Discharge the obligations outlined in this Order with respect to the

tasks to be accomplished before the Initial Status Conference and Rule 16(b) Conference on January 21, 2020, including specifically formulating the proposed litigation schedule specified in Paragraph 8 herein;

ii.  Determine how and through which counsel to present to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

iii.  Determine and coordinate how discovery is to be conducted on behalf of plaintiffs, including, without limitation, the preparation of joint interrogatories, requests for production of documents, requests for admission, and subpoenas, and the examination of witnesses in deposition;

iv.  Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

v.  Delegate specific tasks to other counsel or committees, as authorized by the Court, in a manner to ensure that the pretrial preparation for the plaintiffs is conducted efficiently and effectively and is assigned fairly and appropriately among counsel who wish to assume responsibilities for conducting pre-trial matters on behalf of all plaintiffs. In that regard, no attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings; and, subject to further Orders, as may be necessary, any attorney may suggest questions to be posed to deponents. Any plaintiff's counsel who believes that the

particular interests of his or her client are not being adequately served in common discovery should seek the assistance of the Court after exhausting efforts to resolve any such disputes through Plaintiffs' Lead Counsel and any Steering Committee;

vi.   Enter into stipulations with opposing counsel as necessary for the conduct of litigation.  Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within fourteen (14) days after he or she knows or should have reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party;

vii.   Prepare and distribute periodic status reports to the parties;

viii.   Maintain adequate time and disbursement records covering services as Lead Counsel; establish adequate procedures to accurately record and report time and expenditures by other counsel; and submit periodic summaries to the Court for its review. In this regard, the Court has under consideration whether to utilize the services of an outside accountant to assist the Court on an on-going basis;

ix.   Monitor the activities of co-counsel to ensure that schedules are met, and unnecessary expenditures of time and funds are avoided; and

x.   Perform such other duties as the Court may direct.

**4.   Defendants' Lead Counsel and Defendants' Steering Committee**

Within seven (7) days of the date of this Order, defendants shall propose a specific

lawyer as Defendants' Lead Counsel, together with a general description of his or her qualifications and experience.  If proposed Lead Counsel is not a member of the bar of this Court, then defendants shall also propose local counsel. The Court will defer a decision on whether appointment of a Defendants' Steering Committee is appropriate.

To the extent defendants are unable to agree upon a Lead Counsel, all counsel who want to be considered for appointment as Defendants' Lead Counsel shall file an application on or before November 18, 2019.  Applications shall include that information required for those attorneys seeking to be appointed Plaintiffs' Lead Counsel, as set forth in Paragraph 3.a. of this Order, including an explicit representation concerning their commitment to discharge the duties of Defendants' Lead Counsel personally, except that no information is required concerning access to resources or any fee or financing arrangements. An application should be limited to five (5) pages in addition to the listing of relevant case experience.

As a general matter, Defendants' Lead Counsel shall have for defendants, to the extent applicable, those duties and responsibilities described in Paragraph 3 of this Order. In addition, (1) Defendants' Lead Counsel shall file within fourteen (14) days of his or her appointment a list of all cases currently pending in state courts that raise the same or similar issues to those to be addressed in these consolidated proceedings, and the status of those cases; and (2) on or before January 13, 2020, Defendants' Lead Counsel shall file a statement concerning how these consolidated cases relate to or may otherwise be affected or impacted by other pending securities or derivative actions or regulatory or criminal proceedings, including, in particular, the extent to which discovery may be affected or duplicated.

### 5. Communications Among Counsel Not a Waiver of Attorney Client or Work Product Privilege

The communication of information among and between plaintiffs' counsel or among and

between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protections afforded an attorney's work product.  Likewise, communications between Lead Counsel, or their representatives, and the cooperative efforts between them, as contemplated in this Order in discharge of their duties and obligations as Lead Counsel, shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, unless reflected in a writing signed by both Lead Counsel; nor shall any communications among counsel be used by or against any plaintiff or defendant.  Nothing contained in this Order shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

### 6.  Communications with the Court

Unless otherwise authorized by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.  Neither the parties nor counsel should contact the Court *ex parte.* Any contact with the Court on any substantive matter shall be by motion unless otherwise directed. To expedite procedural and scheduling matters, Lead Counsel or their designees may contact Chambers in a joint call, although the Court advises that they should do so only when necessary to advance the resolution of an issue.  Magistrate Judge Anderson may also be contacted by Lead Counsel or their designees by email, and he will discuss that procedure further at the Rule 16(b) Conference.

In order to properly advance the resolution of this case, the Court may find it helpful from time to time to meet with or communicate with counsel *ex parte* and/or off the record, including before or during the Initial Status Conference and subsequent status conferences.  On or before January 10, 2020, all counsel should advise the Court of any objections to the Court's meeting separately and off the record with Plaintiffs' Lead Counsel/Steering Committee and

Defendants' Lead Counsel as outlined herein.

### 7.  Initial Status Conferences

#### a.  <u>Date and Time</u>

The Court intends to meet or confer from time to time with Lead Counsel and Plaintiffs' Steering Committee after their appointment, on dates and times to be set. In addition, the Court will conduct an Initial Status Conference and Rule 16(b) Conference on January 21, 2020 at 11:00 a.m. in Judge Trenga's courtroom, Room 701, United States Courthouse, 401 Courthouse Square, Alexandria, Virginia 22314.  Judge Trenga and Magistrate Judge Anderson will jointly preside.

#### b.  <u>Agenda for Initial Status Conference</u>

At the Initial Status Conference, the Court intends to establish a litigation schedule that includes:

i.  A schedule for the filing of any remaining responsive pleadings or motions to dismiss;

ii.  A schedule for disposition of any motions to dismiss or other procedural motions, such as motions to remand to state court;

iii.  A discovery schedule for both fact and expert discovery;

iv.  A schedule for summary judgment motions;

v.  A schedule for consideration of class certification motions; and

vi.  Such other deadlines that may facilitate the disposition of these proceedings.

The Court will also consider any other issues identified in Lead Counsel's required filings.  In that regard, no later than January 10, 2020, Lead Counsel shall file any other agenda

items that Lead Counsel want the Court to consider at the Initial Status Conference.  On or

before January 15, 2020, any other counsel may file suggestions for additional agenda items.

The Initial Status Conference will be followed by a Rule 16(b) Conference conducted by

Magistrate Judge Anderson, at which he will resolve any outstanding objections or other issues

relating to the Discovery Plans to be filed in accordance with Paragraph 10 of this Order,

including resolution of objections to the required initial interrogatories and document requests.

He will also discuss and implement the logistics of fact discovery.

c.   <u>Appearance of Counsel at the Initial Status Conference</u>

Each party represented by counsel shall appear at the Initial Status Conference through an

attorney who will have primary responsibility for the party's interests in this litigation.  To

minimize costs and facilitate a manageable conference, parties with similar interests may agree,

to the extent practicable, to have an attending attorney, including Lead Counsel, represent their

interests at the conference.  Designating an attorney to represent the party's interests at this initial

conference will not preclude counsel from subsequently participating or a party from personally

participating or selecting other representation during the future course of this litigation, nor will

attendance at the conference waive objections to jurisdiction, venue or service.

**8.  Litigation Schedule**

The standard litigation schedule in this Court for complex cases typically includes 150

days for discovery after the initial Rule 16(b) Conference.  The Court recognizes that that this

standard time frame may need to be tailored to accommodate the special features of this multi-

district litigation, and welcomes the suggestions of counsel in that regard, but as a general

proposition the Court intends to establish a litigation schedule as close as possible to its standard

litigation schedule. Towards that end, the Court has identified in this Order certain tasks to be

accomplished before the Initial Status Conference and Rule 16(b) Conference on January 21, 2020 in order to facilitate an actual discovery period within the time frame typically imposed by the Court.  Solely for the convenience of the parties, the Court has attached as Schedule D a chronological listing of the tasks to be accomplished before the Initial Status Conference.

Lead Counsel, after consultation with each other, shall file on or before January 13, 2020, jointly if possible, otherwise separately, a litigation schedule that proposes:

    a.   A discovery cut-off date for fact discovery;

    b.   A schedule for expert designations and expert discovery, including any necessary *Daubert* hearings;

    c.   A date for the filing of any summary judgment motions on common liability issues; and

    d.   A schedule for consideration of any class certification issues.

The submissions should contain a brief statement justifying the proposed schedule.

Any other counsel may file objections or comments to the proposed litigation schedule(s) submitted by Lead Counsel on or before January 17, 2020, provided counsel has attempted to resolve in good faith any such objections or concerns with their Lead Counsel and certifies in writing having done so.

**9.  Document Depository**

Plaintiffs' Lead Counsel (or a designated representative) and Defendants' Lead Counsel (or a designated representative) shall confer about the creation, financing, design, and operation of a document depository program (a "depository") and thereafter shall file with the Court on or before January 10, 2020, a stipulation outlining a protocol for the depository and its organization, categorization, and/or indexing of the defendants' responses to plaintiffs' document requests and

a formula for sharing the cost of maintaining the depository facility. To the extent that Lead Counsel cannot agree on any aspect of a depository, they shall file on or before January 14, 2020 their respective protocols, together with their position on any matters on which they disagree. Any counsel may file objections or comments with respect to the proposed protocols on or before January 17, 2020, provided counsel has attempted in good faith to resolve any such objections or concerns with their Lead Counsel and certifies in writing having done so.

In developing this protocol, the parties shall consider potential protocols that would efficiently use technologies and that would facilitate the parties' prompt and effective access to the contents of the depository and reduce a party's need to travel to examine documents. The Court will enter such orders, as necessary, for the efficient and proper operation of the depository.  Subject to the parties' comments and suggestions, the Court provides the following expectations concerning the depository:

  a.  The depository would store all materials produced by the parties and third parties in this multidistrict litigation that may be needed for more than a single case, including documents, interrogatories, requests for admission, request for production of documents, deposition transcripts, and similar materials. These materials would be made available to any litigants in any case in this multidistrict litigation and, under appropriate arrangements, to any litigants in any related state court litigation;

  b.  The parties would agree on computer hardware and software systems for scanning, viewing, downloading, and printing documents from remote locations;

  c.  The document depository would not be operated as a profit center; and the

parties would agree about allocating fees to operate the depository. Each attorney/party seeking access to the depository would sign an agreement regarding rules of usage, protection of confidential documents, and payment of fees;

d. A party would fully satisfy the obligation to produce documents to the parties in all cases in this litigation by placing those documents in the depository and serving notice of this placement on counsel in all affected cases. Such notice would identify the documents produced, using a unique alphanumeric identifier. Produced documents would be produced as they are kept in the ordinary course of business or organized and labeled to correspond with categories in the request as set forth in Rule 34(b) of the Federal Rules of Civil Procedure or as the parties might otherwise agree;

e. Each party would be responsible for immediately delivering to the depository all documents produced in this proceeding pursuant to Rule 45. The party noticing a deposition shall be responsible for delivering to the depository transcripts, including any videotape of a deposition taken in any of the consolidated cases. The party serving any objection, answer, or response to an interrogatory, Rule 34 request, or request for admission in any of the consolidated cases would be responsible for delivering a copy to the depository;

f. Plaintiffs' Lead Counsel (or a designated representative) would be responsible for monitoring the content of the depository on behalf of the plaintiffs and would provide periodic notification to all plaintiffs' counsel of the addition of

materials to the depository, with a basic description of the newly added
material; and

g.  Parties to the litigation would be permitted to establish at their own expense
private document depositories at other locations and make arrangements for
obtaining documents for inclusion in those depositories as they see fit. The
depository established in the proposal, however, would be the only official
document depository for consolidated cases.

## 10. Proposed Discovery Plans

a.  Discovery on damages is deferred until further notice, and Rule 26(a)(1)
disclosures will not be required of any party.

b.  <u>Plaintiffs' Lead Counsel's Obligations</u>

On or before December 20, 2019, Plaintiffs' Lead Counsel shall provide to
Defendants' Lead Counsel a proposed Discovery Plan for discovery on behalf
of all plaintiffs, that includes the following:

i.   A proposed litigation schedule as required under Paragraph 8 of this
Order;

ii.  A Rule 30(b)(6) Deposition Notice for defendants (without a date for
the deposition), which states the areas of inquiry on liability issues;

iii. A detailed description of what fact information the plaintiffs require as
to liability issues, including the text of not more than 20 initial
interrogatories to defendants;

iv.  A detailed description of what documents plaintiffs require from
defendants as to liability issues, including the text of not more than 30

15

initial document requests;

v.   A general description by subject matter and issue of what expert witnesses plaintiffs intend to designate, and a proposed schedule for designation and depositions of those experts;

vi.  A general description of what damages discovery plaintiffs believe is appropriate in these consolidated proceedings; and

vii. A description of such other discovery that plaintiffs want to conduct, including depositions and document discovery from nonparties.

Before serving the proposed Discovery Plan on Defendants' Lead Counsel, Plaintiffs' Lead Counsel shall circulate the proposed Discovery Plan to all plaintiffs' counsel and provide a reasonable opportunity for comments and suggestions, which Plaintiffs' Lead Counsel shall, in good faith, consider, and, to the extent practicable, accommodate and reflect in the proposed Discovery Plan.  However, Plaintiffs' Lead Counsel, in consultation with any Steering Committee, shall finally decide the contents of the proposed Discovery Plan to be served on Defendants' Lead Counsel pursuant to this Order.

c.   Defendants' Lead Counsel's Obligations

On or before December 20, 2019, Defendants' Lead Counsel shall provide to Plaintiffs' Lead Counsel defendants' proposed Discovery Plan for discovery on behalf of all defendants, that includes the following:

i.   A proposed litigation schedule as required under Paragraph 8 of this Order;

ii.  A description of what fact information defendants require from plaintiffs as to defendants' alleged liability common to all plaintiffs or

classes of plaintiffs, including the text of not more than 15 initial

interrogatories and 15 initial document requests;

iii.  A general description of what individualized discovery, if any,

defendants believe is appropriate from each plaintiff separately on

liability issues;

iv.  A general description by issue and subject matter of what expert

witnesses defendants intend to designate and a proposed schedule for

designation and depositions of those experts;

v.  A general description of what discovery concerning damages

defendants believe is appropriate in these consolidated proceedings;

vi.  A description of such other discovery that defendants want to conduct,

including depositions and document discovery from nonparties; and

vii.  A statement concerning their efforts to date to locate and gather for

prompt production all documents that relate to the issues alleged in the

cases transferred to this multi-district litigation, the overall volume,

and when defendants believe production of such documents can occur.

Any particular problems or issues with respect to document production

should be described with particularity. Likewise, any issues pertaining

to the identification of privileged documents should be identified,

together with a schedule for the filing of an appropriate privilege

index.

d.  <u>Duty to Confer</u>

Following their receipt of the other's proposed Discovery Plans, Lead Counsel shall

confer, attempt in good faith to resolve issues, and on or before January 13, 2020, file jointly if possible, otherwise separately, a statement concerning any unresolved objections to each other's Discovery Plan, including any objections to the proposed schedule, initial interrogatories and document requests, Rule 30(b)(6) notices, or the subject matter of expert testimony.  Extensive briefing on any remaining objections to initial discovery is neither expected nor desired.  Simple statements of reasons will suffice. The Court will resolve any remaining objections at the Initial Status Conference and/or the Rule 16(b) Conference.  Any counsel may file objections or comments to the filed proposed Discovery Plans on or before January 17, 2020, provided counsel has first attempted in good faith to resolve any objections or concerns with their Lead Counsel and certifies in writing having done so.

Because most of the core issues in this litigation are apparent, the Court requires that all parties' counsel begin now to identify what information is likely to be ordered produced under Rules 30, 33, 34, and 35, and begin planning accordingly.  All parties and their counsel must be prepared to serve answers to initial interrogatories, a written Rule 34 document response, and a privilege log not later than 30 days after the Rule 16(b) Conference, and to begin actual production under Rule 34 promptly thereafter.

### 11. Protective Order

No later than December 10, 2019, defendants, through Lead Counsel, shall file a motion for the entry of an attached proposed protective order, applicable to all cases, relating to material deemed confidential by any party or non-party.  (The proposed protective order may not provide prospectively for the filing of documents under seal.  That issue will be discussed at the Rule 16(b) Conference.)

Plaintiffs' Lead Counsel shall file a response to defendants' proposed protective order not

later than December 17, 2019, which may include a different proposed order.  Lead Counsel

shall thereafter confer on outstanding issues, and Defendants' Lead Counsel shall file a report on

the extent of agreement not later than January 10, 2020.  Any other counsel may file objections

or comments concerning the filed proposed protective orders on or before January 15, 2020,

provided counsel has attempted in good faith to resolve their objections or concerns with their

Lead Counsel and certifies in writing having done so. Magistrate Judge Anderson will deal

further with entry of a protective order at the Rule 16(b) Conference.

### 12.  Case Classification

No later than January 6, 2020, Lead Counsel, after conferring, shall file jointly if

possible, otherwise separately, a statement concerning whether any cases or classes of cases

present distinct legal issues as to liability or general causation, what those differences are (i.e.,

different legal standards) and which cases fall into which separate categories.   Lead Counsel are

also invited to include any other observations or suggestions concerning the proper division or

handling of cases by groups for any particular purpose.  Any other counsel may file objections or

comments to any of Lead Counsel's filings, as required under this Paragraph, on or before

January 13, 2020, provided counsel has attempted in good faith to resolve any objections or

concerns with their Lead Counsel and certifies in writing having done so.

### 13. Initial Responsive Pleadings and Motions to Dismiss

To the extent motions to dismiss are presently pending in the cases transferred to this

Court, the Court intends to decide such motions on a representative basis and apply its decision

on a representative motion to similar motions in all other cases, except to the extent that different

cases or classes of cases present materially different legal issues.  Lead Counsel shall confer with

respect to presently filed motions to dismiss (if any) and report to the Court on or before

December 10, 2019 their positions concerning whether motions to dismiss may be resolved through one or more representative motions, and if so which specific motions.

Likewise, the Court is considering requiring defendants to file an answer on a consolidated basis by answering a single representative complaint or a generic complaint, to be prepared, that contains factual allegations common to all cases or classes of cases. Lead Counsel shall confer and report in writing to the Court on or before December 17, 2019, their positions on proceeding in this fashion. Any other counsel may file objections or comments to Lead Counsel's submissions on or before December 23, 2019, provided counsel has attempted in good faith to resolve and objections or concerns with their Lead Counsel and certifies in writing having done so.

### 14. Other Pending Motions

No later than December 10, 2019, plaintiff's counsel in each consolidated action shall identify to Plaintiffs' Lead Counsel any pending plaintiff's motions, other than a discovery motion, that still require a ruling in light of consolidation and this Order.  Also, no later than December 10, 2019, Defendants' Lead Counsel shall identify to Plaintiffs' Lead Counsel any pending defendant's motions that still require a ruling in light of consolidation and this Order, other than a discovery motion or motion to dismiss. Counsel's failure to identify timely any such motion to Plaintiffs' Lead Counsel will be considered a withdrawal of that counsel's motions in that action.  No report is needed where no such motions are pending. On or before December 17, 2019, Plaintiffs' Lead Counsel shall file with the Court a list of pending motions identified by plaintiffs' counsel and Defendants' Lead Counsel that require a ruling.

### 15. Extension of Time to Respond to the Complaints and a Stay of Discovery

Each defendant is hereby granted an extension of time to answer, move or otherwise

20

respond to the complaint(s) until a date to be set by this Court.  Pending the Initial Status

Conference and further orders of this Court, all outstanding discovery proceedings are stayed,

and no further discovery shall be initiated except as may be ordered.

### 16. Remand Stipulations

In the event that a case is remanded, the parties shall furnish to the Clerk of Court a

stipulation or designation of the contents of the record and furnish all necessary copies of any

pleadings filed so as to enable the transferee clerk to comply with the order of remand.

### 17. Preservation of Evidence

All parties and their counsel are reminded of their duty to preserve evidence that may be

relevant to this action.  The duty extends to documents, data, and tangible things in possession,

custody and control of the parties to this action, and any employees, agents, contractors, carriers,

bailees, or other nonparties who possess materials reasonably anticipated to be subject to

discovery in this action.  "Documents, data, and tangible things" is to be interpreted broadly to

include anything in which information of any kind is recorded.  Information that serves to

identify, locate, or link such material, such as file inventories, file folders, indices, and metadata,

is also included in this definition.

Preservation includes the obligation not to alter any such thing as to its form, content or

manner of filing.  Until the parties reach an agreement on a preservation plan or the Court orders

otherwise, each party shall take reasonable steps to preserve all documents, data and tangible

things containing information potentially relevant to the subject matter of this litigation. Each

attorney is under an obligation to the Court to exercise all reasonable efforts to identify and notify

parties and nonparties, including employees of corporate or institutional parties of the contents of

this Paragraph.  Failure to comply may lead to dismissal of claims, striking of defenses,

imposition of adverse inferences or other dire consequences.

Before any documents, data, or tangible things, which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

### 18. MDL 2915 Website

The Court has established and will maintain a public website particular to MDL 2915 and will, to the extent necessary, issue separate orders pertaining to the website.

### 19.  Master Docket File

Any pleading or document which is to be filed in any of these consolidated actions shall be filed electronically in the Clerk of this Court and not in the transferor court.  The Clerk of this Court will maintain a master docket case file under the style "In re: Capital One Consumer Data Security Breach Litigation" and the identification "1:19md2915."  A pleading applicable to all actions shall be labeled conspicuously: "This Document Relates to All Cases."  A pleading applicable to fewer than all cases shall be conspicuously labeled: "This Document Relates to…", followed by this Court's docket number for each individual case to which the document relates.

The following is a sample of the pleading style:

IN RE: CAPITAL ONE CONSUMER             )
DATA SECURITY BREACH LITIGATION         )          MDL No. 1:19md2915 (AJT/JFA)
——————————————————————)

This Document Relates to ALL Cases
**or**
This Document Relates to ONLY the following cases:  [with specific case numbers listed]
———————————————————————

The Clerk has established a protocol for maintaining these distinctions in electronic filings, which is attached to this Order as Schedule C.  Failure by counsel and counsel's staff to follow this protocol will result in substantial and unnecessary work by court personnel and will be regarded as sanctionable.  The Court also welcomes any suggestions that would more efficiently allow for the distribution of pleadings and Orders through outside services.

### 20. Electronic Filing

All documents filed in this Court, subsequent to those initiating a new case, must be filed electronically pursuant to Local Civil Rule 1 and this Court's Electronic Case Filing Policies and Procedures manual, as modified by this Order in Paragraph 1.  Attorneys may register for electronic filing at http://www.vaed.uscourts.gov/ecf/E-Filing%20Registration.html.

### 22.  Additional Matters

Counsel should bring to the attention of the Court through a written filing any issues related to this Order as well as any other issues or matters not addressed herein that should be before the Initial Status Conference.

The Clerk is directed to forward copies of this Order to all counsel of record.

                                                    /s/
                            _____
                            Anthony J. Trenga
                            United States District Judge

Alexandria, Virginia
November 1, 2019

**IN RE: CAPITAL ONE CONSUMER
DATA SECURITY BREACH LITIGATION**                    MDL No. 2915

## SCHEDULE A

Central District of California

LABAJO, ET AL. v. CAPITAL ONE BANK (USA), N.A., ET AL., C.A. No. 5:19-01431

Northern District of California

FISHER, ET AL. v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
C.A. No. 3:19-04485

ABALLO, ET AL. v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
C.A. No. 3: 19-04475

Southern District of California

PERDEW v. CAPITAL ONE BANK (USA), N. A., C.A. No. 3:19-01421

District of District of Columbia

ZOSIAK v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 1: 19-02265

TADROUS v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
C.A. No. 1:19-02292

BERGER, ET AL. v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
C.A. No. 1: 19-02298

GREENSTEIN v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
C.A. No. 1:19-02307

LIPSKAR v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No.1:19-02328

Middle District of Florida

FRANCIS v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 8: 19-01898

Northern District of Illinois

RUFFINO v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 1: 19-05234

District of Kansas

HARN v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 2:19-02441

Eastern District of New York

HUN v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 1:19-04436

Southern District of New York

HOWITT v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 1: 19-07161

Eastern District of Pennsylvania

VEVERKA v. CAPITAL ONE, N.A., ET AL., C.A. No. 2:19-03461

Eastern District of Virginia

BAIRD v. CAPITAL ONE FINANCIAL CORPORATION, C.A. No. 3:19-00585

MCDONOUGH v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
C.A. No. 3: 19-00595

ANTHONY v. CAPITAL ON., N.A., ET AL., C.A. No. 3:19-00608

HILKER v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 1: 19-00995

Western District of Washington

FADULLON v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
C.A. No. 2:19-01189

OUELLETTE, ET AL. v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
C.A. No. 2:19-01203

**IN RE: CAPITAL ONE CONSUMER**
**DATA SECURITY BREACH LITIGATION**                            MDL No. 2915

### SCHEDULE B

| Dist. | Div. | C.A. NO | CASE CAPTION |
|-------|------|---------|--------------|

CALIFORNIA CENTRAL

| CAC | 2 | 19-06965 | Abraham Atachbarian v. Capital One Financial Corporation |
|-----|---|----------|----------|
| CAC | 8 | 19-01689 | Randy Zimprich v. Capital One Financial Corporation |

CONNECTICUT

| CT | 3 | 19-01242 | Janik v. Capital One Financial Corporation et al |
|----|---|----------|-----|

DISTRICT OF COLUMBIA

| DC | 1 | 19-02357 | GRIMM et al v. CAPITAL ONE FINANCIAL CORPORATION et al |
|----|---|----------|------|
| DC | 1 | 19-02447 | MILLER v. CAPITAL ONE FINANCIAL CORPORATION et al |
| DC | 1 | 19-02489 | AGNEW et al v. CAPITAL ONE FINANCIAL CORPORATION |
| DC | 1 | 19-02503 | IMPERATORI v. CAPITAL ONE FINANCIAL CORPORATION et al |

FLORIDA MIDDLE

| FLM | 8 | 19-01915 | Wise et al v. Capital One Financial Corporation et al |
|-----|---|----------|-----|

INDIANA SOUTHERN

| INS | 1 | 19-03217 | JACOBS v. CAPITAL ONE FINANCIAL CORPORATION et al |
|-----|---|----------|-----|

NEW YORK EASTERN

| NYE | 1 | 19-04507 | Tsirigos et al v. Capital One Bank (USA), N.A. |
|-----|---|----------|-----|
| NYE | 1 | 19-05040 | Mallh et al v. Capital One Financial Corporation et al |

1

| | | | |
|---|---|---|---|
| NYE | 2 | 19-04782 | Tadler v. Capital One Financial Corporation et. al. |

**NEW YORK NORTHERN**

| | | | |
|---|---|---|---|
| NYN | 3 | 19-01001 | Potts v. Capital One, N.A. et. al. |

**NEW YORK SOUTHERN**

| | | | |
|---|---|---|---|
| NYS | 1 | 19-07752 | Greenberg et al v. Capital One Financial Corporation et. al. |
| NYS | 1 | 19-07917 | Bowen et al v. Capital One Financial Corporation et |
| NYS | 1 | 19-08248 | Jerusalem v. Capital One N.A. |

**PENNSYLVANIA EASTERN**

| | | | |
|---|---|---|---|
| PAE | 2 | 19-03512 | HAQUE v. CAPITAL ONE FINANCIAL |

**PENNSYLVANIA MIDDLE**

| | | | |
|---|---|---|---|
| PAM | 1 | 19-01368 | Robertson v. Capital One, N.A. et al |

**WASHINGTON WESTERN**

| | | | |
|---|---|---|---|
| WAW | 2 | 19-01218 | Hoskinson-Short et al v. Capital One Financial Corporation et al |
| WAW | 2 | 19-01223 | Desoer v. Capital One Financial Corporation et al |
| WAW | 2 | 19-01303 | Most Wanted Motorsports LLC v. Capital One Financial Corporation et al |
| WAW | 2 | 19-01304 | Summer et al v. Amazon Web Services Inc et al |
| WAW | 2 | 19-01361 | Lundgren et al v. Capital One Financial Corporation et al |
| WAW | 2 | 19-01366 | Curtis et al v. Capital One Financial Corporation et |
| WAW | 2 | 19-01397 | Ababseh v. Capital One Financial Corporation et al |

**WISCONSIN WESTERN**

| | | | |
|---|---|---|---|
| WIW | 3 | 19-00623 | Baisden, Michelle et al v. Capital One Financial Corporation et al |

DIRECTLY-FILED CASES

| VAE | 1 | 19-01006 | Aminov v. Capital One Financial Corporation et al |
| VAE | 1 | 19-01042 | Cox et al v. Capital One Financial Corporation et al |
| VAE | 1 | 19-01062 | Busby et al v. Capital One Financial Corporation et al |
| VAE | 1 | 19-01174 | Gershen et al v. Capital One Financial Corporation et al |
| VAE | 1 | 19-01048 | Merritt et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00555 | Anthony et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00557 | Carter et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00574 | Easton et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00579 | Tester et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00581 | Materna et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00586 | Castro et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00587 | Barnes et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00607 | Dames et al v. Capital One Financial Corporation et al |
| VAE | 3 | 19-00650 | Biaohealth et al v. Capital One Financial Corporation et al |

**IN RE: CAPITAL ONE CONSUMER**
**DATA SECURITY BREACH LITIGATION**                    MDL No. 2915

## SCHEDULE C

| | |
|---|---|
| **Introduction** | This document contains instructions for filing documents in MDL No. 2915 *In Re: Capital One Consumer Data Security Breach Litigation*. |
| **Effective Date** | November 1, 2019 |
| **Lead Case** | The lead case number is 1:19md2915 (AJT/JFA). **All filing is to be done in the lead case.** |
| **Member Cases** | During the filing of a document in the lead case, answer *no* to the question *Do you want to spread text?* All the member cases will appear in a list for selection to spread the text to the member cases selected. **Do not select the member case(s) to which the filing applies.** |
| | A docket entry will be entered and the document uploaded to the lead case and **not** to any relevant member case. |
| | To file in this MDL case, use on those filing events found in the category **MDL Cases Only**. |
| | **Note:** Do not use the *(Clerk's Office Use Only)* filing events for the MDL case. |
| | **Do not add individual parties while docketing. Instead, select either Plaintiff or Defendant, as appropriate.** |

1

**IN RE: CAPITAL ONE CONSUMER**
**DATA SECURITY BREACH LITIGATION**                          MDL No. 2915

## SCHEDULE D

**In re: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**
**TIMELINE**                                              **1:19md2915 (AJT/JFA)**

| Seq. | Action | Date | Para(s). |
|------|--------|------|----------|
| 1 | Defendants file proposed lawyer for Defendants' Lead Counsel | within 7 days of Order | 4 |
| 2 | File applications for Plaintiffs' Lead Counsel/Steering Committee | Monday, November 18, 2019 | 3(a) |
| 2 | File applications for Defendants' Lead Counsel (if not agreed) | Monday, November 18, 2019 | 4 |
| 3 | File objections to appointment of any Lead Counsel applicants | Monday, November 25, 2019 | 3(a) |
| 4 | Defendants' Lead Counsel to file list of all pending state court cases | within 14 days of appointment | 4 |
| 5 | Defendants' Lead Counsel to move for entry of proposed protective order | Tuesday, December 10, 2019 | 11 |
| 5 | Lead Counsel (both) to file report re: representative motions to dismiss (if any) | Tuesday, December 10, 2019 | 13 |
| 5 | Each plaintiff's counsel and Defendants' Lead Counsel to identify to Plaintiffs' Lead Counsel any outstanding motions still requiring a ruling (other than to dismiss or for discovery) | Tuesday, December 10, 2019 | 14 |
| 6 | Plaintiffs' Lead Counsel to file response to defendants' motion for protective order | Tuesday, December 17, 2019 | 11 |
| 6 | Lead Counsel to confer and file statement re: answering a representative complaint | Tuesday, December 17, 2019 | 13 |
| 6 | Plaintiffs' Lead Counsel to file list of outstanding motions (other than to dismiss or for discovery) requiring a ruling | Tuesday, December 17, 2019 | 14 |
| 7 | Lead Counsel to exchange proposed discovery plans | Friday, December 20, 2019 | 10(b), (c) |
| 8 | Any other counsel may file objections or comments to Lead Counsel's statement re: answering a representative complaint. | Monday, December 23, 2019 | 13 |
| 9 | Lead Counsel to file (jointly if possible) statement re: case classification | Monday, January 6, 2020 | 12 |
| 10 | Lead Counsel to file stipulation re: protocol for depository | Friday, January 10, 2020 | 9 |
| 10 | All counsel to file any objections to *ex parte* meetings w/counsel at Initial Status Conf. | Friday, January 10, 2020 | 6 |
| 10 | Lead Counsel to submit agenda items for discussion at Initial Status Conf. | Friday, January 10, 2020 | 7(b) |

| 10 | Defendants' Lead Counsel to file report on the extent of agreement re: proposed protective order | Friday, January 10, 2020 | 11 |
|---|---|---|---|
| 11 | Defendants' Lead Counsel to file report re: pending securities, derivative, regulatory or criminal actions or proceedings | Monday, January 13, 2020 | 4 |
| 11 | Lead Counsel to file (jointly if possible) proposed litigation schedule | Monday, January 13, 2020 | 8 |
| 11 | Lead Counsel to file statement re: unresolved objections to opposing party's discovery plan | Monday, January 13, 2020 | 10(d) |
| 11 | Any other counsel to file objections/comments to Lead Counsel's filings re: case classification | Monday, January 13, 2020 | 12 |
| 12 | Lead Counsel to file respective protocols or statement of any disagreement re: document depository | Tuesday, January 14, 2020 | 9 |
| 13 | Any other counsel to submit suggested items to discuss at Initial Status Conf. | Wednesday, January 15, 2020 | 7(b) |
| 13 | Any other counsel to file objections to Lead Counsel's proposed protective order | Wednesday, January 15, 2020 | 11 |
| 14 | Any other counsel to file objections to Lead Counsel's proposed litigation schedule, proposed depository protocols, or proposed discovery plans | Friday, January 17, 2020 | 8; 9; 10(d) |
| 15 | Initial Status and Rule 16(b) Confs. | Tuesday, January 21, 2020 | 3(a), (b); 4; 7(a); 8 |