FILED AH

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2019 NOV 18  P 1: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN RE: CAPITAL ONE CONSUMER  )
**DATA SECURITY BREACH LITIGATION** )  MDL No. 1:19md2915 (AJT/JFA)
_____ )

This Document Relates to ALL Cases
_____

## APPLICATION OF LINDA P. NUSSBAUM TO SERVE AS PLAINTIFFS' LEAD
## COUNSEL OR ALTERNATIVELY ON PLAINTIFFS' STEERING COMMITTEE

Pursuant to Section 4 of Pretrial Order No. 1 (Doc. 3), each of fourteen Plaintiffs in these proceedings[1] propose the appointment of Linda P. Nussbaum, managing partner of Nussbaum Law Group, P.C. ("NLG"), to serve as Lead Counsel or alternatively on the Plaintiffs' Steering Committee.[2] This application is endorsed by other firms who are participating in this proceeding.[3]

NLG exercised its leadership in this matter from the beginning. It filed the first civil complaint against Capital One,[4] which resulted in a flurry of calls and emails to NLG from the media and victims of the data breach. NLG combined the information it gleaned from additional victims and sources with its own legal research and factual investigation to refine and further its allegations. That effort included investigation of the related criminal proceeding, examining the roles of other potential defendants, and analysis of applicable state law claims. Other Plaintiffs' firms whose clients had been victimized by the breach sought NLG's assistance in pressing their claims. The result was NLG's filing a half-dozen complaints, on behalf of a diverse group of Plaintiffs and their counsel, all within a week of the disclosure of the data breach. NLG served Defendants, started the process of preserving evidence and building the Plaintiffs' case, and consulted with an expert.

---

[1] Those Plaintiffs are identified in the signature block below.

[2] I have participated in efforts to organize this case with other Plaintiffs' counsel. I support the applications of Cohen Milstein Sellers & Toll PLLC and Hausfeld LLP for Plaintiffs' Lead Counsel in addition to my own. I have professional and collegial relationships with all of the other leadership applicants and could serve efficiently with any of them in any structure appointed by this Court.

[3] Those firms include: Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.; Barbuto and Johansson, P.A.; Greenwich Legal Associates, LLC; Criden & Love, P.A.; and Fine, Kaplan and Black, RPC.

[4] *See Zosiak v. Capital One Fin. Corp.*, No. 19-2265 (D.D.C.) (filed July 30, 2019).

Other Plaintiffs filed complaints in courts across the nation. It became clear that this was a case that was national in scope, and should be consolidated before one district court. NLG promptly filed a motion before the Judicial Panel on Multidistrict Litigation seeking to consolidate all of the pending cases with its own cases, which at that point outnumbered the number of cases in any other district. Other Plaintiffs, including Plaintiffs who had filed cases in other districts, supported NLG's efforts in their Panel submissions. NLG filed two additional briefs with the Panel, and I argued on behalf of all of those Plaintiffs before the Panel at its subsequent hearing in Los Angeles. Concurrent with that effort, NLG: negotiated with Defendants as to procedural issues raised by pending cases; fielded additional contacts from victims and other counsel, explored the possibility of additional claims; continued investigating the possibility of adding defendants; and worked to further develop the allegations the Plaintiff class might assert going forward.

## I. Professional Experience In This Type Of Litigation

I have extensive experience in class action and MDL litigation, and have served as lead or co-lead counsel over 20 times. I am currently serving as co-lead counsel for one of three tracks, and am responsible for the claims of a proposed class of over 10 million victims of a data breach in *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, No. 19-md-2904 (D.N.J.).[5] I chaired the antitrust department at two of the nation's pre-eminent class action firms, before establishing NLG in 2015. I have served as counsel for Fortune 500 companies in individual actions. I have experience in criminal law, and in matters (such as this one) in which a key witness is incarcerated, and in which there is an ongoing criminal proceeding. I have repeatedly led cases that were national in scope, and in which

---

[5] Additional detail as to my experience, as well as that of my colleagues, is contained in NLG's firm resume, attached hereto as Exhibit A.

plaintiffs raised claims under the laws of multiple states, as this case does. Although my firm currently has other leadership positions, those cases have reached stages that will allow me to dedicate a substantial amount of my personal time, as well as my firm's resources, to this case.

My firm is familiar with practice in this district by virtue of maintaining an active role in two pending antitrust class actions, as well as an earlier complex action that plaintiffs successfully resolved.[6] I have litigated cases pursuant to the district's "rocket docket" policy, and welcome the opportunity to take advantage of those practices to litigate and bring this case to a resolution promptly and efficiently. This case is well-suited for such treatment. The accelerated schedule the Court adopted in *In re Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices And Products Liability Litig.*, No. 1:15-md-02627-AJT (E.D. Va.), may well serve as a model for the pace at which this action can and should proceed. *See id.* Pretrial Order # 7 (Doc. 603) (Oct. 8, 2015).

## II.    Willingness And Availability To Commit To A Time-Consuming Project

The matters in which I am presently serving in leadership positions are either resolved, relatively dormant, or the primary responsibility of others at my firm. The total hours I anticipate spending on these cases in the next year is below the number of hours I typically work in a year, and generally low as compared to many points in my career. Now is an ideal time for me to commit to the wide-ranging effort that will be required of Plaintiffs' leadership group in this case. I am prepared to discharge all duties of Lead Counsel personally.

To the extent that my work on this case would require the involvement of my NLG colleagues, that work would be done primarily by Director Bart Cohen. Mr. Cohen has

---

[6] *See In re Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-00718-JAG (E.D. Va.) (pending); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 18-md-2836-RBS-DEM (E.D. Va.) (pending); *In re Celebrex (Celecoxib) Antitrust Litig.*, No. 14-cv-361 (E.D. Va.) (resolved).

maintained a caseload similar to mine during a 25-year career representing plaintiffs in complex litigation. He earned an undergraduate degree in computer science from the University of Pennsylvania, was a software developer before attending law school, and has since maintained an emphasis on information technology issues in his practice. His knowledge in this context will be helpful in crafting discovery and in working with experts in this litigation.

### III.    Ability To Work Cooperatively With Others

My extensive experience in leading class actions has put me in a position to develop cooperative, productive relationships with many of the other counsel and firms who are seeking leadership positions in this case. I am by nature a collaborative person and work efficiently and seamlessly in leadership structures. Moreover, having resolved scores of class and individual matters over a 30-year career as a plaintiffs' class action specialist, I have developed working relationships with many defense counsel, which should minimize the number of disputes that are raised with the Court.

### IV.    Willingness To Commit The Necessary Resources To Pursue This Matter At An Expeditious Pace

NLG previously committed all necessary time and resources to this matter, as is reflected in its filing the first cases, developing claims and theories of liability, working with Plaintiffs' and Defendants' counsel, and playing a leading role in the MDL process. *See supra.* As I detailed above, *see supra* § II, I anticipate being in a position to commit whatever time is necessary for me to commit to the efficient and effective prosecution of this case. My experience has given me an understanding of the magnitude of the time, energy and resources that these cases require for effective leadership. NLG routinely commits substantial sums of money to cases that it litigates, and would expect to do so in this case if I am appointed to Plaintiffs' leadership. *See* Fed R. Civ. P. 23(g)(1)(A)(iv). NLG has no agreement with a litigation funder for

4

any purposes in this case, or any other case, in part so as to avoid the conflicts that may arise and are a concern to courts. Nor does NLG have any agreements with other counsel in this case, or relating to this case, regarding funding or cost-sharing.

My experience will also be brought to bear with respect to the wide-ranging administrative duties specified in Pretrial Order No. 1 (at 5-7). My experience in this district is such that I have a well-developed sense of the pace at which the Court will expect this proceeding to progress.

## V.      Compensation Arrangements That NLG Is Willing To Accept

My extensive experience in leading MDL and class litigation has necessarily entailed managing the work, billing and expenses of both my own firm and, at times, numerous other plaintiffs' firms. Just in recent years, one of my roles on the plaintiffs' steering committees in each of two cases included development of detailed guidelines for firms' reporting of time and expenses subject to guidelines designed to limit duplication of effort, and generally maximize efficiency, and billing guidelines, including caps on rates and for the use of contract attorneys and for first-level document reviewers.[7] If I am appointed as lead counsel, I would take steps to ensure that non-lead counsel receive periodic and succinct email updates as to the status of the case so as to maintain a degree of efficiency, while enabling counsel to keep their clients apprised as to the progress of the litigation.

I respectfully request that the Court appoint me Lead Counsel or, in the alternative, to Plaintiffs' Steering Committee.

---

[7] *See In re Generic Pharmaceuticals Pricing Antitrust Litig.*, No. 2:16-md-02724 (E.D. Pa.); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687 (D.N.J.).

Dated: November 18, 2019

Respectfully submitted,

Linda P. Nussbaum (admitted *pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com

*Counsel for Plaintiffs Paul Berger, David
Bienfait, Mark Bodner, Timothy Davidson,
Adam Greenstein, Lara Greenstein, Latoya
Jawara, Vicki Johns, Kelly Miller, David
Rosenthal, Stephen Rosenthal, Marcia
Sorin, Akram Tadrous, and Kevin Zosiak*

6