**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION | **MDL NO. 1:19MD2915 (AJT/JFA)**<br><br>**JOINT OBJECTION OF LEADERSHIP APPLICANTS DOUGLAS J. MCNAMARA, AMY E. KELLER, AND JAMES J. PIZZIRUSSO AS PLAINTIFFS' CO-LEAD COUNSEL** |

Consistent with PTO#1 (ECF No. 3), Joint Applicants Douglas J. McNamara, Amy E. Keller, and James J. Pizzirusso ("Applicants") respond to the applications filed regarding the appointment of leadership.

Applicants recognize the multitude of experienced and competent counsel that have applied to this Court for leadership or steering committee roles. While Applicants do not object to any particular counsel being involved in this litigation, we do write to object to the leadership structure proposed by the Bathaee-Dunne Application. (ECF No. 120). Bathaee-Dunn seek a co-lead structure of two members of the *same* firm, as well as a separate litigation track for claims related to Defendants Capital One and Amazon over "ongoing fraud," which Bathaee-Dunn assert "should proceed first." *Id.* at 1. Bathaee-Dunn also suggest that "another [track] for all other claims … should proceed afterward." *Id.*

Bathaee-Dunn's suggested separate tracking and undefined "stay" of all non-fraud related claims is inefficient and not in the best interests of the class members. In virtually every data breach case we have litigated,[1] we have been successful at seeking compensation for those whose data has been taken, while at the same time ensuring that any deficiencies in the company's cyber security is corrected going forward. See ECF No. 148. Those goals are not mutually exclusive. Both require the analysis of the company's cybersecurity, how it may have failed, how the breach could have been prevented, and how that cyber security could be improved to prevent a future breach. To create a separate "ongoing fraud" or RICO track would create a significant duplication of efforts as well as waste judicial and the parties' resources.

---

[1] See ECF No. 148 for case listings. It does not appear that Bathaee-Dunn have been lead counsel in any data-breach related matters.

2598820 v1

Any discovery related to fraud-related claims would still involve the same companies, personnel, and inquiry into the use of AWS' cloud server. While the Bathaae-Dunne application touts their purported recognition of the attack vector, ECF No. 120 at 4, complaints filed at least three months before the Bathaee-Dunn Complaint[2] (including that of the Applicants) recognized Server-Side Request Forgery (SSRF) was the method of attack and discussed that issue. *See, e.g., Busby v. Capital One Financial Corp., et al.*, 1:19-cv-01062-AJT-JFA, ECF No. 1 at ¶ 43-45 (filed August 13, 2019). In addition, given their long history in complex civil litigation, Applicants (or any others who may lead this case) can fairly and adequately represent a class asserting RICO or fraud claims against the Defendants should such a claim appear viable.

Finally, the Bathaee-Dunne application sets out a leadership structure of two male leads from the same firm. That would be uncommon in MDL practice, and would deprive the Court and would-be class members of a diversity of opinions from different firms and counsel. *See, e.g., Duke Law Bolch Judicial Institute's Standards and Best Practices for Large and Mass-Tort MDLs* at 38 (2d Ed.) (encouraging selection of "capable and experienced" attorneys who will "fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds"). Applicants propose a gender diverse co-leadership structure and PSC with an even number of male and female attorneys. It would also include lawyers on the East Coast near Capital One, and the West Coast who can assist with discovery related to the hacker (jailed in Seattle) as well as Amazon headquarters.

We look forward to the Court's selection of leadership and stand ready to aid whomever is chosen.

---

[2] The Bathaee-Dunn Complaint was filed on November 15, 2019, three days before leadership applications were due in this case.

2

November 25, 2019											Respectfully submitted,

											*/s/ Steven J. Toll*
											Steven J. Toll (15300)
											Andrew N. Friedman
											Douglas J. McNamara (Admitted PHV)
											COHEN MILSTEIN SELLERS & TOLL PLLC
											1100 New York Ave. NW Fifth Floor
											Washington, DC 20005
											Tel.: 202.408.4600
											stoll@cohenmilstein.com
											afriedman@cohenmilstein.com
											dmcnamara@cohenmilstein.com

											Adam J. Levitt
											Amy E. Keller*
											DICELLO LEVITT GUTZLER LLC
											Ten North Dearborn Street
											Eleventh Floor
											Chicago, Illinois 60602
											Tel.: 312.214.7900
											alevitt@dicellolevit.com
											akeller@dicellolevitt.com

											Walter D. Kelley, Jr.
											James J. Pizzirusso (Admitted PHV)
											HAUSFELD LLP
											1700 K Street NW, Suite 650
											Washington, D.C. 20006
											Tel.: 202.540.7200
											wkelley@hausfeld.com
											jpizzirusso@hausfeld.com

											*Attorneys for Plaintiffs and the Class*
											**Pro Hac Applications Pending*

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2019, I electronically filed the *Objection for Appointment of Lead Counsel* with the Clerk of the Court using the ECF, who in turn sent notice to the following:

Dated: November 25, 2019          /s/ Steven J. Toll
                                                    Steven J. Toll

2598820 v1