# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION | ) ) ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to ALL Cases

### CAPITAL ONE AND AMAZON DEFENDANTS' OBJECTION TO PIERCE BAINBRIDGE'S REQUEST FOR SEPARATE "FRAUD TRACK"

In accordance with Section 3 of Pretrial Order No. 1 (Doc. 3, "PTO-1"), Defendants Capital One Financial Corporation, Capital One Bank (USA), National Association, and Capital One, National Association (collectively, the "Capital One Defendants") and Defendants Amazon, Inc. and Amazon Web Services, Inc. (together, the "Amazon Defendants") object to the Application of Yavar Bathaee and Brian Dunne of Pierce Bainbridge Beck Price and Hecht LLP as Plaintiffs' Lead Counsel (Doc. 120) to the extent it requests that there "be two tracks in this MDL: one for claims addressing Capital One and Amazon's ongoing fraud (which should proceed first), and another for all other claims (which should proceed afterward)." Doc. 120 at 2. The Capital One and Amazon Defendants object to this request for three independent reasons.

*First*, the request for a separate "fraud track" is premature and violates the procedures and schedule this Court set out in PTO-1 to govern case management matters. Nowhere in PTO-1's provisions governing applications for leadership counsel did the Court solicit views on managing these proceedings. To the contrary, PTO-1 specifically provides that by January 6, 2020, Lead Counsel—meaning Defendants' Lead Counsel and yet-to-be-appointed Plaintiffs' Lead Counsel—shall file statements "concerning whether any cases or classes of cases present distinct legal issues," along with "any other observations or suggestions concerning the proper

division or handling of cases by groups for any particular purpose." Doc. 3 at 19. But Plaintiffs' Lead Counsel has not yet been appointed, Defendants' Lead Counsel has had no opportunity to confer with Plaintiffs' Lead Counsel, and neither Lead Counsel has filed any statements or offered any observations about how the case should be handled. Pierce Bainbridge's request to create a separate "fraud track" is thus premature and should be disregarded.

*Second*, the request for a separate fraud track is improper because it attempts to circumvent the interests of the other Plaintiffs without their input or consent. Specifically, Pierce Bainbridge seeks to bifurcate the case to give priority to fraud-based claims—which have not been asserted by other Plaintiffs—while delaying indefinitely adjudication of non-fraud claims that all other Plaintiffs have asserted.

*Third*, Pierce Bainbridge's request for a separate, prioritized fraud track lacks merit. There is no valid reason why any fraud claims would warrant special treatment. In fact, Pierce Bainbridge expressly sought consolidation with the related cases in this MDL because its proposed fraud claims "(i) involve common issues of fact and (ii) grow out of the same events" as the other related cases. Request for Consolidation and Notice of Related Case, Doc. 84 at 1. While it now suggests its case is fundamentally different (Doc. 120 at 2), Pierce Bainbridge has failed to explain why its proposed fraud claims would necessitate any case management procedures different from those required to address claims asserted in other related cases that also arise out of the cyber incident. Moreover, the proposal to prioritize a handful of fraud-based claims, while staying proceedings on common claims like negligence—which are asserted in virtually every complaint filed by experienced data breach practitioners in this MDL—is antithetical to this Court's stated objective of "complet[ing] pre-trial proceedings in these transferred cases expeditiously, efficiently and fairly." Doc. 3 at 1.

Accordingly, the Court should disregard or, alternatively, decline Pierce Bainbridge's request to establish a separate "fraud track" in the MDL.

Respectfully submitted, this 25th day of November, 2019.

**CAPITAL ONE FINANCIAL CORPORATION**
**CAPITAL ONE, N.A.**
**CAPITAL ONE BANK (USA), N.A.**

/s/
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com
timothy.st.george@troutman.com

Mary C. Zinsner (VSB No. 31397)
TROUTMAN SANDERS LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334

Facsimile: (703) 734-4340
mary.zinsner@troutman.com

*Counsel for Capital One Defendants*


**Amazon, Inc.**
**Amazon Web Services, Inc.**

*/s/*                         
Robert R. Vieth, Esq. (VSB No. 24304)
HIRSCHLER FLEISCHER, PC
8270 Greensboro Drive, Suite 700
Tysons Corner, Virginia 22102
T: (703) 584-8903
F: (703) 584-8901
Email: rvieth@hf-law.com

Tyler G. Newby (*pro hac vice* forthcoming)
Fenwick & West LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 875-2300
tnewby@fenwick.com

*Counsel for Amazon Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/
Kevin J. O'Brien (VSB No. 78886)
KING & SPALDING LLP

*Counsel for Capital One Defendants*