UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | : | |
|---|---|---|
| | : | |
| IN RE: CAPITAL ONE CUSTOMER DATA SECURITY BREACH LITIGATION | : : : | MDL No. 1:19-md-2915 (AJT/JFA) |
| | : | |
| | : | |

**LIMITED OBJECTION OF PIERCE
BAINBRIDGE BECK PRICE AND HECHT LLP TO
APPLICATIONS FOR APPOINTMENT AS PLAINTIFFS' LEAD COUNSEL**

Yavar Bathaee and Brian Dunne of Pierce Bainbridge Beck Price & Hecht LLP respectfully submit this limited objection to the applications for lead counsel submitted by: (1) Norman E. Siegel (ECF No. 136), Karen Hanson Riebel (ECF No. 135), and John Yanchunis (ECF No. 140) (collectively, the "Siegel slate"); (2) Douglas J. McNamara, Amy E. Keller, and James J. Pizzirusso (ECF No. 148) (the "Cohen-Hausfeld slate"); and (3) Rosemary M. Rivas and Gayle M. Blatt (ECF No. 149) (the "Rivas-Blatt slate") (collectively, "the Objected-To Slates"). Although we have no specific objection to any counsel being involved in this litigation, these applications reflect a troublesome "repeat player" dynamic that plagues multi-district litigation and does not best serve the plaintiffs and the Class.

Of the more than sixty (60) cases assigned to this MDL, there are two very distinct types of complaints against Capital One and/or Amazon: (1) complaints that identify discrete, past misconduct (frequently negligence) that led to a data breach; and (2) complaints that identify ongoing, willful fraud by Amazon and Capital One regarding particular, well-known security vulnerabilities baked into the architecture of Amazon's cloud services platform. The two distinct types of cases target different types and amounts of relief, rely upon different liability-creating acts by Defendants, and come from distinct areas of law.

Therefore, a unified Steering Committee led solely by a slate of lawyers who have advanced primarily negligence-based claims for *past* misconduct would leave the victims of Capital One and Amazon's *ongoing* fraud without adequate representation. The Objected-to-Slates come from a small pool of repeat-player data breach attorneys, and the old adage, "to a hammer, everything looks like a nail," is apt. *See Guidelines and Best Practices for Large and Mass-Tort MDLs*, BOLCH JUDICIAL INSTITUTE, Duke Law School, at 37 (2d ed. Sept. 2018) (recognizing that a "repeat player dynamic" reduces "fresh outlooks and innovative ideas, and increases pressure to go along with the group and conform, all of which may negatively impact the plaintiffs whose cases are being pursued in the MDL"). Here, the plaintiffs and the Class in this MDL would not be well served by a slate of only repeat players who have largely ignored fraud claims and have missed or glossed over the ongoing vulnerabilities that exist *to this day* in Capital One's AWS-hosted applications.

Of course, we are ready and willing to work with any of the attorneys listed above. However, we respectfully submit that our approach to this case and our ideas would immensely benefit the plaintiffs and the Class.[1] As this case proceeds, it will be vitally important for lead counsel to be readily conversant with the unique legal and factual issues presented by the MDL's ongoing fraud claims, including the technical issues set forth in the Complaint. It will be equally important for the person or persons representing the ongoing fraud claims at the Steering Committee to be able and willing to speak freely and directly regarding strategic issues.

---

[1] To the extent that other applicants boast of their geographic diversity, Pierce Bainbridge spans the country, with attorneys on both coasts. Indeed, the two attorneys leading our effort in this case, Messrs. Bathaee and Dunne, operate out of our New York and Los Angeles offices, respectively. In addition, our Washington, D.C. office is deeply involved in this matter, including two attorneys who are admitted and experienced in the Eastern District of Virginia.

We therefore object to the above-referenced slates on the limited grounds stated herein. And, we respectfully ask the Court to appoint the Pierce Bainbridge attorneys as Co-Lead or Steering Committee Counsel to protect the hundreds of millions of consumers whose personal information is still at risk due to Defendants' fraud.

Dated: November 25, 2019

Respectfully submitted,

/s/ Yavar Bathaee

Yavar Bathaee (admitted *pro hac vice*)
David Hecht (admitted *pro hac vice*)
Maxim Price (admitted *pro hac vice*)
Michael M. Pomerantz (admitted *pro hac vice*)
Andrew J. Lorin (admitted *pro hac vice*)
**PIERCE BAINBRIDGE BECK PRICE & HECHT LLP**
277 Park Avenue, 45th Floor
New York, New York 10172
(212) 484-9866
ybathaee@piercebainbridge.com
dhecht@piercebainbridge.com
mprice@piercebainbridge.com
mpomerantz@piercebainbridge.com
alorin@piercebainbridge.com

/s/ Brian J. Dunne
Brian J. Dunne (admitted *pro hac vice*)
**PIERCE BAINBRIDGE BECK PRICE & HECHT LLP**
355 South Grand Avenue, 44th Floor
Los Angeles, California 90071
(213) 262-9333
bdunne@piercebainbridge.com

*/s/ Andrew M. Williamson*
Andrew M. Williamson (VSB No. 83366)
Carolynn Beck (*admission forthcoming*)
Andrew J. Pecoraro (VSB No. 92455)
**PIERCE BAINBRIDGE BECK PRICE & HECHT LLP**
601 Pennsylvania Avenue, NW
South Tower, Suite 700
Washington, DC 20004
202-318-9001 – Telephone
202-463-2103 – Facsimile
awilliamson@piercebainbridge.com
cbeck@piercebainbridge.com
apecoraro@piercebainbridge.com

*Counsel for Andrew Broderick, Jacqueline Burke, Susan Corley, Lynn Fields, Kimberly Hernandez, Kristina Mentone, Mark Miller, Mordechai Nemes, Ryan Olsen, Debra Potzgo, Shawn Spears, Janett Stout, Cole Studebaker, and Jonathan Wong, each individually and on behalf of all others similarly situated.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of November, 2019, I caused a copy of the foregoing to be e-filed and served via the Court's electronic filing system to all parties and counsel receiving electronic service.

                                           /s/ Andrew M. Williamson
                                           Andrew M. Williamson