**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

IN RE: CAPITAL ONE CONSUMER )
DATA SECURITY BREACH LITIGATION )    MDL No. 1:19md2915 (AJT/JFA)
_____ )

This Document Relates to ALL Cases

_____

**CAPITAL ONE'S STATEMENT OF POSITION ON
PROPOSED REPRESENTATIVE COMPLAINT**

Pursuant to Section 22 of Pretrial Order No. 1 (Doc. 3, "PTO-1"), Defendants Capital One Financial Corporation, Capital One Bank (USA), National Association, and Capital One, National Association (collectively, "Capital One") submit this statement regarding the many efficiencies that would be gained in this MDL through the filing of a consolidated, superseding complaint—rather than a representative complaint—which is the approach taken by the vast majority of MDL courts that have considered data breach claims.

Section 13 of PTO-1 states that "the Court is considering requiring defendants to file an answer on a consolidated basis by answering a single representative complaint or a generic complaint, to be prepared, that contains factual allegations common to all cases or classes of cases." Further, on January 27, 2020, Lead Plaintiffs' Counsel indicated that they intend to file a "representative complaint" that "presents factual allegations and select claims from many of the constituent complaints in this MDL." Doc. 295 at 5. As explained below, Capital One submits that the filing of a consolidated, superseding complaint—rather than a representative complaint—will better advance this Court's objectives of "complet[ing] pre-trial proceedings . . . expeditiously, efficiently and fairly, while eliminating duplicative discovery, preventing

inconsistent pre-trial rulings . . . and conserving the resources of the parties, their counsel, and the judiciary." PTO-1 at 1-2.

### 1. The Claims In This MDL.

On October 2, 2019, the U.S. Judicial Panel on Multidistrict Litigation established this MDL to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." Doc. 1. Presently, 61 putative class actions are consolidated in these proceedings for pretrial purposes. The complaints in the consolidated cases assert a host of claims against Capital One (and, in some cases, Amazon and GitHub) arising out of the cybersecurity incident Capital One announced on July 29, 2019. Some common claims are asserted in many of the complaints (*e.g.*, negligence and negligence per se), while certain other claims are unique to particular cases (*e.g.*, alleged violations of state-specific laws). Finally, Plaintiffs in the *Broderick* action (Case No. 1:19-cv-1454), who filed directly in this Court and asked that their case be consolidated into this MDL, assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and other fraud-based claims. Doc. 263.

### 2. A Consolidated, Superseding Complaint Will Best Promote Efficiency.

Following the Court's entry of PTO-1, Capital One has analyzed the allegations and claims asserted in all of the consolidated cases to identify relevant documents and information and to prepare its defenses. Capital One has also met and conferred with Lead Plaintiffs' Counsel several times regarding the scope of relevant discovery in these proceedings and the nature of the "select" claims and allegations that may be included in a representative complaint. As a result of this process, Capital One believes that a representative complaint is not the best way to achieve the efficiencies envisioned by 28 U.S.C. § 1407 and this Court's objectives

outlined in PTO-1, and instead believes that the specific circumstances of this MDL call for Lead Plaintiffs' Counsel to file a consolidated, superseding complaint.

At the outset, there is no question that requiring the filing of a consolidated, superseding complaint is within this Court's broad discretion to "employ any number of pretrial techniques . . . to efficiently manage th[e] litigation." *In re Deep Vein Thrombosis Litig.*, 323 F. Supp. 2d 1378, 1380 n.3 (J.P.M.L. 2004); *see also Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 905 (2015) (explaining that MDL courts may employ the use of "a 'master complaint' and a corresponding 'consolidated answer,' which supersede prior individual pleadings," and that "the [MDL] court may treat the master pleadings as merging the discrete actions for the duration of the MDL pretrial proceedings.").

Not only does the Court have the discretion to order a consolidated, superseding complaint, it should do so here.  Because a representative complaint will not contain all the claims asserted in the various cases consolidated in this MDL, initially focusing these proceedings on only a handful of "representative" claims would create uncertainty and potentially delay resolution of a number of claims and issues until later in the litigation.  Any claims not included in a representative complaint would presumably be held in abeyance while discovery and motions practice on the representative complaint move forward.  The proposed representative complaint process may therefore only advance the resolution of the claims that Lead Plaintiffs elect to include in their representative complaint, as coordinated discovery will focus on the "select" representative claims and Capital One (and any other named defendants) will be limited to testing those select claims in dispositive motions practice.  As a result, the resolution of any claims not included in the representative complaint could remain stalled until much later in the litigation, when additional rounds of motions practice may be needed and

discovery unique to the untested claims conducted. Such an outcome would be prejudicial to the interests of Capital One and fail to best promote the efficiencies desired by this Court and Section 1407.

The recent filings by the *Broderick* Plaintiffs highlight the disadvantages of initially limiting these proceedings to only a handful of representative claims. The *Broderick* Plaintiffs have argued in numerous filings that their claims are substantially different from the other claims alleged in the MDL,[1] that they will be prejudiced if a representative complaint fails to include their core allegations and claims, and that a separate "track" should be carved out for them to proceed on their purportedly unique claims concurrently with proceedings on any representative complaint filed by Lead Plaintiffs. *See* Docs. 120, 204, 263, 272, 277, 278, and 294. But carving out a separate track for proceedings on the claims of the *Broderick* Plaintiffs—or any other plaintiffs who may contend their claims are not sufficiently encompassed in a representative complaint—would spawn time-consuming collateral litigation likely involving separate plaintiffs' counsel, separate discovery, and separate dispositive motions practice. In light of these inefficiencies, Capital One opposes the *Broderick* Plaintiffs' request for a separate track (and instead believes that the *Broderick* Plaintiffs' claims should be included, if at all, in a consolidated complaint filed by Lead Plaintiffs' Counsel).[2]

---

[1] This position contradicts the position the *Broderick* Plaintiffs took when they filed their case directly in this Court and asked for consolidation of their complaint in this MDL. *See* Doc. 84 at 3 ("Because [the] *Broderick* Complaint relates to 'the same data security breach' and involves common questions of fact with the MDL, Plaintiffs respectfully request that their case immediately be consolidated into this MDL.").

[2] The *Broderick* Plaintiffs' most recent filing (Doc. 294) raises issues regarding the standing of certain plaintiffs in this MDL. Capital One agrees that standing is likely to be a significant issue in this litigation, but the *Broderick* Plaintiffs are wrong that their claims are not vulnerable to a standing challenge. The *Broderick* Plaintiffs also suggest, incorrectly, that Capital One has tried to "ignore" their claims because Capital One believes they are viable. To the contrary, Capital

Additionally, any process of applying a ruling on a representative complaint to claims in the consolidated cases would be a substantial undertaking for the parties and the Court.  If any plaintiffs object to applying a representative ruling to their specific claims, the parties will presumably have to engage in collateral briefing on those issues.  This could be a time-consuming process that would further undermine any intended benefits of a representative complaint.  In sum, while proceeding with a representative complaint may allow for a relatively quick resolution of the "select" representative claims, any initial efficiencies gained at the outset of the litigation would likely be more than offset by the substantial work that would be deferred until later in the proceedings.

In light of these concerns, an overwhelming majority of MDL courts overseeing large-scale data breach class action litigation have called for the filing of a consolidated complaint that supersedes all complaints in individual cases for the duration of pretrial proceedings.  *See*, *e.g.*, *In re Equifax, Inc. Customer Data Security Breach Litig.*, No. 17-md-2800 (N.D. Ga.); *In re Target Corp. Customer Data Security Breach Litig.*, No. 14-md-02522 (D. Minn.); *In re Home Depot, Inc., Customer Data Security Breach Litig.*, No. 14-md-02583 (N.D. Ga.); *In re Zappos.com, Inc., Customer Data Security Breach Litig.*, No. 12-cv-00325 (D. Nev.); *In re TJX Companies Retail Security Breach Litig.*, No. 07-cv-10162 (D. Mass.).  While it may require more work at the outset of the litigation,[3] proceeding with discovery and dispositive motions

---

One believes all of the *Broderick* Plaintiffs' claims are fatally defective for numerous reasons, and Capital One would move to dismiss any such claims that Lead Plaintiffs' Counsel may include in a representative or consolidated complaint.

[3] In our discussions with Lead Plaintiffs' Counsel on this issue, they stated that filing a consolidated complaint would require additional time and would necessitate altering the proposed schedule previously submitted to the Court.  Capital One agrees with Lead Plaintiffs' Counsel that if the Court were to accept Capital One's proposal for a consolidated complaint, the schedule would likely need to be altered to some extent.  Capital One recognizes that litigation in

practice on a consolidated complaint would allow the Court to resolve key dispositive issues based on a complete factual record and in a manner that controls all claims encompassed in these proceedings.

For these reasons, Capital One respectfully requests that the Court consider instructing Lead Plaintiffs to file a consolidated, superseding complaint rather than only a representative complaint.   Alternatively, should the Court determine that a representative complaint is appropriate, Capital One would like to discuss with the Court and Lead Plaintiffs' Counsel possible ways in which to minimize any collateral proceedings that may arise with respect to claims that are not initially included in Lead Plaintiffs' contemplated representative complaint. Capital One looks forward to discussing these issues in more detail and addressing any questions the Court may have at the January 29, 2020 initial status conference.[4]

Respectfully submitted, this 27th day of January, 2020.

---

this district is expected to move expeditiously and believes that the slight delay necessitated by the preparation of a consolidated complaint would be more than made up for by the enhanced efficiencies of avoiding protracted collateral litigation over whether certain claims are precluded by a ruling on a motion to dismiss or whether certain claims held in abeyance are sufficiently "unique" to warrant additional separate litigation at a later point in time.

[4] While this statement provides a general overview of Capital One's position on the benefits to be gained by a consolidated complaint, Capital One reserves the right to formally move for a modification of PTO-1 in this respect following further discussions at the initial status conference or upon review of a representative complaint.

**CAPITAL ONE FINANCIAL CORPORATION**
**CAPITAL ONE, N.A.**
**CAPITAL ONE BANK (USA), N.A.**

*/s/*
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com
timothy.st.george@troutman.com

Mary C. Zinsner (VSB No. 31397)
TROUTMAN SANDERS LLP
401 9th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutman.com

*Counsel for Capital One Defendants*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/*_____
David L. Balser
KING & SPALDING LLP

*Counsel for Capital One Defendants*
