IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> _____ ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to ALL Cases

## **PRETRIAL ORDER #21**

On Friday, April 10, 2020, Capital One filed a motion to compel discovery responses from all plaintiffs (Docket no. 383), a memorandum in support (Docket no. 384), and a notice of hearing for April 17, 2020 (Docket no. 385). On April 13, 2020, the court entered an order setting a briefing schedule for this motion and cancelling the hearing scheduled for April 17, 2020, pursuant to Eastern District of Virginia General Order No. 2020-12. (Docket no. 398). Following the court's briefing schedule, plaintiffs filed their opposition to the motion on April 15, 2020 (Docket no. 400) and Capital One filed its reply on April 17, 2020 (Docket no. 401). Having reviewed the pleadings filed by the parties relating to this motion, the court finds that the issues have been addressed fully in the briefs and can be decided without oral argument pursuant to Local Civil Rule 7(J) and Federal Rule of Civil Procedure 78.

The issue before the court is whether plaintiffs' objection to any discovery relating to plaintiffs who are not named as plaintiffs in the Representative Complaint should be overruled. Capital One argues that it should be allowed to obtain information through the discovery process from all the named plaintiffs in the various actions that have been transferred to this MDL proceeding and not just the nine plaintiffs that are included in the Representative Complaint. (*See* Docket no. 384 at 5-6). Capital One notes that the filing of a Representative Complaint did

not displace the previously filed complaints (*Id.* at 4) and that all fact discovery must be completed in this case by September 21, 2020 (*See* Docket no. 360), which would include any discovery relating to all plaintiffs who have filed a claim against Capital One in this MDL proceeding (Docket no. 384 at 11). Plaintiffs argue that discovery in this action should be limited to the nine plaintiffs currently named in the Representative Complaint because the remaining named plaintiffs in the member cases are "absent class members" (Docket no. 400 at 11-13), that Capital One has no legitimate need for discovery from the other named plaintiffs in the member cases (*Id.* at 11-14), and that any discovery propounded to those plaintiffs would be fundamentally disproportionate to the needs of the litigation (*Id.* at 2, 15).

Plaintiffs' reliance on cases discussing discovery from "absent class members" is misplaced. (*See id.* at 11-12). Capital One is not seeking discovery from absent class members, it is seeking discovery from named plaintiffs in the various member cases. The court has entered several orders that require the parties to proceed with discovery and to complete all fact discovery in this proceeding by September 21, 2020. (*See e.g.* Docket nos. 288, 304, 360). When plaintiffs sought to proceed with a representative complaint instead of a superseding, consolidated complaint, there was no request to stay discovery as to the plaintiffs in the member cases. In fact, there is no current stay of discovery in this case and there is no order limiting discovery to the plaintiffs named in the Representative Complaint. Plaintiffs cite to various statements made by the court and in filings by the parties in this proceeding but none of them state that no discovery would be allowed as to the plaintiffs in the member cases. While the pretrial orders do indicate that discovery was to proceed on the *claims* raised in the Representative Complaint, discovery has not been limited to the plaintiffs named in the Representative Complaint. The argument that it would be "absurd" to believe that the discovery

obligations on the large corporate defendants Capital One and Amazon concerning, among other things sophisticated technical and business matters, would be more significant than discovery from 263 individual plaintiffs is also misplaced. That comment was addressed to the defendants' request for a longer period for the discovery process and not who would be the subject of discovery requests. Similarly, the mere fact that each plaintiff who has filed an action against Capital One may be required to respond to some discovery in this case does not make it disproportionate to the needs of the case.

For these reasons, the motion to compel will be granted to the extent that it seeks a ruling that the blanket objection to any discovery being propounded to plaintiffs other than the nine plaintiffs named in the Representative Complaint should be overruled. However, this ruling should not be interpreted as a decision that the specific interrogatories or document requests that have been served in this matter (Docket nos. 384-1 and 384-3) are appropriate for the member plaintiffs or would be proportional to the needs of the defendants in this MDL proceeding. Accordingly, the parties shall meet and confer concerning how the plaintiffs who are not named in the Representative Complaint shall provide specific, narrow information to Capital One, either through a verified "fact sheet" along with the production of limited documentation or through another simplified process. If the parties are unable to agree on how to proceed, the parties shall file a subsequent motion addressing those specific issues.

Entered this 21st day of April, 2020.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia