# EXHIBIT A



Kaplan Fox & Kilsheimer LLP
Attorneys at Law
350 Sansome Street
San Francisco, CA 94104
phone 415.772.4700
fax 415.772.4707
email mail@kaplanfox.com
www.kaplanfox.com

August 6, 2019

**BY CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**

Amazon Web Services
Legal Department
1900 University Avenue
East Palo Alto, CA 94303

   Re: *Desoer v. Capital One Financial Corporation, et al.*
     *Case No. 2:19-cv-01223 (W.D. Wash.)*

Dear Sir:

   Please be advised that Kaplan Fox & Kilsheimer LLP represents plaintiff Michele Desoer on behalf of herself and all others similarly situated in an action against Capital One Financial Corporation ("Capital One"), and Amazon Web Services ("AWS") (collectively "Defendants"). This notice is being sent to you pursuant to California Civil Code section 1782(a).

   Our client has filed a class action lawsuit on behalf of all other individuals similarly situated whose personal information, including names, addresses, phone numbers, email addresses, credit histories, income data and other private information (including financial account and social security numbers for certain class members) (hereinafter "Personal Information" or "PI") was stolen from Defendants' computer servers beginning on or around March 12, 2019, and lasting until July 17, 2019 (the "Data Breach"). Plaintiff generally alleges through this action that Paige Thompson, a former Amazon employee, exploited blaring weaknesses in Defendants' data security protocol between March 12, 2019 and July 17, 2019. Plaintiff also alleges Defendants received an anonymous tip notifying them of the Data Breach on July 17, 2019. Further, Plaintiff alleges Defendants were not using elementary data security protocols for the tens of millions of consumers' account information with encryption or tokenization, falling far below industry standards and best practices. Finally, Plaintiff alleges Defendants failed to provide adequate and timely notification of the Data Breach to consumers, and although Capital One is offering impacted individuals complimentary credit monitoring and identity protection services, that does not sufficiently protect those individuals from the number of threats such data breaches impose and is not long enough to eliminate all potential damage from the Data Breach.

   Plaintiff's Complaint, which was filed in the United States District Court for the Western District of Washington, is attached as Exhibit 1 to this letter and its allegations are incorporated



by reference. To summarize, Plaintiff alleges that Defendants' conduct gives rise to claims under the Fair Credit Reporting Act 15 U.S.C. §§ 1681 *et seq.*; Express and Implied Contract; Negligence; Negligent Misrepresentation; Breach of Fiduciary Duty; Declaratory Judgment; the Washington Consumer Protection Act, Revised Code of Washington 19.86 *et seq.*; the Washington Data Breach Law, Revised Code of Washington 19.255, *et seq.*; the California Customer Records Act, California Civil Code §§ 1798.80, *et seq.*; the California Unfair Competition Act, California Business & Professions Code §§ 17200, *et seq.*; and the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* Plaintiff's complaint seeks damages, restitution, declaratory and injunctive relief, interest, attorneys' fees, costs of suit, and any other relief the Court deems appropriate.

Plaintiff's Complaint more specifically alleges that Defendants' conduct violates California's Consumer Legal Remedies Act, Civil Code section 1770(a)(5) by representing that Defendants' goods or services have characteristics, uses or benefits, which they do not have, and Civil Code section 1770(a)(7) by representing that Defendants' goods or services are of a particular standard, quality, or grade, even though they are of another. Defendants' unlawful conduct in violation of these provisions includes, among other things:

    a. Misrepresenting the source, sponsorship, approval, or certification of goods or services;

    b. Representing that goods or services have characteristics that they do not have;

    c. Representing that goods or services are of a particular standard quality, or grade when they are not;

    d. Advertising goods or services with intent not to sell them as advertised; and

    e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

Due to Defendants' conduct, and pursuant to Civil Code sections 1781 and 1782(a)(2), it is hereby demanded on behalf of Plaintiff and all other Consumers that Defendants immediately correct, repair, replace, or otherwise rectify the violations of Section 1770, through the following actions: (1) that Defendants cease and desist in making misrepresentations and material omissions regarding the source, sponsorship, approval, or certification of goods or services; (2) that Defendants cease and desist advertising goods or services with intent not to sell them as advertised; (3) that Defendants cease and desist representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; and (4) that Defendants pay Plaintiff's attorneys' fees and costs of filing suit and issuing this notice.

Pursuant to Civil Code section 1782(a) and (b), should the above or otherwise remedial



and agreed upon actions not be taken by Defendants within 30 days, Plaintiff will amend his Complaint to include claims for actual damages, punitive damages and all other damages permitted under the Consumer Legal Remedies Act.

Additionally, please note that in order for Defendants to avoid an action for damages, they must do all of the following pursuant to Civil Code section 1782(c):

1.  Identify, or make a reasonable effort to identify, all present and former Consumers whose PI was stolen from Defendants' computer servers as part of the Data Breach;

2.  Notify all such Consumers that, upon their request, that Defendants will compensate them for the damages, statutory interest, and all expenses and reimbursements that Consumers incurred relating to the Data Breach, plus Plaintiff's attorneys' fees and costs of filing suit and issuing this notice;

3.  Develop, employ and maintain industry accepted standards for data security and privacy in a reasonable amount of time but in no less than 30 days unless otherwise agreed; and

4.  Cease to engage in the methods, acts or practices outlined at length above.

Thank you for your consideration of this matter.  Please do not hesitate to contact me if you have any questions.

Sincerely,

Matthew B. George

Matthew B. George

MBG:wh
Enclosure