**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

IN RE: CAPITAL ONE CONSUMER
DATA SECURITY BREACH LITIGATION

MDL No. 1:19md2915 (AJT/JFA)

**This Document Relates to the Consumer Cases**

**[PROPOSED] STIPULATED ORDER GOVERNING**
**THE TAKING OF REMOTE DEPOSITIONS**

WHEREAS Coronavirus Disease 2019 ("COVID-19") continues to affect the operation of the judicial system and to limit the ability of individuals to travel and to congregate, *see generally* E.D. Va. General Order No. 2020-12, and

WHEREAS the Parties have agreed to stipulate and agree, pursuant to Rules 29 and 30(b)(4) of the Federal Rules of Civil Procedure, by and through their undersigned counsel and subject to Court approval, to the following terms governing the taking in this case of Remote Depositions (as that term is defined below):

I.      **GENERAL GUIDELINES AND SCOPE**

1.      This Stipulated Request for an Order Governing the Taking of Remote Depositions (the "Protocol") will govern, subject to Court approval, the taking of Remote Depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure and United States District Court for the Eastern District of Virginia Local Rules.

2.      By agreeing to this Protocol, no Party waives the right to object to the deposition of a particular Witness (as defined below) being taken by remote means pursuant to Paragraph 10 below.  This Protocol in no way constitutes an agreement by the Parties to take all depositions via

1

remote means.  It applies only to those depositions that the parties have agreed to take remotely or that the Court orders to be taken remotely pursuant to the terms set out in Paragraphs 8 to 10 below.

3.      This Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure except to the extent those rules are specifically modified herein.

## II.    DEFINITIONS

4.      "Defending Party" means the party that represents or has employed the Witness.

5.      "Noticing Party" means the party that noticed a Witness for a Remote Deposition pursuant to Federal Rule of Civil Procedure 30.

6.      "Remote Deposition" means any deposition by oral examination conducted pursuant to Federal Rule of Civil Procedure 30 where all the participants—including attorneys, witnesses, court reporters, or videographers—are not physically present in the same location at the time the deposition is taken.

7.      "Witness" means the person noticed for the taking of a Remote Deposition or designated to appear to give testimony pursuant to Fed. R. Civ. P. 30(b)(6).

## III.   AGREEING TO CONDUCT A DEPOSITION REMOTELY

8.      Any Party may notice a Remote Deposition by stating its intention to take a deposition by remote means in its original notice of a deposition by oral examination pursuant to Federal Rule of Civil Procedure 30 or in an amended notice.

9.      Other than those depositions which have previously been scheduled by agreement by the Parties, unless the Parties previously agreed in writing to a shorter time, a Party must serve notice of its intention to take a Remote Deposition no less than 11 days before the deposition is to occur.

10.     If the Defending Party objects to the taking of the deposition by remote means, it must notify the Noticing Party, in writing, of the objection within five (5) days of receiving the Noticing Party's notice of its intention to take a Remote Deposition.  The Parties agree to promptly confer in good faith to attempt to resolve any such objection.  If the Parties are unable to resolve any objection, the Noticing Party may, pursuant to Federal Rule of Civil Procedure 30(b)(4), file, within three (3) days of the Parties' reaching an impasse, a motion with the Court seeking an order that a deposition be taken by remote means.  The deposition may not take place until the Court resolves the motion.

## IV.     THE TECHNOLOGY TO BE USED

11.     The parties agree to use the Veritext Virtual remote deposition platform with Exhibit Share offered by Veritext Reporting ("Veritext") or the Huseby Connect remote deposition platform offered by Huseby Global Litigation ("Huseby") for all Remote Depositions. Collectively, Veritext and Huseby will be referred to herein as "the Vendor," and the Veritext Virtual and Huseby Connect platforms will be referred to herein as "the Platform."

12.     The Platform will be configured such that any private chat or breakout room features are disabled.

13.     The Noticing Party shall be responsible for arranging the taking of a Remote Deposition with the Vendor and ensuring that email invitations to attend the deposition remotely are sent via the Vendor to the Witness and participating attorneys.  The Defending Party shall notify the Noticing Party of the email addresses of the Witness and participating attorneys no later than four (4) days before the deposition.

14.     The Defending Party shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform, including but not limited to a computer

with an internet speed of at least 1.5 Megabits per second; a webcam; and a phone, USB microphone, headphones with a microphone, or other technology sufficient to ensure the transmission of high-quality audio via the Platform.

15.     Remote Depositions subject to this Protocol shall be recorded by stenographic and, if requested by the Noticing Party, audiovisual means by the Vendor.

16.     Any costs associated with using the Platform for a Remote Deposition or for the recording of such a deposition will be the responsibility of the Noticing Party.

### V.     EXHIBITS

17.     All exhibits presented during a Remote Deposition shall be displayed using the Platform's exhibit function: Veritext's Exhibit Share or the Huseby Connect exhibit sharing function.

18.     Exhibits used in depositions shall be sequentially numbered. Plaintiffs shall begin numbering exhibits they present at 0001.  Defendants shall begin numbering exhibits they present at 5000.

### VI.     OATH OR AFFIRMATION

19.     A Remote Deposition taken pursuant to this Protocol will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer attends the deposition via the same remote means used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

20.     Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness' oath or affirmation may be administered remotely.

### IV.     MISCELLANEOUS PROVISIONS

21.     All participants shall conduct a test of the Platform with the technology they intend to use to participate in a Remote Deposition before the time at which a Remote Deposition is to begin.

22.     The Witness shall enable both an audio and video connection when giving testimony through a Remote Deposition.

23.     No person may be physically located in the same room as the Witness during the taking of a Remote Deposition except for a non-attorney who (i) is present solely for the purpose of providing technical assistance to the Witness in using the Platform and (ii) is logged onto the Platform with a video connection or is otherwise viewable by a camera at all times during the course of the Remote Deposition.

24.     At the beginning of the Remote Deposition and after any break, every person logged onto the Platform or otherwise viewing or listening to the Deposition must be identified for the record.

25.     The Witness may not communicate with any person, except through the Platform, during the taking of a Remote Deposition.  This restriction does not apply to breaks or other recesses not on the record.

26.     The Witness may not review or read any document, except documents presented to the Witness as exhibits during the Remote Deposition, without the express consent of counsel for all Parties.

27.     If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date.  If the Parties cannot agree on how to proceed, they may seek a telephone conference with the Court to resolve the

dispute.

28.     The Defending Party shall ensure that the Witness is made aware of and complies with all of the requirements in this Protocol.


**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:          May 13, 2020

Respectfully Submitted,

/s/_____

David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

*Defendants' Lead Counsel*

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com
timothy.st.george@troutman.com

/s/_____

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUN, P.L.L.P**
100 Washington Avenue South, Suite 200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@ForThePeople.com

*Plaintiffs' Lead Counsel*

Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

Mary C. Zinsner (VSB No. 31397)
**TROUTMAN SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (703) 734-4334
Fax: (703) 734-4340
mary.zinsner@troutman.com

*Defendants' Local Counsel*


**IT IS SO ORDERED.**

Alexandria, Virginia
May _____, 2020

_____

John F. Anderson
United States Magistrate Judge