**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

IN RE: CAPITAL ONE CONSUMER  ) MDL No. 1:19-md-02915 (AJT-JFA)
DATA SECURITY BREACH LITIGATION )
             )
_____)

**This Document Relates to the Consumer Cases**

**DECLARATION OF TYLER G. NEWBY IN SUPPORT OF AMAZON'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

I, Tyler G. Newby, declare as follows:

  1. I am an attorney admitted to practice in the State of California and I am also admitted to practice as *pro hac vice* in this case. I am a partner with the law firm of Fenwick & West LLP, counsel of record for Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon"). I have personal knowledge of the facts in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

  2. On May 15, 2020 Plaintiffs deposed Mike Fisk, one of Capital One's 30(b)(6) corporate witnesses. Mr. Fisk is the Chief Technology Officer of Capital One's Cybersecurity Organization. I attended the deposition via videoconference. Although we have not yet received an official transcript of Mr. Fisk's deposition, we have received an unofficial rough transcript of his testimony. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the Uncertified Rough Draft of Deposition Transcript of Michael Fisk.

  3. In the April 22, 2020 conference between the parties, counsel for Plaintiffs expressed that the parties' discussion of the Interrogatories should apply equally to the parties' points of disagreement in Plaintiffs' First Set of Requests for Production of Documents.

4.      Amazon has collected more than two million documents from more than fifty custodians and several non-custodial repositories in response to Plaintiffs' Request for Production of Documents, which it is reviewing for production.  These custodians consist of current and former members of the AWS Capital One account team, employees of AWS's Professional Services organization who have worked on Capital One engagements, and members of AWS's Security Operations team.

5.      Amazon's responses to Plaintiffs' First Set of Requests for Production of Documents, and Amazon's responses to Plaintiffs' First Set of Interrogatories, both served on March 2, 2020, contain an error with respect to the automatic numbering of the requests.  For the Court's convenience in reviewing the parties' briefing on this Motion, attached hereto as **Exhibit B** and **Exhibit C**, respectively, are amended copies of Amazon's responses to Plaintiffs' First Set of Requests for Production of Documents, and Amazon's responses to Plaintiffs' First Set of Interrogatories, both served on March 2, 2020.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this 20th day of May, 2020 in Mill Valley, California.

*/s/ Tyler G. Newby*
Tyler G. Newby

# EXHIBIT A
# [FILED UNDER SEAL]

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

IN RE: CAPITAL ONE CONSUMER          )
DATA SECURITY BREACH LITIGATION      )          MDL No. 1:19md2915 (AJT/JFA)

**AMAZON DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26(C), Amazon Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (collectively "Amazon" or "Amazon Defendants") by and through their counsel, hereby timely object and respond to the Plaintiffs' First Document Requests to Amazon.com, Inc. and Amazon Web Services, Inc. propounded by Plaintiffs ("Plaintiffs") (collectively, the "Requests") dated January 31, 2020, as follows.

**PRELIMINARY STATEMENT**

Amazon Defendants' investigation in this action is ongoing, and Amazon Defendants reserve the right to rely on and introduce information in addition to any information provided in response to the Requests at the trial of this matter or in other related proceedings. A representative complaint has not yet been filed, and Amazon Defendants have yet to complete their investigation, or receive the benefit of expert opinion and analysis, and/or discovery from Plaintiffs and other parties. Amazon Defendants anticipate that information they discover later in the litigation may be responsive to one or more of the Requests, and Amazon Defendants reserve their right to supplement their responses at appropriate points throughout this litigation without prejudice and/or to otherwise make available to Plaintiffs such information. Amazon Defendants also reserve the right to change, modify, or enlarge the following objections and/or responses based on amendments to pleadings, additional information, further analysis, and/or in light of other events

**EXHIBIT B**

in the litigation. Unless specifically stated otherwise in the individual responses to the Requests,

Amazon Defendants' statement on supplementation applies to all of them.

## OBJECTIONS TO DEFINITIONS

1.     Amazon Defendants object to the definitions of "PII" as vague, ambiguous,

uncertain, and calling for information that is not within Amazon Defendants' possession, custody,

or control.  Amazon Defendants further object to the definition of "PII" as overbroad, unduly

burdensome, and disproportionate to the needs of the case to the extent that it is more expansive

than, or inconsistent with, the meaning of those terms as used in Amazon's ordinary course of

business or as defined by relevant statutes or regulations applicable to Amazon's business.

2.     Amazon Defendants object to the definitions of "Amazon," "Amazon Web

Services," "AWS, "You," and "Your" as overbroad and unduly burdensome to the extent that it

purports to extend to persons or entities outside of Amazon Defendants' control, and, specifically,

as it seeks discovery from Amazon Defendants' "former directors, officers, employees, agents,

representatives or any persons acting or purporting to act on Amazon's behalf."

3.     Amazon Defendants object to the time frame of the Requests of January 1, 2015

through the present as overbroad and unduly burdensome to the extent that they request

information outside of a time period relevant to the action.  Amazon Defendants object to the

definition of the "Relevant Period" as overbroad, unduly burdensome, and disproportionate to the

needs of the case to the extent that it includes information or documents created or generated after

the filing of the first complaints in this litigation on July 30, 2019.  Amazon Defendants further

object to the definition of the "Relevant Period" to the extent it includes "responsive Documents

created or generated outside the Relevant Period, but which contain information concerning the

Relevant Period," because (i) the phrase "information concerning the Relevant Period" is vague

2

and ambiguous and, moreover, (ii) this portion of the definition effectively expands the scope of the "Relevant Period" to include an unlimited period of time.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST NO. 1:

Documents, including organizational charts, sufficient to show, on an annual basis, Your organizational structure, including Your parent companies, subsidiaries, affiliates, departments, and divisions.

### OBJECTIONS TO REQUEST NO. 1:

Amazon Defendants object to this Request on the grounds that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants also object to this Request because the term "organizational structure" is vague, ambiguous, and capable of various interpretations.

### RESPONSES TO REQUEST NO. 1:

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon does not maintain corporate organizational charts. Amazon will produce documents sufficient to show Amazon Web Services, Inc.'s corporate status as a subsidiary to Amazon.com, Inc.

**REQUEST NO. 2:**

Documents, including organizational charts, sufficient to show, Your organizational structure with respect to the employees, vendors, and other third parties responsible for data security, security architecture, and computer systems related to the Breach.

**OBJECTIONS TO REQUEST NO. 2:**

Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants further object to "computer systems related to the Breach" as overly broad, vague, and ambiguous. Amazon Defendants further object to the Request to the extent it is duplicative of Request No. 1. Amazon Defendants also object to this Request because the term "organizational structure" is vague, ambiguous, and capable of various interpretations. Additionally, the phrase "responsible for data security, security architecture and computer systems related to the Breach" is vague and ambiguous because it is unclear whether Plaintiffs seek information on "data security" and "security architecture" generally or only as they relate to the Breach. Amazon Defendants further object to the Request as unduly burdensome and not sufficiently tailored to the extent it seeks information describing each and every employee who may have had some responsibility "for data security, security architecture and computer systems related to the Breach."

**RESPONSES TO REQUEST NO. 2:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon does not maintain corporate organizational charts. The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the

underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Amazon will produce documents sufficient to identify AWS personnel who provided Capital One support in responding to the Breach.

**REQUEST NO. 3:**

Documents sufficient to identify the individuals who were responsible for, or participated in the testing, development, documentation, implementation, maintenance, and production support for Capital One's use of the Amazon Web Services ("AWS") cloud from 2013 to present.

**OBJECTIONS TO REQUEST NO. 3:**

Amazon Defendants object to the Request as overly broad, unduly burdensome and not proportional to the needs of the case in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted systems / information) and/or (ii) the claims and defenses in the litigation. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Defendant objects that this request is overbroad and unduly burdensome to the extent it seeks information regarding each and every individual who "participated in" the identified events. Amazon Defendants also objects to the Request because the phrase "Capital One's use of the Amazon Web Services ("AWS") cloud" is vague and ambiguous, and does not sufficiently identify the specific documents being sought.

**RESPONSES TO REQUEST NO. 3:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon will produce documents sufficient to identify AWS personnel who provided support to Capital One concerning migration and operations from January 1, 2015 to July 30, 2019.

**REQUEST NO. 4:**

Documents sufficient to identify the structure, architecture, and interconnectivity of the portion(s) of Capital One's computer system accessed in or related to the systems involved in the Breach, including maps, diagrams, and charts including those portions of the computer system.

**OBJECTIONS TO REQUEST NO. 4:**

Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment.  Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to "related to systems involved in the Breach" as vague, ambiguous, uncertain, overbroad, and unduly burdensome.  Amazon Defendants also object to this Request because the phrase "structure, architecture, and interconnectivity of the portion(s) of Capital One's computer system" is vague and ambiguous.  Amazon Defendants further object to the Request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent that it seeks documents pertaining to any "portion(s) of Capital One's computer system" that was not accessed in the Breach.

**RESPONSES TO REQUEST NO. 4:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control.  This type of vulnerability is not specific to the cloud.  Amazon

will produce documents sufficient to identify AWS personnel who provided Capital One support in responding to the Breach.

**REQUEST NO. 5:**

Documents describing the manner in which any portion(s) of Capital One's AWS cloud accessed in or related to the Breach were reconfigured, changed, or otherwise modified after the Breach was discovered.

**OBJECTIONS TO REQUEST NO. 5:**

Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to this Request on the grounds that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case in that it seeks information on modifications taken after the Breach, but which are unrelated to the Breach. Amazon Defendants object to the Request as overly broad, unduly burdensome and without reasonable limitation in its time period or scope. Amazon Defendants object to this Request to the extent it seeks information or documents that are not within Amazon Defendants' possession, custody or control. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 5:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Documents

describing the manner in which Capital One's applications were "reconfigured, changed, or otherwise modified" are in Capital One's possession, custody or control.

**REQUEST NO. 6:**

Documents and Communications relating to You advising other companies using an AWS cloud to reconfigure, change, or otherwise modify their AWS cloud instances and AWS metadata services after the Breach was discovered.

**OBJECTIONS TO REQUEST NO. 6:**

Amazon Defendants object to "other companies using an AWS cloud" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and responding for each service would be unduly burdensome and not proportionate to the needs of the case. Amazon Defendants object to this Request on the grounds that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case in that it seeks information on modifications made after the Breach, but which are unrelated to the Breach, and because it seeks communications with third parties about the third parties' AWS instances, rather than the Capital One instance that was subject to the Breach. Amazon Defendants object to the Request as overly broad, unduly burdensome and without reasonable limitation in its time period or scope. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 6:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon will produce documents reflecting communications to AWS customers concerning potential misconfigurations of public-facing applications that AWS identified in August 2019.

**REQUEST NO. 7:**

Documents and Communications concerning the impact on the security of customers' PII of any proposal or recommendation for the reconfiguration or modification of any portion(s) of Capital One's AWS cloud environments that were implicated in the Breach prior to the Breach.

**OBJECTIONS TO REQUEST NO. 7:**

Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to this Request because it is vague, ambiguous and unintelligible in its reference to "customers." The phrase "portion(s) of Capital One's AWS cloud environments" is vague and ambiguous. Amazon Defendants object to the Request because it incorporates the defined term "PII" for the reasons set forth in the Objections to Definitions above. Amazon Defendants object to the Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted systems / information) and/or (ii) the claims and defenses in the litigation. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the 2019 cybersecurity incident, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the

attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 7:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Amazon will produce documents and communications concerning configuration of the Capital One web application firewall implicated in the Breach and its impact on the security of Capital One data to the extent such documents exist in Amazon's possession, custody, or control and can be identified upon a reasonable search.

**REQUEST NO. 8:**

Documents and Communications concerning the impact on the security of customers' PII of any reconfiguration or modification implemented on any portion(s) of Capital One's AWS cloud that were implicated in the Breach prior to the Breach.

**OBJECTIONS TO REQUEST NO. 8:**

Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to the Request because it incorporates the defined term "PII" for the reasons set forth in the Objections to Definitions above. Amazon Defendants further object to "customers" and "implicated" as vague and ambiguous. The phrase "portion(s) of Capital One's AWS cloud environments" is similarly vague and ambiguous. Amazon Defendants object to the Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks

information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted systems / information) and/or (ii) the claims and defenses in the litigation.  Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the 2019 cybersecurity incident, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action.  Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 8:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control.  This type of vulnerability is not specific to the cloud.  Amazon will produce documents and communications concerning configuration of the Capital One web application firewall implicated in the Breach and its impact on the security of Capital One data to the extent such documents exist in Amazon's possession, custody, or control and can be identified upon a reasonable search.

**REQUEST NO. 9:**

Documents relating to the policies, security guidelines, operating procedures, maintenance, testing and practices pertaining to AWS EC2 services, IAM, WAFs, access and use of metadata services, and general AWS cloud instances in Capital One's production and non-production environments.

11

**OBJECTIONS TO REQUEST NO. 9:**

Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon objects to this request as vague, ambiguous, overbroad and not proportional to the needs of the case as to the term "general AWS cloud instances." Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants further object to this Request because it is vague, ambiguous, and does not adequately identify the information being sought. Specifically, the phrase "policies, security guidelines, operating procedures, maintenance, testing and practices" is vague, ambiguous, and capable of various interpretations.

**RESPONSES TO REQUEST NO. 9:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon will produce product documentation it makes available to customers, including Capital One, for EC2 Services, the Instance Metadata Service, IAM and security features available to customers. Documents reflecting Capital One's configuration and implementation of any of these services are in Capital One's possession, custody or control. Capital One did not use the Amazon WAF in the application that was subject to the Breach.

12

**REQUEST NO. 10:**

Documents sufficient to describe Your policies, procedures, protocols, practices and infrastructure for testing, identifying, preventing, detecting, reporting, and responding to intrusion or cybersecurity threats to the AWS cloud system product and Capital One's AWS systems.

**OBJECTIONS TO REQUEST NO. 10:**

Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to the Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted Capital One systems / information); (ii) AWS products and services used by Capital One; and/or (iii) the claims and defenses in the litigation. Amazon Defendants object to "the AWS cloud system product" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and responding for each service would be unduly burdensome and not proportionate to the needs of the case. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action.

**RESPONSES TO REQUEST NO. 10:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Amazon

will produce documents reflecting its shared responsibility model for security and its agreements with Capital One reflecting each party's security responsibilities.

**REQUEST NO. 11:**

Documents and Communications relating to the installation, setup, logging, testing and monitoring of AWS cloud instances and services for both the product and Capital One's AWS cloud environment.

**OBJECTIONS TO REQUEST NO. 11:**

Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to the Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted Capital One systems / information); (ii) AWS products and services used by Capital One; and/or (iii) the claims and defenses in the litigation. Amazon Defendants object to the term "the product" as vague and ambiguous; Amazon offers more than 175 services through AWS. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because the phrase "AWS cloud instances and services" and the terms "logging" and "monitoring" are vague and ambiguous, and do not sufficiently identify the information being sought.

**RESPONSES TO REQUEST NO. 11:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Amazon will produce documents reflecting its shared responsibility model for security and its agreements with Capital One reflecting each party's security responsibilities.

**REQUEST NO. 12:**

AWS cloud system logs and monitoring of the IAM roles and related policies relating to the Breach.

**OBJECTIONS TO REQUEST NO. 12:**

Amazon Defendants object to the Request as overly broad, unduly burdensome and without reasonable limitation in its time period or scope. Amazon Defendants object to "related policies" as vague, ambiguous, uncertain, overbroad, and unduly burdensome. Amazon Defendants also object to this Request because the phrase "AWS cloud system logs" is vague and ambiguous, and capable of various interpretations.

**RESPONSES TO REQUEST NO. 12:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon does not have possession, custody or control of documents responsive to this request. To the extent Capital One used CloudTrail logs, those logs are in the possession, custody or control of Capital One.

**REQUEST NO. 13:**

Documents and Communications relating to the AWS cloud, including architecture diagrams, data flows, WAF configuration, and Identity and Access Management ("IAM") system configuration, for both the AWS cloud and Capital One's AWS cloud systems.

**OBJECTIONS TO REQUEST NO. 13:**

Amazon Defendants object to the Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted Capital One systems / information); (ii) AWS products and services used by Capital One; and/or (iii) the claims and defenses in the litigation. Amazon Defendants object to "the AWS cloud" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and responding for each service would be unduly burdensome and not proportionate to the needs of the case.  With respect to documents concerning Capital One's AWS environment, Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment.  Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action.  Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.  Amazon Defendants also object to this Request because the terms "AWS cloud," "data flows," and "Identity and Access Management ("IAM") system configuration" are vague and ambiguous.

**RESPONSES TO REQUEST NO. 13:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon will produce product documentation it makes available to customers, including Capital One, for EC2 Services, the Instance Metadata Service, IAM and security features available to customers. Documents reflecting Capital One's configuration and implementation of any of these services are in Capital One's possession, custody or control. Capital One did not use the Amazon WAF in the application that was subject to the Breach.

**REQUEST NO. 14:**

Documents and Communications relating to Your use of penetration testing teams, vulnerability scans, Your use of any cyber security threat intelligence program, and any vendor or internal team used to perform ethical hacks in Your AWS cloud product and Capital One's AWS cloud environment, including the results of any such testing.

**OBJECTIONS TO REQUEST NO. 14:**

Amazon Defendants object to the Request as overly broad, not relevant to the claims or defenses in this action, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted Capital One systems / information); (ii) AWS products and services used by Capital One; and/or (iii) the claims and defenses in the litigation. Amazon Defendants object to "Your AWS cloud product" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and responding for each service would be unduly burdensome and not proportionate to the needs of the case. With respect to documents concerning Capital One's AWS environment, Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon

17

Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this request because the terms "cyber security threat intelligence program" and "ethical hacks" are vague and ambiguous.

## RESPONSES TO REQUEST NO. 14:

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Amazon will produce documents and communications concerning any penetration testing or security vulnerability assessments of the Capital One AWS instance affected by the Breach to the extent such documents exist in Amazon's possession, custody, or control and can be identified upon a reasonable search.

## REQUEST NO. 15:

Documents and Communications relating to incident response testing, remediation, security testing, validation, or monitoring of Your AWS cloud product and Capital One's AWS cloud, including actions taken to remedy any potential vulnerabilities in server configurations, WAF configurations, cloud trail log captures, Computer Systems, networks, code, other electronic devices, storage devices, and software to prevent future data breaches and data disclosures.

**OBJECTIONS TO REQUEST NO. 15:**

Amazon Defendants object to the Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted Capital One systems / information); (ii) AWS products and services used by Capital One; and/or (iii) the claims and defenses in the litigation. Amazon Defendants object to "Your AWS cloud product" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and responding for each service would be unduly burdensome and not proportionate to the needs of the case. With respect to documents concerning Capital One's AWS environment, Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because the phrase "related to incident response testing, remediation, security testing, validation, or monitoring of Your AWS cloud product and Capital One's AWS cloud" is vague and ambiguous, and does not sufficiently identify the information being sought. The term "data disclosures" is also vague and ambiguous.

**RESPONSES TO REQUEST NO. 15:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control.  This type of vulnerability is not specific to the cloud.  Amazon will produce documents and communications concerning any penetration testing or security vulnerability assessments of the Capital One AWS instance affected by the Breach to the extent such documents exist in Amazon's possession, custody, or control and can be identified upon a reasonable search.

**REQUEST NO. 16:**

Communications, memoranda, executive summaries, analyses, audits, reports, and other Documents written by, at the direction of, or received by, Your senior managers or executives concerning any notifications, warnings, or suggestions, whether from internal or external sources, about potential or actual vulnerabilities in any portion of Your AWS cloud environments and accessed in, related to, or similar to the systems implicated in the Breach.

**OBJECTIONS TO REQUEST NO. 16:**

Amazon Defendants object to this request as unintelligible.  Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action.  Amazon Defendants object to "Your AWS cloud environments" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and responding for each service would be unduly burdensome and not proportionate to the needs of the case.  Amazon Defendants object to this Request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One.  Amazon

Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because the phrases "Your senior managers or executives" and "any portion of Your AWS cloud environments and accessed in, related to, or similar to the systems implicated in the Breach" are vague and ambiguous.

## RESPONSES TO REQUEST NO. 16:

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will not produce documents in response to this request.

## REQUEST NO. 17:

All agendas, minutes, presentations, and notes concerning meetings of Your Board of Directors, or any committee of Your Board of Directors, at which the Breach was discussed.

## OBJECTIONS TO REQUEST NO. 17:

Amazon Defendants object to the Request as overbroad and unduly burdensome to the extent it seeks information presented at board meetings that does not refer or relate to the Breach. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

## RESPONSES TO REQUEST NO. 17:

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce portions of agendas, minutes, presentations, and notes of Board of Director or committee meetings that refer to the Breach to the extent non-privileged documents exist in Amazon's possession, custody, or control.

**REQUEST NO. 18:**

Communications, memoranda, executive summaries, analyses, reports, and Documents written by, at the direction of, or received by, Your senior managers or executives concerning internal and external audits, assessments, and investigations of Your data security practices and computer systems for protecting PII in Your AWS cloud instances and Capital One's AWS cloud environment.

**OBJECTIONS TO REQUEST NO. 18:**

Amazon Defendants object to the Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted Capital One systems / information); (ii) AWS products and services used by Capital One; and/or (iii) the claims and defenses in the litigation. Amazon Defendants object to "Your AWS cloud instances" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and more than one million AWS customers, and responding for each service and customer would be unduly burdensome and not proportionate to the needs of the case. With respect to documents concerning Capital One's AWS environment, Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to the Request because it incorporates the defined term "PII" for the reasons set forth in the Objections to Definitions above. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not

22

limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants further object to this Request because the phrases "Your senior managers or executives" and "computer systems for protecting PII" are vague and ambiguous, and do not sufficiently identify the specific information being sought.

## RESPONSES TO REQUEST NO. 18:

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Amazon will produce non-privileged documents responsive to this request concerning the Capital One AWS instance affected by the Breach to the extent such documents exist in Amazon's possession, custody, or control and can be identified upon a reasonable search.

## REQUEST NO. 19:

Communications, memoranda, executive summaries, analyses, audits, reports, and Documents written by, at the direction of, or received by, Your senior managers or executives, concerning any notifications, warnings, or suggestions, whether from internal or external sources, about potential or actual vulnerabilities in Your data security system or processes.

**OBJECTIONS TO REQUEST NO. 19:**

Amazon Defendants object to this Request as duplicative of Document Request 16. Amazon Defendants object to the Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted systems / information) and/or (ii) the claims and defenses in the litigation. With respect to documents concerning Capital One's AWS environment, Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to the request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because it is duplicative of Request No. 16. Amazon Defendants further object because the phrases "Your senior managers or executives" and "Your data security system or processes" are vague and ambiguous, and fail to sufficiently identify the specific information being sought.

**RESPONSES TO REQUEST NO. 19:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will not produce documents in response to this request.

**REQUEST NO. 20:**

Documents and Communications relating to Your discovery of the Breach, including Documents sufficient to identify the date You became aware of the activity that was ultimately identified as part of the Breach and sufficient to describe how You became aware of the activity.

**OBJECTIONS TO REQUEST NO. 20:**

Amazon Defendants object to this Request to the extent that it seeks information that is more readily accessible to Capital One, which has control of its AWS environment. Amazon Defendants object to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 20:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce non-privileged documents in Amazon's possession, custody, or control and can be identified upon a reasonable search reflecting how and when it was notified of the Breach.

**REQUEST NO. 21:**

Documents and Communications concerning to Your direct notification of other customers with AWS cloud environments, including the Documents sufficient to identify the date or dates You directly notified customers, the number of customers notified, the content of the notice, and the manner in which the customers were notified.

**OBJECTIONS TO REQUEST NO. 21:**

Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to "to Your direct notification of other customers with AWS cloud environments" as vague, ambiguous, unintelligible, and overbroad because it does not specify the topic of the notification or limit the topic of the notification to the Breach. Amazon Defendants object to "other customers with AWS cloud environments" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and responding for each service would be unduly burdensome and not proportionate to the needs of the case. Amazon Defendants object to the Request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 21:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will meet and confer to identify the topic of the "notices" referred to in this request.

**REQUEST NO. 22:**

Documents and Communications concerning Your statements regarding the Breach, including, but not limited to documents relating to Your decisions about when to make the

statements and the content of the statements, and documents analyzing the business impact to You based on the content and timing of the statements about the Breach to customers, shareholders, and the public.

## OBJECTIONS TO REQUEST NO. 22:

Amazon Defendants object to "statements regarding the Breach" as ambiguous as to whom the statements were made. Amazon Defendants object to the Request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

## RESPONSES TO REQUEST NO. 22:

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce statements to the press to the extent such documents can be identified upon a reasonable search.

## REQUEST NO. 23:

All incident reports and referenced artifacts concerning the Breach or remediation of the Breach, including the Documents supporting the incident reports, such as investigator notes, correspondence, service desk tickets, security architectural reviews, change approvals and change management documents, and any remediation plans.

## OBJECTIONS TO REQUEST NO. 23:

Amazon Defendants object to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine,

joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because the terms "artifacts," "security architectural reviews," and "change management documents" are vague and ambiguous.

**RESPONSES TO REQUEST NO. 23:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce non-privileged documents in Amazon's possession, custody, or control to the extent such documents can be identified upon a reasonable search.

**REQUEST NO. 24:**

Documents sufficient to show the actions You took to respond to and halt the Breach and collected data that was put on hold for analysis of the Breach.

**OBJECTIONS TO REQUEST NO. 24:**

Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 24:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce non-privileged documents in Amazon's possession, custody, or control sufficient to show its assistance to Capital One in responding to the Breach to the extent such documents can be identified upon a reasonable search.

**REQUEST NO. 25:**

Documents that You provided to, or received from, any governmental agency, regulatory agency, law enforcement agency, or advisory council, whether in the United States, Europe, or elsewhere, concerning the Breach.

**OBJECTIONS TO REQUEST NO. 25:**

Amazon Defendants object to this Request to the extent it seeks documents Amazon is prohibited from disclosing pursuant to a court-issued non-disclosure order.

**RESPONSES TO REQUEST NO. 25:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce documents in Amazon's possession, custody, or control that it received from or provided to U.S. governmental agencies concerning the Breach.

**REQUEST NO. 26:**

Documents concerning any investigations, assessments, or analyses undertaken by You, or anyone acting on Your behalf, concerning the Breach, including possible cause(s) of the Breach and any recommendations for improvements or modifications to Your computer system or data security systems or processes.

**OBJECTIONS TO REQUEST NO. 26:**

Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.  Amazon Defendants also object to this Request because it is duplicative of Request No. 23.

29

**RESPONSES TO REQUEST NO. 26:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce non-privileged documents in Amazon's possession, custody, or control in response to this request to the extent such documents can be identified upon a reasonable search.

**REQUEST NO. 27:**

All event logs prepared or reviewed as part of any investigation of the Breach.

**OBJECTIONS TO REQUEST NO. 27:**

Amazon Defendants object to the request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One.  With respect to event logs concerning Capital One's AWS environment, Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment.   Amazon Defendants also object to this Request because the phrase "event logs" is vague and ambiguous.

**RESPONSES TO REQUEST NO. 27:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will meet and confer concerning the meaning of the term "event logs."

**REQUEST NO. 28:**

Documents concerning any and all investigations, assessments, or reports, whether by You or any third party on behalf of You, regarding the PII compromised in the Breach, including the identities of the persons whose PII was compromised in the Breach.

**OBJECTIONS TO REQUEST NO. 28:**

Amazon Defendants object to the Request because it incorporates the defined term "PII" for the reasons set forth in the Objections to Definitions above.  Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment.  Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.  Amazon Defendants further object to the Request to the extent it is duplicative of Request Nos. 18, 23, and 26.

**RESPONSES TO REQUEST NO. 28:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce non-privileged documents in Amazon's possession, custody, or control concerning the Breach to the extent such documents can be identified upon a reasonable search.  Amazon does not have possession, custody or control of documents reflecting the identities of individuals whose personal information was accessed in the Breach.

**REQUEST NO. 29:**

Documents sufficient to show the credentials and nonces, access keys, secret keys, VPNs, AWS APIs, IAM roles used by Paige Thompson in the Breach, including how they were obtained, who they related to, and how they were able to be exploited in the Breach.

**OBJECTIONS TO REQUEST NO. 29:**

Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment.  Amazon Defendants object to this Request because it seeks disclosure of information that is protected from

disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because the phrases "credentials and nonce used by Paige Thompson in the Breach" and "who they related to" are vague and ambiguous.

**RESPONSES TO REQUEST NO. 29:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce non-privileged documents in Amazon's possession, custody, or control concerning the Breach to the extent such documents can be identified upon a reasonable search.

**REQUEST NO. 30:**

Documents and Communications relating to Your practices, policies, and procedures for securing computer system information from employees or former employees.

**OBJECTIONS TO REQUEST NO. 30:**

Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request on the grounds that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case. Amazon Defendants object to the Request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents unrelated to the services used by Capital One. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint

defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 30:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will meet and confer concerning the scope of Amazon employees covered by this request.

**REQUEST NO. 31:**

Documents relating to any investigation or analysis regarding whether other attackers exploited, or attempted to exploit, the vulnerability exploited by Paige Thompson, or any similar vulnerability regarding server, WAF, or AWS IAM misconfiguration or any other AWS related vulnerability.

**OBJECTIONS TO REQUEST NO. 31:**

Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to the Request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because the phrase "any similar vulnerability regarding server, WAF, or AWS IAM misconfiguration or any other AWS related vulnerability" is vague and ambiguous, and fails to

sufficiently identify the specific information being sought.  Amazon Defendants further object to

this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the

extent it seeks information related to an investigation or analysis of any attempted exploitation of

"any other AWS related vulnerability," regardless of whether such vulnerability has any relevance

to the Breach or issues that gave rise to the Breach.

**RESPONSES TO REQUEST NO. 31:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce non-privileged documents in Amazon's possession,

custody, or control concerning a customer's misconfiguration of an application firewall to the

extent such documents can be identified upon a reasonable search.

**REQUEST NO. 32:**

Documents relating to Your or Capital One's use of AWS Elasticsearch SIEMs or other

SIEM tool to monitor traffic to and from the Capital One AWS Aurora and S3 cloud services,

including the WAF.

**OBJECTIONS TO REQUEST NO. 32:**

With respect to documents concerning Capital One's AWS environment, Amazon

Defendants object to this Request to the extent that it seeks documents that are more readily

accessible from Capital One, which has control of its AWS environment.  Amazon Defendants

object to this Request on the grounds that it seeks documents from an overbroad and irrelevant

time frame, including but not limited to January 1, 2015 to the present, and is thus unduly

burdensome to the extent that it requests information outside of a time period relevant to the action.

Amazon Defendants further object to this Request as overbroad and not proportionate to the needs

of the case by requesting documents "relating to" the topic, rather than documents sufficient to

show the requested information. Amazon Defendants object to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 32:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Capital One AWS instance that was subject to the Breach did not use the AWS WAF. To the extent any documents responsive to this request exist, they would be in the possession, custody or control of Capital One.

**REQUEST NO. 33:**

Documents relating to Your management and review of the AWS WAF and its configuration, including whether it was managed with Your own internal staff or outsourced/contracted to a vendor, as well as testing, auditing, and logging related to the WAF.

**OBJECTIONS TO REQUEST NO. 33:**

Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to the Request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One. With respect to documents concerning Capital One's AWS environment, Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from

35

disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because the phrases "Your management and review of the AWS WAF" and "testing, auditing, and logging related to the WAF" are vague and ambiguous. Amazon Defendants further object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents that are unrelated to the AWS WAF impacted in the Data Breach, the systems impacted by the Breach, or issues that gave rise to the Breach.

**RESPONSES TO REQUEST NO. 33:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Capital One AWS instance that was subject to the Breach did not use the AWS WAF. Amazon will not produce documents in response to this request.

**REQUEST NO. 34:**

Documents relating to Your monitoring and logging of ingress and egress traffic to and from the WAF and other Capital One AWS resources.

**OBJECTIONS TO REQUEST NO. 3:**

With respect to documents concerning Capital One's AWS environment, Amazon Defendants object to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to the Request as overbroad, unduly burdensome and not proportionate

36

to the needs of the case in its request for documents for AWS products and services not used by Capital One. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 34:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Capital One AWS instance that was subject to the Breach did not use the AWS WAF. Amazon does not have possession, custody or control of documents responsive to this request.

**REQUEST NO. 35:**

Documents relating to Your use of Capital One's customers' data for profit.

**OBJECTIONS TO REQUEST NO. 35:**

Amazon Defendants object to this Request as seeking documents that are not relevant to a claim or defense. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants object to this Request as vague, ambiguous, overbroad and not proportional to the needs of the case.

**RESPONSES TO REQUEST NO. 35:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon does not have possession, custody or control of documents responsive to this request.

**REQUEST NO. 36:**

Documents and Communications relating to Your or Capital One's decision to store customer data in a "data lake."

**OBJECTIONS TO REQUEST NO. 36:**

Amazon Defendants object to this Request as irrelevant, vague, ambiguous, overbroad and not proportional to the needs of the case. Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request because it seeks disclosure of information that is privileged, confidential and/or proprietary, or information that is subject to any joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants object to the Request because the terms "customer data" and "data lake" are vague and ambiguous.

**RESPONSES TO REQUEST NO. 36:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will not produce documents in response to this request.

**REQUEST NO. 37:**

Documents and Communications relating to Your relationship with Capital One, including joint venture, dedicated resources with roles and responsibilities, scope of services, and exclusivity arrangements.

**OBJECTIONS TO REQUEST NO. 37:**

Amazon Defendants object to this Request as irrelevant, vague, ambiguous, overbroad and not proportional to the needs of the case.  Amazon Defendants object to this Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted Capital One systems / information); (ii) AWS products and services used by Capital One; and/or (iii) the claims and defenses in the litigation.  Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action.  Amazon Defendants object to this Request because it seeks disclosure of information that is privileged, confidential and/or proprietary, or information that is subject to any joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.  Amazon Defendants also object to this Request because the phrases "Your relationship with Capital One" and "dedicated resources with roles and responsibilities" are vague and ambiguous and fail to sufficiently identify the specific information being sought.  Additionally, Amazon Defendants object to the Request to the extent it seeks information "relating to" Amazon Defendants' "relationship with Capital One" that is unrelated to the Breach, the systems impacted by the Breach, or issues that gave rise to the Breach.

**RESPONSES TO REQUEST NO. 37:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce its contract with Capital One for use of AWS in force at the time of the Breach and its detection.

**REQUEST NO. 38:**

Documents and Communications relating to Your efforts to convince financial institutions and other large companies to host data on Your servers.

**OBJECTIONS TO REQUEST NO. 38:**

Amazon Defendants object to this Request on the grounds that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case.  Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action.  Amazon Defendants object to this Request because it seeks disclosure of information that is privileged, confidential and/or proprietary, or information that is subject to any joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 38:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will not produce documents in response to this request.

**REQUEST NO. 39:**

Documents and Communications relating to Capital One's participation in Your efforts to convince financial institutions and other large companies to host data on Your servers.

**OBJECTIONS TO REQUEST NO. 39:**

Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants object to this Request on the grounds that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case. Amazon Defendants further object to the Request to the extent it is duplicative of Request No. 38.

**RESPONSES TO REQUEST NO. 39:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will not produce documents in response to this request.

**REQUEST NO. 40:**

Documents and Communications between You and Capital One relating to Your or Capital One's knowledge of security vulnerabilities in the Capital One AWS cloud and AWS cloud product generally.

**OBJECTIONS TO REQUEST NO. 40:**

Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to "AWS cloud product generally" as vague, ambiguous, and overbroad. Amazon Defendants object to the request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One. Amazon Defendants object to this Request because it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 40:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon will produce non-privileged documents in Amazon's possession, custody, or control concerning potential misconfiguration of an application firewall in Capital One's AWS instances to the extent such documents can be identified upon a reasonable search.

**REQUEST NO. 41:**

Documents and Communications relating to the development and marketing of Cloud Custodian.

**OBJECTIONS TO REQUEST NO. 4:**

Amazon Defendants object to this request on the grounds that it is not relevant to any claim or defense. Amazon Defendants object to this Request to the extent it seeks information that is more readily accessible to Capital One, which has control of its AWS environment. Amazon

42

Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 41:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon responds that it did not develop Cloud Custodian and will not produce documents responsive to this request.

**REQUEST NO. 42:**

Communications, memoranda, executive summaries, analyses, audits, reports, and Documents written by, at the direction of, or received by, Your senior managers or executives, concerning any notifications, warnings, or suggestions, whether from internal or external sources, about potential or actual vulnerabilities or ineffectiveness of the Cloud Custodian as a security measure.

**OBJECTIONS TO REQUEST NO. 42:**

Amazon Defendants object to this request on the grounds that it is not relevant to any claim or defense this action.  Amazon Defendants object to this Request to the extent it seeks information that is more readily accessible to Capital One, which has control of its AWS environment.  Amazon Defendants object to this Request on the grounds that it seeks documents from an overbroad and irrelevant time frame, including but not limited to January 1, 2015 to the present, and is thus unduly

burdensome to the extent that it requests information outside of a time period relevant to the action. Amazon Defendants object to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants also object to this Request because the phrases "Your senior managers or executives" and "potential or actual vulnerabilities or ineffectiveness of the Cloud Custodian as a security measure" are vague and ambiguous.

## RESPONSES TO REQUEST NO. 42:

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon did not develop or operate Cloud Custodian, and therefore does not have documents responsive to this request in its possession, custody or control.

## REQUEST NO. 43:

Documents sufficient to show Your statements to third parties and the public about the security of data hosted on AWS servers prior to the Breach.

## OBJECTIONS TO REQUEST NO. 43:

Amazon Defendants object to the Request as overly broad and without reasonable limitation in its time period or scope. Amazon Defendants object to "AWS servers" as vague, ambiguous and overly broad; Amazon offers more than 175 services through AWS and responding for each service would be unduly burdensome and not proportionate to the needs of the case. Amazon Defendants object to this Request as overly broad, vague, ambiguous, and unduly burdensome in that the Request broadly seeks information that is not appropriately limited to (i) the 2019 cybersecurity incident (and impacted Capital One systems / information); (ii) AWS products and services used by Capital One; and/or (iii) the claims and defenses in the litigation.

Amazon Defendants object to this Request because it seeks disclosure of information that is privileged, confidential and/or proprietary, or information that is subject to any joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants object to this Request on the grounds that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case. Amazon Defendants object to the request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One. Amazon Defendants object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents or information regarding statements about data security that are unrelated to the systems or data impacted by the Breach.

**RESPONSES TO REQUEST NO. 43:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Amazon will produce documents reflecting its shared responsibility model for security and its publicly available documentation for security features available to customers of AWS.

**REQUEST NO. 44:**

Documents sufficient to show Your statements to the public about the security of customers' data prior to the Breach and after the Breach.

**OBJECTIONS TO REQUEST NO. 44:**

Amazon Defendants object to the Request as overly broad and without reasonable limitation in its time period or scope. Amazon Defendants object to this Request on the grounds

that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case. Amazon Defendants object to the Request as overbroad, unduly burdensome and not proportionate to the needs of the case in its request for documents for AWS products and services not used by Capital One. Amazon Defendants object to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**RESPONSES TO REQUEST NO. 44:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

The Breach concerned access to Capital One data through a Capital One web application and not through a breach of the underlying cloud-based infrastructure that is under Amazon's possession, custody or control. This type of vulnerability is not specific to the cloud. Amazon will produce documents reflecting its shared responsibility model for security and its publicly available documentation for security features available to customers of AWS.

**REQUEST NO. 45:**

Documents that reflect or relate to insurance or other indemnity agreements that may be used by You to satisfy part or all of a judgment that may be entered in, or expenses related to, this action, or that may be used to indemnify or reimburse payments made to satisfy any judgment in, or expenses related to, this action.

**OBJECTIONS TO REQUEST NO. 5:**

Amazon Defendants object to this Request as overbroad in its request for documents that "relate to" insurance or other indemnity agreements. Amazon Defendants object to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney-

client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon Defendants object to this Request on the grounds that it seeks information that is irrelevant, immaterial or not proportional to the needs of the case.

**RESPONSES TO REQUEST NO. 45:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon Defendants will produce non-privileged documents reflecting insurance coverage and indemnity agreements that may be applicable to this action.

**REQUEST NO. 46:**

All Documents received, reviewed, considered, or relied on by any expert whose testimony You intend to offer in this litigation.

**OBJECTIONS TO REQUEST NO. 6:**

Amazon Defendants object to this Request as premature under Federal Rule of Civil Procedure 26(a)(2). Amazon Defendants object to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney work product doctrine.

**RESPONSES TO REQUEST NO. 46:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

No documents are responsive to this request.

**REQUEST NO. 47:**

All Documents relied on, referred to, or evidencing the basis for responding to Plaintiffs' First Set of Interrogatories.

**OBJECTIONS TO REQUEST NO. 7:**

Amazon incorporates its objections to each and every interrogatory in response to Plaintiffs' First Set of Interrogatories.

**RESPONSES TO REQUEST NO. 47:**

Subject to the foregoing objections, Amazon Defendants respond as follows:

Amazon will produce documents responsive to this request.

Dated:   March 2, 2020

/s/ *Robert R. Vieth*
Robert R. Vieth, Esq. (VSB No. 24304)
HIRSCHLER FLEISCHER, PC
8270 Greensboro Drive, Suite 700
Tysons Corner, Virginia 22102
T: (703) 584-8903
F: (703) 584-8901
Email: rvieth@hf-law.com

*Local counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

Laurence F. Pulgram (admitted *pro hac vice*)
Jedediah Wakefield (admitted *pro hac vice*)
Tyler G. Newby (admitted *pro hac vice*)
Vincent Barredo (admitted *pro hac vice*)
Armen N. Nercessian (admitted *pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:415.875.2300
Facsimile:15. 281.1350
Email: lpulgram@fenwick.com
jwakefield@fenwick.com
tnewby@fenwick.com
vbarredo@fenwick.com
anercessian@fenwick.com

*Counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

48

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2020, I caused the foregoing document to be served upon

Plaintiffs' Lead Counsel and Local Counsel via electronic mail addressed as follows:

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUN, P.L.L.P.**
100 Washington Avenue South, Suite 200
Minneapolis, MN 55401
Tel: (612) 339-6900
jhriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
210 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@ForThePeople.com

Steven T. Webster
**WEBSTER BROOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbrook.com

And upon Defendants' Lead Counsel and Local Counsel via electronic mail addressed as follows:

David L. Balser
S. Stewart Haskins II
John C. Toro
Kevin J. O'Brien
Robert D. Griest
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle
Tim St. George
Jon S. Hubbard
Harrison Scott Kelly
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com
timothy.st.george@troutman.com

Mary C. Zinsner (VSB No. 31397)
**TROUTMAN SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutman.com

*/s/ Margaret E. Vertin*
Margaret E. Vertin