IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> _____ ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to the Consumer Cases

## **ORDER**

This matter is before the court on plaintiffs' motion to file under seal exhibits 15, 18, and 19 to their reply in support of their motion to compel production of Mandiant Report and certain portions of the reply. (Docket no. 441). Plaintiffs filed a notice of filing under seal, a waiver of argument on the motion to seal, and a memorandum indicating that the motion to seal was being filed because exhibits 15, 18, and 19 had been designated as confidential by Capital One and the reply contained references to material that Capital One had designated as confidential. (Docket nos. 443, 444, and 442). In accordance with Local Civil Rule 5(C), Capital One filed a response in support of the motion to seal. (Docket no. 467).

In the response filed by Capital One, it has agreed to the unsealing of exhibits 15, 18, and 19 and to unseal the material in the reply referencing or citing those exhibits. Capital One argues that the portions of the reply on pages 2, 5, 8, and 10 that refer to the Mandiant Statement of Work ("SOW") and Capital One's amended responses to plaintiffs' first interrogatories should remain under seal. Capital One states that those materials are confidential and/or proprietary to Capital One and should be sealed from public disclosure.

As the court noted during the argument on the motion to compel, Capital One's opposition to the motion to compel that was filed in the public record included references to the

SOW and included a copy of a Letter Agreement among Capital One, Mandiant, and Debevoise & Plimpton that references the January 7, 2019 SOW between Capital One and Mandiant. The opposition provided some specific information concerning the terms of the SOW such as the SOW provided for "incident response services," that the retainer paid by Capital One provided for 285 hours of services from Mandiant, and that pursuant to the terms of the SOW, Capital One could use its prepaid hours for training or consulting services if they were not used for incident response services. (Blevins Decl., Docket no. 435-1). When the court granted the motion to seal the SOW that was attached as exhibit 2 to the memorandum in support of the motion to compel, the court was not aware of any public disclosure by Capital One concerning the terms of the SOW. Now that Capital One has disclosed certain information in the SOW, the court must examine the material sought to be sealed considering those public disclosures.

Given Capital One's voluntary disclosure of certain information in the SOW and the disclosure of the Letter Agreement to which Capital One is a party, it is clear the comparison chart and a reference to the title of a deliverable in the SOW on page 2, the reference to the computer security incident response support on page 5, and the SOW deliverable description on page 10 of the reply should not remain under seal. These are the same general types of information that Capital One has provided to the public concerning its Letter Agreement with Mandiant relating to services to be performed and referred to in its opposition discussing the SOW. At this point, the court will not require the entire SOW that was attached as exhibit 2 to the memorandum in support of motion to compel to be unsealed given that it includes a reference to the amount of the retainer and other specific information that *may* be entitled to protection at this point.

As to the redaction in footnote 3 on page 8 of the reply, Capital One's opposition does refer to an internal investigation involving Mr. Blevins and Capital One's chief information officer (Blevins Decl. ¶ 16) and vaguely refers to "multiple internal investigations" that it may produce documents relating to certain of them in discovery (Docket no. 435 at 16). However, at this point it does not appear that Capital One has made any public disclosures concerning the types of investigations that it undertook, the extent of those investigations, the results of those investigations, or how the results of those investigations were used. Accordingly, the court will allow the information that has been redacted on page 8 of the reply to remain under seal at this time.

For these reasons, it is hereby

ORDERED that the plaintiffs file a revised version of their reply in support of the motion to compel production of Mandiant Report that includes only the redaction on page 8 and that includes a copy of exhibits 15, 18, and 19 in the public record.

Entered this 27th day of May, 2020.

                                                          /s/

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia