**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION** _____ This Document Relates to CONSUMER Cases | **MDL No. 1:19-md-2915 (AJT/JFA)** |

**NON-PARTY FEDERAL DEPOSIT INSURANCE CORPORATION'S
NOTICE OF JOINDER IN THE BOARD OF GOVERNORS OF THE FEDERAL
RESERVE SYSTEM'S AND OFFICE OF THE COMPTROLLER OF THE
CURRENCY'S MOTION AND SUPPORTING MEMORANDUM TO INTERVENE FOR
THE LIMITED PURPOSE OF OPPOSING PLAINTIFFS' MOTION TO COMPEL**

The Federal Deposit Insurance Corporation ("FDIC") respectfully submits this notice requesting leave to join in the motion of the The Board of Governors of the Federal Reserve System ("FRB") and the Office of the Comptroller of the Currency ("OCC") seeking to intervene for the limited purpose of opposing plaintiffs' motion to compel the production of confidential supervisory information ("CSI") in the defendants' possession. In support of this request, the FDIC now states as follows:

1. The FDIC recently learned of this litigation and, more specifically, learned that plaintiffs have filed a motion seeking to compel the production of documents in the defendants' possession that may contain CSI of federal bank regulators, including the FDIC.

2. Congress established the FDIC in 1933, in response to an epidemic of bank closures, to restore confidence in the nation's banking system by creating a system of deposit insurance. *See* 12 U.S.C. §§ 1811, 1819. Subsequent legislation expanded the FDIC's role in regulating and stabilizing banks. *See*, *e.g.*, Pub. L. No. 101-73, 103 Stat. 183 (Aug. 9, 1989). Among other functions, the FDIC serves as a backup federal regulator for nationally chartered

banks like Capital One, N.A. *See* 12 U.S.C. §§ 1818, 1820. In that capacity, the FDIC reviews examination reports and participates in examinations conducted by other federal regulators. It also regularly monitors the potential risks at all institutions, including those for which it is not the primary federal supervisor.

3. Bank examination reports created by the FDIC, supervisory correspondence, and related documents and supervisory information pertaining to the FDIC's supervisory activities are confidential information of the FDIC. *See* 12 C.F.R. §§ 309.5(b)(8), 309.6(a). Like the FRB and the OCC, the FDIC has promulgated regulations establishing the procedure for requesting records exempt from disclosure under the Freedom of Information Act and setting forth the standards that the agency will apply in reviewing such requests. *See* 12 C.F.R. § 309; *see also U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (recognizing the authority of federal agencies to issue such regulations). Upon receiving a request for discretionary disclosure under Part 309, the FDIC first determines whether the request seeks exempt information, or confidential supervisory information protected by the bank examination privilege. Assuming that it does, Part 309 provides the FDIC's General Counsel with discretion to authorize the disclosure of exempt information after determining that: (1) it is relevant to the matter in litigation; (2) good cause justifies the disclosure; and (3) the parties have agreed to be bound by a protective order that adequately protects the interests of the FDIC, the depository institution and third parties. *See* 12 C.F.R. § 309.6(b)(8).

4. Plaintiffs have not sought nor obtained the FDIC'S approval for the disclosure of CSI belonging to the agency. Accordingly, insofar as plaintiff's motion to compel seeks the production of FDIC CSI by the defendants, the motion should be denied.

5. All parties have consented to the FDIC's request to join in the joint motion and memorandum filed by the FRB and the OCC (ECF Documents 510, 511).

## CONCLUSION

For the foregoing reasons, the FDIC respectfully requests that it be permitted to join in the motion and supporting memorandum filed by the FRB and the OCC. Plaintiffs' motion to compel should be denied.

DATED this 4th day of June, 2020.

        Respectfully submitted,

         /s/ *Andrew A. Nicely*
        Andrew A. Nicely, VA Bar No. 41750
        Counsel
        FDIC Legal Division
        3501 Fairfax Drive, VS-D-7028
        Arlington, Virginia 22226
        Telephone: 703-516-5729
        Facsimile: 703-562-2477
        Email: ANicely@fdic.gov

*Counsel for the Federal Deposit Insurance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th date of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record that have registered to receive such notices.

    /s/ *Andrew A. Nicely*
Andrew A. Nicely (Va. No. 41750)
FDIC Legal Division
3501 Fairfax Drive, VS-D-7028
Arlington, Virginia 22226
Telephone: 703-516-5729
Facsimile: 703-562-2477
Email: ANicely@fdic.gov

*Counsel for the Federal Deposit Insurance Corporation*