IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> _____ ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to the Consumer Cases

## **ORDER**

On Friday, May 22, 2020, plaintiffs filed a motion to compel the production of documents withheld on the basis of the bank examination privilege and a memorandum in support. (Docket nos. 485, 486). Plaintiffs noticed the motion for a hearing on Friday, June 5, 2020. (Docket no. 487). The court adopted plaintiffs' briefing schedule and directed that any response to the motion to compel be filed by Friday, May 29, 2020, and plaintiffs to file their reply by Wednesday, June 3, 2020. (Docket no. 488). On May 29, 2020, non-parties the Board of Governors of the Federal Reserve System and the Office of the Comptroller of the Currency (the "Agencies") timely filed a consent motion to intervene for the limited purpose of opposing plaintiffs' motion to compel. (Docket no. 510). The Agencies also filed a memorandum in support of the motion to intervene. (Docket no. 511). On June 1, 2020, the court granted the Agencies' motion. (Docket no. 521).

On June 4, 2020 at 2:16 p.m., the Federal Deposit Insurance Corporation ("FDIC") filed a notice seeking to join in the motion to intervene filed by the Agencies for the limited purpose of opposing the plaintiffs' motion to compel. (Docket no. 535).

A party seeking to intervene must do so upon the filing of a "timely motion" Fed. R. Civ. P. 24(a), (b)(1). The determination of the party's timeliness is left to the sound discretion of the

trial court. *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (citing *NAACP v. New York*, 413 U.S. 345, 365–66 (1973); *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999)). The Fourth Circuit has emphasized that a court's discretion in this regard is "wide." *Id.* (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989)). The party seeking to intervene bears the burden of demonstrating to the court that it has a right to intervene. *Richman v. First Woman's Bank*, 104 F.3d 654, 658 (4th Cir. 1997) (citing *In re Kaiser Steel Corp.*, 998 F.2d 783, 790 (10th Cir. 1993)).

As noted above, plaintiffs' motion to compel was filed just under fourteen days ago with the court directing any response to be filed by May 29, 2020. The document requests that are the genesis of this motion to compel were served months ago. Despite being on notice of this issue between the parties—an issue that has been apparent for some months now—the FDIC's notice was filed the afternoon prior to the hearing on plaintiffs' motion to compel. A vague reference to having "recently learned of this litigation" and the filing of this motion to compel is insufficient and inconsistent with statements made by Capital One concerning its communications with its four regulators. The FDIC has not shown that its request is timely. Accordingly, it is hereby

ORDERED that the FDIC's request to intervene in the hearing on plaintiffs' motion to compel is denied.

Entered this 4th day of June, 2020.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia