# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

IN RE: CAPITAL ONE CONSUMER     )
DATA SECURITY BREACH LITIGATION     )     MDL No. 1:19md2915 (AJT/JFA)
     )
_____

This Document Relates to CONSUMER Cases

_____

## MEMORANDUM OF LAW IN SUPPORT OF CAPITAL ONE'S MOTION TO COMPEL PRODUCTION OF FACT SHEETS

Defendants Capital One Financial Corporation, Capital One Bank (USA), and Capital One, National Association (collectively, "Capital One"), submit this memorandum of law in support of their motion to compel the plaintiffs named in the underlying complaints consolidated in this MDL (the "Named Plaintiffs") to produce responses to the Fact Sheets served by Capital One, as previously agreed.

## INTRODUCTION AND FACTUAL BACKGROUND

Within a few weeks of Capital One's July 29, 2019 announcement of a data breach, it had been sued in over sixty putative class actions filed by over 250 Named Plaintiffs. These matters ultimately were consolidated in this MDL. While the allegations may differ slightly across the various complaints, all of the Named Plaintiffs have one thing in common - they made the deliberate choice to initiate a federal legal action (in most cases, a putative nationwide class action) and assert claims against Capital One.

These choices, collectively, have brought the parties to the current state of discovery in this MDL. Plaintiffs have used the federal discovery process in the actions they chose to initiate to unleash an onslaught of requests for information and documents from Capital One over the past six months. Capital One has reviewed over 1.7 million documents - a volume arising from

42508801v6

Plaintiffs' preferred, extremely broad search terms combined with their demands to apply those terms across 52 custodians. This review process has involved over 200 attorneys reviewing documents from remote locations because of an international pandemic. Capital One has produced over 189,000 documents to date. Capital One also has answered dozens of broad interrogatories on a host of topics. Capital One already has presented five Rule 30(b)(6) deponents covering over twenty broad topics (and involving well over twenty hours of deposition time thus far), with two additional such depositions scheduled for the weeks to come. Plaintiffs also have vowed to take many more Rule 30(b)(1) depositions of former and current Capital One employees.

In contrast to the enormous burden and expense incurred by Capital One to date, many Named Plaintiffs have not participated in discovery at all. Lead Plaintiffs' Counsel originally were unwilling to provide *any* individualized information about or discovery responses from the Named Plaintiffs who chose to file complaints against Capital One, other than those named in the Representative Complaint (initially ten plaintiffs, now down to eight). Capital One, therefore, was forced to move to compel discovery responses from all plaintiffs. *See* Dkt. Nos. 383, 384. In Pretrial Order #21, entered on April 21, 2020, the Court granted Capital One's requested relief and paved the way for the Parties to use a standardized "fact sheet" discovery tool to efficiently obtain information about the Named Plaintiffs. *See* PTO-21 [Dkt. No. 404] at 3 (directing the parties to confer concerning "how the plaintiffs who are not named in the Representative Complaint shall provide specific, narrow information to Capital One, either through a verified 'fact sheet' along with the production of limited documentation or through another simplified process").

As directed by Pretrial Order #21, the Parties met and conferred, discussed alternatives and ultimately agreed on the form of a fact sheet (the "Fact Sheet") to be used to efficiently gather specific information about the Named Plaintiffs and their alleged damages. *See* Fact Sheet,

2

42508801v6

attached as **Exhibit A**. The final agreed upon Fact Sheet requests only the most basic information and documents needed for Capital One to evaluate and prepare to defend the Named Plaintiffs' claims. A significant number of questions on the Fact Sheet can be answered by simply checking a box. The Fact Sheet states that "information requests in the [Fact Sheet] must be answered separately, fully, and under oath," akin to interrogatory responses, and requests production of a limited set of documents relating to each Plaintiff's claims against Capital One. Ex. A at 1.

Lead Plaintiffs' Counsel – acting on behalf of all plaintiffs as their lead role requires – agreed not only to the form and content of the Fact Sheet, but also that it would be answered and returned to Capital One no later than June 1, 2020. On May 29, 2020, Lead Plaintiffs' Counsel requested an extension of the deadline to submit the Fact Sheets. Capital One agreed to extend the Fact Sheet deadline by eleven days, to June 12, 2020. *See* E-mail correspondence between Karen Hanson Riebel and Stewart Haskins dated May 29, 2020, attached as **Exhibit B**. Lead Plaintiffs' Counsel reiterated at a status conference that the Fact Sheets would be provided by June 12.[1]

Despite the express agreement to provide responses to the Fact Sheet and the additional time to do so, the majority of Named Plaintiffs – approximately 142 as of the time of this filing (the "Non-Responsive Named Plaintiffs") – failed to provide any response whatsoever. In addition, approximately 43 Named Plaintiffs have voluntarily dismissed their claims since the Fact Sheets were distributed, signaling their inability to proceed with their claims.

Of the remaining Fact Sheets actually produced by 79 Named Plaintiffs (less than a third of the overall group), many are incomplete, contain vague or incomprehensible responses, and are

---

[1] On the same day (May 29, 2020), Lead Plaintiffs' Counsel – apparently recognizing the relevance and significance of the discovery sought by Capital One – propounded discovery requests on Capital One seeking, among other things, all documents and communications related to any of the Named Plaintiffs, including the PII for any Named Plaintiff affected by the data breach.

42508801v6

non-responsive. And only 29 Named Plaintiffs (less than twelve percent of the group) produced any responsive documents with their Fact Sheets. In all, Capital One has received 1,048 total documents from the hundreds of Named Plaintiffs who originally filed suit.[2]

Plaintiffs cannot invoke the federal courts, assert serious nationwide putative class claims, impose severe discovery burdens, and then shirk their own minimal responsibilities to participate in the proceedings they voluntarily initiated. Capital One is entitled to a completed Fact Sheet from every remaining Named Plaintiff in the MDL, and the responses from the Non-Responsive Named Plaintiffs are overdue. Indeed, Capital One has been seeking discovery from all Named Plaintiffs since the initiation of discovery on December 20, 2019, when Capital One first propounded its discovery requests pursuant to Pretrial Order #1. Yet, six months later, during which Capital One has complied with Plaintiffs' many onerous discovery demands, Capital One is left with a small number of largely deficient responses, and still has nothing from the Non-Responsive Named Plaintiffs. Accordingly, Capital One has no choice but to request that the Court enter an Order compelling all Non-Responsive Named Plaintiffs to provide Facts Sheets no later than Friday, July 3, 2020, and dismissing with prejudice any Named Plaintiffs that fail to do so.

## LEGAL STANDARD

Courts have inherent authority to manage their dockets, including facilitating fulsome discovery and enforcing pretrial orders. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting a district court has inherent power "to control the disposition of the causes on its docket

---

[2] Many of the individual Fact Sheets and document productions are plainly deficient. In this Motion, Capital One seeks an Order requiring responses from all Named Plaintiffs remaining in the case that have not yet responded, and, if the Named Plaintiffs refuse to provide Fact Sheets by July 3rd, the Court should dismiss their claims with prejudice. Capital One further reserves the right to move on individual deficiencies (after an appropriate meet-and-confer process with Plaintiffs) at a later date.

4

with economy of time and effort for itself, for counsel, and for litigants"). At the outset of this litigation, this Court noted its "charge and objective" in this MDL is "complet[ing] pre-trial proceedings in these transferred cases expeditiously, efficiently and fairly, while eliminating duplicative discovery, preventing inconsistent rulings on class certification and other issues and conserving the resources of the parties, their counsel, and the judiciary." PTO-1 [Dkt. No. 3], at 1–2. In accomplishing these goals, this MDL court has "greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2:14-mn-02502-RMG, 2016 WL 7340159, at *1 (D.S.C. July 18, 2016); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014).

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including when "a party fails to produce documents." Fed. R. Civ. P. 37(a)(3)(B)(iv). If the party from whom discovery is sought does not comply with a court order or fails to serve interrogatory answers, the court may sanction the party. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3). The power to sanction parties for noncompliance with discovery orders "has particular significance in the MDL context," where a court handles multiple "individual cases in the aggregate" and "case management [is] of [the] utmost importance." *In re Coloplast Corp. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2387, 2017 WL 6506377, at *1 (S.D. W. Va. Dec. 19, 2017). Also relevant in the MDL context is the obligation of each Named Plaintiff to participate in discovery properly propounded by Capital One. *In re Publ'n Paper Antitrust Litig.*, No. 3:04-MD-1631(SRU), 2005 WL 1629633, at *1 (D. Conn. July 5, 2005) (noting named plaintiffs have discovery obligations under the Federal Rules of Civil Procedure); *see also Adinolfe v. United Techs. Corp.*, No. 10-80840-CIV-KLR, 2016 WL

5

6921335, at n.1 (S.D. Fla. Mar. 7, 2016) (applying this principle to a class action with 689 plaintiffs).

## ARGUMENT

### I.    THE NAMED PLAINTIFFS AGREED TO COMPLETE THE FACT SHEET.

Lead Plaintiffs' Counsel – acting for all Plaintiffs and their attorneys – agreed that every Named Plaintiff would complete the Fact Sheet.  Lead Plaintiffs' Counsel edited the draft Fact Sheet and agreed to its final form, which spans only thirteen pages and is in no way burdensome. Moreover, Lead Plaintiffs' Counsel agreed that all Named Plaintiffs would provide timely responses to the Fact Sheet's questions and any responsive documents, and the straightforward questionnaire was disseminated to all individual Named Plaintiffs' counsel on or about May 18. But Lead Plaintiffs' Counsel knew that Capital One intended to pursue discovery from all Named Plaintiffs months before that date, and even knew the type of information sought from discovery responses served months earlier.   Yet, despite having an obligation to "respond to some discovery in this case" by "provid[ing] specific, narrow information to Capital One" in a simplified manner, PTO-21 at 2–3, and despite receiving an additional eleven days to complete the Fact Sheet, *see* Ex. B, 142 Named Plaintiffs have fulfilled neither their stipulated obligation nor their Rule 33 and 34 discovery obligations.

Without a completed Fact Sheet from each Named Plaintiff, Capital One cannot "defend against claims, facts, and witnesses that [the Named Plaintiffs] refused to provide," and Capital One will be prejudiced.  *United States v. One Tract of Real Prop.*, No. 95-1282, 1997 WL 71719, at *3 (4th Cir. 1997).  It is well-established that plaintiffs who agree to be named in proposed class action complaints have a duty to participate in the litigation, including the discovery process.  *See LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2014 WL 37662, at *10 (E.D. Va. Jan. 3,

42508801v6

2014) ("Each opt-in plaintiff at issue affirmatively joined this lawsuit and has a duty to participate in discovery related to this action by appearing for their deposition."). When plaintiffs refuse to participate in discovery and fail to pursue their own cases, the court is empowered to dismiss their actions under Rules 37(d) and 41(b). *See* Fed. R. Civ. P. 37(d), 41(b); *see also LaFleur*, 2014 WL 37662, at *10. Here, roughly two-thirds of the Named Plaintiffs flouted their duty to participate by failing to complete the Fact Sheet.

Capital One is entitled to an order compelling all Non-Responsive Named Plaintiffs to provide complete Fact Sheets and produce the requested documents no later than July 3, 2020.

## II.    THE COURT HAS BROAD DISCRETION TO PROVIDE ADDITIONAL RELIEF IF NON-RESPONSIVE NAMED PLAINTIFFS FAIL TO PROVIDE THEIR FACT SHEETS.

As a protocol adopted "in lieu of interrogatories," a Fact Sheet streamlines the discovery process and is a key tool for the efficient administration of a complex MDL. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1223 (9th Cir. 2006); *see also In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 4437005, at *1 (E.D. La. Sept. 22, 2011) (treating completion of fact sheet as interrogatory answers under FRCP 33 and document production under FRCP 34 in imposing sanctions). In the MDL context, courts have especially wide discretion to impose various sanctions for a party's failure to produce a timely and complete Fact Sheet. *See, e.g.*, *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867–68 (8th Cir. 2007) (affirming dismissal of plaintiffs' cases for failure to timely submit complete fact sheets); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1223 (same); *In re: Abilify (Aripiprazole) Products Liability Litig.*, No. 3:16-md-02734-MCR-GRJ [Dkt. No. 1034] at 3 (N.D. Fla. Oct. 29, 2018) (advising "[a]ll individual plaintiffs . . . that the timely and complete submission of certain basic information about their claims is a critical

7

component of this MDL" and warning that noncompliance "will result in dismissal of a case with prejudice"); *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2325, 2018 WL 3650271, at * (S.D. W. Va. Aug. 1, 2018) (requiring plaintiff to submit completed fact sheet to the court and warning that failure to do so would result in dismissal with prejudice); *In re Stryker Rejuvenate and Abgii Hip Implant Prods. Liab. Litig.*, MDL No. 13-2441 (DWF/FLN), 2014 WL 2808919, at *2 (D. Minn. June 20, 2014) (recognizing "the importance of a substantially complete Fact Sheet in each case" and ordering the dismissal of any case with an entirely missing fact sheet by a date certain). This Court has already indicated that "each plaintiff who has filed an action against Capital One may be required to respond to some discovery in this case." PTO-21 at 2. Thus, as to plaintiffs who affirmatively agreed to be named as plaintiffs in various actions against Capital One, this Court has wide discretion to compel production of complete Fact Sheets and impose sanctions for ignoring that Order.

If the Non-Responsive Named Plaintiffs ultimately refuse to complete and produce the Fact Sheets and responsive documents by July 3, 2020, they should be dismissed from this case with prejudice for failure to participate in discovery. *See In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2325, 2017 WL 1090223, at *3 (S.D. W. Va. Mar. 21, 2017) (giving plaintiff "a final chance" to complete a Fact Sheet and subjecting the case to dismissal with prejudice in the event of noncompliance).[3]

---

[3] The Non-Responsive Named Plaintiffs' failure to complete the Fact Sheets would easily meet the four *Wilson* factors the Court must weigh before dismissing a plaintiff's case: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Savings & Loan Ass'n v. Richards & Assoc.*, 872 F.2d 88, 92–93 (4th Cir. 1989) (applying *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978)). Without a complete Fact Sheet from

8

## CONCLUSION

For the reasons stated above, the Court should enter an Order (1) compelling all 135 Non-Responsive Named Plaintiffs to provide a complete Fact Sheet, along with the documents requested in the Fact Sheets, no later than July 3, 2020 to Capital One, and (2) directing Lead Plaintiffs' Counsel to coordinate those productions. Capital One also requests that the Court issue an order warning Lead Plaintiffs' Counsel that in the event Non-Responsive Named Plaintiffs do not provide a completed Fact Sheet by July 3, 2020, their claims may be dismissed with prejudice.

## LOCAL RULE 37(E) CERTIFICATE

The undersigned counsel hereby certifies that Capital One has made a good faith effort to resolve this discovery dispute with opposing counsel through emails and a telephonic meet and confer on June 18, 2020.

---

each Non-Responsive Named Plaintiff, Capital One will be hamstrung in marshaling its defense to the claims against it.

9

42508801v6

Dated: June 19, 2020

Respectfully Submitted,

/s/
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

*Defendants' Lead Counsel*

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com
timothy.st.george@troutman.com

Mary C. Zinsner (VSB No. 31397)
**TROUTMAN SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (703) 734-4334
Fax: (703) 734-4340
mary.zinsner@troutman.com

*Defendants' Local Counsel*

10

42508801v6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 19, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/
Mary C. Zinsner

42508801v6