IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION | MDL No. 1:19md2915 (AJT/JFA) |
| **This Document Relates to the Consumer Cases** | JURY TRIAL DEMANDED |

## <u>MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO CAPITAL ONE'S MOTION TO COMPEL PRODUCTION OF FACT SHEETS</u>

Plaintiffs submit this memorandum in opposition to Defendants' Motion to Compel Production of Fact Sheets. Doc. 599.

## <u>PRELIMINARY STATEMENT</u>

In response to Capital One's motion to compel, Co-Lead Counsel for Plaintiffs note the following: since the Plaintiffs' Status Report Regarding Plaintiffs' Fact Sheets filed with the Court last week, Doc. 590, completed Fact Sheets have continued to be served on Defendants' Lead Counsel. As of today's date, 93 completed Fact Sheets have been served on Capital One, leaving only 26 plaintiffs in the various member cases in this MDL that have not completed Fact Sheets or voluntarily dismissed their complaints pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).[1] Fourteen of these remaining plaintiffs in various member cases are plaintiffs in the *Broderick* matter; it is Co-Lead Counsel for Plaintiffs' understanding that counsel for the *Broderick* plaintiffs Capital One

---

[1] A total of 143 of the plaintiffs in the various member cases have voluntarily dismissed their complaints pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), as is their right. Defendants' suggest that these plaintiffs must have dismissed their claims because of an "inability to proceed with their claims," Def. Br. at p. 3 [600], but this is baseless, and plainly self-serving, speculation. In fact, these plaintiffs' interests are already represented by the Named Plaintiffs through the Rule 23 mechanism and it should hardly be surprising that, under those circumstances, a rational plaintiff might decide to proceed as an absent class member in an amply represented putative class. It certainly could not be said to indicate anything about the strength or merit of their claims.

reached an agreement that the *Broderick* plaintiffs' Fact Sheets should be completed by July 10, 2020. Declaration of Karen Hanson Riebel in Support of Memorandum of Plaintiffs in Opposition to Capital One's Motion to Compel Production of Fact Sheets ("Riebel Dec.") at 2, Para. 6.

While Co-Lead Counsel for the Plaintiffs do not directly represent and do not control the vast majority of the plaintiffs in the various member cases in this MDL, they have worked diligently to coordinate and assist counsel for the plaintiffs in the various member cases in responding to the Court's order, Doc. 404, and the Fact Sheets, as detailed in Plaintiffs' Status Report Regarding Plaintiffs' Fact Sheets. Doc. 590. In addition to the communications with all counsel detailed in the Status Report filed last week, on June 20 and 21, Co-Lead Counsel communicated with all counsel whose clients had not yet completed Fact Sheets, informing them of Capital One's motion to compel. *See* Riebel Dec. at 2, Para. 5. Plaintiffs' Co-Lead Counsel have done everything in their power to facilitate the completion of Fact Sheets, and as a result, Defendants already have in their possession a large number of completed Fact Sheets – precisely the immediate relief they seek. Plaintiffs' Co-Lead Counsel have diligently coordinated the production of completed Fact Sheets consistent with bounds of their rights and duties as lead counsel, and do not need to be warned (Def. Br. at p. 9) of anything.

**LEGAL STANDARD**

Although Capital One's instant motion does not request dismissal with prejudice, but rather requests that the Court threaten dismissal with prejudice, this is a threat of a "drastic sanction[]" that requires the court to balance its "desire to enforce its discovery orders" with "the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To balance those goals, courts in the Fourth Circuit apply a four-part test: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his

noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Id.* Rigorous application of this test ensures that "[o]nly the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Id.*

## ARGUMENT

Defendants seek an order compelling production of all Fact Sheets and directing Plaintiffs' Counsel to coordinate those productions. No such order is necessary with respect to the non-*Broderick* plaintiffs. Plaintiffs' Co-Lead Counsel has been coordinating the dissemination of Fact Sheets to the plaintiffs in the various member cases, collecting them and serving them on Lead Counsel for Defendants as they are returned. Riebel Dec. at 2 ¶ 4, 6. Defendants also seek an "an order warning Lead Plaintiffs' Counsel that in the event Non-Responsive Named Plaintiffs do not provide a completed Fact Sheet by July 3, 2020, their claims may be dismissed with prejudice." Defendant's memorandum misrepresents the role of lead counsel in an MDL, the current state of discovery and argues for unwarranted sanctions harsher than actually requested, implying a much greater dispute than the facts support. [2]

---

[2] Defendants certification pursuant to Local Rule 37(E) that they met and conferred with Plaintiffs before filing this discovery motion is somewhat misleading. Had Defendants' counsel been clear that they sought only the production of documents Plaintiffs' Co-Lead Counsel is already working diligently to provide, those negotiations might have been more fruitful. Instead, Defendants' representations during the meet and confer process left Plaintiffs' Co-Lead Counsel with the understanding that Defendants intended to seek immediate dismissal with prejudice, rather than a "warning" of possible future dismissal with prejudice. Riebel Decl. at 2-3 ¶ 7. Obviously, a sanction of immediate dismissal with prejudice was not a resolution to which Plaintiffs' Co-Lead Counsel could agree. Defendant's failure to accurately convey the relief it intended to seek in its motion to compel deprived Plaintiffs, and the Court, of the benefit of the meaningful negotiation Local Rule 37(E)'s meet and confer requirement is intended to provide. *See Reed v. Beverly Hills*

Defendants initially state that Plaintiffs "have not participated in discovery at all," but later concede that they have received Fact Sheets, and 1,048 documents, from 79 of the plaintiffs in the various member cases. Def. Br. at 2, 3-4. Defendants allege that many of these Fact Sheets and document productions are "plainly deficient," but admit that they have not met and conferred to discuss these supposed deficiencies.[3] *Id.* at 4, FN.2; Local Rule 37(E) (providing that "[t]he Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue"). As Defendants themselves note, discovery in this case has been complicated by the need to conduct discovery remotely because of an international pandemic. Furthermore, the few plaintiffs in the various member cases who have not yet completed Fact Sheets, 12 days after the agreed deadline for doing so, have not committed a discovery abuse that constitutes non-compliance or supports a motion for sanctions.

In spite of being framed as a motion to compel, Defendants repeatedly state that plaintiffs in the various member cases who do not respond by Defendants' proposed July 3 deadline should be dismissed with prejudice. Def. Br. at 4, 5, 7, 8. But it is premature to discuss dismissal at this stage in the proceedings. The cases cited by Defendants granting dismissal as a discovery sanction involve egregious situations dissimilar from the situation facing the Court today. *See*, *e.g.*, *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2:14-mn-02502-RMG, 2016 WL 7340159, at *1 (D.S.C. July 18, 2016) (dismissing with prejudice four

---

*Porsche*, No. 6:17-CV-59, 2017 WL 11495243, at *1 (W.D. Va. Nov. 22, 2017) ("The meet and confer obligation requires … the parties engage in meaningful negotiations".). *See also generally* Local Rule 37(E) ("Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions.").

[3] In fact, any alleged deficiencies in completed Fact Sheets were explicitly excluded from discussion during the Parties' June 18, 2020 meet and confer. Riebel Dec. at 2-3 ¶7.

plaintiffs after "multiple warnings"); *United States v. One Tract of Real Prop.*, No. 95-1282, 1997 WL 71719, at *3 (4th Cir. 1997) (affirming dismissal following "two explicit court orders warning [Plaintiff] that failure to comply with discovery could result in dismissal of her claim" and after finding of bad faith); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–67 (8th Cir. 2007) (affirming dismissal of plaintiffs' cases after "at least" three notices of failure to comply and more than six months' delay). Dismissal with prejudice is among the harshest consequences available to courts to impose, and less severe sanctions are more commonly employed. Defendants' request for dismissal with prejudice is unjustifiably harsh, and they never explain why a "less drastic sanction[ ]" than dismissal with prejudice would not effectively serve precisely the same ends they seem to believe would warrant dismissal. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. *See, e.g.*, Riebel Dec. Ex. A and B.

In a further attempt to argue that dismissal is an appropriate sanction for a single missed deadline (although that is not, in fact, what Defendants' instant motion seeks), Defendants allege that the *Wilson* factors courts analyze in determining whether to impose a dismissal sanction "would be easily met" in this case. This allegation is incorrect. Defendants argue, presumably regarding the second *Wilson* factor, that "[w]ithout a complete Fact Sheet from each Non-Responsive Named Plaintiff, Capital One will be hamstrung in marshaling its defense to the claims against it." Def. Br. at 8-9, FN.3. But they do not even briefly address the relevant prejudice question: the extent to which they have been prejudiced by a slight delay, in the midst of a global pandemic, in the production of 93 Fact Sheets. Moreover, they have made no showing that plaintiffs have acted in bad faith, that future deterrence is necessary, or that less drastic sanctions would be ineffective (*Wilson* factors one, three and four). *Mut. Fed. Savings & Loan Ass'n*, 872

F.2d at 92–93 (applying *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 503–04 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978)).

The only thing Defendants seek to have "compelled" is provision of completed Fact Sheets from all remaining plaintiffs in the various member cases and the coordination of that process by Plaintiffs' Co- Lead Counsel.  As noted, that process is almost complete (save for 12 plaintiffs in the various member cases) and has been coordinated by Plaintiffs' Co-Lead Counsel.  Riebel Dec. at 2 ¶5; Doc. 590.

Finally, it must be noted that Defendants' assertion that they have been seeking discovery from all Original Plaintiffs since December 20, 2019, is severely undermined by all of the instances in which it stated it was not in fact doing so, Doc. 400 at 6-11 (summarizing relevant procedural history); and its assertion that discovery requests propounded by Named Plaintiffs on May 29, 2020 are a "recognition" of relevance and significance of the discovery sought of the Original Plaintiffs by Capital One, is simply false.  D. Mem at 3, FN.1.  Without waiving any protection afforded by the work product doctrine, Plaintiffs' Co-Lead Counsel can unequivocally state that Capital One's speculation with respect to Named Plaintiffs' additional discovery is incorrect. Riebel Dec. at 3 ¶ 10.

**CONCLUSION**

Co-Lead Counsel for Plaintiffs respectfully request that the Court deny Capital One's motion to compel as moot.  Plaintiffs' Co-Lead Counsel will continue to coordinate the completion of outstanding Fact Sheets from plaintiffs in the various member cases, if any.

DATED: June 24, 2020

Respectfully Submitted,

*/s/ Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN, P.L.L.P**
100 Washington Avenue South, Suite 200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@ForThePeople.com

*Plaintiffs' Lead Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Steven T. Webster
Steven T. Webster (VSB No. 31975)
WEBSTER BOOK LLP
