IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

IN RE: CAPITAL ONE CONSUMER
DATA SECURITY BREACH LITIGATION       MDL No. 1:19md2915 (AJT/JFA)
_____/

**OPPOSITION TO PLAINTIFFS' MOTION TO AMEND TO SUBSTITUTE
NAMED REPRESENTATIVE PLAINTIFF**

Defendants, Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One"), by counsel, submit this Opposition to Plaintiffs' Motion to Amend to Substitute Named Representative Plaintiff ("Motion to Amend") [Dkt. 924].

## INTRODUCTION

This is Plaintiffs' third attempt to assert claims on behalf of a Representative Plaintiff residing in Texas. The first Representative Plaintiff from Texas voluntarily dismissed his claims after ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in response to discovery requests from Capital One. Plaintiffs amended the Representative Complaint to allege claims on behalf of a second Representative Plaintiff from Texas who has apparently stopped communicating with Lead Plaintiffs' counsel. Now, Plaintiffs seek to substitute yet another Representative Plaintiff from Texas, with little to no indication that the new proposed Representative Plaintiff has been vetted properly or is willing or prepared to meet the substantial responsibilities of a Representative Plaintiff in this MDL.

Lead Plaintiffs' Counsel's difficulties in finding a suitable Texas Representative Plaintiff are merely a symptom of larger, more important issues with their case. The overwhelming majority of named plaintiffs in the Representative and member-complaints have been unwilling to invest even a moderate amount of time in the case – presumably because they lack any injuries

arising from the data breach at issue in this matter. To date, more than 180 plaintiffs named in the member-Complaints and two Representative Complaint plaintiffs have voluntarily dismissed their claims against Capital One. All of these now-dismissed plaintiffs initially claimed (with little to no factual support) that they suffered some form of injury arising from the Cyber Incident. But they invariably dismissed their claims *before* completing routine written discovery requests, appearing for deposition, or providing evidence supporting their alleged damages. It is highly unusual for *any* litigant – let alone properly vetted class representatives – to dismiss their own claims of substantial damages rather than submit written discovery responses or appear for a routine deposition.

It is inherently unfair and prejudicial to Capital One for Lead Plaintiffs' Counsel to constantly reshuffle their list of hand-picked Representative Plaintiffs and dismiss member-Complaint plaintiffs. Capital One has been and will continue to be prejudiced if the Court allows Plaintiffs to add and remove named plaintiffs at the slightest hint of difficulties in their case. For each named Plaintiff, Capital One devotes time, resources, and expenses on investigating the purported Plaintiff and his or her claims, obtaining discovery from the new Plaintiff and third parties, and preparing defenses to his or her highly individualized claims. Moreover, by constantly adding and dismissing named plaintiffs, Lead Plaintiffs' Counsel essentially shields potential members of the class[1] from discovery that is harmful to their claims and weighs heavily against class certification.

The Court should deny Plaintiffs' Motion to Amend because Capital One will face the prejudice of incurring additional costs and expending more resources and effort in discovery for

---

[1] Although the dismissed plaintiffs have withdrawn from the litigation, many of them continue to fall within the extremely broad class definition in the Representative Complaint – "All persons in the United States whose PII was compromised in the Data Breach." Dkt. 836 at ¶ 144.

the new Texas Plaintiff. While Plaintiffs successfully explain why the current Representative Plaintiff from Texas (Whitney Palencia) should be dismissed, they fail to explain why yet another plaintiff should be allowed to assert new claims at this late stage. Finally, Plaintiffs fail to provide sufficient information confirming the proposed new Representative Plaintiffs' understanding, willingness, and ability to meet the obligations of a Representative Plaintiff in this MDL – especially in light of their previous unsuccessful attempts to name a Texas Plaintiff. The Court should deny Plaintiffs' Motion to Amend.

## PROCEDURAL HISTORY OF TEXAS PLAINTIFFS

On March 13, 2020, Plaintiffs named Zohaib Mohammed as their hand-picked first Representative Plaintiff from Texas in the original Representative Complaint.[2] [Dkt. 354]. After responding to Capital One's discovery requests, Plaintiffs attempted to "claw back" documents produced by Mr. Mohammed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Lead Plaintiffs' Counsel notified Capital One that they would move to dismiss Mr. Mohammed's claims. *See* Haskins Dec. (Exh. A) ¶ 3. On or about September 4, 2020, Capital One advised Plaintiffs that it would not oppose the addition of claims related to a new Texas Representative Plaintiff. *See* Haskins Dec. (Exh. A) ¶ 4. On September 11, 2020, the Court granted Mr. Mohammed's voluntary dismissal of his claims [Dkt. 836].

On September 7, 2020, with Capital One's consent, Plaintiffs filed an Amended Representative Consumer Class Action Complaint [Dkt. 836] with a second Representative Plaintiff from Texas, Whitney Palencia. According to Lead Plaintiffs' Counsel, Ms. Palencia "was

---

[2] Mr. Mohammed was not named as a Plaintiff in any of the original member Complaints filed in the transferor courts.

active in drafting the Amended Representative Consumer Class Action Complaint . . . and participated in an extensive meetings [sic] regarding responding to Defendants' discovery." Plfs. Mem. Exh. B at ¶ 2 [Dkt. 925-2]. On September 17, 2020 (only ten days after entering the case as a Representative Plaintiff), Ms. Palencia stopped communicating with Lead Plaintiffs' Counsel and actively "resisted all efforts to contact her from various Plaintiffs' counsel." *Id*. On September 21 and 28, 2020, counsel for Capital One emailed Lead Plaintiffs' Counsel requesting Ms. Palencia respond to the written discovery requests propounded on other Representative Plaintiffs and provide dates for deposition in late October. *See* Haskins Dec. (Exh. A) ¶ 6. On or about September 30, 2020, Plaintiffs informed Capital One that Ms. Palencia stopped participating in the litigation. *See* Haskins Dec. (Exh. A) ¶ 7. Voluntary dismissal of Ms. Palencia and her claims is appropriate. Although Capital One had already agreed to Plaintiffs' earlier request to substitute Ms. Palencia in place of Mr. Mohammed, Capital One does not consent to another amendment to add a third Texas Representative Plaintiff. Accordingly, on October 8, 2020, Plaintiffs filed the instant Motion to Amend and requested that the Court allow them a third attempt to allege claims on behalf of a Texas plaintiff.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 15, a court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Whether an amendment is prejudicial will often be determined by the nature of the

amendment and its timing." *Laber*, 438 F.3d at 427 (*quoting Johnson*, 785 F.2d at 509) (internal quotation marks omitted).

## ARGUMENT

### I. PLAINTIFFS HAVE NOT SUFFERED ACTUAL DAMAGES.

Lead Plaintiffs' Counsel's inability to identify Plaintiffs who have suffered any actual damages has been apparent throughout this litigation, and the current motion is but the latest chapter in the story. For example, after the Court required the member-complaint plaintiffs to complete fact sheets detailing the bases for their alleged damages claims, 140 of those plaintiffs voluntarily withdrew from the litigation. [*See generally* Dkt. 1-938]. Subsequently, Capital One identified multiple deficiencies in the fact sheets that were completed by the remaining member-complaint plaintiffs, and following the meet and confer process, an additional 46 of those plaintiffs voluntarily dismissed their claims. *See id.* Two Representative-Complaint Plaintiffs dismissed their claims after failing to serve responses to Capital One's interrogatories. After Capital One noticed the depositions of five member-complaint Plaintiffs, three more of those Plaintiffs indicated they intend to dismiss their claims.

The parties have litigated these class claims for over a year. It is clear that Plaintiffs have no evidence to support their claims of damages. Nonetheless, Lead Plaintiffs' Counsel seeks to substitute yet another Texas Representative Plaintiff. Capital One should not suffer the consequences of Lead Plaintiffs' Counsel's inability to locate any Plaintiffs with actual damages arising from the Cyber Incident. It is inherently prejudicial to Capital One for the Court to allow Lead Plaintiffs' Counsel to continue this process of asserting and then dismissing claims on behalf of certain Representative Plaintiffs at any sign of difficulty. The time has come for Lead Plaintiffs' Counsel to litigate their case. The Court should deny the Motion to Amend.

5

## II.   CAPITAL ONE WILL BE PREJUDICED BY THE ADDITION OF A NEW REPRESENTATIVE PLAINTIFF AT THIS TIME.

Plaintiffs claim that Capital One will not be prejudiced if the Court were to permit the amendment as "Plaintiffs' counsel will work with Defendants to provide written discovery and document production for the new Representative Plaintiff [Brandi Edmondson] quickly and will offer the new Representative Plaintiff for deposition within the current discovery schedule." Plfs. Mem. at 3 [Dkt. 925].  Plaintiffs ignore the amount of research and diligence that Capital One has employed investigating the named plaintiffs' claims throughout this litigation.  They also fail to consider all of the work that Capital One performs with each Representative Plaintiff and a select number of Non-Representative Plaintiffs.  First, Capital One serves discovery on the Plaintiff. Once Capital One receives and reviews the discovery responses and documents produced (which are often incomplete or require clarification), Capital One performs its own internal research and may also issue third-party discovery based on the discovery responses.  Assuming Capital One receives accurate and complete discovery responses from the Plaintiff and any third parties in a timely manner, Capital One then deposes the Plaintiff and, in some cases, seeks supplemental discovery responses and information based on testimony elicited at deposition.

Capital One will be prejudiced because it has already expended time and resources in attempting to obtain discovery from the two previous Texas Plaintiffs identified by Lead Plaintiffs' Counsel.  These attempts, including costs incurred, have proven to be a waste of time and effort given the dismissal of those Plaintiffs.  At this late juncture, Capital One will be prejudiced by yet another amendment to the Amended Representative Consumer Class Action Complaint.  It will incur additional cost and expense and, as discussed in more detail below, will incur these costs without any information as to Ms. Edmondson's willingness and ability to serve as a Representative Plaintiff.  For these reasons, the Court should deny Plaintiffs' Motion to Amend.

### III. PLAINTIFFS FAIL TO ESTABLISH WHY SUBSTITUTION IS WARRANTED.

Plaintiffs' Motion to Amend shows that the current named Texas Representative Plaintiff, Ms. Palencia, should be dismissed. According to Lead Plaintiffs' Counsel, before Ms. Palencia even responded to any discovery or scheduled a deposition she had "stopped returning phone calls, texts and email from Plaintiffs' counsel" over three weeks ago and is resisting extensive efforts by her counsel to contact her. Plfs. Mem. Exh. B at ¶ 2 [Dkt. 925-2]. Capital One agrees that Lead Plaintiffs' Counsel should be allowed to dismiss Ms. Palencia and her claims from this action. Plaintiffs, however, fail to explain why Ms. Palencia's disappearance warrants the addition of a previously undisclosed named plaintiff after they have previously named not one, but two Representative Plaintiffs from Texas.

The decisions cited by Plaintiffs do not support their request for yet another amendment. Contrary to Plaintiffs' assertions, the Motion to Amend does not seek "the substitution . . . [of] the only named plaintiff to represent a class." Plfs. Mem. at 3 (citing *Wilson v. Quest Diagnostics, Inc.*, No. CV 18-11960 (WJM), 2020 WL 401814, at *2-3 (D.N.J. Jan. 24, 2020)). In *Wilson*, the court allowed the substitution of "a *sole* named plaintiff and proposed class representative." *Id*. The operative Representative Complaint has seven named plaintiffs, who will presumably pursue the litigation without Ms. Edmondson. Furthermore, unlike this case, the decision in *Wilson* did not involve or consider the addition of a third named plaintiff after the voluntary dismissal and substitution of two previous named plaintiffs.

Plaintiffs assert also that the parties will be prejudiced by the absence of a third Representative Plaintiff from Texas due to the dismissal of any "Texas-specific causes of action." Plfs. Mem. at 3. There are numerous named plaintiffs in the member class actions in this MDL currently asserting state-specific causes of action that are not included in the original or amended

7

Representative Complaint. *See*, *e.g.*, *Robertson v. Capital One, N.A.*, Case No. 1:19-cv-01368 (M.D. Penn. Aug. 7, 2019) (asserting, *inter alia*, claims under Pennsylvania state laws); *Ruffino v. Capital One Financial Corporation, et al.*, Case No. 1:19-cv-05234 (N.D. Ill. Aug. 2, 2019) (asserting, *inter alia*, claims under Illinois state laws). Plaintiffs fail to explain why the absence of any Texas-specific causes of action from the Representative Complaint will result in any prejudice to Plaintiffs or how the absence of Texas claims is any different than the absence of these other state-specific causes of action. Indeed, at the request of Lead Plaintiffs' Counsel and over the objection of Capital One, the Court allowed Plaintiffs to file a representative complaint rather than a consolidated complaint that would have included all claims asserted by the member-complaint plaintiffs. The Court should deny Plaintiffs' request to add a third Representative Plaintiff from Texas.

### IV. PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT INFORMATION CONFIRMING EDMONDSON'S WILLINGNESS AND ABILITY TO SERVE AS A REPRESENTATIVE PLAINTIFF IN THIS MDL.

When Plaintiffs sought to substitute Ms. Palencia for Mr. Mohammed as the Representative Plaintiff from Texas, Capital One did not oppose. Mr. Mohammed did not want to participate in this litigation due ▮. Now, for unknown reasons, Ms. Palencia is resisting any efforts to participate as a plaintiff in this action. Lead Plaintiffs' Counsel now seek to add a third Texas Representative Plaintiff but provide Capital One and the Court with no information about the new plaintiff except her name. There is no indication whether Ms. Edmondson understands or is willing and able to meet the substantial obligations of serving as a Representative Plaintiff in a large MDL like this one. More importantly, there is no indication that Ms. Edmondson's information was even compromised in the Cyber Incident and the parties will not be able to make that determination until Lead Plaintiffs' Counsel provides her personal

identifying information. Lead Plaintiffs' Counsel have not stated whether Ms. Edmondson has any concerns like Mr. Mohammed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, that would impact her ability to participate fully. They have given no indication whether Ms. Edmonson, like Ms. Palencia, will simply disappear before responding to (or even being served with) discovery requests.[3] In light of Lead Plaintiffs' Counsel's previous unsuccessful attempts to name adequate – *or even willing* – representative plaintiffs, the Court should deny their latest request to add yet another proposed Representative Plaintiff from Texas.

## CONCLUSION

WHEREFORE, Capital One respectfully requests that the Court deny Plaintiffs' Motion to Amend to Substitute Named Representative Plaintiff [Dkt. 924].

---

[3] Again, over 180 Plaintiffs, who originally filed suit, have dismissed their claims after Capital One requested discovery from them, including but not limited to fact sheets, depositions, interrogatories, and requests for production of documents.

Dated: October 16, 2020

Respectfully submitted,

/s/ Robert A. Angle
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax:  (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
timothy.st.george@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2020, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Robert A. Angle