# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) | |
| DATA SECURITY BREACH LITIGATION ) | MDL No. 1:19md2915 (AJT/JFA) |

**AMAZON'S OBJECTIONS TO PLAINTIFFS'
THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26(C), Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (together, "Amazon") by and through their counsel, hereby object to Plaintiffs' Third Document Requests to Amazon.com, Inc. and Amazon Web Services, Inc. (the "Requests") dated October 21, 2020, as follows.

**OBJECTIONS TO DEFINITIONS**

1. Amazon objects to the definition of "Employee" as overly broad and unduly burdensome to the extent that it is more expansive than, or inconsistent with, the meaning of those terms as used in Amazon's ordinary course of business or as defined by relevant statutes or regulations applicable to Amazon's business. Amazon further objects the definition of the term "Employee" as overly broad and unduly burdensome to the extent that it purports to extend to persons or entities who are not currently employed by Amazon, including "former officers, directors, agents, representatives, executives, managers, sales personnel, secretaries, clerical staff or any other person employed for any reason."

2. Amazon objects to the definition of "PII" as vague, ambiguous, uncertain, and calling for information that is not within Amazon's possession, custody, or control. Amazon further objects to the definition of "PII" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is more expansive than, or inconsistent with, the meaning of those terms as used in Amazon's ordinary course of business or as defined by relevant statutes or regulations applicable to Amazon's business.

3. Amazon objects to the definitions of "You," "Your," "Amazon," "Amazon Web Services," and "AWS" as overly broad and unduly burdensome to the extent that it purports to extend to persons or entities outside of Amazon's control, and, specifically, as it seeks discovery from Amazon's "former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Amazon's behalf."

## SPECIFIC OBJECTIONS TO REQUESTS

**REQUEST NO. 57:**

All Documents and Communications relating to other AWS customers that Paige Thompson targeted, attacked, breached, or potentially attacked or breached, in which AWS services (including the EC2 Instance Metadata Service, Identity and Access Management roles, security credentials, S3 storage, or GuardDuty) were implicated, exploited, or avoided.

**OBJECTIONS TO REQUEST NO. 57:**

Amazon objects to this Request on the grounds that it seeks information that is irrelevant, immaterial, and/or not proportional to the needs of the case. Amazon objects to this Request on the grounds that information regarding "other AWS customers" who are not a party to this case is irrelevant and immaterial. Amazon objects to this Request as unduly burdensome and not sufficiently tailored to the extent it seeks information regarding "other AWS customers" and "AWS services" without limitation. As Amazon offers more than 175 services through AWS and has more than one million AWS customers, providing responses for each service and customer would be unduly burdensome and not proportionate to the needs of the case. Amazon objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case in its request for documents regarding AWS services not used by Capital One. Amazon further objects to this Request as unduly burdensome as it was served roughly one month before the close of discovery and eight months after the first set of document requests. Amazon objects to the use of "implicated, exploited, or avoided" as overly broad, vague, and ambiguous. Amazon objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

**REQUEST NO. 58:**

All Documents and Communications relating to the unusual quantity (as compared to the previous three days) of GetObject calls referenced in the document with Bates number AWS_CAP00043760 (rows 838-42) and apparently made to S3 storage in Capital One's Card Prod account originating from Capital One IPs (range 204.63.x.x) and occurring on March 28, 2019.

**OBJECTIONS TO REQUEST NO. 58:**

Amazon objects to this Request to the extent that it seeks documents that are more readily accessible from Capital One, which has control of its AWS environment. Amazon objects to this Request because it is vague, ambiguous, and uncertain in its reference to the "unusual quantity" of GetObject calls referenced in the document with Bates number AWS_CAP00043760. Amazon objects to this Request to the extent it seeks information or documents that are not within Amazon's possession, custody or control.

| | |
|---|---|
| November 5, 2020 | /s/ *Tyler G. Newby* <br> Tyler G. Newby (admitted *pro hac vice*) <br> Laurence F. Pulgram (admitted *pro hac vice*) <br> Jedediah Wakefield (admitted *pro hac vice*) <br> Vincent Barredo (admitted *pro hac vice*) <br> Andrew M. Lewis (admitted *pro hac vice*) <br> Janie Y. Miller (admitted *pro hac vice*) <br> Meghan E. Fenzel (admitted *pro hac vice*) <br> Sarah V. Lightstone (admitted *pro hac vice*) <br> FENWICK & WEST LLP <br> 555 California Street, 12th Floor <br> San Francisco, CA 94104 <br> Telephone: 415.875.2300 <br> Facsimile: 15. 281.1350 <br> Email: tnewby@fenwick.com <br> lpulgram@fenwick.com <br> jwakefield@fenwick.com <br> vbarredo@fenwick.com <br> alewis@fenwick.com <br> jmiller@fenwick.com <br> mfenzel@fenwick.com <br> slightstone@fenwick.com <br><br> *Counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.* <br><br> Robert R. Vieth, Esq. (VSB No. 24304) <br> HIRSCHLER FLEISCHER, PC <br> 8270 Greensboro Drive, Suite 700 <br> Tysons Corner, Virginia 22102 <br> T: (703) 584-8903 <br> F: (703) 584-8901 <br> Email: rvieth@hf-law.com <br><br> *Local counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2020, I caused the foregoing document to be served upon Plaintiffs' Lead Counsel and Local Counsel via electronic mail addressed as follows:

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUN, P.L.L.P.**
100 Washington Avenue South, Suite 200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
210 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@ForThePeople.com

Steven T. Webster
**WEBSTER BROOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbrook.com

And upon Defendants' Lead Counsel and Local Counsel via electronic mail addressed as follows:

David L. Balser
S. Stewart Haskins II
John C. Toro
Kevin J. O'Brien
Robert D. Griest
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle
Tim St. George
Jon S. Hubbard
Harrison Scott Kelly
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com
timothy.st.george@troutman.com

Mary C. Zinsner (VSB No. 31397)
**TROUTMAN SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutman.com

*/s/ Tyler G. Newby*
Tyler G. Newby