# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: CAPITAL ONE CONSUMER | ) | |
| DATA SECURITY BREACH LITIGATION | ) | MDL No. 1:19md2915 (AJT/JFA) |

**AMAZON'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26(C), Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (together, "Amazon") by and through their counsel, hereby object and respond to Plaintiffs' Second Document Requests to Amazon.com, Inc. and Amazon Web Services, Inc.(the "Requests") dated October 8, 2020, as follows.

**OBJECTIONS TO DEFINITIONS**

1. Amazon objects to the definition of "Consumer data" to the extent that it mischaracterizes that any consumers submitted credit card applications to Amazon, rather than to Capital One. Amazon is not a financial institution that grants, rejects, or declines credit card applications.

2. Amazon objects to the definition of "Employee" as overly board and unduly burdensome to the extent that it is more expansive than, or inconsistent with, the meaning of those terms as used in Amazon's ordinary course of business or as defined by relevant statutes or regulations applicable to Amazon's business. Amazon further objects the definition of the term "Employee" as overly broad and unduly burdensome to the extent that it purports to extend to persons or entities who are not currently employed by Amazon, including "former officers, directors, agents, representatives, executives, managers, sales personnel, secretaries, clerical staff or any other person employed for any reason."

3.      Amazon objects to the definition of "PII" as vague, ambiguous, uncertain, and calling for information that is not within Amazon's possession, custody, or control. Amazon further objects to the definition of "PII" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is more expansive than, or inconsistent with, the meaning of those terms as used in Amazon's ordinary course of business or as defined by relevant statutes or regulations applicable to Amazon's business.

4.      Amazon objects to the definitions of "You," "Your," "Amazon," "Amazon Web Services," and "AWS" as overly broad and unduly burdensome to the extent that it purports to extend to persons or entities outside of Amazon's control, and, specifically, as it seeks discovery from Amazon's "former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Amazon's behalf."

**5.**      Amazon objects to the time frame of the Requests of January 1, 2014 through the present as overly broad and unduly burdensome to the extent that it requests information outside of a time period relevant to the action. Capital One and Amazon entered their relevant agreement in January 2015. Amazon objects to the definition of "Relevant Period" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it includes information or documents created or generated after the filing of the first complaint in this litigation on July 30, 2019.  Amazon further objects to the definition of "Relevant Period" to the extent it includes "responsive Documents created or generated outside the Relevant Period, but which contain information concerning the Relevant Period," because (i) the phrase "information concerning the Relevant Period" is vague and ambiguous and, moreover, (ii) this portion of the definition effectively expands the scope of the "Relevant Period" to include an unlimited period of time.

2

# SPECIFIC OBJECTIONS TO REQUESTS

**REQUEST NO. 48:**

Documents sufficient to show the revenue generated from any and all services provided by You to Capital One, including your profit generated from each such service.

**OBJECTIONS TO REQUEST NO. 48:**

Amazon objects to this Request as overly broad on the grounds that it seeks information about services other than the storage of Capital One data. Amazon's revenue and profit from services provided to Capital One other than storage of Capital One data (including its customers' data) are irrelevant, immaterial, and not proportional to the needs of the case. Amazon furthers objects to this Request as overly burdensome as it was served six weeks before the close of discovery and seven months after the first set of document requests. Amazon objects to this Request to the extent that it improperly exceeds the scope of permissible discovery Judge Anderson outlined in the May 22, 2020 hearing on Plaintiffs' Motion to Compel, which only included "discovery Requests that relate to financial benefits that it [Amazon] received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request as irrelevant to the grounds on which Judge Anderson based his decision, which were limited to damages calculations for Plaintiffs' unjust enrichment claims. (Dkt. No. 505 at 19–20). Amazon objects to the Request as unduly burdensome and not sufficiently tailored to the extent it seeks revenue information from any and all Amazon services, rather than "financial benefits it received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request on the grounds that it seeks documents from an overly broad and irrelevant time frame of January 1, 2014 to the present, beginning one year before the Capital One and Amazon commercial relationship and ending over 14 months after the announcement of the data breach.

**RESPONSE TO REQUEST NO. 48:**

Subject to the foregoing objections, Amazon responds as follows:

Amazon will produce documents sufficient to show revenue received by Amazon in exchange for providing cloud computing and storage services to Capital One from 2015 through 2019. Amazon does not track profitability on a per-customer basis.

**REQUEST NO. 49:**

Communications, memoranda, executive summaries, analyses, audits, reports, and other Documents which reflect the potential as well as the actual revenue generated by and profits earned by You with regard to Capital One's use of any and all of Your services, including cloud storage and/or cloud computing services.

**OBJECTIONS TO REQUEST NO. 49:**

Amazon objects to this Request as overly broad on the grounds that it seeks information about services other than the storage of Capital One data. Amazon's revenue and profit from services provided to Capital One other than storage of Capital One data (including its customers' data) are irrelevant, immaterial, and not proportional to the needs of the case. Amazon further objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case by seeking communications and other documents regarding Amazon revenue and profits from Capital One's use of Amazon services rather than documents sufficient to show Amazon revenue and profits from storage of Capital One data. Amazon further objects to this Request as overly burdensome as it was served six weeks before the close of discovery and seven months after the first set of document requests. Amazon objects to this Request to the extent that it improperly exceeds the scope of permissible discovery Judge Anderson outlined in the May 22, 2020 hearing on Plaintiffs' Motion to Compel, which only included "discovery Requests that relate to financial

benefits that it [Amazon] received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request as irrelevant to the grounds on which Judge Anderson based his decision, which were limited to damages calculations for Plaintiffs' unjust enrichment claims. (Dkt. No. 505 at 19–20). Amazon objects to this Request as unduly burdensome and not sufficiently tailored to the extent it seeks revenue information from any and all Amazon services, rather than "financial benefits it received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to "potential" revenue as vague and ambiguous and will interpret this term to mean revenue projections. Amazon further objects that revenue projections are irrelevant. Amazon objects to this Request on the grounds that it seeks documents from an overly broad and irrelevant time frame of January 1, 2014 to the present, beginning one year before the Capital One and Amazon commercial relationship and ending over 14 months after the announcement of the data breach.

**RESPONSE TO REQUEST NO. 49:**

Subject to the foregoing objections, Amazon responds as follows:

Amazon will produce documents sufficient to show revenue received by Amazon in exchange for providing cloud computing and storage services to Capital One from 2015 through 2019. Amazon does not track profitability on a per-customer basis.

**REQUEST NO. 50:**

All agendas, minutes, presentations, and notes concerning meetings of Your Board of Directors, or any committee of Your Board of Directors, at which the relationship with Capital One was discussed, including discussion of any and all negotiations for any services to be provided to Capital One, and the revenue and profit, potential as well as what was eventually realized by You, from such services.

**OBJECTIONS TO REQUEST NO. 50:**

Amazon objects to this Request on the grounds that it seeks information that is irrelevant, immaterial, or not proportional to the needs of the case. Amazon objects to this Request on the grounds that it is overly broad and unduly burdensome for seeking Board deliberations for "any and all negotiations for any services to be provided to Capital One." Amazon further objects to this Request as overly burdensome as it was served six weeks before the close of discovery and seven months after the first set of document requests. Amazon objects to this Request to the extent that it improperly exceeds the scope of permissible discovery Judge Anderson outlined in the May 22, 2020 hearing on Plaintiffs' Motion to Compel, which only included "discovery Requests that relate to financial benefits that it [Amazon] received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request as irrelevant to the grounds on which Judge Anderson based his decision, which were limited to damages calculations for Plaintiffs' unjust enrichment claims. (Dkt. No. 505 at 19–20). Amazon objects to this Request as unduly burdensome and not sufficiently tailored to the extent it seeks revenue and profit information from any and all Amazon services, rather than "financial benefits it received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to "potential as well as what was eventually realized" revenue and profit as vague and ambiguous and will interpret this term to mean revenue and profit projections and totals calculated and included in existing documents. Amazon further objects that revenue projections are irrelevant. Amazon objects to this Request on the grounds that it seeks documents from an overly broad and irrelevant time frame of January 1, 2014 to the present, beginning one year before the Capital One and Amazon commercial relationship and ending over 14 months after the announcement of the data breach.

**RESPONSE TO REQUEST NO. 50:**

Subject to the foregoing objections, Amazon responds as follows:

Amazon will not produce documents responsive to this request.

**REQUEST NO. 51:**

Documents reflecting the revenue and profit generated from Your storage of consumer data for Capital One.

**OBJECTIONS TO REQUEST NO. 51:**

Amazon objects to this Request as vague, because Amazon lacks visibility into the types or sources of data that Capital One stores in its AWS accounts. Amazon objects to this Request to the extent it calls for the assumption of facts not in evidence. Amazon objects to this Request on the grounds that it seeks documents from an overly broad and irrelevant time frame of January 1, 2014 to the present, beginning one year before the Capital One and Amazon commercial relationship and ending over 14 months after the announcement of the data breach.

**RESPONSE TO REQUEST NO. 51:**

Subject to the foregoing objections, Amazon responds as follows:

Amazon will produce documents sufficient to show revenue received by Amazon in exchange for providing cloud computing and storage services to Capital One from 2015 through 2019. Amazon does not track profitability on a per-customer basis.

**REQUEST NO. 52:**

Documents sufficient to show the services offered and made available by You to Capital One, including Proposals, estimated savings by utilizing Your services, any comparisons of Your services and fees to any of Your competitors, and any savings that Capital One would realize by choosing You over maintaining consumer data on its own servers.

**OBJECTIONS TO REQUEST NO. 52:**

Amazon objects to this Request on the grounds that it seeks information that is irrelevant, immaterial, or not proportional to the needs of the case. Amazon objects to this Request on the grounds that it is overly broad and unduly burdensome for seeking "services offered," "estimated savings," "any comparisons of Your services and fees to any of Your competitors," and "any savings Capital One would realize," as it does not narrow the scope of potential services, fees, or competitors for which Plaintiffs seek information. Amazon further objects to this Request as overly burdensome as it was served six weeks before the close of discovery and seven months after the first set of document requests. Amazon objects to this Request to the extent that it improperly exceeds the scope of permissible discovery Judge Anderson outlined in the May 22, 2020 hearing on Plaintiffs' Motion to Compel, which only included "discovery Requests that relate to financial benefits that it [Amazon] received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request as irrelevant to the grounds on which Judge Anderson based his decision, which were limited to damages calculations for Plaintiffs' unjust enrichment claims. (Dkt. No. 505 at 19–20). Amazon objects to the Request as unduly burdensome and not sufficiently tailored to the extent it seeks savings information from any and all Amazon services, rather than "financial benefits it received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request to the extent that it seeks information more readily available from other sources, including Capital One. Amazon objects to this Request to the extent that it uses the term "Consumer data" in a way that mischaracterizes that any consumers submitted credit card applications to Amazon, rather than to Capital One. Amazon objects to this Request on the grounds that it seeks documents from an overly broad and irrelevant time frame of January 1, 2014 to the present, beginning one

year before the Capital One and Amazon commercial relationship and ending over 14 months after the announcement of the data breach.

**RESPONSE TO REQUEST NO. 52:**

Subject to the foregoing objections, Amazon responds as follows:

Amazon will not produce documents responsive to this request.

**REQUEST NO. 53:**

[sic]

**OBJECTIONS TO REQUEST NO. 53:**

Amazon objects to the absence of Request No. 53 as unintelligible.

**RESPONSE TO REQUEST NO. 53:**

Subject to the foregoing objections, Amazon responds as follows:

Amazon cannot respond to a missing request.

**REQUEST NO. 54:**

Amazon.com and AWS financial information (by year for 2014 through 2019 and by month for 2019), including complete divisional level financials, profit & loss statements, and balance sheets.

**OBJECTIONS TO REQUEST NO. 54:**

Amazon objects to this Request on the grounds that it seeks information that is irrelevant, immaterial, or not proportional to the needs of the case. Amazon objects to this Request on the grounds that it is overly broad and unduly burdensome for seeking five years of "financial information" without defining or limiting the term. Amazon further objects to this Request as overly burdensome as it was served six weeks before the close of discovery and seven months after the first set of document requests. Amazon objects to this Request to the extent that it improperly

exceeds the scope of permissible discovery Judge Anderson outlined in the May 22, 2020 hearing on Plaintiffs' Motion to Compel, which only included "discovery Requests that relate to financial benefits that it [Amazon] received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request as irrelevant to the grounds on which Judge Anderson based his decision, which were limited to damages calculations for Plaintiffs' unjust enrichment claims. (Dkt. No. 505 at 19–20). Amazon objects to this Request as unduly burdensome and not sufficiently tailored to the extent it seeks "financial information" from any and all Amazon services, rather than "financial benefits it received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request as vague and ambiguous to the extent that it seeks "Amazon.com and AWS financial information" because it is unclear whether Plaintiffs seek information relating to Amazon entities or services other than those that provide cloud storage and cloud computing. Amazon objects to this Request on the grounds that it seeks documents from an overly broad and irrelevant time frame of January 1, 2014 to the present, beginning one year before the Capital One and Amazon commercial relationship and ending over 14 months after the announcement of the data breach.

**RESPONSE TO REQUEST NO. 54:**

Subject to the foregoing objections, Amazon responds as follows:

Amazon will produce its 10-Ks and 10-Qs for the periods from January 1, 2015 through December 31, 2019 in response to this request.

**REQUEST NO. 55:**

Documents sufficient to show AWS's profits/losses earned from the Capital One contract(s) (by year for 2014 through 2019), including but not limited to documents sufficient to show revenue, costs including direct costs and indirect costs, gross profit (direct revenues less

direct costs) associated with the Capital One contract, indirect costs or AWS overhead expenses allocated to the Capital One contract and net income or loss from the Capital One contract.

**OBJECTIONS TO REQUEST NO. 55:**

Amazon objects to this Request as overly broad on the grounds that it seeks information about services other than the storage of Capital One data. Amazon's revenue and profit from services provided to Capital One other than storage of Capital One data (including its customers' data) are irrelevant, immaterial, and not proportional to the needs of the case. Amazon further objects to this Request as overly burdensome as it was served six weeks before the close of discovery and seven months after the first set of document requests. Amazon objects to this Request to the extent that it improperly exceeds the scope of permissible discovery Judge Anderson outlined in the May 22, 2020 hearing on Plaintiffs' Motion to Compel, which only included "discovery Requests that relate to financial benefits that it [Amazon] received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request as irrelevant to the grounds on which Judge Anderson based his decision, which were limited to damages calculations for Plaintiffs' unjust enrichment claims. (Dkt. No. 505 at 19–20). Amazon objects to this Request as unduly burdensome and not sufficiently tailored to the extent it seeks profits and loss information from any and all Amazon services, rather than "financial benefits it received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request on the grounds that it seeks documents from an overly broad and irrelevant time frame of January 1, 2014 to the present, beginning one year before the Capital One and Amazon commercial relationship and ending over 14 months after the announcement of the data breach.

**RESPONSE TO REQUEST NO. 55:**

Subject to the foregoing objections, Amazon responds as follows:

11

Amazon will produce documents sufficient to show revenue received by Amazon in exchange for providing cloud computing and storage services to Capital One from 2015 through 2019. Amazon does not track profitability on a per-customer basis.

**REQUEST NO. 56:**

Internal analysis of revenue earned by Amazon or AWS from its use of consumer data obtained from Capital One.

**OBJECTIONS TO REQUEST NO. 56:**

Amazon objects to this Request as vague, because Amazon lacks visibility into the types or sources of data that Capital One stores in its AWS accounts. Amazon objects to this Request on the grounds that it seeks information that is irrelevant, immaterial, or not proportional to the needs of the case. Amazon furthers object to this Request as overly burdensome as it was served six weeks before the close of discovery and seven months after the first set of document requests. Amazon objects to this Request to the extent that it improperly exceeds the scope of permissible discovery Judge Anderson outlined in the May 22, 2020 hearing on Plaintiffs' Motion to Compel, which only included "discovery Requests that relate to financial benefits that it [Amazon] received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request as irrelevant to the grounds on which Judge Anderson based his decision, which were limited to damages calculations for Plaintiffs' unjust enrichment claims. (Dkt. No. 505 at 19–20). Amazon objects to this Request as unduly burdensome and not sufficiently tailored to the extent it seeks revenue information from any and all Amazon services, rather than "financial benefits it received in its use of the PII information." (Dkt. No. 505 at 19). Amazon objects to this Request to the extent that it uses the term "Consumer data" in a way that mischaracterizes that any consumers submitted credit card applications to Amazon, rather than to Capital One. Amazon further objects to this Request

as vague and ambiguous to the extent that it seeks analysis relating to Amazon's "use of consumer data" because it is unclear whether Plaintiffs seek revenue and profit only as it relates to data Amazon might directly collect from consumers. Amazon objects to the term "use" as vague and ambiguous and will interpret it to mean the alleged data mining of Capital One's customer data, as discussed at the May 22, 2020 Motion to Compel hearing. (Dkt. No. 505 at 17–20). Amazon objects to this Request on the grounds that it seeks documents from an overly broad and irrelevant time frame of January 1, 2014 to the present, beginning one year before the Capital One and Amazon commercial relationship and ending over 14 months after the announcement of the data breach.

**RESPONSE TO REQUEST NO. 56:**

Subject to the foregoing objections, Amazon responds as follows:

Amazon does not use Capital One consumer data and therefore has no documents responsive to this request.

| | |
|---|---|
| November 9, 2020 | /s/ *Tyler G. Newby*<br>Tyler G. Newby (admitted *pro hac vice*)<br>Laurence F. Pulgram (admitted *pro hac vice*)<br>Jedediah Wakefield (admitted *pro hac vice*)<br><br>Vincent Barredo (admitted *pro hac vice*)<br>Andrew M. Lewis (admitted *pro hac vice*)<br>Janie Y. Miller (admitted *pro hac vice*)<br>Meghan E. Fenzel (admitted *pro hac vice*)<br>Sarah V. Lightstone (admitted *pro hac vice*)<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone:415.875.2300<br>Facsimile:15. 281.1350<br>Email: tnewby@fenwick.com<br>lpulgram@fenwick.com<br>jwakefield@fenwick.com<br>vbarredo@fenwick.com<br>alewis@fenwick.com<br>jmiller@fenwick.com<br>mfenzel@fenwick.com<br>slightstone@fenwick.com<br><br>*Counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*<br><br>Robert R. Vieth, Esq. (VSB No. 24304)<br>HIRSCHLER FLEISCHER, PC<br>8270 Greensboro Drive, Suite 700<br>Tysons Corner, Virginia 22102<br>T: (703) 584-8903<br>F: (703) 584-8901<br>Email: rvieth@hf-law.com<br><br>*Local counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2020, I caused the foregoing document to be served upon Plaintiffs' Lead Counsel and Local Counsel via electronic mail addressed as follows:

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUN, P.L.L.P.**
100 Washington Avenue South, Suite 200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
210 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@ForThePeople.com

Steven T. Webster
**WEBSTER BROOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbrook.com

And upon Defendants' Lead Counsel and Local Counsel via electronic mail addressed as follows:

David L. Balser
S. Stewart Haskins II
John C. Toro
Kevin J. O'Brien
Robert D. Griest
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle
Tim St. George
Jon S. Hubbard
Harrison Scott Kelly
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com
timothy.st.george@troutman.com

Mary C. Zinsner (VSB No. 31397)
**TROUTMAN SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutman.com

*/s/ Tyler G. Newby*
Tyler G. Newby