# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: CAPITAL ONE CONSUMER | ) | |
| DATA SECURITY BREACH LITIGATION | ) | MDL No. 1:19md2915 (AJT/JFA) |

### AMAZON'S OBJECTIONS AND RESPONSES TO
### PLAINTIFFS' SECOND NOTICE OF VIDEOTAPED DEPOSITION OF AMAZON

In accordance with Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (together, "Amazon") hereby respond to Plaintiffs' Second Notice of Videotaped Deposition (the "Notice") as follows:

### OBJECTIONS TO DEFINITIONS

1. Amazon objects to the definition of "Consumer data" to the extent that it mischaracterizes that any consumers submitted credit card applications to Amazon, rather than to Capital One. Amazon is not a financial institution that grants, rejects, or declines credit card applications.

2. Amazon objects to the definition of "Employee" as overly board and unduly burdensome to the extent that it is more expansive than, or inconsistent with, the meaning of those terms as used in Amazon's ordinary course of business or as defined by relevant statutes or regulations applicable to Amazon's business. Amazon further objects to the definition of the term "Employee" as overly broad and unduly burdensome to the extent that it purports to extend to persons or entities who are not currently employed by Amazon, including "former officers, directors, agents, representatives, executives, managers, sales personnel, secretaries, clerical staff or any other person employed for any reason."

3. Amazon objects to the definition of "PII" as vague, ambiguous, uncertain, and calling for information that is not within Amazon's possession, custody, or control. Amazon further objects to the definition of "PII" as overly broad, unduly burdensome, and disproportionate

to the needs of the case to the extent that it is more expansive than, or inconsistent with, the meaning of those terms as used in Amazon's ordinary course of business or as defined by relevant statutes or regulations applicable to Amazon's business.

4. Amazon objects to the definitions of "You," "Your," "Amazon," "Amazon Web Services," and "AWS" as overly broad and unduly burdensome to the extent that it purports to extend to persons or entities outside of Amazon's control, and, specifically, as it seeks discovery from Amazon's "former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Amazon's behalf."

5. Amazon objects to the time frame of the Depositions Topics of January 1, 2015 through the present as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it requests information outside of a time period relevant to this action.

## SPECIFIC OBJECTIONS AND RESPONSES TO NOTICED TOPICS

**TOPIC NO. 1:**

Facts and circumstances regarding revenue generated and profits, including the amount, earned by You from any and all services provided by You to Capital One, including the amount of Your profit generated from each such service during each year in which such services were provided.

**OBJECTION TO TOPIC NO. 1:**

Amazon objects to this topic to the extent that it purports to require testimony on information not kept in the ordinary course of Amazon's business and therefore not within Amazon's knowledge. Amazon will provide testimony regarding revenue generated from each service provided by Amazon to Capital One from 2015 to 2019, and estimated information for 2020.

**TOPIC NO. 2:**

Facts and circumstances regarding the revenue and profit, including the amount, generated from Your storage of consumer data for Capital One for each year since 2014.

**OBJECTION TO TOPIC NO. 2:**

Amazon objects to this topic to the extent that it purports to require testimony on information not kept in the ordinary course of Amazon's business and therefore not within Amazon's knowledge. Amazon objects to the time frame of "each year since 2014" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it requests information outside of a time period relevant to the action. Capital One and Amazon entered their relevant agreement in January 2015. Amazon will provide testimony regarding the amount of revenue generated from each service provided by Amazon to Capital One from 2015 to 2019, and an estimated amount for 2020.

**TOPIC NO. 3:**

Facts and circumstances regarding meetings at which Your Board of Directors, or any committee of Your Board of Directors, discussed the relationship with Capital One, including discussion of any and all negotiations for any services to be provided to Capital One, and the revenue and profit, potential as well as what was eventually realized by You, from such services.

**OBJECTION TO TOPIC NO. 3:**

Amazon objects to this topic as overbroad, vague and ambiguous as to "relationship with Capital One" and "any and all negotiations for any services to be provided to Capital One." Amazon objects to this topic as disproportionate to the needs of the case. To the extent Amazon's profit derived from its relationship with Capital One is relevant to Plaintiffs' unjust enrichment claims, the best evidence of those alleged damages is available through other much less burdensome sources. Amazon objects to this topic as harassing and oppressive to the extent it seeks facts and

3

circumstances regarding meetings of the Board of Directors when those circumstances are immaterial and/or irrelevant to any claim or defense in this case. Amazon objects to this topic to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.

Amazon will not provide a corporate representative to testify on this topic.

**TOPIC NO. 4:**

Facts and circumstances regarding the services offered and made available by You to Capital One, including Proposals, estimated savings by utilizing Your services, any comparisons of Your services and fees to any of Your competitors, any savings that Capital One would realize by choosing You over maintaining consumer data on its own servers, and Your contracts and agreements with Capital One.

**OBJECTION TO TOPIC NO. 4:**

Amazon objects to this topic to the extent that it purports to require testimony on information not kept in the ordinary course of Amazon's business and therefore not within Amazon's knowledge. Amazon does not maintain the calculations and comparisons as requested by this topic. Amazon objects to the phrase "the services offered and made available by You to Capital One" as vague, ambiguous, overly broad, burdensome, and disproportionate to the needs of the case. Amazon objects to this topic to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection. Amazon will provide testimony regarding its agreements with Capital One and its pricing proposals.

**TOPIC NO. 5:**

Facts and circumstances regarding Your profits and losses earned from the Capital One contract(s) (by year for 2014 through 2019), including but not limited revenue; costs, including direct costs and indirect costs; gross profit (direct revenues less direct costs) associated with the Capital One contract; indirect costs; Your overhead expenses allocated to the Capital One contract; and net income or loss from the Capital One contract.

**OBJECTION TO TOPIC NO. 5:**

Amazon objects to this topic as it purports to require testimony on information not kept in the ordinary course of Amazon's business and therefore not within Amazon's knowledge. Amazon does not maintain profit and loss statements on a customer-basis and does not maintain summary cost information as requested.

Amazon will not provide a corporate representative to testify on this topic.

**TOPIC NO. 6:**

Facts and circumstances regarding Your financial information (by year for 2014 through 2019 and by month for 2019), including complete divisional level financials, profit & loss, and balances.

**OBJECTION TO TOPIC NO. 6:**

Amazon objects to this topic as overbroad, vague and ambiguous as to "Facts and circumstances regarding Your financial information" and "complete divisional level financials." Amazon objects to this topic as disproportionate to the needs of the case. To the extent Amazon's profit derived from its relationship with Capital One is relevant to Plaintiffs' unjust enrichment claims, the best evidence of those alleged damages is available through other much less burdensome sources. Amazon objects to this topic as harassing and oppressive to the extent it seeks "Facts and circumstances regarding Your financial information" when that information is immaterial

and/or irrelevant to any claim or defense in this case.  Amazon objects to this topic to the extent it seeks disclosure of information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection.  Amazon objects to "Your financial information (by year for 2014 through 2019 and by month for 2019, including complete divisional level financials, profit & loss, and balances" as overly broad as to both time period and scope and disproportionate to the needs of the case.

Amazon will not provide a corporate representative to testify on this topic.

**TOPIC NO. 7:**

Facts and circumstances regarding analysis of revenue earned by You from Your use of consumer data obtained from Capital One.

**OBJECTION TO TOPIC NO. 7:**

Amazon objects to this topic as overbroad, vague and ambiguous as to "analysis of revenue earned by You."  Amazon does not obtain or use consumer data from Capital One.

| | |
|---|---|
| November 16, 2020 | /s/ *Tyler G. Newby* <br> Tyler G. Newby (admitted *pro hac vice*) <br> Laurence F. Pulgram (admitted *pro hac vice*) <br> Jedediah Wakefield (admitted *pro hac vice*) <br> Vincent Barredo (admitted *pro hac vice*) <br> Andrew M. Lewis (admitted *pro hac vice*) <br> Janie Y. Miller (admitted *pro hac vice*) <br> Meghan E. Fenzel (admitted *pro hac vice*) <br> Sarah V. Lightstone (admitted *pro hac vice*) <br> FENWICK & WEST LLP <br> 555 California Street, 12th Floor <br> San Francisco, CA 94104 <br> Telephone: 415.875.2300 <br> Facsimile: 15. 281.1350 <br> Email: tnewby@fenwick.com <br> lpulgram@fenwick.com <br> jwakefield@fenwick.com <br> vbarredo@fenwick.com <br> alewis@fenwick.com <br> jmiller@fenwick.com <br> mfenzel@fenwick.com <br> slightstone@fenwick.com <br><br> *Counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.* <br><br> Robert R. Vieth, Esq. (VSB No. 24304) <br> HIRSCHLER FLEISCHER, PC <br> 8270 Greensboro Drive, Suite 700 <br> Tysons Corner, Virginia 22102 <br> T: (703) 584-8903 <br> F: (703) 584-8901 <br> Email: rvieth@hf-law.com <br><br> *Local counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I caused the foregoing document to be served upon Plaintiffs' Lead Counsel and Local Counsel via electronic mail addressed as follows:

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUN, P.L.L.P.**
100 Washington Avenue South, Suite 200
Minneapolis, MN 55401
Tel: (612) 339-6900
jhriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
210 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@ForThePeople.com

Steven T. Webster
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbook.com

And upon Defendants' Lead Counsel and Local Counsel via electronic mail addressed as follows:

David L. Balser
S. Stewart Haskins II
John C. Toro
Kevin J. O'Brien
Robert D. Griest
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle
Tim St. George
Jon S. Hubbard
Harrison Scott Kelly
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com
timothy.st.george@troutman.com

Mary C. Zinsner (VSB No. 31397)
**TROUTMAN SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutman.com

*/s/ Pamela Nichols*
Pamela Nichols