IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to CONSUMER Cases

### PLAINTIFFS' NOTICE REGARDING NON-CARDHOLDER PLAINTIFFS

Pursuant to the Court's direction at the January 12, 2021, status hearing, Plaintiffs submit this summary regarding the status of Plaintiffs in this MDL who applied for a credit card with Capital One but who were denied credit (and thus were not Capital One cardholders during at least a portion of the class period) and the implications of these facts on the pending Rule 12(c) Motion.

*First*, Plaintiffs direct the Court to Plaintiff Isabel DeLeon. Plaintiff DeLeon filed her complaint on August 2, 2019 in the Eastern District of Virginia at Case No. 3:19-cv-0555-JAG (Doc. 1), alleging that she provided her PII to Capital One to apply for a credit card in May 2015, which Capital One denied. *See id.* at ¶¶ 36, 40; *see also id.* at ¶¶ 112, 120 (alleging Plaintiff DeLeon is a member of a proposed subclass of individuals who applied for a Capital One credit card but whose application was denied); *see also id.* at ¶¶ 160-187 (alleging claims for breach of implied contract and unjust enrichment). Capital One is well aware of these facts—it deposed Plaintiff DeLeon, who testified that she applied for and received a Capital One credit card in 2006, but her credit card account was closed in 2009. *See* Ex. 1 (DeLeon Tr.), 53:10-54:14. Notably, Capital One's counsel suggested in his questioning to Plaintiff DeLeon that there was no privacy policy in effect at the time she entered into her customer agreement in 2006. *See id.* at 140:7-141:4. Plaintiff DeLeon further testified that she applied for two or three other Capital One credit cards in the last ten years, but those applications were denied. *Id.* at 57:19-58:19.

Plaintiff DeLeon has not dismissed her complaint, which remains pending in this MDL.[1] Therefore, because Capital One's stipulation that its Privacy Notice contains enforceable contractual commitments does not apply to Plaintiff DeLeon where Capital One contends its Privacy Notice is *only* enforceable by incorporation into the Cardholder Agreement (*see* Doc. 1098; *see also* Docs. 996, 1060), Capital One's stipulation does not entitle Capital One to judgment on the pleadings on Plaintiffs' unjust enrichment and implied contract claims in the Representative Complaint (Doc. 971).

*Second*, as Plaintiffs stated in their Memorandum in Opposition to Capital One's Motion for Judgment on the Pleadings, though each Plaintiff named in the Representative Complaint eventually became a Capital One cardholder subject to the Cardholder Agreement, several Plaintiffs, including Plaintiffs Tada, Spacek, and Sharp, initially provided Capital One with their PII to apply for credit cards, but those applications were denied, and Capital One failed to safeguard the PII provided in the initial applications as well, which was also stolen in the Data Breach. *See* Doc. 1032 at 10-11 & n.4. Thus, Capital One's stipulation also does not apply to these Plaintiffs for claims arising out of Capital One's pre-Cardholder Agreement conduct in taking possession of this PII for profit without providing adequate data security for it. This provides an independent basis to deny the Rule 12(c) motion. *Id.*

*Third*, there remains an outstanding issue of fact regarding the effective dates of the Privacy Notice, which should also weigh against entering judgment on the pleadings and in favor of addressing these claims on a more fulsome record at class certification and summary judgment. Plaintiffs have alleged that the Privacy Notice was applicable to *all* class members, a class which

---

[1] If the Court deems it necessary either now or at the class certification stage, Plaintiffs are prepared to amend the Representative Complaint to add Plaintiff DeLeon as a Named Plaintiff.

is comprised of credit card applicants and cardholders who submitted their PII dating back to 2005 and whose data was stolen in the Data Breach. Capital One has stipulated only that "the Privacy Notice contains one or more express contractual provisions" that are enforceable through the Cardholder Agreement; it has not stipulated to the timeframe under which these contractual provisions existed. *See* Doc. 1098. And, Capital One *denies* in its Answer that the Privacy Notice is applicable to *all* members of the class. *See* Answer (Doc. 976), ¶¶ 213, 216.

To pursue a record regarding Capital One's denial regarding the scope of the Privacy Notice, Plaintiffs requested that Capital One produce exemplars of documents provided to applicants and cardholders from 2005-present, but Capital One has produced copies of the Privacy Notice dating back only to 2014, and the earliest copy of a Privacy Notice in the litigation, which was not produced by Capital One but which was introduced at a deposition, dates back only to 2010.[2] Capital One's failure to stipulate to, admit to, or produce documents evincing the time period in which there were enforceable contractual provisions means that the record is currently incomplete as to whether applicants *and* cardholders who submitted their PII prior to 2010 were covered by a contractual Privacy Notice—whether as a standalone agreement or through a cardholder agreement. If the answer to that question is that some portion of the class was not subject to a Privacy Notice at all, there may be no enforceable contractual provisions on which to rely as to those class members—meaning those class members have valid unjust enrichment and implied contract claims for which judgment should not be entered on the pleadings.

---

[2] The parties met and conferred about this issue on January 14, 2021, and Capital One stated that it would look into whether and what Privacy Notices were effective during the class period. Its current position is that Capital One does not know whether the Privacy Notice applies to the entire class.

*Finally*, it bears mentioning that the urgency with which Capital One is pursuing its Rule 12(c) Motion is tethered to its refusal to produce documents in discovery Capital One assumes are related to damages associated with Plaintiffs' unjust enrichment claim. This was laid bare through Capital One's remarks at the status conference, and through Capital One's just-filed Motion for Protective Order, where it cynically seeks to block Plaintiffs' discovery regarding Capital One's use of Plaintiffs' data for profit based on the prospect that this Court will grant its Rule 12(c) Motion. *See* Doc. 1123 at 16; *see also* Doc. 1129, 1/12/2021 Tr. 25:1-5. Plaintiffs will address Capital One's Motion for Protective Order in due course. But based on the foregoing, Plaintiffs maintain that any Rule 12(c) motion should be deferred until Capital One amends its Answer to clarify the pleadings on which it seeks to bar Plaintiffs' claims and until Capital One produces the full spectrum of privacy notices dating back to 2005. Alternatively, the Court should deny the motion and the issues surrounding the unjust enrichment and implied contract claims should be addressed at class certification and summary judgment.

Dated: January 15, 2021                             Respectfully Submitted,

/s/ *Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

5

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN, P.L.L.P**
100 Washington Avenue South, Suite 200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@ForThePeople.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ *Steven T. Webster*
Steven T. Webster (VSB No. 31975)
WEBSTER BOOK LLP