UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to CONSUMER Cases

**CAPITAL ONE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO MODIFY SCHEDULING ORDER TO FILE <u>SEPARATE MOTION REGARDING ARTICLE III STANDING</u>**

Plaintiffs offer no good reason why Capital One should be denied leave to file a separate motion challenging Plaintiffs' Article III standing. Instead, Plaintiffs say that Capital One should raise its standing arguments in its forthcoming class certification opposition and motion for summary judgment. Although Capital One *does* plan to address distinct issues pertaining to standing in its class certification opposition, its arguments there will differ in important ways from those it would raise in a motion challenging the Representative Plaintiffs' standing.

Specifically, Capital One's class certification opposition will show that Plaintiffs cannot establish predominance under Rule 23(b)(3) because (among other reasons) whether Plaintiffs and the putative class members possess standing is an individualized question that cannot be decided with common proof. But in the motion before the Court, Capital One seeks leave to file a separate motion directly challenging—on the basis of the fully-developed evidentiary record—*the Representative Plaintiffs'* standing to assert the lion's share of their claims, including their core negligence claim. *See, e.g.*, *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 312-13 (4th Cir. 2013) ("[f]ollowing the close of discovery," a plaintiff bears "[t]he burden of establishing each element [of standing]" with "affidavit[s] or other evidence of specific facts"(internal quotation and citation omitted)); *see also O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named

1

plaintiffs purporting to represent a class establishes [Article III standing], none may seek relief on behalf of himself or any other member of the class.").

And while Capital One could perhaps challenge the Representative Plaintiffs' standing in its summary judgment briefing, Capital One fully explained in its opening motion why the better and more efficient approach is for it to raise issues of Article III standing in a separate filing focused solely on the Court's lack of subject-matter jurisdiction over nearly all the asserted claims. *See* Mot. at 3-4. Plaintiffs conspicuously fail to engage with Capital One's arguments on this point and do not address the cases Capital One cited suggesting it may not be appropriate to raise Article III standing in a Rule 56 motion. *See House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 787 n.2 (4th Cir. 2019) ("Ordinarily, a lack of subject-matter jurisdiction will lead to dismissal under Rule 12(b)(1), rather than summary judgment under Rule 56(c), which suggests a decision on the merits."); *see also Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) ("[T]he question of jurisdiction is inappropriate for summary judgment."). Capital One's motion for a separate filing addressing standing should be granted for this reason alone.[1]

Moreover, Plaintiffs' professed concerns about "one-way intervention" are baseless. Issues of subject-matter jurisdiction must be decided before the merits or class certification. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (court must conclude it has subject-matter jurisdiction before resolving merits); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (court must resolve named plaintiffs' standing before deciding whether to certify a

---

[1] Plaintiffs are wrong that Capital One has failed to establish good cause to challenge Plaintiffs' standing in a separate motion. Opp. at 2. Capital One's motion does exactly that—even assuming the good-cause requirement applies here (where Capital One is not seeking *relief* from a court-imposed deadline, but instead seeks leave to file a separate motion addressing the Court's subject-matter jurisdiction). In any event, Rule 12(h)(3) permits a party to raise issues of subject-matter jurisdiction "at any time."

class). Consequently, Plaintiffs' request that they be given until August 2, 2021 to respond to Capital One's standing motion should be rejected—permitting such a lengthy extension would needlessly delay this Court's consideration of Article III standing as a threshold jurisdictional issue. Capital One's standing motion should be briefed on the schedule set out in the Court's local rules (or another reasonable schedule set by the Court).

Finally, although Plaintiffs spend roughly half of their opposition arguing that the Court should take up their class certification motion before Defendants' motions for summary judgment, that issue is not before the Court: Capital One's instant motion only seeks leave to file a separate motion challenging Plaintiffs' Article III standing. Regardless, the Court has ample discretion to determine the sequence in which the parties' Rule 23 and Rule 56 motions will be heard. *See Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) ("[T]he order of disposition of motions for summary judgment and class certification [is] a question of discretion for the trial court."); Fed. R. Civ. P. 23(c), advisory committee notes to 2003 amendment (Rule 23's requirement that class certification be decided "at an early practicable time" permits district courts to address a defendant's motion for "summary judgment as to the individual plaintiffs" before considering class certification).

\*   \*   \*

Capital One respectfully seeks leave to file a targeted motion under Rule 12(h)(3), separate from its forthcoming motion for summary judgment, styled as a Motion Suggesting Lack of Jurisdiction, supported by a memorandum of no more than 30 pages in length and otherwise complying with this Court's local rules.

Dated: May 18, 2021    Respectfully submitted,

/s/
David L. Balser (*pro hac vice*)

S. Stewart Haskins II (*pro hac vice*)
Susan M. Clare (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
timothy.st.george@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One Defendants*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/_____
David L. Balser
*Counsel for Capital One*
