IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) | |
| DATA SECURITY BREACH LITIGATION ) | MDL No. 1:19md2915 (AJT/JFA) |
| ) | |

**This Document Relates to ALL Cases**

### CAPITAL ONE'S NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO FILE CERTAIN EXHIBITS AND INFORMATION UNDER SEAL

Defendants, Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One"), by counsel and pursuant to Local Civil Rule 5 of Local Rules for the United States District Court for the Eastern District of Virginia, state as follows in support of their Motion to File Under Seal ("Motion to Seal") filed in conjunction with Capital One's Supplemental Brief Regarding Plaintiffs' Standing to Assert Breach of Contract and Unjust Enrichment Claims ("Memorandum") [Dkt. No. 1780]. Capital One moves to seal certain exhibits attached to the Memorandum, as well as redacted excerpts in the Memorandum which cite and incorporate information from the identified exhibits and other parts of the record that have been sealed. All of the sealed exhibits were produced in discovery and designated as either "Confidential" or "Confidential – Outside Counsel Only" pursuant to the Amended Stipulated Protective Order ("Protective Order"). (Dkt. No. 368.)

Capital One filed with the Clerk of the Court its redacted Memorandum and three (3) sealed supporting exhibits. (Dkt. No. 1780-2, 1780-3, and 1780-4). Complete and unredacted (or partially redacted pursuant to Fed. R. Civ. P. 5.2) versions these documents have been lodged with the Court as sealed filings. Capital One has also filed a notice of filing under seal as required by Local Civil Rule 5. Capital One respectfully submits that the unredacted brief and

exhibits should remain sealed because unsealing them would disclose Capital One's confidential and proprietary business information, which would cause competitive injury to Capital One. A proposed order is attached hereto.

## I. The procedural requirements for sealing have been met.

Under the local rules of this Court, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Loc. Civ. R. 5(C). Thereafter, the Court will determine whether the sealing or redactions are proper.

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984). The Fourth Circuit has established steps that a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In *Ashcraft,* the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that parties must: (1) provide notice to the public and gives the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Id*. All of these prerequisites are satisfied here. (*See* Dkt. Nos. 409, 410, and 414.)

*First*, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight*, 743 F.2d at 235. The Court does not need to provide notice to the public of each document to be sealed where such individual notice would be "impractical" and "unwarranted," as is the case here. *Id.* It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5, Capital One's sealing motion was publicly docketed, with a notice filed stating that any party or nonparty could object.

*Second*, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Capital One has used limited sealing measures—including redacting the brief and exhibit, rather than entirely sealing both documents—which the Court should find is proper. Given the nature of the information, as explained below, sealing the exhibit and brief are the only means by which to protect Capital One's information and documents.

*Third*, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or common law. Based on the arguments that follow in Sections II and III, the Court should find that only a common law right of access attaches and that Capital One has made a showing to overcome the common law right of access. This confidential and proprietary information has not been made public to date. Indeed, the general public would have little interest in the information because it was generated by, and relates to, the internal activities of private entities and individuals. *See, e.g., Crum & Crum Enters. v. NDC of Cal.,* No. 09-145 (RBK), 2011 U.S. Dist. LEXIS 24690, at *12 (D. Del. Mar. 11, 2011) (finding no persuasive public interest in the information, as "the case involves litigation between a private company and a private citizen.").

II.   **Only a common law right of access attaches to the sealed materials, which have been filed by Capital One in connection with a pretrial motion.**

It is well-settled that there is a public right of access to "judicial records." *See Nixon v. Warner Comm., Inc*., 435 U.S. 589, 597 (1978). The public right of access may be based on the common law or the First Amendment. The common law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents"—such as exhibits filed in connection with plea hearings and sentencing hearings in criminal cases, and trial proceedings in civil cases. *Stone v. Univ. of Maryland Med. Sys. Corp*., 855 F.2d 178, 180-81 (4th Cir. 1988). When, as here, confidential

materials are filed with the court to permit determination of a pretrial motion, however, only a common law right of access attaches to those filings. *E.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10-13 (1st Cir. 1986).

The protection of confidential and proprietary business information from disclosure is appropriate and permissible in federal court. *See, e.g., Nixon*, 435 U.S. at 598; *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-90 & n.42 (E.D. Pa. 1981). This information often includes documents that contain proprietary terms. *See Elec. Arts, Inc. v. United States District Court (In re Elec. Arts, Inc.)*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (sealing portions of plaintiff's licensing agreement that contained "pricing terms, royalty rates, and guaranteed minimum payment terms" as trade secrets that "might harm a litigant's competitive standing); *Model Drug, Inc. v. Amerisourcebergen Drug Corp.*, 2013 U.S. Dist. LEXIS 169496, at *4-5 (E.D. Cal. Nov. 26, 2013) (sealing "Vendor Agreements between Plaintiff and Defendant [which] contain[ed] trade secrets, including confidential pricing information and other terms that [were] not publicly or commercially available" since "disclosure of [such] proprietary information could cause a party competitive injury").

Thus, sealing judicial records to protect constitutionally protected trade secrets and competitively sensitive business information is appropriate to prevent court files from becoming "sources of business information that might harm a litigant's competitive standing." *See Nixon*, 435 U.S. at 598; *accord In re Knight*, 743 F.2d at 235 (sealing court records is permissible to prevent others from "gaining a business advantage" from materials filed with court); *see Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (noting need to seal documents to protect the parties' confidential proprietary business and competitive interests).

**III.     Confidential business information and sensitive personal information may be shielded from public access.**

Federal courts classify "trade secrets" and "confidential business information" as species of "property," which are protected by the Fifth Amendment of the United States Constitution. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003-04 (1984) (trade secrets are property protected by the Fifth Amendment); *Carpenter v. United States*, 484 U.S. 19, 26 (1987) (confidential business information). Under federal law, a "trade secret" may be any information, used for a business purpose, which gives the user an advantage over competitors who do not know it; therefore, the touchstone of a "trade secret" is secrecy, not novelty in the patent sense. *See Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 474-78 (1974). Similarly, "confidential business information" need not be either a "trade secret" or a patentable invention; rather, it may simply be information, maintained in confidence, that has been "acquired or compiled by a corporation in the course and conduct of its business … to which the corporation has the exclusive right and benefit." *See Carpenter*, 484 U.S. at 26. "Confidential business information" and "trade secrets" may be protected by the equitable authority of the courts, such as "through the injunctive process or other appropriate remedy." *Id.* Accordingly, the federal courts broadly define "confidential business information" and "trade secrets," and use broad, equitable powers to protect a party from competitively injurious disclosures of that information.

State law and common law principles also broadly protect confidential business information and trade secrets. Under the Uniform Trade Secrets Act, a "trade secret" is defined as any "information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process" that has "independent economic value, actual or potential, from not being generally known," and which is subject to "reasonable" efforts to maintain confidentiality. *See, e.g.*, Va. Code § 59.1-336 (2014 Repl. Vol.). Similarly, under long-standing common law principles, a "trade secret may consist of any formula, pattern, device or

5

compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it," such as "a list of customers." RESTATEMENT OF TORTS § 757, cmt. b (1939) (emphasis added). Under these universally recognized principles of law, customer names, client identities, price and cost information, business terms, and a wide variety of other forms and species of business information have been protected as "confidential business information."

As detailed below, the Memorandum includes confidential business information of Capital One under federal law, as well as state statutory and common law principles. The exhibits also contain personal information of Plaintiffs that should be protected from public disclosure.

### A.   Application of law to the sealed exhibits and redacted memorandum.

Capital One seeks to seal three exhibits that are attached its Memorandum and seeks to redact limited passages of its Memorandum. The reasons supporting the sealing of each document are provided below.

*Exhibit B* – Exhibit B is an excerpt from Plaintiff Brandi Edmondson's Initial Responses and Objections to Capital One Defendants' First Set of Interrogatories. The document was designated by Plaintiffs as "Confidential – Outside Attorneys Only" pursuant to the Protective Order. The exhibit contains personal information about Plaintiff Brandi Edmondson, financial information about Edmondson, and the technology she uses to access, among other things, financial accounts. Plaintiff Edmondson's discovery responses have been previously sealed by the Court. (*See* Dkt. No. 1481).

*Exhibit C* – Exhibit C is a document containing application information for Plaintiff Brandon Hausauer. The document contains personal and financial information for Plaintiff Hausauer.

***Exhibit D*** – Exhibit D is a copy of a credit card statement for an account belonging to Plaintiff Brandi Edmondson. The document was produced in discovery as designated as "Confidential" pursuant to the Protective Order. The document contains financial information of Plaintiff Edmondson. The Court has previously allowed for the sealing of credit card statements. (*See* Dkt. No. 1751).

The sealing of Exhibits B, C, and C is the only way to protect confidential, personal or personal financial information concerning Plaintiffs from public disclosure.

***Redacted Memorandum***: Capital One respectfully requests that certain passages on pages 6-7, 10-11, and 13-14 should be sealed. These passages refer to confidential information about Capital One located in other parts of the record. *E.g.*, Gary Olsen's amended expert report [*see* Dkt. No. 1932-1], Supplemental Declaration of Kathy Kauffman [Dkt. No. 1432-8], and the Declaration of Kevin Kupiec [Dkt No. 1440-23]. The identified, redacted passages of the Memorandum contain sensitive, corporate information about Capital One, the public disclosure of which could be harmful to Capital One's business interests, including the technology it uses in its business operations. *See East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information," including "sensitive financial data ... the disclosure of which would be highly likely to cause significant harm to the business competitive position of both parties"). Indeed, the Court has previously sealed the documents that Capital One references in these passages. (*See* Dkt. No. 1169 (permitting the sealing of the Supplemental Declaration of Kathy Kauffman); Dkt. No. 1486 (permitting the Olsen Amended Expert Report to be sealed), Dkt. No. 1487 (permitting the Kupiec Declaration to be sealed). Filing an un-redacted version of

the Memorandum would be as competitively injurious to Capital One as would be unsealing the confidential and sealed documents that are referenced therein.

## CONCLUSION

Accordingly, protecting Capital One's confidential, competitively sensitive business information and trade secrets justifies sealing these materials that were filed in connection with a discovery motion. Capital One's Motion to Seal should be granted consistent with the proposed order attached hereto as Exhibit 1, and the identified materials should remain redacted or sealed.

Respectfully submitted this 30th day of July, 2021.

/s/ S. Mohsin Reza
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
timothy.st.george@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com

*Counsel for Capital One*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 2, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

              /s/ S. Mohsin Reza
              S. Mohsin Reza
              *Counsel for Capital One*