# Exhibit C

# FILED WITH REDACTIONS

# Plaintiffs' Opposition To Amazon's Motion To Exclude Expert Gary Olsen

Doc. No. 1540



## Olsen's Qualifications

- Degree in Accounting and Master of Accountancy, Brigham Young University

- Certified Public Accountant licensed in California, with the specialty designation Accredited in Business Valuation

- Certified Patent Valuation Analyst

- Senior Managing Director at B. Riley Advisory Services (formerly GlassRatner)

- Spent 13 years at Cornerstone Research, the same firm supporting Capital One's expert, Dr. Hitt.

2

## Olsen's Qualifications

- Consulted on matters related to valuation and damages for more than 20 years

- Has been retained and testified as to opinions on damages and valuation, including in data breach cases, intellectual property valuation, and other disputes in a variety of industries

- Has not had opinions excluded by any court

- Undisputed that Olsen is qualified here

3

## Amazon's Motion To Exclude

Doc. Nos. 1427, 1428

- Amazon states that it "joins" in Capital One's motion to exclude.

- Only argument relates to Olsen's calculation of Amazon's alleged unjust benefit.

- But Olsen's opinion is relevant because it will assist the trier of fact in determining the amount of disgorgement from Amazon to the class.

- And Olsen's opinion is well grounded because he reliably applies accepted accounting and valuation principles to the facts of this case.

4

## Amazon's Relevance Argument Is A Merits Issue, And Incorrect In Any Event

- Amazon claims benefits must be gained <u>directly</u> from a Plaintiffs, and not through payments from Capital One.

- Order on Motion to Dismiss, Doc. 879 at 45: "Plaintiffs' purchase of Capital One's credit card services conferred a benefit on . . . Amazon, by way of the . . . fees Capital One paid to Amazon for its use of AWS' servers."

- Elements are "receipt of a benefit and the unjust enrichment of the benefit at the expense of another." Doc. 879 at 43.

- Direct conferral of benefit not required under Virginia law. *See, e.g., Fed. Ins. Co. v. Smith*, 144 F. Supp. 2d 507, 523 (E.D. Va. 2001), *aff'd*, 63 F. App'x 630 (4th Cir. 2003).

- Merits issue raised on summary judgment.

## Factual Assumption That Capital One Is A Rational Economic Actor

- If Capital One had known Breach would occur, it would have contracted with a competing cloud computing provider, and AWS would have no profits from relationship with Capital One.

- This is an underlying factual assumption to Olsen's analysis, and the facts underpinning an expert's analysis need not be admissible. *See* Fed. R. Civ. P. 703.

- Factual basis of opinion goes to credibility, not admissibility. *See, e.g.*, *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 195 (4th Cir. 2017).

# Factual Assumption That Capital One Is A Rational Economic Actor

- Assumption that a party is a rational economic actor is often utilized by courts and experts.

  - *See King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 2015 WL 5783603, at *7 (E.D. Pa. Oct. 5, 2015) (discussing expert's assumptions about what a "rational economic actor" would do and concluding that any contrary evidence in the record "would provide grounds for cross-examination," not exclusion of opinion)

## Factual Assumption That Capital One Is A Rational Economic Actor

- Amazon's rebuttal expert makes the same type of factual assumption, that Capital One would still have entered into its relationship with Capital One knowing of the impending breach, because Capital One is still a customer and AWS's revenue has increased since the Breach.

  - Report of W. Christopher Bakewell, ¶ 64 (Ex. 2 to Pltfs' Opp.)

- What Capital One did after it already had massive sunk costs in the Amazon relationship is not evidence of what it would have done had it known the data breach would occur, and in any event is a matter for the trier of fact.

10

## Factual Assumption That Capital One Is A Rational Economic Actor

- Regardless of this "all or nothing" proposition, Capital One failed to produce requested information making apportionment to the account and data at issue impracticable.

11

## Amazon's Critique Of Olsen's Calculation Is Wrong, And Goes To Weight And Credibility

- Amazon claims that Olsen's calculation is overbroad and should be apportioned to specific "buckets" or "accounts" associated with the Breach.

- But Plaintiffs requested more granular revenue information, and Amazon repeatedly represented that such detailed revenue information could not be provided.

**Amazon Attempts To Rely On Evidence Excluded Due to Its Own Discovery Conduct**

## Timeline of Relevant Discovery

- January 31, 2020: Interrogatory No. 17 seeks information regarding the financial benefits Amazon received from Capital One.

- May 22, 2020: After objecting, Amazon argues at hearing on motion to compel that only money from the "Card Production" account at issue is relevant. After the Court ordered production, Amazon provided only the total revenue it received from Capital One for each year from 2015 to 2019.

Doc. 1214, Memo. in Support of Plaintiffs' motion to exclude, pp. 1-5

13

## Amazon Attempts To Rely On Evidence Excluded Due to Its Own Discovery Conduct

- October 8, 2020: After the Court denies motion to dismiss as to this claim, Plaintiffs serve document requests for more specific financial information, including No. 51 for "Documents reflecting revenue and profit generated from [Amazon's] storage of consumer data for Capital One."

- November 20, 2020: At the close of discovery, the only relevant financial information produced was the total revenues received from Capital One, broken down at most by AWS service, accompanied by repeated representations that more specific information could not be produced because it did not exist.

Doc. 1214, Memo. in Support of Plaintiffs' motion to exclude, pp. 1-5

# Amazon Attempts To Rely On Evidence Excluded Due to Its Own Discovery Conduct

- Evening of February 23, 2021: Three months after the close of discovery, Amazon sends Plaintiffs' counsel a letter stating it is producing a spreadsheet that "provides revenue figures for the Capital One card production account from 2015-2020."

- March 1, 2021: Three business days later, Plaintiffs serve expert disclosures, including Olsen's report.

Doc. 1214, Memo. in Support of Plaintiffs' motion to exclude, pp. 1-5

15

# Amazon Attempts To Rely On Evidence Excluded Due to Its Own Discovery Conduct

```
14          THE COURT:  Mr. Newby, you produced this document
15   months after the end of fact discovery.  They have no ability
16   to take any deposition or to inquire about how those numbers
17   were derived.  Your expert isn't going to be able to testify as
18   to that.  Your expert was spoon-fed that information.
19          So the idea that you can just spoon-feed your expert
20   a document that they then rely on that the plaintiffs don't
21   have the ability to go back and see how it was prepared, who
22   prepared it, you know, I don't understand why you don't think
23   that would cause some harm to the plaintiffs to not be able to
24   find out how and when these months of investigations and work
25   that you say started in November didn't come to fruition in
```

- Court excluded this information and ruled it not subject to expert discovery. March 5, 2021 Hearing Transcript, p. 18.

16

## Amazon Attempts To Rely On Evidence Excluded Due to Its Own Discovery Conduct

- Amazon <u>did not appeal</u> Judge Anderson's March 5, 2021 ruling (Doc. 1223).

- Amazon cannot now criticize Olsen for using entire profits from Capital One account—that was the best available evidence

- Olsen's calculation is thus reliable and a reasonable calculation of Amazon's unjust enrichment.

17

## Olsen Properly Applied AWS's Overall Operating Margin

- Amazon complains that Olsen applied an operating margin relating to all customers, not just Capital One.

- Yet another example of Amazon's approach to discovery in this case.

- Amazon did not produce any cost information associated with the revenues earned from Capital One and said it did not exist.

## Olsen Properly Applied AWS's Overall Operating Margin

- Olsen simply relied on Amazon's testimony that it does not *track or account for* costs, direct costs, indirect costs, apportioned costs, gross profit, overhead expenses, or net income (or loss) for Capital One or any particular customer.

- No evidence Capital One has a different operating margin than other accounts at AWS.

- And Bakewell did not present any alternative calculation of the operating margin for the AWS account.

30(b)(6) Dep. of Brian Bentzen for AWS 23-24; Olsen Dep. 240:16-241:3; Olsen Rebuttal Report ¶ 43.

# Amazon's Critique Of Olsen's Calculation Is Wrong, And Goes To Weight And Credibility

- Bakewell's "adjustments" assume without support that:

  1. Only Amazon's S3 and EC2 services should be included in the calculation;

  2. All AWS accounts have equal value;

  3. All AWS S3 buckets have equal value; and

  4. All AWS terabytes of data have equal value.

Ex. 2 to Plaintiffs' Opposition, Bakewell Report pp. 19-24;
Olsen Rebuttal Report ¶ 44.

# Amazon's Critique Of Olsen's Calculation Is Wrong, And Goes To Weight And Credibility

- Capital One uses dozens of Amazon's "services" in the AWS cloud.

- Amazon and its expert, Mr. Bakewell, claim that only two services are relevant to the Breach: "S3" and "EC2".

- But Capital One's use of the AWS cloud requires numerous integrated services. *See, e.g.*, Olsen Rebuttal Report ¶ 45 n.31 (citing AWS_CAP00065638, which details full revenue for all services across all accounts).

## Amazon's Critique Of Olsen's Calculation Is Wrong, And Goes To Weight And Credibility

- Bakewell did not consider other services that are clearly related to the "Card Production account" and the data stolen in the Breach.

- Bakewell's other "adjustments" completely lack any evidentiary support.

- This "battle of the experts" goes to weight and credibility at trial.

- Olsen's calculation is a reliable calculation of Amazon's unjust enrichment.