IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER )<br>DATA SECURITY BREACH LITIGATION )<br>_____ ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to Consumer Cases

**CAPITAL ONE'S NON-CONFIDENTIAL**
**OMNIBUS REPLY IN SUPPORT OF MOTIONS TO FILE UNDER SEAL**

Defendants Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One"), by counsel and pursuant to Local Civil Rules 5 and 7 of the Local Rules for the United States District Court for the Eastern District of Virginia and the Second Amended Standing Order entered in *In re: Procedures for the Filing Service, and Management of Highly Sensitive Documents*, submit this Omnibus Reply in Support of its Motions to File Under Seal ("Motions") [Dkt. Nos. 1782, 1786, 1829, and 1833].[1] Plaintiffs filed Responses partly in Opposition to the Motions [Dkt. Nos. 1848, 1849, 1853, and 1854], seeking to unseal redacted passages in the pleadings and exhibits to the pleadings that reference, summarize, and include information designated by Capital One as either "Confidential" or "Confidential-Outside Counsel Only" pursuant to the Amended Stipulated Protective Order.  (*See* Dkt. No. 368.)

The vast majority of the information contained in the redacted passages and exhibits has

---

[1] These Motions were filed in conjunction with the following pleadings: Dkt. No. 1782 concerns the PowerPoint presentations presented to the Court at the July 12 and 13, 2021 motions hearings [Dkt. Nos. 1745, 1747]; Dkt. No. 1786 concerns Capital One's Supplemental Brief Regarding Plaintiffs' Standing to Assert Breach of Contract and Unjust Enrichment Claims [Dkt. No. 1780]; Dkt. No. 1829 concerns Capital One's Memorandum in Opposition Plaintiffs' Motion for Partial Summary Judgment for Breach of Contract [Dkt. No. 1808]; and Dkt. No. 1833 concerns Capital One Defendants' Memorandum of Law in Support of Their Motion *in Limine* to Exclude from Evidence in Connection with Summary Judgment Documents Issued by the Office of the Comptroller of the Currency [Dkt. No. 1817].

already been sealed by the Court on a number of occasions, as explained in more detail below. Plaintiffs' new position, that this material should now be unsealed, is unfounded. Unsealing the redacted passages and exhibits identified below would, as the Court previously found, disclose Capital One's confidential and proprietary business information, which would cause competitive injury to Capital One and create unnecessary vulnerabilities within its cybersecurity network. The Court should thus order that the material remain sealed.

I.  **Plaintiffs' Response to Motion to File Under Seal: Capital One's Motion to File Under Seal the PowerPoint Presentations Presented at the July 12 and 13, 2021 Hearing ("Response to Motion to Seal Presentations") [Dkt. No. 1848]**

Plaintiffs' Response to Capital One's Motion to Seal the Presentations relates to the PowerPoint presentations presented to the Court at the July 12 and 13, 2021 motions hearings [Dkt. Nos. 1745, 1747]. Plaintiffs seek to unseal a number of slides with confidential information pertaining to Capital One's business operations and cybersecurity network.[2] Plaintiffs' primary argument for unsealing certain redacted slides is that the "slides were shown and discussed in open court proceedings on July 12 and 13, 2021, and any claim that they should be sealed has been waived." (Dkt. No. 1848 at 7; *see also* Dkt. No. 1848 at 8, 9, 10.) Plaintiffs are wrong. Capital One did not waive its right to request that the Presentations be filed under seal simply because the Presentations were shown in a court proceeding. Although the parties have not yet received the transcript from the motions hearing, Capital One objected throughout the proceeding and did not waive any objections; indeed, the Parties' discussions with the Court expressly contemplated that

---

[2] Specifically, Plaintiffs challenge the following: slides 7, 8, 13-15, & 23 of Capital One's Presentation titled *Hearing on Rule 72(a) Objection: Capital One Data Breach MDL*; slides 41-48, 64 & 65 of Capital One's Presentation titled *Capital One's Standing Argument*; slides 35, 40, 41, 43, 63, 66, & 69 of Capital One's Presentation titled *Capital One's Motion to Exclude the Report and Testimony of Kevin Mitnick*; and slides 17-19, 27, & 35 of Capital One's Presentation titled *Capital One's Motion to Exclude the Report and Testimony of Gary Olsen*. (Dkt. No. 1782.)

portions of the submitted presentations would be sealed following the hearing.[3]  Moreover, the Court has previously allowed for the sealing of a transcript associated with an open court proceeding.  (*See* Order, Dkt. No. 1750.)

Plaintiffs also argue that portions of their own experts' reports should be unsealed, despite Plaintiffs' prior motions requesting that these expert reports remain under seal *in their entirety*.  First, Plaintiffs argue that a slide containing the expert opinion of Kevin Mitnick should be unsealed: "Slide 63 [of Capital One's Presentation on Motion to Exclude the Report and Testimony of Kevin Mitnick] is deposition testimony from Kevin Mitnick, summarizing his opinions in the litigation, which is summarized in other public briefing and was discussed at length at the public hearing." (Dkt. No. 1848 at 9.)  This position is directly contradictory to Plaintiffs' position in prior sealing motions.  Plaintiffs have specifically requested that the Court maintain the expert report and deposition testimony of Mr. Mitnick under seal.  (*See*, *e.g.*, Dkt. Nos. 1547, 1497, 1802.)

Likewise, Plaintiffs argue that the slides containing the expert opinion of another one of their experts, Gary Olsen, be unsealed: "Capital One notes that Plaintiffs' expert Gary Olsen has sensitive information contained within his expert report and deposition testimony.  Plaintiffs agree but note that none of the slides . . . reference or quote this testimony or report in any way that implicates sensitive financial information for Plaintiffs or Capital One." (Dkt. No. 1848 at 10.)  Plaintiffs' new position, which seeks to unseal portions of Mr. Olsen's expert report, is in direct contradiction to the position Plaintiffs have taken in prior sealing motions in which they requested

---

[3] Despite ordering the July 12 and 13, 2021 hearing transcript immediately after the hearing, the transcript is still not yet available.  To the extent the Court is concerned that Capital One waived any objections to disclosure of the information contained in the Presentations, Capital One respectfully requests that the Court defer ruling on Capital One's Motion to File Under Seal [Dkt. No. 1782] and Plaintiffs' Response to Motion to Seal Presentations [Dkt. No. 1848] until the parties receive the transcript and can identify for the Court preserved objections to the S slides at issue.  Judge Trenga's court reporter, Rhonda Montgomery, has informed Capital One that she expects to distribute copies of the transcript on Tuesday, August 17, 2021.

that the Court seal Mr. Olsen's expert report and deposition testimony in its entirety because they contain confidential information protected under both the common law and First Amendment standards. (*See, e.g.*, Dkt. No. 1553.)

The Court has allowed the parties to file Mr. Mitnick's and Mr. Olsen's expert reports and deposition testimony under seal on prior occasions. (Orders, Dkt. Nos. 1288, 1480, & 1483.) Both the expert reports and deposition testimony contain confidential information of Capital One pertaining to its proprietary cybersecurity system, as well as sensitive, technical details regarding the Cyber Incident and actions of the criminal hacker, Paige Thompson. In drafting their reports, Mr. Mitnick and Mr. Olsen reviewed, analyzed, summarized, and discussed high-level corporate information regarding Capital One's business practices and confidential details regarding the personal information of the Plaintiffs that was allegedly exfiltrated in the Cyber Incident. These documents are not only referenced, summarized, and quoted in their expert reports, but they are also discussed in detail throughout their deposition transcripts. The slides at issue specifically state, summarize, and refer to information taken from the confidential, previously-sealed expert disclosures and deposition transcripts. Accordingly, Capital One requests that the Court seal the requested slides identified in its Motion to File Under Seal [Dkt. No. 1782].

II.     **Plaintiffs' Response to Motion to File Under Seal: Capital One's Supplemental Brief Regarding Plaintiffs' Standing to Assert Breach of Contract and Unjust Enrichment Claims ("Response to the Motion to Seal Supplemental Brief") [Dkt. No. 1849]**

The Response to the Motion to Seal Supplemental Brief pertains to Capital One's Supplemental Brief Regarding Plaintiffs' Standing to Assert Breach of Contract and Unjust Enrichment Claims ("Supplemental Brief") [Dkt. No. 1780]. Plaintiffs seek to remove redactions to the Supplemental Brief on the grounds that the request to seal the Supplemental Brief does not

satisfy the First Amendment standard. (*See* Dkt. No. 1849 at 4.) Capital One has met its burden under the First Amendment standard and the common law standard.

As Capital One noted in its opening brief, the public's right of access to judicial proceedings stems from two sources: the common law and the First Amendment. *See Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988). The common law right of access applies when confidential materials are filed with the court to permit determination of a non-dispositive motion. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988); *see, e.g.*, *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10-13 (1st Cir. 1986). When confidential materials are filed with the court to permit determination of a non-dispositive motion, only a common law right of access attaches to those filings. *E.g.*, *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10-13 (1st Cir. 1986).

On the other hand, the First Amendment standard applies "only to particular judicial records and documents," which include trial proceedings and dispositive motions in civil cases. *Stone*, 855 F.2d at 180-81. These include circumstances where "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009). "One exception to the public's right of access is where such access to judicial records could provide a 'source[] of business information that might harm a litigant's competitive standing.'" *ATI Industrial Automation, Inc. v. Applied Robotics, Inc.*, 801 F.Supp.2d 419, 428 (M.D.N.C. 2011) (sealing documents and deposition transcripts that contained trade secrets, which included confidential personal identifying information of customers, pricing, and other corporate information regarding bids for goods).

Under both the common law standard and the First Amendment standard, the protection of confidential and proprietary business information from disclosure is appropriate and permissible in federal court. *See, e.g.*, *Nixon*, 435 U.S. at 598; *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-90 & n.42 (E.D. Pa. 1981). To the extent that the First Amendment standard applies to the request to seal passages of the Supplemental Brief, Capital One has met its burden. Removing the redactions would disclose sensitive, corporate information, the disclosure of which would be harmful to Capital One's business interests, including with respect to the technology it uses in its business operations and in its cybersecurity network. Specifically, the redactions refer to the Supplemental Declaration of Kathy Kauffman and the Declaration of Kevin Kupiec, which both contain sensitive corporate information regarding various business practices, policies, and procedures, involving not only the Cyber Incident but also daily company operations. Likewise, Mr. Olsen's expert report includes detailed analysis, references, and summaries of Capital One's confidential and proprietary operating systems, internal network, software development, and other cyber related tools; therefore, sealing is warranted. *See East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information"). In these circumstances, Capital One's private interests override the First Amendment presumption of public access. *See Level 3 Commc'ns, LLC*, 611 F. Supp. 2d at 580. Capital One has met its burden under the First Amendment standard and requests that the Court grant its Motion to File Under Seal [Dkt. No. 1786].

Moreover, Plaintiffs' argument that the First Amendment standard applies to the Supplemental Brief is in direct contradiction to the position Plaintiffs' have previously taken

concerning the motion, responses, and supplemental briefing relating back to the initial standing motion filed by Capital One in this case, Capital One's Motion Suggesting Lack of Jurisdiction [Dkt. No. 1385]. Capital One filed a Motion to File Under Seal and supporting memorandum [Dkt. Nos. 1413, 1414] in conjunction with is Memorandum in Support of Capital One's Motion Suggesting Lack of Jurisdiction [Dkt. No. 1386], in which it argued that the common law standard applied to the sealing requests [Dkt. No. 1414 at 3-4]. Plaintiffs filed a Response in Support of Motion to File Certain Exhibits Under Seal: Capital One's Motion Suggesting Lack of Jurisdiction [Dkt. No. 1468], in which it agreed with Capital One that the common law standard applied [Dkt. No. 1468 at 4-5]. The Court entered an Order granting in part the Motion to File Under Seal [Dkt. No. 1413] and Plaintiffs' response [Dkt. No. 1468], in which it agreed to seal the redactions in the brief and 28 out of the 30 accompanying exhibits. (Order, Dkt. No. 1483.)

Later, Plaintiffs filed a Memorandum in Opposition to Capital One's Motion Suggesting Lack of Jurisdiction [Dkt. No. 1501], for which they also filed a Motion to File Under Seal and supporting memorandum [Dkt. Nos. 1497, 1498]. In the supporting memorandum, Plaintiffs identify both standards but do not state which standard applies to their sealing request. (*See* Dkt. No. 1498.) Capital One filed a Non-Confidential Response in Support of Motion to File Under Seal [Dkt. No. 1523], arguing that the common law standard applied to Plaintiffs' Motion to File Under Seal [Dkt. No. 1497]. The Court entered an Order granting Plaintiffs' Motion to File Under Seal [Dkt. No. 1497]. (Order, Dkt. No. 1573.)

Finally, Capital One filed its Reply Memorandum in Support of Capital One's Motion Suggesting Lack of Jurisdiction [Dkt. No. 1512] and argued that the common law standard applied in its Non-Confidential Memorandum in Support of Motion to File Under Seal and supporting memorandum [Dkt. Nos. 1514, 1515 at 3-5]. Plaintiffs filed a Response in Support of Motion to

File Certain Exhibits Under Seal: Capital One's Reply Memorandum in Support of Motion Suggesting Lack of Jurisdiction [Dkt. No. 1575], in which they agreed that the common law standard applied to the sealing requests [Dkt. No. 1575 at 4-5]. The Court granted Capital One's Motion to File Under Seal [Dkt. No. 1514]. (Order, Dkt. No. 1576.)

Despite this extensive sealing practice relying on the common law standard, Plaintiffs now ask the Court to apply the First Amendment standard instead of the common law standard. Plaintiffs argue that redactions to the Supplemental Brief should be removed because "these redactions are not made in conjunction with a discovery motion but rather a motion to dispose of Plaintiffs' claims for lack of standing . . . [as] Capital One's claim to seal is subject to the higher First Amendment standard[.]" The history of the sealing motions relating back to the initial standing motion, Capital One's Motion Suggesting Lack of Jurisdiction [Dkt. No. 1385], establishes that the common law standard applies, and on multiple occasions, Plaintiffs agreed that the common law standard applies.

As Capital One argued in its Non-Confidential Memorandum in Support of Motion to File Certain Exhibits and Information Under Seal [Dkt. No. 1787], the redacted "passages refer to confidential information about Capital One located in other parts of the record." (Dkt. No. 1787 at 7.) The redacted passages pertain to Gary Olsen's amended expert report, which has been sealed under the common law standard before [*see* Dkt. No. 1932-1], Supplemental Declaration of Kathy Kauffman, which was previously sealed under the common law standard [Dkt. No. 1432-8], and the Declaration of Kevin Kupiec, which also has been sealed under the common law standard on prior occasions [Dkt. No. 1440-23]. The identified, redacted passages of the Memorandum contain sensitive, corporate information about Capital One, the public disclosure of which could be harmful to Capital One's business interests, including the technology it uses in its business operations. *See*

8

*Nazar v. Harbor Freight Tools U.S.*, No. 2:18-cv-00348-SMJ, 2020 U.S. Dist. LEXIS 150196, at *2 n.1 (E.D. Wash. June 8, 2020).

**III.  Plaintiffs' Response in Opposition to Motion to File Under Seal: Capital One's Opposition to Plaintiffs' Motion for Partial Summary Judgment for Breach of Contract ("Response to Motion to Seal Plaintiffs' Summary Judgment Motion") [Dkt. No. 1853].**

Plaintiffs' Response to Motion to Seal Plaintiffs' Summary Judgment Motion relates to Capital One's Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment for Breach of Contract (the "Opposition") [Dkt. No. 1808]. Plaintiffs argue that Exhibits A-BB of the Opposition should not be sealed and all but two of Capital One's redactions should be removed because Capital One has not met its sealing burden under the First Amendment standard. (Dkt. No. 1853 at 2). For each of these exhibits, Plaintiffs offer only the same two arguments.

First, Plaintiffs argue that the exhibits should be unsealed because "Capital One does not explain how disclosure of this information could harm its competitive business standing" or result in vulnerabilities to its cybersecurity system. (Dkt. No. 1853 at 6; *see also* Dkt. No. 1853 at 7-19). This argument fails because Capital One complied with Local Rule 5 and its obligations under applicable Fourth Circuit law. Local Civil Rule 5(C)(1) requires only "a non-confidential description of what material has been filed under seal." Capital One provided a non-confidential description for each exhibit it seeks to seal that identifies the exhibit, non-confidentially summarizes its content, identifies any other confidential material it may relate to, and provides the citation to any orders that have allowed the exhibit to be placed under seal. Local Civil Rule 5(C)(2) requires a "statement why sealing is necessary, and why another procedure will not suffice, as well as an appropriate evidentiary support for the sealing request." Plaintiffs argue that Capital One has not sufficiently explained why the disclosure of each exhibit will harm its business interest

9

or cyber security network. Plaintiffs are incorrect. For example, with respect to Exhibit E (the Expert Rebuttal Report of Capital One's expert Art Ehuan, which the Court has previously allowed to be sealed in full [Dkt. No. 1487]), "Plaintiffs are willing to concede that this expert report may contain proprietary information regarding Capital One's systems that is worthy of protection . . . [but] Capital One does not detail what that information would be." (Dkt. No. 1853 at 9.) Thus, Plaintiffs agree that this expert report contains proprietary information regarding Capital One's cybersecurity network, which is evident from the plain terms of the document. An additional example is Exhibit S, which is an internal document titled "Capital One Financial Corporation Vulnerability Management Procedure." Plaintiffs argue that this document, although marked "Security Sensitive" should be unsealed because "Capital One does not explain what sensitive information is contained in this document[.]" (Dkt. No. 1853 at 14.) Capital One has already explained that this document summarizes and describes internal "strategies and programs that address vulnerabilities to its cyber network, including management of the vulnerabilities and prioritization of each vulnerability." (Dkt. No. 1830 at 9.) It is unclear what other precise details Plaintiffs are looking for. Additional detail in a non-confidential memorandum would tread into the realm of the very confidential information Capital One seeks to protect.

Second, Plaintiffs haphazardly argue that each of the exhibits should be unsealed because certain information has "been discussed on public forums for two years." (Dkt. No. 1853 at 7; *see also* Dkt. No. 1853 at 8-19). Plaintiffs very broadly apply this argument to each Exhibit without providing specific information regarding the alleged forum where such public discussion has allegedly occurred. Regardless, Plaintiffs' assertion is wrong. The Exhibits have not been disclosed publicly. For example, Exhibit K, which is an internal document titled Layers of Security Testing WhiteHat Cover Assessment, has not been disclosed publicly. Capital One explains that

10

this "document identifies the various levels and layers of security used by Capital one and it also summarizes vulnerabilities and misconfigurations at each level." (Dkt. No. 1830 at 8.) Such information has not been publicly disclosed and thus Plaintiffs' argument that it has been and therefore it should be unsealed fails. Another example is Exhibit J, which is an internal document titled Capital One Financial Corporation Information Security Standard. Plaintiffs argue that this too should be unsealed because it has been publicly disclosed on an unidentified public forum. In its sealing request, Capital One explained that this Exhibit "summarizes various information security procedures and protocols for safeguarding Capital One's cyber security systems and network." (Dkt. No. 1830 at 7-8.) And to be sure, Capital One's Information Security Standard is precisely the type of document that "might harm a litigant's competitive standing" or even subject it to security risks. *ATI*, 801 F.Supp.2d at 428. The Court should reject this blanket argument and allow Exhibits A-BB to be maintained under seal.

As to the redactions, Plaintiffs argue that the redacted Opposition should be unsealed as the Exhibits have now been unsealed. Plaintiffs offer no other substantive argument as to why the Opposition should be unsealed. As argued above and in its Motion to File Under Seal [Dkt. No. 1830], the Exhibits should be sealed as Capital One has met its burden under the First Amendment standard. The public disclosure of the Exhibits A-BB and the redactions would result in harm to Capital One's competitive standing as the internal documents contain sensitive corporate information regarding various business decisions, policies, and procedures, involving not only the Cyber Incident but also daily company operations, including with respect to cybersecurity. Moreover, the public disclosure of these Exhibits and the redactions to the Opposition would also create a risk to the security of Capital One's computer operating systems and cybersecurity network as these materials, particularly the expert reports, include detailed analysis, references,

11

and summaries of Capital One's confidential and proprietary operating systems, internal network, software development, and other cyber related tools. Sealing is therefore warranted. *See East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information").

IV. **Plaintiffs' Response in Opposition to Motion to File Under Seal: Capital One's Memorandum of Law in Support of Their Motion *in Limine* to Exclude from Evidence in Connection with Summary Judgment Documents Issued by the Office of the Comptroller of the Currency ("Response to Motion to Seal the Motion *in Limine*") [Dkt. No. 1854]**

The Response to Motion to Seal the Motion *in Limine* relates to Capital One's Memorandum of Law in Support of its Motion *in Limine* to Exclude from Evidence in Connection with Summary Judgment Documents Issued by the Office of the Comptroller of the Currency ("Memorandum of Law in Support of Motion *in Limine*") [Dkt. No. 1817]. Plaintiffs argue that the First Amendment standard applies to this sealing request. Regardless of whether the First Amendment or common law standard applies, Capital One submits that it has met its burden to seal. Plaintiffs argue that Capital one does not explain why sealing is warranted as to Exhibit A, which is the Request Letter dated July 29, 2019, from the Office of the Comptroller of the Currency ("OCC") to Rob Alexander, Capital One's Chief Information Officer. As argued in the Memorandum in Support of the Motion to File Under Seal, disclosure of this exhibit could harm its relationship with state and federal regulators as the exhibit pertains to demands made related to Capital One's network configurations and data management. Additionally, the Request Letter is a confidential communication regarding a confidential, regulatory examination of Capital One's cybersecurity and cloud computing operations. The Request Letter was disclosed to Plaintiffs only

through discovery.  It has not been publicly disclosed.  Thus, the Request Letter and references to it should remain under seal.

Plaintiffs next mistakenly assert that redactions in the Memorandum of Law in Support of Motion *in Limine* "relate only to the confidential information [contained] in Exhibit A," the Request Letter. Dkt. No. 1854 at 6.  That is erroneous.  The redactions in the Memorandum also pertain to the December 19, 2019 Supervisory Letter to Capital One ("Supervisory Letter") and the Declaration of John Finneran, which was previously redacted, filed under seal by Capital One, and included in a motion to seal filed by Capital One. (Dkt. No. 1808-04; *see also* Dkt No. 1835 at 7 ("The redacted pages of the Memorandum cite to and/or quote from . . . parts of pleadings that address the Supervisory Letter — Plaintiffs' Memorandum of Law in Support of their Motion for Partial Summary Judgment for Breach of Contract and Capital One's Opposition to Plaintiffs' Motion for Partial Summary Judgment for Breach of Contract.")). These documents contain sensitive corporate information, disclosure of which would compromise Capital One's business interest and disrupt its relationship with its state and federal regulators.  Moreover, when this Court granted Plaintiffs' motion to compel a portion of the Supervisory Letter, it ordered that the contents of the Supervisory Letter could only be used in accordance with the Protective Order.  May 25, 2021 Tr. at 62:21-22.  The Court has previously allowed this exhibit to be filed under seal. (Order, Dkt. No. 1372, 1739.) In these circumstances, Capital One's private interests override the First Amendment presumption of public access. *See Level 3 Commc'ns, LLC*, 611 F. Supp. 2d at 580.  Accordingly, the Court should also allow the limited redactions to the Memorandum of Law in Support of Their Motion *in Limine* to be maintained under seal as the summarize, reference, or describe this document—or the Request Letter discussed above.

## **CONCLUSION**

Accordingly, protecting Capital One's confidential, competitively sensitive business information and trade secrets justifies sealing these materials that were filed as required by the Court.

Respectfully submitted this 12th day of August, 2021.

/s/ S. Mohsin Reza
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
timothy.st.george@troutman.com
scott.kelly@troutman.com

                    Mary C. Zinsner (VSB No. 31397)
                    S. Mohsin Reza (VSB No. 75347)
                    **TROUTMAN PEPPER HAMILTON SANDERS LLP**
                    401 9th Street, NW, Suite 1000
                    Washington, DC 20004
                    Tel.: (202) 274-1932
                    Fax: (202) 274-2994
                    mary.zinsner@troutman.com
                    mohsin.reza@troutman.com

                    *Counsel for Capital One*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/ s /
S. Mohsin Reza
*Counsel for Capital One*

118485110v8