# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

IN RE: CAPITAL ONE CONSUMER   )
DATA SECURITY BREACH LITIGATION  )  MDL No. 1:19md2915 (AJT/JFA)

## AMAZON'S MEMORANDUM IN SUPPORT OF
## MOTION TO FILE UNDER SEAL

   Defendants, Amazon.com, Inc., and Amazon Web Services, Inc. (together, "Amazon"), by counsel and pursuant to Local Civil Rule 5 of Local Rules for the United States District Court for the Eastern District of Virginia, file this memorandum in support of Amazon's Motion to File Under Seal filed in conjunction with Amazon's Reply in Support of Amazon's Motion for Summary Judgment ("Memorandum").  Amazon moves to file under seal Exhibits A–F and the designated portions of the unredacted Memorandum.  These documents have been designated as "Confidential," "Confidential – Outside Counsel Only," or "Confidential – Outside Counsel Only – Security Sensitive" pursuant to the Amended Stipulated Protective Order (Dkt. 368), and pertain to Amazon and Capital One's sensitive, corporate information, the public disclosure of which would be harmful to their interests, as well as Plaintiffs' confidential personal information.

   Complete and unredacted versions of the Memorandum and Exhibits A–F have been lodged with the Court as sealed filings pursuant to Local Civil Rule 5.  Amazon has also filed a notice of filing under seal as required by Local Civil Rule 5.  Amazon respectfully submits that the designated portions of the unredacted Memorandum and Exhibits A–F to the Memorandum remain sealed because they contain Amazon's and Capital One's confidential and proprietary business information.

## I.   THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules of this Court, a party may file a motion to seal together with the proposed sealed filings. Local Civ. R. 5(C).  The Court will subsequently determine whether the sealing or redactions are proper.

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984).  Before documents within a case may be filed under seal in the Fourth Circuit, the parties must: (1) provide notice to the public and give the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).  All of these prerequisites are satisfied here.

*First*, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight*, 743 F.2d at 235.  The Court does not need to provide notice to the public of each document to be sealed where such individual notice would be "impractical" and "unwarranted," as is the case here. *Id.*  It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*  In accordance with Local Civil Rule 5, Amazon's sealing motion was publicly docketed, with a notice filed stating that any party or nonparty could object.

*Second*, the Court must consider less drastic alternatives such as redactions or limited sealing.  Here, Amazon has used less drastic sealing measures where possible, for Exhibits A–F, including redacting the confidential exhibits, rather than entirely sealing all of the exhibits and Memorandum – which the Court should find is proper.  Given the nature of the information,

sealing and/or redacting the exhibits and Memorandum is the only means by which to protect Amazon's, Capital One's, and the Plaintiffs' information.   The exhibits cover deposition testimony describing confidential and sensitive information such Amazon's security. No other procedure other than the filing under seal will be sufficient to preserve the confidentiality of the documents and the sensitive technical information discussed in A–F as well as the designated portions of the Memorandum that cite to or reference those Exhibits.  *See*, *e.g.*, *Walker Sys., Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999) (stating "[w]here . . . the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted") (citing *Bayer AG & Miles, Inc. v. Barr Labs, Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995); Fed. R. Civ. P. 26(c)).  Given the nature of the information, as explained below in Section II, sealing the exhibits and redacting the brief are the only means by which to guarantee protection of Amazon's information.

*Third*, the Court must make specific findings, supported by the record, that justify sealing based on either the First Amendment or common law.  It is well-settled that there is a public right of access to "judicial records."  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  The public right of access may be based on the common law or the First Amendment.  The common law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents" – such as exhibits filed in connection with plea hearings and sentencing hearings in criminal cases, and trial proceedings and dispositive motions in civil cases.  *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988).

Where the First Amendment attaches on dispositive motions such as summary judgment, courts still recognize that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. Apr. 30, 2009). "For example, the Fourth Circuit has suggested that '[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records [under the First Amendment].'" *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 755 (E.D. Va. June 15, 2018) (alteration in original) (quoting *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (citing *Nixon*, 435 U.S. at 598)).

The Memorandum and exhibits contain information reflecting technical security information, which constitutes highly confidential and proprietary business information. This information has not been made public. And the general public would have little interest in the information because it was generated by, and relates to, the internal activities of private entities and individuals. *See, e.g., Crum & Crum Enters. v. NDC of Cal.*, No. 09-145 (RBK), 2011 U.S. Dist. LEXIS 24690, at *12 (D. Del. Mar. 11, 2011). As such, the redactions portions of the Memorandum and exhibits should remain under seal. *See E. W., LLC v. Rahman*, 2012 WL 3841401, *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal that was "narrowly tailored to protect information related to confidential business information and other trade secret protected information," namely "the parties' respective sensitive financial data, including gross profit data, the disclosure of which would be highly likely to cause significant harm to the business competitive position of both parties"); *Flexible Benefits Council v. Feltman*, 2008 WL 4924711, *1 (E.D. Va. Nov. 13, 2008) (granting motion to seal document containing and summarizing

"sensitive financial information of Plaintiff, including 15 years of revenue data" because "[t]he public's interest in access is outweighed here by the Plaintiff's interest in preserving confidentiality").

Accordingly, under the First Amendment standard, Amazon's strong interest in preserving the confidentiality of its proprietary business information justifies the sealing of portions of the Memorandum and the attached exhibits. Sealing judicial records to protect sensitive business information is appropriate to prevent court files from becoming "sources of business information that might harm a litigant's competitive standing." *See Nixon*, 435 U.S. at 598.

## II.   AMAZON'S AND CAPITAL ONE'S CONFIDENTIAL BUSINESS INFORMATION SHOULD BE SHIELDED FROM PUBLIC ACCESS.

A district court may order a filing to be sealed where it contains confidential business information. In fact, a corporation's confidential information is considered a type of property to which the corporation has an exclusive right and benefit. *See e.g. Carpenter v. United States*, 484 U.S. 19, 26 (1987). The public right of access must give way to protect the confidential business information of parties in judicial filings. *See, e.g., Nixon*, 435 U.S. at 598; *In re Knight*, 743 F.2d at 235 (sealing court records is permissible to prevent others from "gaining a business advantage" from materials filed with court). As detailed below, designated portions of the Memorandum and Exhibits A–F contain confidential technical and business information that could harm Amazon and Capital One if filed publicly. Accordingly, the Court should seal the exhibits and the unredacted version of the Memorandum, as they contain confidential business information that should be shielded from public access.

### A.     APPLICATION OF LAW TO THE SEALED EXHIBITS A–F AND REDACTED MEMORANDUM.

***Exhibit A***:  This exhibit is the excerpted transcript of the September 22, 2020 deposition of Amazon's witness Don Barber and contains testimony that was designated as "Confidential" by Amazon pursuant to the Amended Stipulated Protective Order (Dkt. No. 368).

The designated testimony in this exhibit is confidential and competitively sensitive, and public disclosure could reveal confidential information about security settings, risk management, or AWS services for Amazon customers.  Accordingly, this exhibit should not be disclosed to the public.

***Exhibit B***:  This exhibit is the excerpted transcript of the October 2, 2020 deposition of Michael Haken and contains testimony that was designated as "Confidential" by Amazon and Capital One pursuant to the Amended Stipulated Protective Order (Dkt. No. 368).

The designated testimony in this exhibit is confidential and competitively sensitive, and public disclosure of this exhibit could provide outsiders with non-public details regarding Amazon's and Capital One's cybersecurity practices, including specific tools employed by Capital One in its cloud environment.  The public disclosure of the designated portions of this exhibit could compromise Amazon's and Capital One's overall security and cause both parties competitive injury.   Accordingly, this exhibit should not be disclosed to the public.

***Exhibit C***:  This exhibit is the excerpted transcript of the September 18, 2020 deposition of Stephen Schmidt and contains testimony that was designated as "Confidential" by Amazon pursuant to the Amended Stipulated Protective Order (Dkt. No. 368).

The designated testimony in this exhibit is confidential and competitively sensitive, and public disclosure of this exhibit could provide outsiders with non-public details regarding Amazon's business relationships and Amazon's cybersecurity tools.  The public disclosure of

the designated portions of this exhibit could compromise Amazon's security and cause it competitive injury. Accordingly, this exhibit should not be disclosed to the public.

**_Exhibit D_:** This exhibit is the excerpted transcript of the October 29, 2020 deposition of Becky Weiss and contains testimony that was designated as "Confidential" by Amazon pursuant to the Amended Stipulated Protective Order (Dkt. No. 368).

The designated testimony in this exhibit is confidential and competitively sensitive, and public disclosure of this exhibit could provide outsiders with non-public details regarding Amazon's cybersecurity tools. The public disclosure of the designated portions of this exhibit could compromise Amazon's security and cause it competitive injury. Accordingly, this exhibit should not be disclosed to the public.

**_Exhibit E_:** This exhibit is the excerpted transcript of the June 11, 2020 deposition of Amazon 30(b)(6) witness Steve Schuster and contains testimony that was designated as "Confidential" or "Confidential – Outside Counsel Only" by Amazon and Capital One pursuant to the Amended Stipulated Protective Order (Dkt. No. 368).

The designated testimony in this exhibit is confidential and competitively sensitive, and public disclosure of this exhibit could provide competitors and threat actors with non-public details regarding Amazon's and Capital One's cybersecurity tools and practices, Amazon's and Capital One's communications about the cyber incident, the incident investigation, and the specific techniques that Paige Thompson used to carry out the cyber incident. The public disclosure of the designated portions of this exhibit could compromise Amazon's and Capital One's overall security and cause both parties competitive injury. Accordingly, this exhibit should not be disclosed to the public.

***Exhibit F:*** This exhibit is the excerpted transcript of the June 9, 2020 deposition of Amazon's Rule 30(b)(6) witness Michael Haken and contains testimony that was designated as "Confidential" by Amazon and Capital One pursuant to the Amended Stipulated Protective Order (Dkt. No. 368).

The designated testimony in this exhibit is confidential and competitively sensitive, and public disclosure of this exhibit could provide outsiders with non-public details regarding Amazon's and Capital One's cybersecurity practices, including specific tools employed by Capital One in its cloud environment. The public disclosure of the designated portions of this exhibit could compromise Amazon's and Capital One's overall security and cause both parties competitive injury.   Accordingly, this exhibit should not be disclosed to the public.

***Redacted Memorandum:*** The redacted portions of the Memorandum cite to and incorporate information from Exhibits A–F including quotes and summaries of confidential and/or competitively-sensitive information. Filing an un-redacted version of the Memorandum would be as injurious to Amazon, Capital One, and Plaintiffs as would be not sealing the Exhibits.

## CONCLUSION

Accordingly, protecting Amazon's confidential, proprietary, and sensitive business information justifies sealing these materials that were filed in connection with Amazon's Reply in Support of its Motion for Summary Judgment. Amazon respectfully requests that its Motion to Seal be granted consistent with the proposed order attached hereto, and the identified materials be redacted or sealed.

August 23, 2021

Respectfully submitted,

/s/ Robert R. Vieth
Robert R. Vieth, Esq. (VSB No. 24304)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons Corner, VA  22102
T:  (703) 584-8366
F:  (703) 584-8901
Email: rvieth@hirschlerlaw.com

*Local counsel for Defendants Amazon.com, Inc. and*
*Amazon Web Services, Inc.*

Tyler G. Newby (admitted *pro hac vice*)
Brian Buckley (admitted *pro hac vice*)
Laurence F. Pulgram (admitted *pro hac vice*)
Jedediah Wakefield (admitted *pro hac vice*)
Vincent Barredo (admitted *pro hac vice*)
Andrew M. Lewis (admitted *pro hac vice*)
Janie Y. Miller (admitted *pro hac vice*)
Meghan E. Fenzel (admitted *pro hac vice*)
Sarah V. Lightstone (admitted *pro hac vice*)
Rina Plotkin (admitted *pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350
Email: tnewby@fenwick.com
        bbuckley@fenwick.com
        lpulgram@fenwick.com
        jwakefield@fenwick.com
        vbarredo@fenwick.com
        alewis@fenwick.com
        jmiller@fenwick.com
        mfenzel@fenwick.com
        slightstone@fenwick.com
        rplotkin@fenwick.com

*Counsel for Defendants Amazon.com, Inc. and*
*Amazon Web Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2021, I electronically filed the foregoing document

**AMAZON'S MEMORANDUM IN SUPPORT OF AMAZON'S MOTION TO FILE**

**UNDER SEAL** with the Clerk of the Court using the CM/ECF system, which will send notice of

electronic filing to all counsel of record.

*/s/ Robert R. Vieth*
Robert R. Vieth, Esq. (VSB No. 24304)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
T:  (703) 584-8366
F:  (703) 584-8901
Email:  rvieth@hirschlerlaw.com

*Local Counsel for Defendants Amazon.com, Inc.*
*and Amazon Web Services, Inc.*
