# EXHIBIT E

IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION
Confidential                    Steve Schuster 30(b)(6) on 06/11/2020

```
                         CONFIDENTIAL
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
 2                   ALEXANDRIA DIVISION

 3    IN RE:  CAPITAL ONE           :
      CONSUMER DATA SECURITY        : MDL NO.:
 4    BREACH LITIGATION             : 1:19md2915  (AJT/JFA)
                                    :
 5                                  :
                                    :
 6    ~~~~~~~~~~~~~~~~~~~~~~~~~~

 7            VIDEOTAPED 30(b)(6) DEPOSITION OF
                      STEVE SCHUSTER
 8               CONDUCTED REMOTELY

 9
                      9:35 a.m. EST
10         Thursday, the 11th day of June 2020

11

12

13
           Blanche J. Dugas, CRR, RPR, CCR No. B-2290
14

15

16

17

18

19

20

21

22

23

24

25
```

IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION
Confidential                Steve Schuster 30(b)(6) on 06/11/2020                Page 2

```
 1              APPEARANCES OF COUNSEL VIA VIDEOCONFERENCE

 2    On Behalf of the Plaintiffs:
          JOHN A. YANCHUNIS, Esquire
 3        PATRICK A. BARTHLE, II, Esquire
          Morgan & Morgan
 4        201 North Franklin Street
          Tampa, Florida  33602-5157
 5        (813) 275-5272
          (813) 275-9295 (facsimile)
 6        jyanchunis@forthepeople.com
          pbarthle@forthepeople.com
 7
           GREGG M. FISHBEIN, Esquire
 8         Lockridge Grindal Nauen, PLLP
           Suite 2200
 9         100 Washington Avenue, South
           Minneapolis, Minnesota  55401-2159
10         (612) 596-4044
           (612) 339-0981 (facsimile)
11         gmfishbein@locklaw.com

12    On Behalf of the Capital One Defendants:
          KEVIN J. O'BRIEN, Esquire
13        King & Spalding, LLP
          1180 Peachtree Street, NE
14        Atlanta, Georgia  30309-3521
          (404) 572-4600
15        (404) 572-5140 (facsimile)
          kobrien@kslaw.com
16
          BETSY SOCHAR, Esquire
17        Troutman Sanders, LLP
          15th Floor
18        1001 Haxall Point
          Richmond, Virginia  23219
19        (804) 697-1496
          (804) 697-1339 (facsimile)
20        betsy.sochar@troutman.com

21         MARY C. ZINSNER, Esquire
           Troutman Sanders, LLP
22         Suite 1000
           401 9th Street, NW
23         Washington, DC  20004
           (202) 274-1932
24         (703) 448- 6514 (facsimile)
           mary.zinsner@troutman.com
25
```

IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION
Confidential                  Steve Schuster 30(b)(6) on 06/11/2020                    Page 3

```
 1              APPEARANCES OF COUNSEL (CONTINUED)

 2   On Behalf of the Amazon Defendants:
          TYLER G. NEWBY, Esquire
 3        SARAH LIGHTSTONE, Esquire
          Fenwick & West, LLP
 4        555 California Street
          San Francisco, California  94104
 5        (415) 875-2495
          tnewby@fenwick.com
 6        slightstone@fenwick.com

 7         BRIAN D. BUCKLEY, Esquire
           Amazon.com
 8         2021 7th Avenue
           Seattle, Washington  98121-2601
 9         (206) 508-9947
           brianbuc@amazon.com
10
     Also Present:
11   James Downie, videographer
     Jennifer Cabezas, paralegal
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**

Confidential                    Steve Schuster 30(b)(6) on 06/11/2020                    Page 49



14      Q.    You -- you mentioned GuardDuty as a -- an

15   AWS product or service.  What is the function of

16   GuardDuty?

17      A.    GuardDuty works like an -- a network

18   intrusion detection system or a post-intrusion

19   detection system.  And what GuardDuty does is it

20   monitors behaviors in an account or behaviors on an

21   instance that may be indicative of a security concern

22   and raises an alarm to the customer that they may want

23   to investigate this type of behavior.

**IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**

Confidential                    Steve Schuster 30(b)(6) on 06/11/2020                    Page 114



**IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**

Confidential                    Steve Schuster 30(b)(6) on 06/11/2020                    Page 115



**IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**

Confidential                    Steve Schuster 30(b)(6) on 06/11/2020                    Page 116



**IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**

Confidential                Steve Schuster 30(b)(6) on 06/11/2020                Page 117



**IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**

Confidential                    Steve Schuster 30(b)(6) on 06/11/2020                    Page 118



**IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**

Confidential          Steve Schuster 30(b)(6) on 06/11/2020          Page 119

```
 1      Q.    And was this Version 2 of the instance

 2   metadata service created to address what had happened

 3   to Capital One in the data breach?

 4      A.    It was to -- it was created to include

 5   additional controls, additional security that could be

 6   available for that service.  This particular one would

 7   not have prevented -- even if implemented would not

 8   have prevented the Capital One issue.

 9      Q.    But my question was:  Was this version of

10   the instance metadata service created in whole or in

11   part because of what had happened to Capital One in

12   the data breach?
```

```
25      Q.    Version 2 of the instance metadata service
```

**IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**
Confidential                     Steve Schuster 30(b)(6) on 06/11/2020                     Page 122



IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION
Confidential                    Steve Schuster 30(b)(6) on 06/11/2020                    Page 187

```
 1                        DISCLOSURE

 2
              Pursuant to Article 10.B of the Rules
 3    and Regulations of the Board of Court
      Reporting of the Judicial Council of
 4    Georgia which states:  "Each court reporter
      shall tender a disclosure form at the time
 5    of the taking of the deposition stating the
      arrangements made for the reporting
 6    services of the certified court reporter,
      by the certified court reporter, the court
 7    reporter's employer or the referral source
      for the deposition, with any party to the
 8    litigation, counsel to the parties, or
      other entity.  Such form shall be attached
 9    to the deposition transcript," I make the
      following disclosure:
10
              I am a Georgia Certified Court
11    Reporter.  I am here as a representative of
      Huseby Global Litigation.  Huseby Global
12    Litigation was contacted to provide court
      reporting services for the deposition.
13    Huseby Global Litigation will not be taking
      this deposition under any contract that is
14    prohibited by O.C.G.A. 9-11-28(c).

15            Huseby Global Litigation has no
      contract/agreement to provide reporting
16    services with any party to the case, any
      counsel in the case, or any reporter or
17    reporting agency from whom a referral might
      have been made to cover this deposition.
18
              Huseby Global Litigation will charge
19    its usual and customary rates to all
      parties in the case, and a financial
20    discount will not be given to any party to
      this litigation.
21

22                        Blanche J. Dugas
23                        CCR No. B-2290

24

25
```

```
 1   STATE OF GEORGIA:

 2   COUNTY OF FULTON:

 3

 4          I hereby certify that the foregoing

 5       transcript was reported, as stated in the

 6       caption, and the questions and answers

 7       thereto were reduced to typewriting under

 8       my direction; that the foregoing pages

 9       represent a true, complete, and correct

10       transcript of the evidence given upon said

11       hearing, and I further certify that I am

12       not of kin or counsel to the parties in the

13       case; am not in the employ of counsel for

14       any of said parties; nor am I in any way

15       interested in the result of said case.

16

17

18

19

20          BLANCHE J. DUGAS, CCR-B-2290

21

22

23

24

25
```

**STEVE SCHUSTER DEPOSITION TRANSCRIPT ERRATA**

COURT: U.S. District Court for the Eastern District of Virginia

CASE NAME:  In Re:  Capital One Consumer Data Security Breach Litigation

MDL No. 1:19md2915 (AJT/JFA)

DATE OF DEPOSITION:  June 11, 2020

INSTRUCTIONS:  Please note changes by listing the page and line number in the places indicated on this sheet and listing the changes in the right-hand column.  Attach additional sheets as necessary.

| PLACE | READS | SHOULD READ | REASON |
|---|---|---|---|
| ███ | ███ | ███ | ███ |
| ███ | ██ | ██ | ███ |
| ███ | ███ | ███ | ███ |
| ███ | ██ | ██ | ███ |
| ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ |
| ███ | █ | █ | ███ |
| ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ |
| | | | |
| | | | |

Signature:  *s/ Steve Schuster*                    Dated:  July 29, 2020