IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: CAPITAL ONE CONSUMER      )
DATA SECURITY BREACH LITIGATION  )   MDL No. 1:19md2915 (AJT/JFA)
                                 )

## ORDER

On September 10, 2021, the court held a hearing on eleven motions to seal that had been filed by the parties to which a response had been filed indicating that all or portions of the materials sought to be sealed in those motions should not sealed based on the applicable Fourth Circuit requirements for allowing information to be filed under seal. The motions to seal appear at docket entry numbers 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915. The motions to seal involved redactions to various pleadings that had been filed with the court, exhibits to those pleadings (most of which had been filed under seal without a redacted version being filed in the public record), and certain presentation slides that had been used in a hearing before the District Judge. Counsel for plaintiffs, Capital One, Amazon, and the Office of the Comptroller of the Currency ("OCC") appeared at the hearing and were provided an opportunity to address the issues presented in the various motions.

Prior to the hearing, the undersigned reviewed the motions, memoranda, responses, and extensive materials being sought to be filed under seal. As discussed during the hearing, the undersigned found that concerning the motion to seal plaintiffs' presentation slides (Docket no. 1790), the common law standard should be applied to the selected presentation slides contained in exhibits A–G and the *First Amendment* standard should be applied to the entire 171 presentation slides sought to be sealed contained in exhibit H. For the remaining motions to seal, the *First Amendment* standard was applied, following the Fourth Circuit's guidance that public

1

access to information may be restricted under that standard only on the basis of a compelling governmental interest and only if narrowly tailored to serve that interest. *Virginia Dept. of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The party seeking to restrict the public's access has the burden and must present specific reasons in support of its position. *Id*. Conclusory assertions are insufficient. *Id*. As stated in Local Civil Rule 5(C), a party seeking to file a document under seal must make a good faith effort to redact or seal only as much as necessary to protect legitimate interests and the blanket sealing of documents is rarely appropriate.

After taking into consideration the arguments presented by the parties and the OCC in their briefing on the motions to seal and the applicable standard that should be applied to each of the motions to seal, the undersigned stated during the hearing what material could remain under seal and what material should be filed in the public record. This was done for each pleading as to the redactions in those pleadings and to each exhibit or document that had been filed under seal. In large part, the undersigned found that that the party seeking to have certain information in the pleadings redacted or exhibits filed under seal had failed to carry its burden and the information should be unsealed. Throughout the hearing the undersigned found that information sought to be sealed by plaintiffs, Capital One, Amazon, and to a limited extent the OCC, should be unsealed. In making these rulings, the undersigned indicated the types of information that should be unsealed and the types of information that could remain under seal. Counsel were given an opportunity to discuss the rulings by the court throughout the hearing.

Given the large volume of information involved in these various motions and the realization that certain types of information that the court had indicated could remain under seal had been overlooked in reviewing the materials, the court granted counsels' request that they be

allowed to provide additional information concerning some of the redactions to the pleadings and exhibits to address why that specific information should remain under seal given the guidance provided by the court. However, it was made clear, that this was not an opportunity to present new or additional information in order to overcome a failure to carry a burden in the initial briefing and argument as to the types of information that should be unsealed. Accordingly, it is hereby

ORDERED that these motions to seal (Docket nos. 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915) are granted in part and denied in part. The parties may provide the additional information discussed above by 5:00 p.m. on Friday, September 24, 2021. To the extent the submission requests that a redacted version of a document be filed, or that certain limited redactions to a pleading remain, a copy of the proposed redacted document shall be provided with the submission with along with a description in the submission containing the reason why that specific information should remain under seal. All redactions and documents that are not the subject of a submission filed in a timely manner should be filed in the public record by the party who initially filed that information under seal by September 29, 2021.

By allowing certain information to remain under seal (including the conclusions section in the OCC supervisory letter), the court is not making a determination that any of that information will remain under seal during the trial of this action.

Entered this 13th day of September, 2021.

                                                    /s/
                                            John F. Anderson
                                            United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia