UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In re CAPITAL ONE DATA BREACH SECURITY LITIGATION | Case No. 1:19-MD-02915-AJT-JFA |

## RESPONSE MEMORANDUM IN PARTIAL SUPPORT OF CAPITAL ONE'S MOTION TO SEAL

For the reasons set forth in detail below, the Office of the Comptroller of the Currency ("OCC") respectfully submits this response in partial support of Capital One's Motion to Seal (Dkt. No. 1951).

### BACKGROUND

Non-party OCC intervened in this action on June 1, 2020 (*see* Dkt. No. 521) for the limited purpose of asserting the bank examination privilege, a common law privilege that protects information that arises out of federal regulators' supervision of banking institutions. Specifically, the privilege "accords agency opinions and recommendations and banks' responses thereto protection from disclosure." *In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995). The OCC, along with a co-intervenor, the Board of Governors of the Federal Reserve System ("FRB"), reviewed tens of thousands of Capital One documents over the course of the last year to assert the privilege where appropriate.

On September 10, 2021, Capital One filed a motion to seal certain portions of its reply memorandum in support of its motion *in limine* to preclude Plaintiffs from relying on certain OCC documents. *See* Dkt. Nos. 1951 (sealing motion); 1949 (redacted reply memorandum in

1

support of motion *in limine*). The memorandum describes the contents of an OCC Supervisory Letter – one of the principal means by which the OCC formally communicates supervisory opinions and conclusions to a bank – that this Court has already reviewed *in camera* and has ruled to be protected by the bank examination privilege. *See* Dkt. No. 1094 at 7. This Court has also found, during a hearing on September 10, 2021, that under the First Amendment standard, the privileged information that appears on pages 1-3 of the Supervisory Letter could remain sealed. *See generally* Dkt. No. 1955. Accordingly, the OCC respectfully requests that this Court grant Capital One's motion to seal insofar as it seeks to seal the privileged information contained within the Supervisory Letter.

## ARGUMENT

As this Court recognized in its December 10, 2020 Order, the paragraphs under the "Conclusions" heading on pages 1-3 of an OCC Supervisory Letter dated December 19, 2019 are protected by the bank examination privilege. *See* Order, Dkt. No. 1094 at 7. And although this Court has granted Plaintiffs' motion to compel a portion of the letter for good cause, because that portion of the Supervisory Letter contains privileged, confidential information regarding the OCC's supervision of Capital One, this Court has previously found that sealing is warranted to prevent public dissemination of this privileged information. *See generally* Dkt. No. 1955.

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

2

However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Litigants can overcome the First Amendment right of public access to documents by showing that "denial of access [is] . . . necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* Before ordering the sealing of documents, a court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.*; *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). This Court has incorporated these "*Ashcraft* factors" into its local rules. *See* LOC. CIV. R. 5.[1]

The OCC respectfully submits that all relevant standards, as well as the "*Ashcraft* factors," are satisfied for the portions of Capital One's memorandum that discuss the contents of pages 1 through 3 of the Supervisory Letter. There is discrete and "compelling government interest" in the continued confidentiality of the OCC's privileged supervisory findings that

---

[1] Local Rule 5(C) requires that the party moving to seal documents provide:

> (1) [a] non-confidential description of what is to be sealed; (2)[a] statement as to why sealing is necessary, and why another procedure will not suffice; (3)[r]eferences to governing case law; and (4)[u]nless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

The rule also provides that the moving party must provide a proposed order reciting "the findings required by governing case law to support the proposed sealing."

3

outweighs the presumption of public access to Capital One's discussion of the privileged portions of the Supervisory Letter. *Rushford*, 846 F.2d at 253.

First, by filing public memoranda, Capital One, and the OCC in turn, have complied with the first *Ashcraft* factor, which requires public notice and opportunity to comment. Should any interested members of the public object to Capital One's motion, they have the opportunity to note their objections with the Court.

Second, Capital One has moved to seal, among other things, information that, as this Court has already found, falls squarely within the OCC's bank examination privilege and should be sealed. *See* Order, Dkt. Nos. 1094 at 7; 1739; 1955; *see also* Capital One's Reply, Dkt. No. 1949 at 14 & n.9, 18 (quoting page 3 of the Supervisory Letter). Although this Court granted Plaintiffs' motion to compel the information for good cause, that ruling was made with respect to the specific circumstances of this case and limited to release in accordance with the protective order in this matter, and therefore, sealing is warranted to prevent public dissemination of the privileged information within the Supervisory Letter.

The federal courts have long recognized a common law bank examination privilege for communications involving a bank and its regulators. *In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, 633 (D.C. Cir. 1992); *see also Bankers Trust*, 61 F.3d at 471. "[T]he bank examination privilege is firmly rooted in practical necessity" and recognizes that "[t]he success of [bank] supervision . . . depends vitally upon the quality of communication between the regulated banking firm and the bank regulatory agency . . . [which] simply could not be met as well if communications between the bank and its regulators were not privileged." *In re Subpoena*, 967 F.2d at 633; *see also Shirk v. Fifth Third Bancorp*, No. 1:05-

4

cv-049, 2008 WL 2661955, at *2 (S.D. Ohio July 2, 2008) (observing that the bank examination privilege is "firmly grounded in practical necessity"). The privilege "accords agency opinions and recommendations and banks' responses thereto protection from disclosure," but does not protect purely factual information. *Bankers Trust*, 61 F.3d at 471; *see also In re Subpoena*, 967 F.2d at 634.

"The primary purpose of the privilege is to preserve candor in communications between bankers and examiners, which those parties consider essential to the effective supervision of banking institutions." *Bankers Trust*, 61 F.3d at 471. Such supervisory communications are accorded a qualified privilege from discovery because of the "distinctively continuous and informal process of bank regulation, which especially requires candor from regulated entities." *FHFA v. JPMorgan Chase & Co.*, 978 F. Supp. 2d 267, 273 (S.D.N.Y. 2013); *see also Linde v. Arab Bank, PLC*, No. CV-04-2799 (NG)(VVP), 2009 WL 3055282, at *1 (E.D.N.Y. Sept. 21, 2009) ("[T]he bank examination privilege is a qualified privilege that protects communications between banks and their examiners in order to preserve absolute candor essential to the effective supervision of banks."); *U.S. v. Larkin, et al. on behalf of FTC*, Civ. No. 3-92-789, 1994 WL 627569, at *2 (D. Minn. Apr. 12, 1994) ("Effective bank regulation and supervision depends on banks' full and frank disclosure of sensitive and confidential information to bank examiners and the banks' full cooperation with examiners."). As the court in *Larkin* noted, "[v]oluntary full disclosure and cooperation . . . depends in part upon bank officers and employees' understanding and confidence that the examiners directly involved in regulating a specific bank will not serve as expert witnesses against that bank in litigation." *Larkin*, 1994 WL 627569, at *2.

The Court has already ruled that the OCC's supervisory conclusions in the Supervisory Letter are privileged. *See* Dkt. No. 1094 at 7. Although this Court has granted access to this information to Plaintiffs, the OCC has a compelling interest in preventing its privileged supervisory findings from being publicly disseminated, and thus, sealing the limited lines in Capital One's reply memorandum that discuss the privileged contents of the Supervisory Letter is warranted.

Moreover, this Court has already ordered the sealing of the contents of pages 1-3 of the Supervisory Letter in connection with the parties' motions for summary judgment and the other briefs supporting and opposing Capital One's motion *in limine* regarding the use of OCC information, *see* Dkt. Nos. 1739, 1955. And courts have regularly found that a claim of privilege constitutes a compelling interest sufficient to overcome the First Amendment right of public access. *See, e.g.*, *Randa v. Barr*, 2019 WL 2339261, at *2 (E.D.N.C. May 31, 2019) (holding that the government had a compelling interest, sufficient to overcome the First Amendment right of access, in information protected by the Privacy Act and applicable privileges, including the attorney-client privilege, the work-product doctrine, the law enforcement privilege, and the deliberative process privilege); *Ehart v. Bofl Fed. Bank*, 2019 WL 4534701, at *3 (S.D. Cal. Sept. 19, 2019) (granting motion to seal information subject to the bank examination privilege in connection with cross-motions for summary judgment); *Lugosch v. Congel*, No. 00-0784, 2006 WL 931687, at *36 (N.D.N.Y. Mar. 7, 2006) (holding attorney client and work product privileges amounted to compelling reasons to seal documents subject to a First Amendment right of access), *adopted in relevant part by* 2006 WL 6651777 (N.D.N.Y. May 5, 2006); *see also Pittson Co. v. United States*, 368 F.3d 385, 407 (4th Cir. 2004) (denying a party's request to

unseal a document attached to its summary judgment motion when it had originally agreed to protecting the documents, which it received from a third-party, under a protective order).

The OCC asks this Court to seal only the limited portions of Capital One's memorandum that discuss the OCC's privileged supervisory findings. Accordingly, the OCC submits that the procedures proposed in Capital One's motion to seal with respect to redacting this privileged information constitute the least drastic means available.

Date: September 17, 2021

Respectfully submitted,

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: _____/s/_____
REBECCA S. LEVENSON
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:   (703) 299-3760
Fax:              (703) 299-3983
Email:rebecca.s.levenson@usdoj.gov
*Counsel for the Office of the Comptroller of the Currency*

Of Counsel:

Peter C. Koch
Michael K. Morelli
Juan Pablo Perez-Sangimino
*Office of the Comptroller of the Currency*