UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to CONSUMER Cases

## CAPITAL ONE'S NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL

Defendants, Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One"), by counsel and pursuant to Local Civil Rule 5 of Local Rules for the United States District Court for the Eastern District of Virginia, state as follows in support of their Motion to File Under Seal ("Motion to Seal") seeking to seal certain portions of the transcripts from the hearings on July 12 and 13, 2021 [Dkt. Nos. 1901 & 1902] (the "Transcripts"). Capital One moves to seal limited excerpts in the Transcripts, all of which summarize and describe material subject to privilege and/or confidentiality under the Amended Stipulated Protective Order ("Protective Order").[1] (*See* Dkt. No. 368.)

Complete and unredacted versions of the Transcripts have been lodged with the Court as sealed filings pursuant to Local Civil Rule 5 and the Second Amended Standing Order entered in *In re: Procedures for the Filing Service, and Management of Highly Sensitive Documents*. Capital One also has filed a notice of filing under seal as required by Local Civil Rule 5. Capital One

---

[1] In further support of this Memorandum, Capital One intends to submit a Declaration in conjunction with its supplemental brief as allowed by the Court, which is due on Friday, September 24, 2021. (*See* Order, Dkt. No. 1955.) That supplemental brief and declaration will detail the confidential and/or privileged nature of the same and related information or documents pending before the Court in certain motions to seal, including information regarding Capital One's current cybersecurity architecture, current technologies used by Capital One in its business and cyber operations, and privileged information contained in the OCC's Supervisory Letter.

respectfully submits that the identified excerpts should remain sealed as they summarize and/or describe confidential and protected information and documents.

I.      **The procedural requirements for sealing have been met.**

Under the local rules of this Court, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Loc. Civ. R. 5(C). Thereafter, the Court will determine whether the sealing or redactions are proper.

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984). The Fourth Circuit has established steps that a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In *Ashcraft,* the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that parties must: (1) provide notice to the public and gives the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Id*. All of these prerequisites are satisfied here.

*First*, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight*, 743 F.2d at 235. The Court does not need to provide notice to the public of each document to be sealed where such individual notice would be "impractical" and "unwarranted," as is the case here. *Id.* It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5, Capital One's sealing motion was publicly docketed, with a notice filed stating that any party or nonparty could object.

*Second*, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Capital One has used limited sealing measures—by redacting only narrow, highly-confidential or privileged portions of the Transcripts—which the Court should find is proper. Given the nature of the information, as explained below, sealing portions of the Transcripts is the only means by which to protect Capital One's information.

*Third*, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or common law. Based on the arguments that follow in Sections II and III, the common law standard applies to the identified excerpts in the Transcripts as the identified excerpts pertain to class certification and standing. Capital One understands that the Court has previously determined that the First Amendment standard applies to these matters – and may appeal this issue to the District Judge through objections. Regardless, Capital One has made a showing to satisfy either standard.

## II.   Capital One's interest in protecting privileged material as well as confidential and proprietary business information satisfies the common law standard.

It is well-settled that there is a public right of access to "judicial records." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). The public right of access may be based on the common law or the First Amendment. The common law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents"—such as exhibits filed in connection with plea hearings and sentencing hearings in criminal cases, and trial proceedings in civil cases. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). When, as here, confidential materials are filed with the court to permit determination of a pretrial, non-dispositive motion,

however, only a common law right of access attaches to those filings. *E.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10-13 (1st Cir. 1986).

The protection of confidential and proprietary business information from disclosure is appropriate and permissible in federal court. *See, e.g.*, *Nixon*, 435 U.S. at 598; *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-90 & n.42 (E.D. Pa. 1981). This information often includes documents that contain proprietary terms. *See Elec. Arts, Inc. v. United States District Court (In re Elec. Arts, Inc.)*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (sealing portions of plaintiff's licensing agreement that contained "pricing terms, royalty rates, and guaranteed minimum payment terms" as trade secrets that "might harm a litigant's competitive standing); *Model Drug, Inc. v. Amerisourcebergen Drug Corp.*, 2013 U.S. Dist. LEXIS 169496, at *4-5 (E.D. Cal. Nov. 26, 2013) (sealing "Vendor Agreements between Plaintiff and Defendant [which] contain[ed] trade secrets, including confidential pricing information and other terms that [were] not publicly or commercially available" since "disclosure of [such] proprietary information could cause a party competitive injury").

Thus, sealing judicial records to protect constitutionally protected trade secrets and competitively sensitive business information is appropriate to prevent court files from becoming "sources of business information that might harm a litigant's competitive standing." *See Nixon*, 435 U.S. at 598; *accord In re Knight*, 743 F.2d at 235 (sealing court records is permissible to prevent others from "gaining a business advantage" from materials filed with court); *see Mylan*

*Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (noting need to seal documents to protect the parties' confidential proprietary business and competitive interests).[2]

The common law standard applies to the excerpts listed below. The excerpts should be maintained under seal because they contain confidential business information and privileged information under federal law, as well as state statutory and common law principles.

> **A.     Limited excerpts in the July 12, 2021 Motions Hearing Transcript contain Bank Examination Privilege material or confidential material regarding Capital One's current technologies and cybersecurity architecture.**

Certain limited excerpts in the July 12, 2021 Transcript of Motions Hearing [Dkt. No. 1901] quote, cite, summarize, or reference information marked as or refer to materials marked as "Confidential," "Confidential – Outside Counsel Only," or "Confidential – Outside Counsel Only – Security Sensitive" by Capital One and reflect privileged and/or sensitive material regarding the company's currently-implemented technologies and cybersecurity architecture. The sealing of these excerpts is the only practicable way to prevent public disclosure of the confidential material contained therein.

- The excerpt on page 28, line 5 (beginning with the word "another" and concluding with the word "product") specifically identifies a current cybersecurity product utilized by Capital One for the purpose of protecting its overall network. On September 10, 2021, the Court held that "information that relates to the current [cyber] architecture and systems" currently in place "satisf[ies] the standard of a compelling governmental interest" under the First Amendment and thus it should be sealed here under

---

[2] Capital One does not believe that the First Amendment standard applies. Either way, it has made a showing to satisfy both standards. At the summary judgment stage, the Fourth Circuit applies the First Amendment standard to determine the public's right of access to documents filed in civil cases. *See Rushford*, 846 F.2d at 252. Courts have recognized that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009). "One exception to the public's right of access is where such access to judicial records could provide a 'source[] of business information that might harm a litigant's competitive standing.'" *ATI Industrial Automation, Inc. v. Applied Robotics, Inc.,* 801 F.Supp.2d 419, 428 (M.D. N.C. 2011).

the common law standard. Sept. 10, 2021 Hr'g Tr. 8:25-9:5. The Court further held that this information should be protected under seal "so that bad actors can't go in and find out information that could assist them in further intrusions or other bad activities." *Id.* Because the excerpt contains the name of a *current* cyber technology utilized by Capital One – the disclosure of which could allow a threat actor or competitor to cause harm to its business or cybersecurity infrastructure – it should be maintained under seal.

- The excerpt on page 37, line 15 through page 38, line 17 (all lines in full), states the conclusions of the Office of the Comptroller of the Currency ("OCC"), which are listed in a Supervisory Letter issued to by the OCC to Capital One. On September 10, 2021, the Court determined that the Conclusion section in the Supervisory Letter satisfied the standard of a compelling government interest under the First Amendment and thus it should be sealed here under the common law standard. *See* Sept. 10, 2021 Hr'g Tr. 12:14-13:2. Because this excerpt explicitly quotes the Conclusions section of the Supervisory Letter – which is duly protected under the Bank Examination Privilege – it should be maintained under seal.

- The excerpt on page 52, lines 22 through 24 (all lines in full), specifically identifies a web program currently implemented by Capital One to produce and maintain event logs, including to record and prevent cyber attacks against Capital One's network. On September 10, 2021, the Court held that "information that relates to the current [cyber] architecture and systems" currently in place "satisf[ies] the standard of a compelling governmental interest" under the First Amendment and thus it should be sealed here under the common law standard. Sept. 10, 2021 Hr'g Tr. 8:25-9:5. The Court further held that this information should be protected under seal "so that bad actors can't go in and find out information that could assist them in further intrusions or other bad activities." *Id.* Because the excerpt contains the name of a *current* cyber web program utilized by Capital One – the disclosure of which could allow a threat actor or competitor to cause harm to its business or cybersecurity infrastructure – it should be maintained under seal.

**B.     Limited excerpts in the July 12, 2021 Bench Conference Transcript contain confidential material regarding Capital One's current technologies and cybersecurity architecture.**

Likewise, certain excerpts in the July 12, 2021 Transcript of Under Seal Bench Conference [Dkt. No. 1901] quote, cite, summarize, or reference information marked as or refer to materials marked as "Confidential," "Confidential – Outside Counsel Only," or "Confidential – Outside

Counsel Only – Security Sensitive" by Capital One. The sealing of these excerpts is the only practicable way to prevent public disclosure of the confidential material contained therein.

The excerpt on page 4, lines 4 through 5 (all lines in full); page 4, lines 17 through 20 (all lines in full); page 4, line 25 through page 5, line 7 (beginning with the word "these" and ending at the conclusion of line 7 on page 5); page 5, lines 13 through 14 (beginning after the word "a" and ending at the conclusion of line 14 on page 5); and page 7, lines 7 through 8 (beginning with the "missed" and ending at the conclusion of line 8 on page 7), refer, summarize, and quote from the Project Star Post-Incident Report ("Report"), which was prepared following the Cyber Incident and identifies the specific root causes of the Cyber Incident. The Report is a detailed investigation and analysis of the entire Cyber Incident, which contains non-public details of the actions of the criminal hacker, Paige Thompson. It identifies specific vulnerabilities and deficiencies in Capital One's cyber network that were exploited by the hacker. It also includes discussion of technical configurations within Capital One's *current* cybersecurity systems and identifies *current* cyber programs, tools, and software that Capital One utilizes in its cyber configurations and network.

Public disclosure of such details would assist bad actors in attempting to commit further intrusions. *Accord* Second Amended Standing Order, *In re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents* (E.D. Va.) (adopting new procedures for the protection of highly sensitive documents in response to "recent disclosures of widespread breaches of both private sector and government computer systems"). As mentioned above, on September 10, 2021, the Court held that "information that relates to the current [cyber] architecture and systems" currently in place "satisf[ies] the standard of a compelling governmental interest" under the First Amendment and thus it should be sealed here under the common law standard. Sept. 10, 2021 Hr'g Tr. 8:25-9:5. The Court further held that this information should be protected under

7

seal "so that bad actors can't go in and find out information that could assist them in further intrusions or other bad activities." *Id.* Because these excerpts contain specific details exploited by the hacker and details of Capital One's current cyber architecture – the disclosure of which could allow a threat actor or competitor to cause harm to its business or cybersecurity infrastructure – they should be maintained under seal.

### C. Limited excerpts in the July 13, 2021 Motions Hearing Transcript contain Bank Examination Privilege material or confidential material regarding Capital One's current technologies and cybersecurity architecture.

Certain limited excerpts in the July 13, 2021 Transcript of Motions Hearing [Dkt. No. 1902] quote, cite, summarize, or reference information marked as or refer to materials marked as "Confidential," "Confidential – Outside Counsel Only," or "Confidential – Outside Counsel Only – Security Sensitive" by Capital One and reflect privileged and/or sensitive material regarding the company's currently-implemented technologies and cybersecurity architecture. The sealing of these excerpts is the only practicable way to prevent public disclosure of the confidential material contained therein.

- The excerpt on page 255, lines 4 through 6 (all of lines 4 and 5, and only the first word on line 6), summarizes the conclusions of the Office of the Comptroller of the Currency ("OCC"), which are listed in a Supervisory Letter issued to by the OCC to Capital One. On September 10, 2021, the Court determined that the Conclusion section in the Supervisory Letter satisfied the standard of a compelling government interest under the First Amendment and thus it should be sealed here under the common law standard. *See* Sept. 10, 2021 Hr'g Tr. 12:14-13:2. Because this excerpt specifically states the conclusions located in the Conclusions section of the Supervisory Letter – which is duly protected under the Bank Examination Privilege – it should be maintained under seal.

- The excerpts on page 481, line 8 (only the last word in line 8), and page 517, line 12 (only the third word in line 12), refer by name to a current cyber database used by Capital One in its cyber network and operations. On September 10, 2021, the Court held that "information that relates to the current [cyber] architecture and systems" currently in place "satisf[ies] the standard of a compelling governmental interest" under the First

>Amendment and thus it should be sealed here under the common law standard. Sept. 10, 2021 Hr'g Tr. 8:25-9:5. The Court further held that this information should be protected under seal "so that bad actors can't go in and find out information that could assist them in further intrusions or other bad activities." *Id.* Because the excerpts contain the name of a *current* database utilized by Capital One – the disclosure of which could allow a threat actor or competitor to cause harm to its business or cybersecurity infrastructure – it should be maintained under seal.

These excerpts discussed above contain sensitive, corporate information, the public disclosure of which could be harmful to Capital One's business interests, including the specific names of the technology the Capital One currently uses in its business operations and in its cybersecurity network. The public disclosure of the above-mentioned materials would result in harm to Capital One's competitive standing. *See, e.g.*, *Nazar v. Harbor Freight Tools U.S.*, No. 2:18-cv-00348-SMJ, 2020 U.S. Dist. LEXIS 150196, at *2 n.1 (E.D. Wash. June 8, 2020) (granting a motion to seal where "confidential business information and internal communications reflected in the records could result in competitive harm if improperly disseminated"); *see also E. W., LLC v. Rahman*, No. 1:11cv1380 (JCC/TCB), 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information," including "sensitive financial data . . . the disclosure of which would be highly likely to cause significant harm to the business competitive position of both parties").

Additionally, public disclosure of the excerpts would also create a risk to the security of Capital One's computer operating systems and cybersecurity network. These materials include references and summaries of Capital One's confidential and proprietary operating systems, internal network, software development, and other cyber related tools that are currently in use and therefore sealing is warranted. *See East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business

information and other trade secret protected information"). The excerpts also contain sensitive, technical details regarding the names of Capital One's current databases that house its internal cyber systems for storage purposes. As this Court has already determined, this information regarding Capital One's current cyber tools, products, and programs should be maintained under seal "so that bad actors can't go in and find out information that could assist them in further intrusions or other bad activities." Sept. 10, 2021 Hr'g Tr. 8:25-9:5.

The excerpts also quote, summarize, and reference the conclusions listed in the OCC Supervisory Letter, which references, describes, and cites to bank examiner privileged material contained in the documents beginning with Bates Nos. CAPITALONE MDL 002213669, 002213720, and 002213887. These documents were inadvertently produced by Capital One on December 21, 2020. This Court has previously determined that portions of these materials are protected by the bank examiner privilege in its Order issued on December 10, 2020. (*See* Order, Dkt. No. 1094 at 7.) The excerpts contain sensitive corporate information contained in the OCC's conclusions, which references confidential information about Capital One's various business decisions, policies, and procedures, involving not only the Cyber Incident but also daily company operations.

For these reasons, access to these judicial records would harm Capital One's competitive standing and create a risk to Capital One's cybersecurity systems. To the extent that the Court applies the First Amendment standard to the excerpts, then the exception to the public's right of access is applicable to the excerpts identified above. The sealing of these excerpts is warranted under these circumstances. *See Nazar*, 2020 U.S. Dist. LEXIS 150196 at *2 n.1; *see also ATI Industrial Automation, Inc.,* 801 F. Supp. 2d at 428. Capital One requests that the redacted Transcript excerpts described above be maintained under seal.

10

## **CONCLUSION**

Accordingly, protecting the information subject to Protective Order justifies sealing these materials. Capital One's Motion to Seal should be granted consistent with the proposed order attached hereto as **Exhibit 1**.

Respectfully submitted this 22nd day of September, 2021.

    /s/ S. Mohsin Reza
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
timothy.st.george@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 22, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

      /s/
S. Mohsin Reza

*Counsel for Capital One*