UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> _____ ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to CONSUMER Cases
_____

## CAPITAL ONE AND AMAZON'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO STAY ORDER REGARDING THE UNSEALING OF EXHIBITS AND BRIEFS

Defendants, Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One") and Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon" and with Capital One, "Defendants"), by counsel and pursuant to Local Rule 7, respectfully move to stay any action required by forthcoming orders on motions to seal from Magistrate Judge John F. Anderson, including but not limited to further orders stemming from the Court's September 13, 2021 Order [Dkt. No. 1955] denying in part and granting in part certain Motions to Seal filed by the parties [Dkt. Nos 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915][1] (the "Motions to Seal"), so that the District Judge can review Defendants' anticipated objections to those Order(s) pursuant to 28 U.S.C. § 636(b)(3) and Fed.

---

[1] The Motions to Seal are: Capital One's Motion to Seal regarding Capital One's Supplemental Brief regarding Plaintiffs' Standing to assert Breach of Contract and Unjust Enrichment Claims [Dkt. No. 1786]; Plaintiffs' Motion to Seal regarding PowerPoint Presentations on July 12 and 13, 2021 [Dkt. No. 1790]; Plaintiffs' Motion to Seal regarding Plaintiffs' Opposition to Capital One's Motion for Summary Judgment [Dkt. No. 1802]; Plaintiffs' Motion to Seal regarding Opposition to Amazon's Motion for Summary Judgment [Dkt. Nos. 1809 & 1843]; Capital One's Motion to Seal regarding Capital One's Opposition to Plaintiffs' Motion for Partial Summary Judgment for Breach of Contract [Dkt. No. 1829]; Capital One's Motion to Seal regarding Capital One's Memorandum in Support of Motion *in Limine* to exclude Office of the Comptroller of the Currency ("OCC") Documents [Dkt. No. 1833]; Plaintiffs' Motion to Seal regarding Plaintiffs' Opposition to Capital One's Motion *in Limine* regarding OCC Documents [Dkt. No. 1881]; Amazon's Motion to Seal regarding Amazon's Reply in Support of its Motion for Summary Judgment) [Dkt. No. 1887]; Amazon's Motion to Seal regarding Amazon's Reply in Support of Motion for Summary Judgment [Dkt. No. 1888]; and Capital One's Motion to Seal regarding Capital One's Reply in Support of its Motion for Summary Judgment [Dkt. No. 1915].

R. Civ. P. 72. Consistent with this request, Defendants also ask the Court to temporarily prohibit all parties and the Clerk from posting on the public docket unsealed or unredacted versions of any documents proposed to be filed under seal until a ruling from the District Judge on Defendants' anticipated objections.[2]

## PROCEDURAL HISTORY

Between July 30, 2021 and September 17, 2021, the parties filed numerous motions to seal briefs, exhibits, and other information (the "Subject Materials") filed in connection with demonstratives used by Plaintiffs at the hearing held on July 12-13, 2021 [*see* Dkt. No. 1790], Capital One's Supplemental Brief Regarding Plaintiffs' Standing to Assert Breach of Contract and Unjust Enrichment Claims [*see* Dkt. No. 1786], the parties' summary judgment motions [*see* Dkt. Nos. 1802, 1809, 1843, 1829, 1887, 1888, & 1915], and Capital One's Motion *in Limine* to Exclude from Evidence in Connection with Summary Judgment Documents Issued by the Office of the Comptroller of the Currency [*see* Dkt. Nos. 1833 & 1881].

On September 10, 2021, Magistrate Judge Anderson held a hearing to consider the Motions to Seal. Counsel for Plaintiffs, Capital One, Amazon, and the Office of the Comptroller of the Currency ("OCC") appeared to argue the motions. At the hearing, Magistrate Judge Anderson ruled that the First Amendment standard applied to the Motions to Seal and that "[i]n large part, [the Court] found that the party seeking to have certain information in the pleadings redacted or exhibits filed under seal had failed to carry its burden and the information should be unsealed." (*See* Order, Dkt. No. 1955.) The Court, in its provisional ruling, identified at the hearing what Subject Materials it anticipated could remain under seal and what Subject Materials could be filed

---

[2] At the September 10, 2021 hearing, the Magistrate Judge directed the parties to file a motion to stay in the event that they sought a stay of his rulings from the bench and in the written Order [Dkt. No. 1955]. (*See* Sept. 10, 2021 Hr'g Tr. 138:14-24.) In the event that the Magistrate Judge denies any motions to stay, the Magistrate Judge stated that the parties would then have the ability to file a motion for reconsideration. (*Id.*)

in the public record. *See id.* The Magistrate Judge indicated his ruling at the September 10, 2021 hearing was provisional and for the purpose of providing guidance as to what he believed should not be sealed, directing the parties to file supplemental memoranda detailing specific, additional support for sealing of the Subject Materials. (*See* Sept. 10, 2021 Hr'g Tr. 139:23-14-12.) The Magistrate Judge stated that the "final ruling will be when [the Court makes] a decision on" the supplemental memoranda to be filed by the parties, which will give the parties "the ability to provide . . . additional information on certain parameters." (*Id.* at 140:4-5, 11-12.)

As demonstrated in their supplemental memoranda [Dkt. Nos. 1991 & 1992], Defendants believe that the First Amendment Standard does not apply to certain Subject Materials, that sealing determinations are premature at this time under Fourth Circuit law, and that the Subject Materials contain highly sensitive information that should properly remain under seal under the applicable standards. However, out of an abundance of caution, and at the direction of the Magistrate Judge, Defendants file this Joint Motion to Stay to the extent the Magistrate Judge orders any documents unsealed.

Entry of this temporary stay is essential to preserve the status quo and protect Defendants from irreparable harm until the District Judge has had an opportunity to consider Defendants' potential objections under Fed. R. Civ. P. 72(a). The Subject Materials that the Magistrate Judge may order unsealed contain highly sensitive, confidential proprietary business information, and/or bank examiner privileged, the public disclosure of which would harm Capital One and Amazon's competitive standing and places the security of their cyber networks as well as the security of their customers at risk.

## **LEGAL STANDARD**

3

When presented with a motion to stay enforcement of a magistrate judge's order pending appeal to a district judge, the Court should consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest lies." *GTSI Corp. v. Wildflower Int'l*, No. 1:09-cv-123, 2009 U.S. Dist. LEXIS 93329, at *3 (E.D. Va. Sept. 29, 2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). While these factors guide the analysis, "no one aspect alone dictates the result." *Kawecki Berylco Indus., Inc. v. Fansteel, Inc.*, 517 F. Supp. 539, 540-41 (E.D. Pa. 1981) (granting stay). Rather, "the Court carefully considers all the elements and delicately balances the equities by the particular set of facts." *Id.*; *see also Digital-Vending Services Int'l, LLC v. Univ. of Phx., Inc.*, No. 2:09cv555, 2010 WL 11450510, at *3 (E.D. Va. Apr. 22, 2010) (granting the stay as to parts of the Magistrate Judge's order). Thus, for example, "where the possibility of irreparable harm favors issuance of the stay and harm to third parties seems minimal," the analysis of whether a movant is likely to succeed on the merits "will not be as rigorous." *Id.*; *see also Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV-MARRA/JOHNSON, 2010 WL 11506643, at *3 (E.D. Va. Nov. 18, 2010) ("A strong argument in favor of one factor may excuse a relatively weaker showing on another.") (internal citation omitted). Here, all four factors favor granting a stay.

## ARGUMENT

**I.      DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS.**

There are two elements in consideration when weighing the likelihood of success on appeal: (1) the standard of review a district court uses when determining whether or not to overturn a Magistrate Judge's determination on a non-dispositive motion such as the one before the Court; and (2) the underlying merits of the appeal that must be subject to the standard of review. *GTSI*

4

*Corp.*, 2009 U.S. Dist. LEXIS, at *4. Here, Defendants are likely to succeed on the merits for two reasons.[3] First, Defendants respectfully submit that the Magistrate Judge would err by not deferring a ruling on the sealing of the Subject Materials until after the pending, dispositive motions are decided. Second, Defendants respectfully submit that the Magistrate Judge would err in finding that certain of the Subject Materials did not meet the First Amendment standard for sealing. Specifically, Defendants believe it would be error to find the Subject Materials that were submitted in connection with the briefing on the issues of class certification and whether this Court has subject matter jurisdiction are subject to the more rigorous First Amendment standard; the applicable standard to these Subject Materials is the common law standard.

      A.    **Under the Contrary to Law Standard, Defendants Will Succeed on the Merits of the Objections Should the Court Not Defer its Ruling Until Dispositive Motions are Decided.**

The legal portions of the Magistrate Judge's forthcoming ruling(s) are subject to the contrary to law standard, "which is essentially synonymous with de novo review." *Harrison v. Shanahan*, No. l:19-cv-461, 2019 WL 2216471, at *4 (E.D. Va. May 4, 2019). At the September 10, 2021 hearing before the Magistrate Judge, Defendants first urged the Court to reserve its rulings on the Motions to Seal because the District Judge: (1) had not yet ruled on the pending case-dispositive motions; and (2) the dispositive motions might become moot if the Court found that Plaintiffs lacked standing to prosecute this case based on pending motions suggesting a lack of subject matter jurisdiction. If the Court found a lack of subject matter jurisdiction, all the sealing motions would become moot. And, if subject matter jurisdiction were found to exist at this stage, and the Court proceeded to rule on summary judgment, then Defendants further argued that the

---

[3] Capital One asserts and incorporates the arguments advanced in its Confidential Memorandum in Support of its Motions to Seal [Dkt. No. 1991] filed on September 27, 2021. Likewise, Amazon also asserts and incorporates the arguments advanced in its Supplemental Memorandum in Support of its Motions to File Under Seal [Dkt. No. 1992] filed on September 27, 2021.

sealing analysis would be limited and informed by what confidential exhibits the District Judge relied on to reach his determination.

That position was supported by the well-established principle that exhibits submitted in connection with a dispositive motion do not become judicial records simply because a litigant has filed them in connection with such a motion. *See In re Policy Mgmt. Sys. Corp.*, No. 94-2254, 67 F.3d 296 (table), 1995 U.S. App. LEXIS 25900, at *9 (4th Cir. 1995) ("Neither the Supreme Court nor this Court has ever ruled that the mere filing of a document triggers the First Amendment guarantee of access."). Rather, an exhibit's status as a judicial record occurs when it is relied on by the Court. The Fourth Circuit has explained the reasons for this principle in the context of a motion to dismiss:

> Because documents filed with a motion to dismiss that are excluded by the court do not play any role in the adjudicative process, we find that the documents essentially retain their status as discovery materials and therefore are not subject to the First Amendment guarantee of access. Moreover, public access to documents that a court did not consider would not play a significant positive role in the functioning of the particular process in question.

*Id*. at *11 (citation, footnote, and internal quotation marks omitted). Therefore, any sealed exhibits offered in support of a dispositive motion are not automatically "judicial records" and might never become "judicial records" if the court does rely on them when deciding the pending, dispositive motions.

In short, the Subject Materials would not become "judicial records" and subject to a First Amendment standard unless and until they are relied upon by the District Judge to adjudicate substantive rights. *See In re Policy Mgmt. Sys. Corp.*, 1995 U.S. App. LEXIS 25900 at *9-11. Defendants believe the Magistrate Judge would err in choosing not to defer ruling on the sealing of the Subject Materials until the District Judge has ruled on the pending dispositive motions. If the Subject Materials are not relied upon by the District Judge, there will be no public right of

access to Capital One and Amazon's highly sensitive documents. Accordingly, Defendants are likely to succeed on the merits on this fundamental legal issue. *See In re Policy Mgmt. Sys. Corp.*, 1995 U.S. App. LEXIS 25900 at *9-11.

> **B.     Under the Clearly Erroneous Standard, Defendants Will Likely Succeed on the Merits of the Objections.**

A court's finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definitive and firm conviction that a mistake has been made." *Zeng v. Electronic Data Sys. Corp.*, 2007 U.S. Dist. LEXIS 67812, at *7 (E.D. Va. 2008). Here, a ruling that the Subject Materials are not seal worthy under the First Amendment standard would be clearly erroneous as there is substantial evidence to satisfy the common law and First Amendment standards, as applicable. For example, the Subject Materials contain sensitive, confidential information, the public disclosure of which would be harmful to Defendants' compelling business interests and pose a cybersecurity risk to the Defendants and their customers, including the specific names of the technology the Defendants currently use in their daily business operations. The Subject Materials also reference and summarize Defendants' confidential and proprietary operating systems, internal network, software development, and other cyber related tools that are currently in use or under discussion for development. They also contain sensitive, technical details regarding the names of Defendants' current databases that house their internal cyber systems for storage purposes.

To the extent that a ruling on the sealing of the Subject Materials should not be deferred, Defendants submit that the Court would err in that they have made a satisfactory showing that the Subject Materials should be protected from public disclosure under common law or the more rigorous First Amendment standard, as applicable. The common law right to access applies to the Subject Materials filed in connection with class certification. *See, e.g.*, *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013) (explaining no First Amendment right of

7

private access attaches to class certification documents because motions for class certification are non-dispositive); *id.* at 728–29 ("The Court has located no case finding a First Amendment right of access to class certification briefing and exhibits, and the Court will not find such a right today."); *Hatch v. Demayo*, No. 1:16CV925, 2020 WL 1676953, at *2 (M.D.N.C. Apr. 6, 2020) ("'[T]here does not appear to be a First Amendment right of access' to briefs and exhibits filed in connection with a motion for class certification." (citation omitted)).

Likewise, the common law standard also applies to the Subject Materials filed in connection with Capital One's motion suggesting lack of subject matter jurisdiction. The Fourth Circuit has held that the First Amendment right of access attaches to material filed with "dispositive motion[s]." *Rushford*, 846 F.2d at 252; *see also Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004) (noting that the Fourth Circuit has never recognized a First Amendment right of access to the non-dispositive civil motion process). Capital One's motion suggesting lack of subject matter jurisdiction and related briefing does not seek the adjudication of the merits of any of Plaintiffs' claims or substantive rights, but instead call for the Court to determine whether it has subject matter jurisdiction to hear this case at all. Accordingly, the common law standard applies. For these reasons, the first factor weighs in favor of a stay.

## II.   DEFENDANTS WILL BE IRREPARABLY INJURED ABSENT A STAY.

Defendants will suffer irreparable injury if the stay is not granted.[4] If the requested stay is not granted, sensitive, confidential business information and cybersecurity details of two Fortune 100 companies, including a national bank, will be filed on the public docket for public consumption. Much of this information pertains to the ***current*** technology, tools, software, and

---

[4] Defendants assert and incorporate the statements included in the Declaration of Michael Fisk [Dkt. No. 1991-1], the Declaration of Steve Schuster [Dkt. No. 1992-1], the Declaration of Michael Haken [Dkt. No. 1992-2], the Declaration of Becky Weiss [Dkt. No. 1992-3], and the Declaration of Brian Bentzen [Dkt. No. 1992-4]. These Declarations discuss the irreparable injury Capital One and Amazon will suffer if the stay is not granted.

programs that Defendants use within their cyber frameworks. The information will be available to the general public, including to any potential criminal and hostile nation-state actors, who could use this information to attempt a cyber intrusion or other cyber-related crimes. An appeal after the disclosure of such proprietary and confidential business information is an inadequate remedy.

The Fourth Circuit has endorsed the temporary sealing of documents pending a ruling on a motion to seal for this precise reason. *See, e.g., In re Knight Publ'g Co.*, 743 F.2d 231, 235 n.1 (4th Cir. 1984) ("The court may temporarily seal the documents while the motion to seal is under consideration so that the issue is not mooted by the immediate availability of the documents."). The potential harm posed by premature disclosure of confidential documents is irreparable, and this factor weighs heavily in favor of staying disclosure pending review by the District Judge.

## III.     THE ISSUANCE OF THE STAY WILL NOT INJURE PLAINTIFFS.

Plaintiffs have no risk of injury should the stay be granted. Plaintiffs have full access to the unsealed and unredacted exhibits and briefs. Whether the exhibits and briefs are filed on the public docket does not impact Plaintiffs' right to the information or their ability to have full access to the information. On the other hand, once the exhibits and other materials are filed on the public docket, a risk to the security of Defendants' cyber networks immediately materializes that cannot be reversed. Temporary non-disclosure could not conceivably harm Plaintiffs because the material has been sealed for months without any party claiming injury. Moreover, this motion only seeks an *interim* stay that would continue the current non-disclosure of sealed material pending the District Judge's review of the Orders regarding sealing. The third factor thus weighs in favor of a stay.

## IV.     THE PUBLIC INTEREST FAVORS A STAY.

Strong public policy considerations weigh in favor of the stay. To date, the history of the sealing motions filed in this action have revealed that there are no members of the public seeking

9

to access these confidential documents and there is no immediate need for unsealing of documents which unquestionably contain confidential, proprietary, and sensitive information. No person has objected to the sealing of any of the Subject Materials other than Plaintiffs. The public interest favors ensuring that confidential material is not made public prematurely and that such information is properly protected.[5] There is no pressing need for the information in these documents to be released immediately. Moreover, other public interest considerations weigh in favor of the stay, including the unnecessary risk to the security of Defendants' cyber operations that would be created if Defendants were to file the exhibits and other materials on the public docket. Indeed, this Court, like others across the country, has recognized the growing threat of cybercriminals. *See* Second Amended Standing Order, *In re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents* (E.D. Va.) (adopting new procedures for the protection of highly sensitive documents in response to "recent disclosures of widespread breaches of both private sector and government computer systems"). For these reasons, the fourth factor weighs towards a stay.

## CONCLUSION

Accordingly, Defendants' Motion to Stay should be granted consistent with the proposed order attached hereto as **Exhibit 1** and none of the Subject Materials should be filed on the public

---

[5] Indeed, in cases where a magistrate judge has ordered production of purportedly privileged material, courts have found that a stay is appropriate so that this sensitive information is protected. *See, e.g.*, *In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir. 1997) ("We find, as have several courts, that forced disclosure of privileged materials may constitute irreparable harm."); *In re Van Bulow*, 828 F.2d 94, 99 (2d Cir. 1987) (remedy after final order cannot unsay the confidential information that has been revealed); *United States v. Philip Morris*, 314 F.3d 612, 621-22 (D.C. Cir. 2003) (general injury caused by breach of the attorney-client privilege is enough to show risk of irreparable harm to a party); *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003) (petitioner would suffer "serious prejudice" if privileged information was erroneously released); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1307-08 (7th Cir. 1984) ("Once the Report was released, any error in releasing it would be impossible to correct.").

docket by any party or the Clerk pending the District Judge's consideration of Defendants' anticipated objections to the Magistrate Judge's Orders on sealing and redactions pursuant to 28 U.S.C. §636(b)(3) and Fed. R. Civ. P. 72.

Respectfully submitted this 27th day of September 2021.

/s/ S. Mohsin Reza
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
timothy.st.george@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One*

/s/ Robert R. Vieth
Robert R. Vieth, Esq. (VSB No. 24304)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
T: (703) 584-8366
F: (703) 584-8901
Email: rvieth@hirschlerlaw.com

Tyler G. Newby (admitted *pro hac vice*)
Brian Buckley (admitted *pro hac vice*)
Laurence F. Pulgram (admitted *pro hac vice*)
Jedediah Wakefield (admitted *pro hac vice*)
Vincent Barredo (admitted *pro hac vice*)
Andrew M. Lewis (admitted *pro hac vice*)
Janie Y. Miller (admitted *pro hac vice*)
Meghan E. Fenzel (admitted *pro hac vice*)
Sarah V. Lightstone (admitted *pro hac vice*)
Rina Plotkin (admitted *pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350
Email: tnewby@fenwick.com
         bbuckley@fenwick.com
         lpulgram@fenwick.com
         jwakefield@fenwick.com
         vbarredo@fenwick.com
         alewis@fenwick.com
         jmiller@fenwick.com
         mfenzel@fenwick.com
         slightstone@fenwick.com
         rplotkin@fenwick.com

*Counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

           /s/ S. Mohsin Reza
           S. Mohsin Reza
           *Counsel for Capital One*