IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER DATA BREACH SECURITY LITIGATION ) ) ) | ) MDL No. 1:19md2915 (AJT/JFA) |
| This Document Relates to CONSUMER Cases | ) ) ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO FILE UNDER SEAL:
AMAZON'S NOTICE OF INTENT TO REQUEST REDACTION OF TRANSCRIPT**

Plaintiffs, by Co-Lead Plaintiffs' Counsel, and pursuant to Local Civil Rule 5, file this response in opposition to Amazon's Motion to File Under Seal. [Doc. 1973] (the "Motion to Seal"). For the reasons stated herein, Amazon's motion should be denied. Amazon has failed to meet its burden of establishing that sealing is appropriate under the stringent First Amendment standard.

**I.      INTRODUCTION**

On September 22, 2021, Defendants Amazon.com, Inc., and Amazon Web Services, Inc. (together, "Amazon,") filed a Memorandum in Support of their Motion to File Under Seal and Notice of Intent to Request Redaction of Transcript ("Memorandum") [Doc. 1974]. Amazon moved to seal certain redacted lines of the July 12, 2021 hearing transcript. Amazon filed a Motion to Seal [Doc. 1973] and its Notice of Filing Sealing Motion. [Doc. 1975]. In accord with Local Civil Rule 5, Plaintiffs now respond to Defendant's Motion to Seal and respectfully submit that the Motion to Seal should be denied. Amazon has not met its burden to show that the First Amendment right of access may be curtailed and thus its sealing requests must be denied.

## II.     ARGUMENT

### A.     The Procedural Requirements for Sealing Have Been Met.

Under Local Rule 5(C), a party may file a motion to seal with the proposed sealed filings, after which the Court will determine whether the sealing or redactions are proper. E.D. Va. Loc. Civ. R. 5(C). Amazon followed that practice when filing the materials in question under seal.

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Fourth Circuit has established steps that a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In *Ashcraft*, the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that the parties must: (1) provide notice to the public and give the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Id.* All of these procedural prerequisites are satisfied here, though Plaintiffs argue, as noted, that the proposed redactions should not remain under seal.

*First*, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight*, 743 F.2d at 235. The Court does not need to provide notice to the public of each document to be sealed where such individual notice would be "impractical" and "unwarranted," as is the case here. *Id.* In accord with Local Rule 5, Defendant's Motion to Seal [Doc. 1973] and its Notice [Doc. 1975] were publicly docketed and filed on September 22, 2021, such that any party or nonparty could object.

*Second*, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Defendant did not request blanket sealing of the transcript in question, but only sealing of a few sentences.

2

*Third*, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or common law.  Based on the arguments that follow in Sections B and C, the Court should find that the First Amendment right of access attaches.  Since none of the proposed redactions involve confidential information or PII of Plaintiffs, and Amazon has not met its burden to seal under the stringent First Amendment standard, Amazon's motion should be denied.

### B. A First Amendment Right of Access Attaches.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). The common law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents"—such as exhibits filed in connection with plea hearings and sentencing hearings in criminal cases, and trial proceedings and dispositive motions in civil cases. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181-82 (4th Cir. 1988).

Here, where Amazon is seeking to seal arguments made in connection with Plaintiffs' class certification motion, specifically with respect to Article III standing, the very stringent First Amendment standard applies. . *Stone*, 855 F.2d at 181-82*; Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cty.*, No. CV TDC-18-3821, 2021 WL 488641, at *3 (D. Md. Feb. 10, 2021) ("[A]lthough discovery is 'ordinarily conducted in private,' once documents are made part of a dispositive motion, they lose their status as 'raw fruits of discovery' and 'stand[ ] on a wholly different footing' as to the public's access to those records.") (quoting *Rushford*, 846 F.2d at 252)); *see also In re Interior Molded Doors Antitrust Litig.*, No. 3:18CV718, 2020 WL 7259153, at *4 (E.D. Va. Dec. 10, 2020); *Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 130 (E.D. Va.

2014) (discussing the fact that, although class certification is not considered dispositive in the same way that summary judgment is under the Eastern District of Virginia's local rules, it can "as a practical matter" have the same "dispositive consequence"). Judge Anderson previously agreed. *See* Sept. 10, 2021 Hr'g Tr. at 27:2-4, 36:2-37:22.[1] As noted, the First Amendment standard is a very high bar. *Stone*, 855 F.2d at 181-82; *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 266 (4th Cir. 1988) (First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'") (quoting *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). A court evaluating a First Amendment right to access must evaluate a higher standard: "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253. In order "to limit . . . access to the documents submitted in connection with the [dispositive] motion, there must be a showing, in the first instance by the district court, that the denial serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Id.* Amazon agrees that the First Amendment standard governs here. Doc. 1974 at 3.

**C. The redactions to the July 12, 2021 hearing transcript should not be sealed.**

The Court should find that the redactions to the July 12, 2021 hearing transcript Amazon now seeks fail to meet the First Amendment standard articulated above. Plaintiffs have made a detailed review of Defendant's redactions in order to comply with the mandate of Local Civil Rule 5 to limit sealing measures and conclude that the redactions should not be sealed, as explained further below.

---

[1] Capital One argues in a footnote that "Capital One does not believe that the First Amendment standard applies." Doc. 1978 at 5 n.2. Capital One provides no support for this conclusion, and does not acknowledge the Court's previous ruling holding otherwise.

**Application of law to July 12, 2021 hearing transcript 36:9-13:**

Amazon does not explain how disclosure of this information could harm its competitive business standing or why it is worthy of further protection. It has the burden of keeping information sealed. "The right of public access to court records stems from both the common law and the Constitution. This right brooks few exceptions. Whether protected by the common law or the Constitution, the public's access right helps ensure the justice of court proceedings and, therefore, 'may be abrogated only in unusual circumstances.'" *Interior Molded Doors*, 2020 WL 7259153, at *4 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)). Here, Amazon seeks to redact four lines from the transcript regarding immediate detection and remediation that occurred after the data breach. The Court previously ruled that this kind of information should be public. Hr'g Tr. at 8:19-9:10, 9:22-10:5, 69:14-70:7, 132:8-14. The first two and a half lines (the first two redacted sentences) are not even regarding the breach but merely explaining the concept of a cyber-security practice so common it is defined by Wikipedia.[2] That Amazon uses honeypots generally is also already in the public record. *See* Doc. 1260 at 47 (brief page 39, last bullet point); *see also* AWS Honeypot Data – Visualizing the Threat of Cyberattacks, Sisense (Feb. 21, 2019), https://www.sisense.com/whitepapers/gofigure-aws-honeypot-data-visualizing-the-threat-of-cyberattacks/. The other two lines Amazon seeks to redact are also historical information regarding detection of the breach that the Court has ruled should be public. Hr'g Tr. at 8:19-9:10, 50:3-9, 69:14-70:7. Amazon fails to explain how the compelling governmental interest it seeks to protect (when at least some of what it seeks to protect is actually not even *private* business information) has been met in the least restrictive means possible. And indeed, it is not – instead it is precisely the type of historic information regarding the Breach that

---

[2] *See* https://en.wikipedia.org/wiki/Honeypot_(computing)

5

the Court ruled does not meet the First Amendment standard. Hr'g Tr. at 8:19-9:10, 50:3-9, 69:14-70:7. The Court should conclude that Amazon has failed to meet its burden and should not redact the July 12 hearing transcript as requested.

### III. CONCLUSION

Amazon has not met – and cannot meet - its burden to justify denial of access of the public to the information it seeks to protect in the redactions it seeks to the July 12 hearing transcript under the rigorous First Amendment standard. As such, Plaintiffs thus respectfully request that Defendant's Motion To Seal [Doc. 1973] be denied.

Dated: September 29, 2021                  Respectfully Submitted,

/s/ Steven T. Webster
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN, P.L.L.P**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

                                                    Tel: (813) 223-5505
                                                jyanchunis@ForThePeople.com

*Plaintiffs' Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Steven T. Webster*
Steve T. Webster (VSB No. 31975)
WEBSTER BOOK LLP
