IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) | |
| DATA BREACH SECURITY LITIGATION ) | MDL No. 1:19md2915 (AJT/JFA) |
| ) | |
| ) | |
| This Document Relates to CONSUMER Cases ) | |
| ) | |

**PLAINTIFFS' OPPOSITION TO CAPITAL ONE AND AMAZON'S JOINT MOTION TO STAY ORDER REGARDING THE UNSEALING OF EXHIBITS AND BRIEFS**

Plaintiffs, by Co-Lead Plaintiffs' Counsel, and pursuant to Local Rule 7 of the Local Rules for the United States District Court for the Eastern District of Virginia, submit this Opposition to Capital One and Amazon's Joint Motion to Stay Order Regarding the Unsealing of Exhibits and Briefs ("Joint Motion") [Doc. 2004]. Defendants Capital One and Amazon filed a joint memorandum supporting the motion ("Memorandum") [Doc. 2005]. Defendants request the Court stay any action required by forthcoming orders from Magistrate Judge John F. Anderson, including but not limited to further orders stemming from the September 10, 2021 Order [Doc. 1955] (the "Order") largely denying previous Motions to Seal filed by the parties [Docs. 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915] ("Motions to Seal"). Apparently, Defendants intend to request review by the Court pursuant to 28 U.S.C. § 636(b)(3) and Fed. R. Civ. P. 72. Plaintiffs understand the pending Joint Motion to mean that neither Capital One nor Amazon intends to follow the September 13 Order [Doc. 1955] requiring them to file public versions of all previously-filed documents with only the redactions permitted in the Order and discussed at the September 10, 2021 Hearing before Judge Anderson. According to the Joint Motion and the supplemental briefs filed by both Capital One and Amazon on September 27, 2021 [Docs. 1991, 1992, 1993, 2006], Plaintiffs also understand that Defendants' position is that Plaintiffs may not follow the September 13 Order either.

562764.5

Nothing in the September 13 Order indicated that its rulings were provisional. In fact, the Order specifically reiterated Judge Anderson's instruction from the September 10 hearing that by allowing the parties to "provide additional information concerning some of the redactions to the pleadings and exhibits to address why that specific information should remain under seal given the guidance by the court," those supplemental filings were "not an opportunity to present new or additional information in order to overcome a failure to carry a burden in the initial briefing and argument as to the types of information that should be unsealed." [Doc. No. 1955 at 3; *contra* Mem. at 2-3.] Defendants' Joint Motion to stay is an inelegant attempt to sidestep this explicit directive from Judge Anderson and to salvage—too late, and ineffectively—its own failure to properly support its initial, failed Motions to Seal. It also appears to be a belated attempt to re-argue summary judgment. Plaintiffs respectfully request that the Joint Motion be denied.

I. **PROCEDURAL HISTORY**

Capital One and Amazon largely recite the history of the relevant motions to seal in their briefing, and Plaintiffs do not re-hash it here. *See* Memorandum at 2-3. However, the Memorandum relies on characterizations about the status of the motions to seal that are flatly inaccurate. First, Capital One and Amazon characterize the Order issued by Judge Anderson on the pending motions to seal as a "provisional ruling," which is not accurate at all. *Id.* at 2; *see* Order at 2-3 ("[T]he Court granted counsels' request that they be allowed to provide additional information concerning some of the redactions to the pleadings and exhibits to address why that specific information should remain under seal *given the guidance provided by the Court. However, it was made clear, that this was not an opportunity to present new or additional information* in order to overcome a failure to carry a burden in the initial briefing and argument as to the types of information that should be unsealed. Accordingly, it is hereby ORDERED that these motions to seal (Docket nos. 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915) are

granted in part and denied in part.") (emphasis added).  This Order is not provisional, and it did not permit Capital One or Amazon to re-argue their motions to seal in order to overcome the burden they failed to meet during the initial briefing and argument.  Second, Capital One and Amazon cite to the September 10, 2021 hearing transcript as evidence that the Order is not yet in effect. Memorandum at 2-3; Hr'g Tr. at 139:23-140:12.  This is inaccurate.  Judge Anderson very explicitly permitted the Defendants to submit supplemental information about *specific redactions*, not re-argue the nature of the motions to seal in their entirety.  In accordance with the Order, Plaintiffs filed limited additional information regarding specific redactions permitted on particular pages of Exhibits based on the discussion at the hearing, and additional information about Capital One and Amazon exhibits requested by Judge Anderson.  [Doc. 1990].  Capital One, however, filed a "supplemental" brief [Doc. 1991] arguing that *every single document* involved in summary judgment briefing should remain under seal, despite having never argued that in previous sealing motions, and despite discussing a multitude of documents designated by Capital One or Amazon as "Confidential" pursuant to the Amended Stipulated Protective Order [Doc. 368] in open court.[1] Amazon, for its part, filed a supplement suggesting more limited redactions were appropriate. [Doc. 1992.]  Finally, both Capital One and Amazon filed this Joint Motion, seeking to have any requirement of compliance with the Order stayed pending objections yet to be filed.

---

[1] Capital One's approach to sealing has been wildly inconsistent.  Despite arguing that "Fourth Circuit precedent compels waiting to unseal *any* documents until after dispositive motions are decided," [Doc. 1991 at i, 5], Capital One nevertheless filed unredacted documents produced by Plaintiffs and Capital One on September 29, apparently in compliance with the Order and direction of Judge Anderson it now seeks to stay.  [Docs. 2026, 2026-3, 2026-4.]

## II.   ARGUMENT

### A.   Legal Standard of Review on a Motion to Stay

Because a stay pending appeal would "interrupt[ ] the ordinary process of judicial review and postpone[ ] relief for the prevailing party . . .," the stay of an order "is an extraordinary device which should be sparingly granted." *Holloway v. City of Virginia Beach*, 2021 WL 3037419, at *2 (E.D. Va. July 19, 2021). The Fourth Circuit has never clarified the test that should be applied to determine whether to stay enforcement of a magistrate judge's order pending appeal to the district court judge pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636. *See Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix Inc.*, 2010 WL 11450510, *3 (E.D. Va. Apr. 22, 2010) ("A review of *GTSI Corp*. [cited by Defendants, *see* Mem. at 3] and the cases cited therein, reveals a lack of clarity regarding whether this court is required to apply such test, or whether . . . the court simply has the broad discretion to consider the propriety of a stay based on whatever factors the court deems appropriate."). Nevertheless, courts in this District have concluded that the factors identified in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)—specifically, the likelihood of success on the merits, irreparable harm absent a stay, substantial injury to other interested parties from granting a stay, and the public interest—"present valid considerations that are appropriate in helping the court to determine how to exercise its discretion," even if analysis of those factors is not required. *Digital Vending*, 2010 WL 11450510, at *3. Where, as here, a stay is requested before entry of judgment, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Holloway*, 2021 WL 3037410, at *2 (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The moving party must show by "clear and convincing circumstances" that the need for a stay outweighs the potential harm to the opposing parties or third parties. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

## B. Defendants Have Not Established by "Clear and Convincing Circumstances" That a Stay is Warranted

Capital One and Amazon do not come close to establishing by "clear and convincing circumstances" that the need for the stay they are requesting outweighs the potential harm to Plaintiffs, to the public, or to the 98 million people in the putative class the stay would cause. *Williford*, 715 F.2d at 127. Each factor is discussed in turn.

### 1. *Likelihood of Success on the Merits*

A district court will only overturn a magistrate judge's nondispositive order on appeal if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). "Clearly erroneous" and "contrary to law" are not synonymous; a reviewing court reviews "the factual portions of [a] Magistrate Judge's order under the clearly erroneous standard," but reviews "legal conclusions to determine if they are contrary to law." *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) (citing *HSBC Bank USA, Nat. Ass'n v. Resh*, No. 3:12cv668, 2014 WL 317820, at *7 (S.D.W.V. Jan. 28, 2014)). A magistrate judge's factual findings are clearly erroneous when, "although there is evidence to support [the findings], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985). If a reviewing court is not firmly convinced that such an error has occurred, then "the magistrate judge's order must be affirmed." *Giganti v. Gen–X Strategies, Inc.*, 222 F.R.D. 299, 304–05 (E.D. Va. 2004). "For questions of law 'there is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] de novo standard.'" *Bruce*, 21 F. Supp. 3d at 594 (alteration in original) (quoting *HSBC Bank*, 2014 WL 317820, at *7).

Here, to succeed on their threatened (but not yet filed) appeal, Defendants bear the burden of showing that the magistrate judge's determination—a determination that Defendants insist,

contrary to the magistrate judge's own explicit instructions, has not yet been made except on a "provisional" basis—that certain categories of filings, exhibits, and testimony cannot appropriately be maintained under seal was either clearly erroneous or contrary to law. Given this heavy burden, "it is extremely difficult to justify alteration of magistrate judge's nondispositive actions by the district judge," and Capital One and Amazon do not meet it. Wright & Arthur R. Miller, Federal Practice and Procedure § 3069 (3d ed. 1998).

As an initial matter, it is not possible for Defendants' to establish the likelihood of their success on the merits of arguments they have not yet made, in an appeal they have not yet filed, of an order they contend has not yet been issued. The procedurally appropriate course would have been for Defendants to wait until they believe the magistrate judge's order is no longer "provisional," then file their appeal identifying specific aspects they believe to be deficient, and shortly thereafter (or simultaneously) file a motion to stay explaining why they believe the arguments offered in that appeal will succeed on their merits. Defendants' failure to follow that logical sequence of events turns this Court's task into one somewhere between crystal-ball gazing and whack-a-mole, and reflects Defendants' continual efforts in this litigation to take second, or even third bites at the apple when their initial arguments fall short. This procedural deficiency alone is a sufficient reason to deny the requested stay.

In addition, Defendants raise arguments that they did not argue in their initial responses to the motions to seal, where they agreed that the First Amendment standard applied to at least the summary judgment motions at issue. *See* Docs. 1731 at 3-5 (Capital One's sealing response to Plaintiffs' Partial Summary Judgment Memorandum); 1855 at 3-4 (Amazon's sealing response to Plaintiffs' Opposition to Amazon's Motion for Summary Judgment); 1857 at 3-4 (Amazon's sealing response to Plaintiffs' Opposition to Capital One's Motion for Summary Judgment); 1862

at 3-5 (Capital One's sealing response to Plaintiffs' Opposition to Capital One's Motion for Summary Judgment); 1863 at 3-5 (Capital One's sealing response to Plaintiffs' Opposition to Amazon's Motion for Summary Judgment); 1889 at 3-4 (Amazon's memorandum in support of its motion to seal filed with its Summary Judgment Reply); 1916 at 3-5 (Capital One's memorandum in support of its motion to seal filed with its Summary Judgment Reply); 1926 at 3-5 (Capital One's sealing response to Amazon's Summary Judgment Reply); 1927 at 3-5 (Capital One's sealing response to Plaintiffs' Partial Summary Judgment Reply). In *none* of these sealing briefs did either Capital One or Amazon argue that the proper standard for evaluating sealing at summary judgment could not be evaluated until after the order was issued. Capital One also did not raise this argument in its Omnibus Sealing Reply. *See* Doc. 1868. "The Fourth Circuit has held that a party may not assert entirely new issues for the first time in objections to a magistrate judge's recommendation." *Jordan v. Berryhill*, No. 1:16-CV-951, 2018 WL 555716, at *1 (E.D. Va. Jan. 23, 2018) (citing *Samples v. Ballard*, 860 F.3d 266, 273 (4th Cir. 2017)); *see also Carrington v. Clarke*, No. 3:19CV805 (DJN), 2020 WL 5521373, at *2 (E.D. Va. Sept. 14, 2020), *appeal dismissed*, 852 F. App'x 749 (4th Cir. 2021) ("The Court need not entertain this entirely new claim of ineffective assistance of counsel raised for the first time in the Objections to the Report and Recommendation."). As a result, Defendants are not likely to prevail on this issue.

But even if the Court were to consider Defendants' arguments on their merits at this time, those arguments will not succeed on appeal because they are contrary to long-established Fourth Circuit precedent. Defendants are simply incorrect when they assert that, under *In re Policy Management Systems Corp.*, a court cannot know whether to analyze sealing issues under the common-law standard or the First Amendment standard until the motion for which the sealed document was filed has been decided. Mem. at 6 (citing 67 F.3d 296 (table unpublished decision),

1995 WL 541623, at *4 (4th Cir. 1995)). *Policy Management* concerned sealed documents filed in connection with a motion to dismiss, which the Court may—and as a procedural matter, often must—decide without considering documents outside the pleadings, and therefore documents not considered by a court in resolving a motion to dismiss are more akin to discovery materials, to which the First Amendment guarantee of access does not attach. 67 F.3d 296, 1995 WL 541623, at *3. But *Policy Management* explicitly recognizes that motions to dismiss are fundamentally different from summary-judgment motions in that respect, because "[a] summary judgment motion requires a district court to examine the entire record, including affidavits and materials beyond the pleadings, to determine whether there is a genuine issue of any material fact and whether the movant is entitled to judgment as a matter of law." *Id*.

Accordingly, *Policy Management* reaffirmed the Fourth Circuit's earlier decision in *Rushford v. The New Yorkers Magazine, Inc.* that "the First Amendment guarantee applies to documents *filed* in connection with a summary judgment motion" and that summary judgment briefs and supporting documents "lose their status of being raw fruits of discovery." *Id*. (quoting *Rushford*, 846 F.2d 249, 253 (4th Cir. 1988) (internal quotation omitted) (emphasis added)). In fact, the Fourth Circuit explained that had the district court in *Policy Management* converted the motion to dismiss into one for summary judgment, pursuant to Rule 12(d), "the First Amendment guarantee of access [would] attach[ ] under *Rushford*." *Policy Management*, 67 F.3d 296 n.5, 1995 WL 541623, at *4 n.5. Under these unambiguous and binding precedents, Judge Anderson had all the information it needed to apply the First Amendment standard to all materials filed in connection with the summary-judgment motions and order a significant portion of those materials unsealed. In addition, Defendants' argument that the motions suggesting a lack of subject-matter jurisdiction are not dispositive is simply wrong, and the Joint Motion provides no case law support for such a

562764.5                                     8

conclusion. The motion is dispositive of the case; in addition, because it was filed at the summary judgment stage, it is a fact-intensive inquiry that mimics the evidentiary requirements of summary judgment. [Doc. 1871 at 2-3; Doc. 1502 at 2-3.] And Capital One and Amazon do not dispute in their Joint Motion that motions *in limine* are also dispositive for purposes of application of the First Amendment standard.

The First Amendment standard also governs sealing issues surrounding class certification. Although case law within the Fourth Circuit is mixed, courts within the circuit have applied the First Amendment standard to sealing of class-certification materials. *E.g.*, *Minter v. Wells Fargo Bank, N.A.*, Nos. WMN-07-3442 and WMN-08-1642, 2010 WL 5418910, *6 (D. Md. Dec. 23, 2010) (observing that the plaintiffs "appropriately focus[ed] their First Amendment public right of access argument on discovery material filed with the Court in conjunction with Plaintiffs' Class Certification Memorandum," and ordering those materials unsealed, but declining to issue a blanket order removing the "confidential" designation from documents only produced in discovery but not filed with the court). This conclusion is consistent with the Fourth Circuit's rationale in *Policy Management* and *Rushford* that a First Amendment right of access attaches to any filings that have "los[t] their status of being raw fruits of discovery" by virtue of the role the material plays in the case. As *In re Interior Molded Doors Antitrust Litigation* explained, Fourth Circuit jurisprudence "make[s] clear that a First Amendment right of access applies to documents that 'play a role in the adjudicative process, or adjudicate substantive rights.' To fall in the category of 'judicial records,' a document must 'be relevant to the performance of the judicial function and useful in the judicial process.'" No. 3:18CV718, 2020 WL 7259153, at *5 (E.D. Va. Dec. 10, 2020) (quoting *In re Application of the U.S.*, 707 F.3d at 290-91 (internal quotation marks omitted)). Class certification filings—including, as in *Interior Molded Doors*, expert-related

materials filed at class certification—are useful in the judicial process because "the Court, [and] also prospective class members, will need to analyze the [materials] to decide how to move ahead." *Id*.; *see also Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 130 (E.D. Va. 2014) (discussing the fact that, although class certification is not considered dispositive in the same way that summary judgment is under the Eastern District of Virginia's local rules, it can "as a practical matter" have the same "dispositive consequence").

Specifically, class certification *does* have dispositive consequences for 98 million putative class members: if a class is certified, class members will need to evaluate whether to opt out; if a class is not certified, *American Pipe* tolling will end, and absent class members will need to evaluate whether to pursue individual claims. The class certification briefs and exhibits and related expert materials will provide important information to class members in this regard. First Amendment protections are therefore appropriate. It was neither clearly erroneous nor contrary to law for the magistrate judge to so hold, and therefore Defendants are not likely to succeed on the merits of their efforts to shield unflattering information about their business and technology practices from becoming public.

Finally, Capital One and Amazon do not even attempt to establish in the Joint Motion that any of the documents they seek to file under seal *do* meet the First Amendment standard, or that the determination that they do not by Judge Anderson is clearly erroneous or contrary to law. They simply state in a conclusory fashion, without citation to specific documents, affidavits, or case law, that "there is substantial evidence to satisfy the . . . First Amendment standard[]." Memorandum at 7. As indicated throughout the prior briefing on the motions to seal, at the September 10 hearing, and in the Order, Capital One and Amazon want to seal information related to their security practices and business information, characterizing that information as "proprietary and trade-secret

information." But their boilerplate assertions that the information relates to "compelling business interests" fails to even attempt to account for the fact that the information in question forms the basis of Plaintiffs' complaint in this action, and involves the fundamental substantive claims being advanced by Plaintiffs on behalf of 98 million people in the United States whose information was compromised as a result of Capital One and Amazon's actions (and inactions). Capital One and Amazon want to protect their standing in markets—for Amazon, to sell the very services it provided to Capital One, and for Capital One, to retain its customers' PII and computer systems despite previous failures—and prevent the public from understanding the misconduct alleged in great detail by Plaintiffs. Even if such were sufficient to justify granting the motion – and it is not – neither Capital One nor Amazon explains how disclosure of this information could harm its competitive business standing or is worthy of further protection in the Joint Motion. They have the burden of keeping information sealed, which Judge Anderson determined they failed to meet. Order at 2; Hr'g Tr. at 7:12-8:6, 37:15-38:9. "The right of public access to court records stems from both the common law and the Constitution. This right brooks few exceptions. Whether protected by the common law or the Constitution, the public's access right helps ensure the justice of court proceedings and, therefore, 'may be abrogated only in unusual circumstances.'" *Interior Molded Doors*, 2020 WL 7259153, at \*4 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)). More importantly, neither Capital One nor Amazon explains how the compelling governmental interest it seeks to protect (which is protection of *private* business information, a compelling government interest that is only very rarely protected) has been met in the least restrictive means possible, either in the Joint Motion or previously. As a result, Capital One and Amazon have not established a likelihood of success on the merits.

### 2. *Irreparable Harm Absent a Stay*

Capital One and Amazon argue that they will be irreparably harmed absent a stay. Memorandum at 8-9. Their argument is two paragraphs unsubstantiated by any factual showing that any particular information is at risk for dissemination or has attendant security concerns, and is supported only by a Fourth Circuit case that is about temporary sealing that <u>preceded</u> any motion to stay filings, nothing like the present scenario. *See Knight Publ'g Co.*, 743 F.2d 231, 235 n.1 (4th Cir. 1984). There is no case law from the Fourth Circuit that supports a finding that a failure to stay motions to seal <u>after</u> full briefing, hearing, and a magistrate's order constitutes irreparable harm. And it does not – Capital One and Amazon had a full and fair opportunity to support their claims that the information at issue should be sealed, and they failed. Because Judge Anderson has found, via extensive hearing and factual findings, that the burden has not been met, Amazon and Capital One will not be irreparably harmed by the Order going into effect.

Also, neither Capital One nor Amazon make any attempt to show that the information they seek to keep under seal – which is largely recitations of how the Data Breach occurred, how Capital One and Amazon responded, and their remediation attempts – is not already public. They do not differentiate in their requests for sealing between information that is proprietary and secret, and information that has already been disclosed about the causes of the Data Breach generally, which has been discussed extensively on public forums for two years. *See, e.g.*, Brian Krebs, Krebs on Security (Aug. 2, 2019) https://krebsonsecurity.com/2019/08/what-we-can-learn-from-the-capital-one-hack/; Josh von Schaumberg, Tech10 (Aug. 14, 2019), https://www.trek10.com/blog/capital-one-breach. The DOJ also has an ongoing investigation that lists many details about the Data Breach in public court filings. *See* Superseding Indictment of Paige Thompson, No. CR 19-0158RSL (June 17, 2021), *available at*

https://www.documentcloud.org/documents/20974985-capitalone-hack-june-2021-superseeding-indictment. Amazon makes *no* showing that any of its information need be sealed to avoid irreparable harm. As a result, this factor does not support granting the Joint Motion.

3. *Substantial Injury to Other Interested Parties and The Public Interest*

Here, where the putative class consists of 98 million people and where Capital One and Amazon seek to seal the substantive facts that underlie the claims asserted in the Complaint, the public interest and the interest of other parties in the litigation warrant denial of the Joint Motion. Judge Gibney's order in *In re: Interior Molded Doors Antitrust Litigation*, provides an excellent overview of the importance of the public's right to understand the case, and explicitly noted that as the case progresses that the public's right to information – and the court's obligation to make decisions in public – counsels in favor of making documents and records public, especially when those documents and records have continued and ongoing relevance to the litigation. *See* 2020 WL 7259153, at *4. As Judge Gibney opined:

> Courts do their business in public. The litigants and the public enjoy a "presumptive right of access" to papers filed with the courts. The defendants want to shut the door on a big part of these proceedings to protect their "competitive" strength in the market—a strength that the evidence arguably shows came from the very misconduct they want to conceal. Both the original motions to seal as well as the motions to reconsider try to keep this door shut. The law demands otherwise.

*Id.* Here, the public – of which 98 million individuals, almost half the adult population of the United States, were affected by the Data Breach and by Defendants' actions and failures in regard to the Breach – has a right to understand the Data Breach and the mechanisms through which it occurred, along with detailed and factual information about the ways that Capital One and Amazon responded (or failed to respond). Capital One and Amazon have never explained why their nebulous and unexplained competitive or historical security interests outweigh that right to access, or even how those interests would be harmed through public access to information about the

mechanics of the Breach or Capital One and Amazon's responses.  As Judge Gibney explained regarding the value of open courts to the public and the values of open access in *Interior Molded Doors*:

> More importantly, the public has an interest in maintaining its "ability to oversee and monitor the workings of the Judicial Branch."  Other branches of government face periodic elections, but the judiciary operates without a public check on its actions. People deserve to have as much information as possible about how judges make decisions. . . . Access to all the facts helps them answer these questions. Public confidence in the judiciary mandates openness whenever possible.
> The public interest goes beyond concerns about the judiciary. People could easily ask how the government's antitrust enforcers allowed this situation to arise. They might wonder why the Justice Department did not pursue the defendants for price fixing. Or, on the other hand, they might applaud the government for allowing the parties most interested in the case—sellers and buyers—to fight it out.
> And finally, the public's curiosity plays a role. Our country's citizens have a right to know what is going on—in the courts, the executive branch, and in industry. To call this interest "curiosity" understates its importance and legitimacy. One of the things that separates our country from others is that our institutions—including our courts—operate in the public eye. In totalitarian nations, someone makes a decision, and everyone lives with it. Here, we see how the government makes decisions, and we hold people accountable for them. But the defendants want to obscure part of the decisional process.

*See* 2020 WL 7259153, at *6-7 (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014) (internal citations omitted)). That much of the information at issue may be embarrassing and unflattering is not worthy of this Court's protection.  *Id.*  ("Commercial embarrassment does not go far in justifying secrecy in the courts. As much as litigants dislike it, courts routinely air personal and commercial information.").

Capital One and Amazon argue that "Plaintiffs have no risk of injury should the stay be granted."  Memorandum at 9-10.  This is untrue.  The named and representative plaintiffs are not permitted access to all of the documents in the case because Capital One and Amazon have designated copious amounts of information as "Confidential-Outside Counsel Only" pursuant to the Amended Stipulated Protective Order [Doc. 368].  And 98 million members of the public are

putative class members who cannot evaluate the strength of their claims or their options on or after a decision on class certification without access to the information. These factors counsel against a stay, and, taken together, counsel a conclusion that Capital One and Amazon have not met their burden to justify the extraordinary remedy they seek.

## CONCLUSION

For all the reasons discussed herein, the Joint Motion should be denied.

Dated: October 4, 2021                     Respectfully Submitted,

*/s/ Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, Virginia 22314
Tel: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN, P.L.L.P**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@ForThePeople.com

*Plaintiffs' Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ *Steven T. Webster*
Steve T. Webster (VSB No. 31975)
WEBSTER BOOK LLP