UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) | |
| DATA SECURITY BREACH LITIGATION ) | MDL No. 1:19md2915 (AJT/JFA) |
| ) | |

This Document Relates to CONSUMER Cases

**CAPITAL ONE AND AMAZON'S REPLY IN SUPPORT OF THEIR JOINT MOTION TO STAY ORDER REGARDING THE UNSEALING OF BRIEFS AND EXHIBITS**

Defendants' Joint Motion to Stay (Dkt. 2005, the "Motion" or "Mot.") aims to prevent the irreparable harm that would result from the premature, improper disclosure of Defendants' sensitive cybersecurity and confidential business information. As Defendants explained in their opening brief, confidential sealing memoranda, and numerous declarations, disclosure of the sealed material to the public (including malicious actors) would pose a serious risk to Defendants' cybersecurity posture and business position. In response, Plaintiffs do not dispute Defendants' concerns, but instead ignore them. Nor do Plaintiffs demonstrate any harm that they or the public would suffer if the stay were granted. That alone warrants the entry of a stay.

**I.        THE JOINT MOTION TO STAY IS PROCEDURALLY PROPER.**

Despite the Court's invitation to file a motion to stay, Plaintiffs accuse Capital One and Amazon of filing a motion which is procedurally improper. Dkt. 2032 at 1–2 (Plaintiffs' Opposition to Capital One and Amazon's Joint Motion to Stay) (the "Opposition" or "Opp."). Plaintiffs also mischaracterize the intent of Defendants' Motion, suggesting that it means that "neither Capital One nor Amazon intends to follow the September 13 Order" and that "Defendants' position is that Plaintiffs may not follow the September 13 Order either." *Id.* at 1. Plaintiffs are wrong on both counts.

1

First, Plaintiffs are incorrect that Defendants violated, or intend to violate, this Court's September 13 Order (Dkt. 1955, the "September 13 Order"). That order was clearly provisional and only required the parties to publicly file documents that were not the subject of the supplemental sealing submissions the order also allowed. *See* Dkt. 1955 at 3 ("[T]he court granted counsels' request that they be allowed to provide additional information concerning some of the redactions to the pleadings and exhibits to address why that specific information should remain under seal. . . . All redactions and documents *that are not the subject of a submission* filed in a timely manner should be filed in the public record by the party who initially filed that information under seal by September 29, 2021." (emphasis added)).[1] Put otherwise, the September 13 Order's filing provisions applied only to those documents where all parties "agree[d]" with the Court's provisional sealing determinations. *See id.*; *see also* 9/10/2021 Hr'g Tr. at 138:25–139:8 (the Court explaining the same at the September 10 hearing).

Defendants complied with that order.[2] On September 29, both Capital One and Amazon publicly filed certain documents that were not the subject of any party's supplemental sealing submission. Dkts. 2025; 2026. These documents contained previously sealed information for which Amazon and Plaintiffs "agree[d]" with the Court's provisional determination that these documents should be filed in totally unsealed form. *See id.* Capital One did not publicly file (and requested that Amazon and Plaintiffs refrain from filing) any documents containing its confidential information. This course complied with the Court's September 13 Order because, in addition to the specific showings supporting sealing that it made in its supplemental submission, Capital One

---

[1] The Court's ruling is also consistent with Local Civil Rule 5, which permits "the filer or the person designating material as confidential to present further argument why certain material should remain under seal."

[2] Capital One and Amazon's compliance with the September 13 Order belies Plaintiffs' assertion that Defendants have suggested "that the [September 13] Order is not yet in effect." *See* Opp. at 3.

maintains, as it argued at the September 10 hearing and in its supplemental submission, that *all* such documents should remain under seal until the Court rules on the merits of the class certification,[3] standing, and summary judgment motions.[4] Accordingly, all of the documents containing Capital One's confidential information were the subject of Capital One's supplemental sealing submission and not subject to filing under the terms of the September 13 Order.

Second, Defendants' Motion is procedurally proper. Because Capital One and Amazon have already complied with the September 13 Order, Defendants *do not* seek to stay compliance with that order. Instead, Capital One and Amazon seek to stay the future order that the Court stated would issue pertaining to the documents that were the subject of the parties' supplemental sealing submissions. *See* Dkt. 1955 at 2–3. Capital One and Amazon seek the stay of that future order now because they will suffer irreparable injury the moment any improperly unsealed information is filed on the public docket. *See* part III.A, *infra*. And practically speaking, such a stay is necessary now, or at least no later than when the future order is entered, to the extent that order may be effective immediately upon its issuance. Indeed, recognizing this potential issue, the Court expressly invited the filing of a motion to stay at this juncture. *See* 9/10/2021 Hr'g Tr. at 138:14–24 ("To the extent that you're going to ask that my order is held in abeyance or stayed, maybe you

---

[3] Capital One also maintains that the common law standard, not the First Amendment standard, applies to the sealing of materials filed in connection with class certification and standing briefing. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728–29 (M.D.N.C. 2013) ("The Court has located no case finding a First Amendment right of access to class certification briefing and exhibits, and the Court will not find such a right today."); *see also infra*, pp. 9–10. Plaintiffs have not even challenged the sealing designations under the common law standard.

[4] Plaintiffs are incorrect that this argument in Capital One's sealing submission is a new one. At the September 10 hearing, Capital One argued that sealing determinations should be made only after the merits of the motions were decided. *See* 9/10/2021 Hr'g Tr. at 22:16–23:1. Capital One simply provided further authority and argument to the Court on this point in its sealing submission.

should file something *along with your response providing additional information*[.]" (emphasis added)).

## II. A STAY OF ANY ORDER ON THE UNSEALING OF BRIEFS AND EXHIBITS IS WARRANTED.

Defendants' motion for a stay of any future order unsealing documents that were the subject of Defendant's supplemental sealing submissions so that Defendants can appeal that decision should be granted on the merits. While Defendants' request for relief can hardly be characterized as "extraordinary,"[5] the parties agree on the four factors the Court should consider in deciding whether to grant a stay. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (explaining the four factors include (1) likelihood of success on the merits; (2) risk of irreparable injury absent a stay; (3) risk of substantial injury to other interested parties if a stay is granted; and (4) where the public interest lies). As discussed below, all four factors weigh in favor of granting a stay.

But even if all four factors did not weigh in Defendants' favor, the significant, irreparable harm that Defendants will suffer if their highly confidential and security sensitive information is improperly disclosed presents "clear and convincing circumstances outweighing" any potential

---

[5] Defendants' request for a short stay of an order unsealing highly sensitive documents is not an extraordinary remedy. Plaintiffs cite *Holloway v. City of Virginia Beach*, No. 2:18-cv-69, 2021 WL 3037410 (E.D. Va. July 19, 2021), for the proposition that any stay "is an extraordinary device which should be sparingly granted." Opp. at 4. In *Holloway*, the court explained that "the stay of an *equitable* order is an extraordinary device." *Id.* at *2 (emphasis added). There, the defendant, the City of Virginia Beach, sought a stay pending appeal to the Fourth Circuit of a permanent injunction prohibiting the City from employing an unconstitutionally discriminatory elections system. The City sought the stay so that it could hold a special election—using the same unconstitutional process—to fill an unexpectedly vacated city council seat. The district court denied the request for a stay, noting that the city council could still function with its ten other councilmembers, which did not outweigh the harm to city residents of allowing an unconstitutionally discriminatory special election to proceed. The City could wait until its regularly scheduled election to fill the seat, which would follow remedial procedures to address the constitutional violations. Further, in *Holloway*, the Fourth Circuit had stayed the City's appeal pending entry of a final judgment establishing remedial measures. Here, Defendants simply request that the Court stay an order unsealing confidential documents, which has no impact on Plaintiffs at all, pending the short time it will take to appeal to Judge Trenga.

4

harm to Plaintiffs and the public, which in and of itself warrants a stay here. *See Warner v. Midland Funding, LLC*, No. 1:18CV727, 2019 WL 8560152, at *2 (M.D.N.C. Mar. 18, 2019).

### A. Defendants Will Suffer Immediate, Irreparable Harm Absent a Stay.

Defendants have demonstrated that they will suffer immediate irreparable harm if the stay is not granted. *See* Mot. at 8–9. The information Defendants seek to maintain under seal concerns specific, technical details of their cybersecurity posture and competitively sensitive information. Incredibly, Plaintiffs contend that the irreparable harm Defendants will suffer if details about their cybersecurity infrastructure are made public (and thus available to criminal hackers, hostile nation-states, and other malicious actors) are "unsubstantiated." Opp. at 12. In fact, Defendants have made detailed showings in their Confidential Memoranda that explain the immediate and irreparable harm they will suffer if the material Plaintiffs seek to unseal is made public, and these showings are supported by sworn declarations. Further, Defendants explicitly incorporated those showings by reference in the instant Motion. *See* Mot. at 8 n.4 ("Defendants assert and incorporate the statements included in the Declaration of Michael Fisk [Dkt. No. 1991-1], the Declaration of Steve Schuster [Dkt. No. 1992-1], the Declaration of Michael Haken [Dkt. No. 1992-2], the Declaration of Becky Weiss [Dkt. No. 1992-3], and the Declaration of Brian Bentzen [Dkt. No. 1992-4]. These Declarations discuss the irreparable injury Capital One and Amazon will suffer if the stay is not granted."). Unable to rebut these showings, Plaintiffs elect to ignore them.

Moreover, a stay is warranted because the harm to Defendants will be complete once the materials at issue are filed in unredacted form on the public record. Once information about Defendants' cybersecurity infrastructure and proprietary trade secrets are made public, they cannot be made private again, and Defendants would effectively be deprived of any right to appeal. In light of this reality, a stay is warranted even if there is only a small chance that an order unsealing the briefs and exhibits will be overturned. As courts have recognized, overturning such an order

5

would be meaningless if the documents at issue are already in the public record. *See, e.g.*, *Senior Executives Ass'n v. United States*, 891 F. Supp. 2d 745, 755 (D. Md. 2012) ("[G]enerally speaking, the public disclosure of confidential information is irreparable.") (citing *Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1317 (1983)); *Cap. One Fin. Corp. v. Sykes*, No. 3:20CV763, 2021 WL 2903241, at *14 (E.D. Va. July 9, 2021) ("[O]nce confidential information is disclosed to a competitor, the information cannot regain its secret status. . . . [A]ny further disclosure of the confidential information or customer lists at issue would result in irreparable harm to Capital One."); *Pari Respiratory Equip., Inc. v. Groskopf*, No. CIV.A. 3:07-CV-446, 2007 WL 2745322, at *2 (E.D. Va. Sept. 18, 2007) ("The company contends, correctly, that the improper use or disclosure of confidential information constitutes irreparable harm[.]").

Finally, Plaintiffs argue that the information Defendants seek to protect is "already public." Opp. at 12. Although the general facts surrounding the Cyber Incident are public, the details at issue here are not. Further, Defendants demonstrate in their Confidential Memoranda that many of the documents at issue contain details regarding Defendants' *current* technology environments and cybersecurity posture—information that this Court has already properly recognized should remain sealed even under the First Amendment standard. *See* 9/10/2021 Hr'g Tr. at 8:25–9:2 ("What does satisfy the [First Amendment] standard . . . is information that relates to the current architecture and system that is in place[.]"). Accordingly, Defendants have shown they will suffer irreparable harm if the materials at issue are unsealed.

## B. Defendants Are Likely to Succeed on the Merits.

Defendants have also shown they are likely to succeed on the merits of any appeal of the Court's future order on sealing issues, *see* Mot. at 4–8, though the relative importance of this factor is lower here because of the strong showing Defendants have made of irreparable harm, *see, e.g.*, *Friendship Edison Pub. Charter Sch. Collegiate Campus v. Nesbitt*, 704 F. Supp. 2d 50, 52 (D.D.C.

2010) ("[T]he traditional factors [for determining whether a stay should be granted] are typically evaluated on a sliding scale. A strong argument in favor of one factor may excuse a relatively weaker showing on another." (internal quotation marks and citations omitted)).

Plaintiffs' hodgepodge of procedural arguments and their assertion about the difficulty of "justify[ing] the alteration of magistrate judge's [sic] nondispositive actions" serve only to obfuscate this key point. *See* Opp. at 5–7. Two of the major questions to be reviewed during any appeal of the Court's future order on sealing issues—whether the First Amendment right of access applies to materials that the Court has not actually relied on in adjudicating substantive rights and which right of access applies to materials submitted in connection with class certification briefing—are legal ones that will be reviewed *de novo*. *See* Dkt. 641 at 4 ("[F]or questions of law, there is no practical difference between review under Rule 72(a)'s contrary to law standard and a *de novo* standard." (alteration accepted and internal quotation marks omitted)). And at bottom, Defendants have already demonstrated that prematurely unsealing the material at issue would be "contrary to law." They have likewise shown that finding the material at issue should not be sealed under the First Amendment standard would be "clearly erroneous." Mot at 4–8. Plaintiffs' various arguments to the contrary are unavailing.

To begin, Judge Trenga could easily find under Fourth Circuit precedent that a decision finding that the First Amendment right of access applies to provisionally sealed materials before those materials are relied on or considered in adjudicating the merits of a summary judgment motion was "contrary to law." Plaintiffs assert Defendants' argument on this point is "simply incorrect," Opp. at 7, but it is Plaintiffs who are wrong. Under Fourth Circuit precedent—which Defendants raised at the September 10, 2021 hearing, in Capital One's Confidential Memorandum,

and in the subject Motion⁶—documents do not become judicial records subject to the First Amendment right of access until the court considers or relies on them. *See* 9/10/2021 Hr'g Tr. at 22:16–23:1; Dkt. 1991 at 5–8 (collecting cases); Mot. at 6 (citing and quoting *In re Policy Mgmt. Sys. Corp.*, No. 94-2254, 67 F.3d 296 (table), 1995 WL 541623 (4th Cir. 1995)). As Capital One has repeatedly and consistently explained, "to the extent the Court *does not rely* on the [documents] in reaching its decision, no right of access applies." *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (D. Md. 2013) (emphasis added)). And here, Judge Trenga has not yet considered or relied on *any* exhibits in ruling on the Parties' summary judgment motions. Moreover, Judge Trenga may *never* rule on the pending summary judgment motions and instead dismiss this case for lack of subject matter jurisdiction. Thus, this Court will act "contrary to law" if it rules on the public's right of access before such a right attaches, and Defendants are likely to succeed on the merits in any subsequent Rule 72 objections.

Plaintiffs attempt to distinguish *In re Policy Management* on the ground that it was decided at the motion to dismiss stage, but nothing about that case's general pronouncement of law so cabins it. Courts in this Circuit have repeatedly held *at the summary judgment stage* that the First Amendment right of access does not apply until a court considers or relies on the documents at issue. *See, e.g., Jones v. Lowe's Cos.*, 402 F. Supp. 3d 266, 292–93 (W.D.N.C. 2019) (denying motion to unseal excerpts of summary judgment exhibits where the court "did not rely" on said excerpts), *aff'd*, 845 F. App'x 205 (4th Cir. 2021); *Jackson v. JTM Cap. Mgmt., LLC*, No. TDC-19-1009, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021) ("[B]ecause any other information is not specifically necessary to the resolution of the Motion for Summary Judgment . . . the Court will

---

⁶ Contrary to Plaintiffs' assertions, *see* Opp. at 6–7, Defendants have not waived this argument. In fact, Capital One's counsel explicitly raised this point at the September 10, 2021 hearing. *See* 9/10/2021 Hr'g Tr. at 22:16–23:1.

8

seal the specific exhibits as filed with the Motion for Summary Judgment."); *Syngenta Crop Protection, LLC v. Willowood, LLC*, No. 1:15–cv–274, 2017 WL 1745531, at *3 (M.D.N.C. May 4, 2017) ("The parties seek to seal several exhibits on which the Court did not rely to determine the relevant evidentiary and summary judgment motions. Because the Court did not rely on these exhibits, they were not part of the adjudicative process. Therefore, these exhibits are not judicial records and the public does not have a right to access them."); *Reyazuddin v. Montgomery Cnty.*, 7 F. Supp. 3d 526, 560 (D. Md. 2014) (granting motion to seal personnel records in part because the court did not rely on the substance of the documents in ruling on summary judgment), *rev'd in part on other grounds*, 789 F.3d 407 (4th Cir. 2015).

Plaintiffs also argue that the First Amendment standard applies to briefing suggesting this Court lacks subject matter jurisdiction, Opp. at 8–9, but they are incorrect. The right of access attaches only to "dispositive motion[s]" that "adjudicate[] substantive rights and serve[] as a substitute for a trial[.]" *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). As Capital One has explained, this Court's determination of its own subject matter jurisdiction is not an adjudication of Plaintiffs' substantive rights. Dkt. 1991 at 4. In fact, if this Court determines that it lacks subject matter jurisdiction, then it necessarily lacks the power to adjudicate Plaintiffs' substantive rights. Plaintiffs' latest attempt to conflate this Court's subject matter jurisdiction and the merits of this case must be rejected.

Plaintiffs are also wrong when they assert that the First Amendment right of access applies to briefs and exhibits filed in connection with class certification. *See* Opp. at 8–10. Courts in this Circuit have squarely held that the First Amendment right of access *does not* apply to documents filed in connection with class certification. *See Cochran*, 931 F. Supp. 2d at 728–29 ("The Court has located *no case* finding a First Amendment right of access to class certification briefing and

9

exhibits, and the Court will not find such a right today." (emphasis added)); *Hatch v. Demayo*, No. 1:16CV925, 2020 WL 1676953, at *2 (M.D.N.C. Apr. 6, 2020) ("'[T]here does not appear to be a First Amendment right of access' to briefs and exhibits filed in connection with a motion for class certification." (citation omitted)). Plaintiffs claim the case law is "mixed," but the only authority they cite is a passing reference to the fact that the plaintiffs in a case *argued* that the First Amendment standard applies at class certification. *See Minter v. Wells Fargo Bank, N.A.*, No. WMN-07-3442, 2010 WL 5418910, at *6 (D. Md. Dec. 23, 2010) ("Given that the cases plaintiffs cite are inapposite with regard to the bulk of discovery material at issue, plaintiffs appropriately focus their First Amendment public right of access argument on discovery material filed with the Court in conjunction with Plaintiffs' Class Certification Memorandum."). The *Minter* court went on to recognize the "lack of an established public right of access to the pretrial discovery material at issue here" and "strong likelihood that many of the[] discovery materials shall never be used in the actual litigation of the dispute" and declined to unseal all the documents at issue. *Id.* at *7.

Plaintiffs argue that the First Amendment standard should nonetheless apply because class certification has "dispositive consequence[s]," Opp. at 10, but that is irrelevant. The Fourth Circuit is clear that the right of access attaches only in connection with legally (as opposed to functionally) dispositive motions that adjudicate substantive rights. *See Rushford*, 846 F.2d at 252. Moreover, Plaintiffs' argument only further demonstrates why this Court should defer its ruling. Putative class members will only need to "evaluate whether to opt out" if this Court grants Plaintiffs' motion for class certification. By Plaintiffs' own admission, putative class members will *not* need access to the information Plaintiffs seek to unseal unless and until a class is certified.

Even if this Court decides sealing issues now and applies the First Amendment standard, the redacted information described in Defendants' sealing submissions is entitled to protection, as

10

Defendants have amply demonstrated. *See* Dkts. 1991; 1992. Plaintiffs assert that Defendants "do not even attempt to establish . . . that any of the documents they seek to file under seal *do* meet the First Amendment standard[.]" Opp. at 10. This argument is frivolous in light of Defendants' detailed supplemental submissions. Far from being made up of "boilerplate assertions," Opp. at 11, Capital One's 42-page Confidential Memorandum—which is supported by a 24-page Declaration executed by the Chief Technology Officer of Capital One's cybersecurity organization—sets out, in document-by-document, page-by-page, and redaction-by-redaction detail, exactly the information that must be protected under the applicable standards. Amazon likewise filed a 25-page Confidential Memorandum—itself supported by four separate declarations totaling 16 additional pages—that makes the same showings. Further, Defendants explicitly incorporated these arguments into their Motion to Stay. *See* Mot. at 5 n.3 ("Capital One asserts and incorporates the arguments advanced in its Confidential Memorandum in Support of its Motions to Seal [Dkt. No. 1991] filed on September 27, 2021. Likewise, Amazon also asserts and incorporates the arguments advanced in its Supplemental Memorandum in Support of its Motions to File Under Seal [Dkt. No. 1992] filed on September 27, 2021."). Plaintiffs' averment that Defendants have not even attempted to articulate why the materials at issue should be protected is as puzzling as it is wrong.

At bottom, Defendants have demonstrated that the materials at issue are properly protected and that this Court would err if it prematurely unseals them. *See* Mot. at 5–7. Accordingly, Defendants have demonstrated a likelihood of success on the merits.

### C. A Short Stay Will Not Injure Plaintiffs or the Public.

Defendants have also shown that they have satisfied the final two factors, as neither Plaintiffs nor the public will be harmed by the issuance of a stay. Mot. at 9–10; *see also GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09-cv-123 (JCC), 2009 WL 3245396, at *3 (E.D. Va. Sept.

29, 2009) (setting out factors). Plaintiffs' Opposition conflates these factors, *see* Opp. at 13–15, but Plaintiffs fail to show that either factor weighs against the issuance of a stay.

To begin, Plaintiffs' arguments about the purported harm a stay would cause Plaintiffs and the public concern whether the materials at issue should be sealed at all—*not* whether a short stay of an order of this Court pending Rule 72 objections is proper. If Judge Trenga ultimately rules that the materials at issue should be properly unsealed, the short additional delay caused by the intervening stay will not have injured Plaintiffs or the public. To be sure, the materials at issue have been under seal for the entire duration of this litigation, yet no member of the public—and not one of the 98 million putative class members—has ever objected. *See* Mot. at 10. Plaintiffs have not (and cannot) point to any harm that will come to them or the public as a result of a short stay because no such harm exists.

Although Plaintiffs' *counsel* has unfettered access to all sealed material, Plaintiffs argue that "[t]he named and representative plaintiffs are not permitted access to all of the documents in the case," Opp. at 14, but this complaint is irrelevant to sealing issues. Plaintiffs negotiated the Amended Stipulated Protective order that governs discovery in this action, which allows the named and representative plaintiffs access to all confidential material *except* documents designated as "Confidential – Outside Counsel Only" or "Confidential – Outside Counsel Only – Security Sensitive." *See* Dkt. 368 at 9 §§ V(C)-(D) (Amended Stipulated Protective Order). If Plaintiffs believe one of the named or representative plaintiffs needs access to a specific document so designated, they can request that Defendants make an exception. During this litigation, the parties have reached similar agreements with respect to specific documents Defendants' counsel needed to share with their clients. Tellingly, Plaintiffs' counsel has never requested or explained any need to share a "Confidential – Outside Counsel Only" or "Confidential – Outside Counsel Only –

Security Sensitive" document with the named or representative plaintiffs. Further, if Plaintiffs believe a given document has been improperly designated as "Confidential – Outside Counsel Only" or "Confidential – Outside Counsel Only – Security Sensitive" they may seek relief under the Protective Order's dispute resolution process. *See id.* at 15–16 § VI ("De-Designation and Challenging of Protected Material"). But Plaintiffs have not made such challenges as to the material subject to the current sealing dispute even though this "injury" has already occurred and continued to occur by their reasoning. And in any event, such an "injury" does not justify the *public* filing of security-sensitive documents. Further, as Defendants have explained, whatever injury is caused by the temporary non-disclosure of the materials at issue is far outweighed by the irreparable harm Defendants would suffer if the materials were wrongfully unsealed. *See* Mot. at 9.

Plaintiffs' argument that "98 million members of the public . . . cannot evaluate the strength of their claims or their options" is similarly irrelevant to the stay Defendants seek. Opp. at 14–15. First, no class has been certified in this case and no settlement has been reached; therefore, putative class members have no "options" to evaluate at this time. Second, Plaintiffs do not explain why the public briefing in this case—from which only limited facts are redacted—would not allow putative class members to "evaluate the strength of their claims." Put simply, neither Plaintiffs nor the public have any need (let alone an urgent one) for the materials at issue. Even if a class is certified, and even if the stay delays the class members' ability to assess their claims, any delay would be measured in mere days or weeks. Such a *de minimis* injury is far outweighed by the immediate, irreparable, and irreversible harm Defendants would suffer if their security sensitive and proprietary business information were improperly unsealed.

In sum, the third and fourth factors also weigh in favor of granting a stay here.

## **CONCLUSION**

For the reasons set forth above and in Capital One and Amazon's opening memorandum, the Court should grant Capital One and Amazon's Joint Motion to Stay Order Regarding the Unsealing of Exhibits and Briefs.

Dated: October 7, 2021

Respectfully submitted,

/s/
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
Susan M. Clare (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
timothy.st.george@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com

/s/
Robert R. Vieth, Esq. (VSB No. 24304)
**HIRSCHLER FLEISCHER, PC**
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Tel.: (703) 584-8366
Fax: (703) 584-8901
rvieth@hirschlerlaw.com

Tyler G. Newby (*pro hac vice*)
Brian Buckley (*pro hac vice*)
Laurence F. Pulgram (*pro hac vice*)
Jedediah Wakefield (*pro hac vice*)
Vincent Barredo (*pro hac vice*)
Andrew M. Lewis (*pro hac vice*)
Janie Y. Miller (*pro hac vice*)
Meghan E. Fenzel (*pro hac vice*)
Sarah V. Lightstone (*pro hac vice*)
Rina Plotkin (*pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Tel.: (415) 875-2300
Fax: (415) 281-1350
tnewby@fenwick.com
bbuckley@fenwick.com
lpulgram@fenwick.com
jwakefield@fenwick.com
vbarredo@fenwick.com
alewis@fenwick.com
jmiller@fenwick.com
mfenzel@fenwick.com
slightstone@fenwick.com
rplotkin@fenwick.com

| | |
|---|---|
| Mary C. Zinsner (VSB No. 31397)<br>S. Mohsin Reza (VSB No. 75347)<br>**TROUTMAN PEPPER**<br>**HAMILTON SANDERS LLP**<br>401 9th Street, NW, Suite 1000<br>Washington, DC 20004<br>Tel.: (202) 274-1932<br>Fax: (202) 274-2994<br>mary.zinsner@troutman.com<br>mohsin.reza@troutman.com<br><br>*Counsel for Capital One* | *Counsel for Amazon.com, Inc. and Amazon Web Services, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

 /s/
David L. Balser

*Counsel for Capital One*