IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: CAPITAL ONE CONSUMER )
DATA SECURITY BREACH LITIGATION ) MDL No. 1:19md2915 (AJT/JFA)
_____)

## ORDER

On September 10, 2021, the court held a lengthy hearing on eleven motions to seal that had been filed by the parties to which a response had been filed by plaintiffs' counsel indicating that all or portions of the materials sought to be sealed in those motions should not sealed based on the applicable Fourth Circuit requirements for allowing information to be filed under seal. The motions to seal involved in that hearing appear at docket entry numbers 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915 and they involved various pleadings and exhibits that had been filed with the court involving plaintiffs' standing to assert breach of contract claims, Capital One's motion for summary judgment, Amazon's motion for summary judgment, plaintiffs' motion for partial summary judgment for breach of contract, and a motion *in limine* to exclude certain Office of the Comptroller of Currency ("OCC") documents. One of the motions to seal also involved plaintiffs' presentation slides that had been used in a hearing before the District Judge. (Docket no. 1790). On September 13, 2021, the court entered an order indicating that the motions to seal were granted in part and denied in part. (Docket no. 1955). Following the entry of this order, Capital One, Amazon, and plaintiffs filed memoranda and exhibits relating to the motions to seal that were the subject of the court's September 13, 2021 order. (Docket nos. 1990, 1991, 1992, 1995, 1997–98, 1999–2003).

On September 27, 2021, Capital One and Amazon filed a joint motion to stay. (Docket no. 2004). Plaintiffs opposed this motion on October 4, 2021 (Docket no. 2032) and Capital One

1

and Amazon filed a reply on October 7, 2021 (Docket no. 2039). One of the arguments raised in the motion to stay[1] is that the court should not make any further ruling concerning the unsealing of the documents subject to the September 13 order at this time because the District Judge may not rule on one or more of the motions that those pleadings address.[2] (Docket no. 2005). For example, defendants argue that the District Judge may never rule on the pending summary judgment motions and instead may dismiss this case for lack of subject matter jurisdiction. *Id.* at 8. Defendants assert that if the court never decides one or more of the motions that these pleadings relate to, the documents filed relating to any undecided motion should remain under seal because the court has not taken any substantive action on that motion. *Id.* Plaintiffs have opposed the motion to stay arguing that defendants have not shown a likelihood of success on the merits, that defendants would not suffer irreparable harm absent a stay, and a stay would cause substantial injury to other interested parties and the public interest. (Docket no. 2032). In response to plaintiffs' opposition, defendants state that no member of the pubic has opposed the filing of these materials under seal and that plaintiffs are not prejudiced by allowing these

---

[1] This motion to stay and the filings submitted by Capital One and Amazon in response to the September 13 order, clearly reflect a misunderstanding of the scope of the court's ruling on the pending motions to seal. The court explicitly directed the parties that any supplemental filings should address only information that the undersigned may have overlooked in the voluminous materials that fell into one of the limited categories the court indicated justified sealing information and **was not an opportunity to present new or additional information to overcome a failure to carry a burden in the initial briefing and argument as to the types of information that should be unsealed.** The large majority of Capital One's and Amazon's supplemental submissions are an attempt to reargue what was argued and decided during the hearing on September 10, including rulings on specific exhibits and redactions to pleadings and exhibits. For the reasons discussed in this order, those issues will be addressed at a later time, if needed.

[2] Capital One has also filed a motion to strike or withdraw certain documents and to file a revised version of a memorandum that are the subject of three of the motions to seal.

materials to be filed under seal because their counsel have full access to the materials. (Docket no. 2039 at 12–13).

Given that these motions to seal involve filings related to motions that may never be decided by the court (or are subject to a pending motion to strike or withdraw), that plaintiffs' counsel has access to the documents that are the subject of the motions to seal, and that no opposition to these motions to seal has been asserted by any nonparty, the undersigned will defer any action on these motions to seal until further action by the District Judge.

Entered this 18th day of October, 2021.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia