# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> ) | MDL No. 1:19md2915 (AJT/JFA) |

This Document Relates to CONSUMER Cases

## CAPITAL ONE'S NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL

Defendants, Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One"), by counsel and pursuant to Local Civil Rule 5 of the Local Rules for the United States District Court for the Eastern District of Virginia, state as follows in support of their Motion to File Under Seal ("Motion to Seal") seeking to seal certain excerpts ("Excerpts") of the transcripts from the hearing held on September 30, 2021 ("Transcripts") found on pages 28, 118, 129, 130, 131, 154, 155, 163, 173, 174, 181, 182, 189, 210, 234, 237, 239, 242, 243, and 254.[1] Capital One moves to seal certain redacted Excerpts in the Transcripts, all of which summarize and describe material designated as confidential under the Amended Stipulated Protective Order ("Protective Order"). *See* Dkt. No. 368.  Due to the highly sensitive nature of the Excerpts, Capital One also submits a Confidential Memorandum in Support of the Motion to File Under Seal ("Confidential Memorandum"), which provides further confidential information as to the why the Excerpts should be maintained under seal.

---

[1] At the hearing, the Court heard arguments as to Capital One's Motion for Summary Judgment [Dkt. No. 1460], Amazon's Motion for Summary Judgment [Dkt. No. 1815], Amazon's Motion to Exclude Stuart Madnick [Dkt. No. 1658], and Plaintiffs' Motion for Partial Summary Judgment [Dkt. No. 1646].

Complete and unredacted versions of the Transcripts have been lodged with the Court as sealed filings pursuant to Local Civil Rule 5 and the Second Amended Standing Order entered in *In re: Procedures for the Filing Service, and Management of Highly Sensitive Documents*. Capital One also has filed a notice of filing under seal as required by Local Civil Rule 5. Capital One respectfully submits that the identified Excerpts should remain sealed as they summarize or describe confidential and protected information and documents.

## I. The procedural requirements for sealing have been met.

Under the local rules of this Court, a party may file a motion to seal together with the proposed sealed filings. E.D. Va. Loc. Civ. R. 5(C). Thereafter, the Court will determine whether the sealing or redactions are proper.

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Fourth Circuit has established steps that a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In *Ashcraft*, the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that parties must: (1) provide notice to the public and give the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Id.* All these prerequisites are satisfied here.

First, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight*, 743 F.2d at 235. The Court does not need to provide notice to the public of each document to be sealed where such individual notice would be "impractical" and "unwarranted," as is the case here. *Id.* It is sufficient to docket the

notice "reasonably in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5, Capital One's sealing motion was publicly docketed, with a notice filed stating that any party or nonparty could object.

Second, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Capital One has used limited sealing measures—including simply redacting certain confidential Excerpts, rather than entirely sealing all the Transcripts—which the Court should find is proper. Given the nature of the information, as explained below, sealing or redacting the Excerpts is the only means by which to protect Capital One's information.

Third, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or common law. Based on the arguments that follow in Sections II and III, the Court should find that the common law standard applies to all of the Excerpts discussed below. As argued in Capital One and Amazon's Joint Motion to Stay Order Regarding the Unsealing of Exhibits and Briefs [Dkt. No. 2004], the First Amendment standard applies only to judicial records relied upon by the court when *deciding* a dispositive motion, such as the summary judgment motions argued at the hearing. *See In re Policy Mgmt. Sys. Corp.*, No. 94-2254, 67 F.3d 296, 1995 U.S. App. LEXIS 25900, at *9 (4th Cir. 1995). But if and when the Court issues a summary judgment ruling that relies on the materials summarized, referenced, or quoted in the Excerpts, Capital One submits that it has made a showing to satisfy the First Amendment standard with respect to the Excerpts discussed in Sections III(A) and (B).

## II. The First Amendment standard does not apply to the Excerpts unless the Court relies on the material referenced when deciding the dispositive motions.

Materials submitted in connection with a dispositive motion do not become judicial records simply because a litigant has filed them in connection with such a motion. *See In re Policy Mgmt. Sys. Corp.*, 1995 U.S. App. LEXIS 25900, at *9 ("Neither the Supreme Court nor this Court has ever ruled that the mere filing of a document triggers the First Amendment guarantee of access."). Rather, an exhibit's status as a judicial record occurs when it is relied on by the Court. The Fourth Circuit has explained the reasons for this principle in the context of a motion to dismiss:

> Because documents filed with a motion to dismiss that are excluded by the court do not play any role in the adjudicative process, we find that the documents essentially retain their status as discovery materials and therefore are not subject to the First Amendment guarantee of access. Moreover, public access to documents that a court did not consider would not play a significant positive role in the functioning of the particular process in question.

*Id.* at *11 (citation, footnote, and internal quotation marks omitted); *see also Jackson v. JTM Capital Mgmt., LLC*, No. TDC-19-1009, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021) ("[B]ecause any other information is not specifically necessary to the resolution of the Motion for Summary Judgment . . . the Court will seal the specific exhibits as filed with the Motion for Summary Judgment."); *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (D. Md. 2013) ("[T]o the extent the Court does not rely on the information in reaching its decision, no right of access applies."). Therefore, any sealed exhibits offered in support of a dispositive motion are not automatically "judicial records" and might never become "judicial records" if the court does rely on them when deciding the pending, dispositive motions.

In short, the Excerpts, which pertain to various exhibits submitted in support of the parties' summary judgment motions, would not become "judicial records" and subject to a First Amendment standard unless and until they are relied upon by the District Judge to adjudicate

substantive rights. *See, e.g.*, *In re Policy Mgmt. Sys. Corp.*, 1995 U.S. App. LEXIS 25900, at *9-11, *Jackson*, 2021 WL 1238565, at *4; *Hunter*, 961 F. Supp. 2d at 806. As the Court recently recognized, if the materials are not relied upon by the District Judge, there will be no public right of access to the Excerpts at all. *See* Dkt. No. 2050 ("defer[ring] any action on . . . motions to seal until further action by the District Judge" "[g]iven that the[] motions to seal involve filings related to motions that may never be decided by the court . . . or are subject to a pending motion to strike or withdraw").

**III.     Capital One has made a showing to seal the Excerpts under the First Amendment and the common law standards.**

It is well-settled that there is a public right of access to "judicial records." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). The public right of access may be based on the common law or the First Amendment. Under the common law standard, protection of confidential and proprietary business information from disclosure is appropriate and permissible. *See, e.g.*, *Nixon*, 435 U.S. at 598; *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-90 & n.42 (E.D. Pa. 1981). This is because federal courts classify "trade secrets" and "confidential business information" as species of "property" protected by the Fifth Amendment. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003-04 (1984) (trade secrets protected by Fifth Amendment); *Carpenter v. United States*, 484 U.S. 19, 26 (confidential business information). This information often includes documents that contain proprietary terms. *See Elec. Arts, Inc. v. United States District Court (In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing portions of plaintiff's licensing agreement that contained "pricing terms, royalty rates, and guaranteed minimum payment terms" as trade secrets that "might harm a litigant's competitive standing); *Model Drug, Inc. v. Amerisourcebergen Drug Corp.*, 2013 U.S. Dist. LEXIS 169496, at *4-5 (E.D.

5

Cal. Nov. 26, 2013) (sealing "Vendor Agreements between Plaintiff and Defendant [that] contain[ed] trade secrets, including confidential pricing information and other terms that [were] not publicly or commercially available" since "disclosure of [such] proprietary information could cause a party competitive injury").

Thus, sealing judicial records to protect constitutionally protected trade secrets and competitively sensitive business information under the common law standard is appropriate to prevent court files from becoming "sources of business information that might harm a litigant's competitive standing." *See Nixon*, 435 U.S. at 598; *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (noting need to seal documents to protect the parties' confidential proprietary business information and competitive interests); *see also In re Knight*, 743 F.2d at 235 (sealing court records is permissible to prevent others from "gaining a business advantage" from materials filed with court).

Under the First Amendment standard, courts have recognized that "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009). "One exception to the public's right of access is where such access to judicial records could provide a 'source[] of business information that might harm a litigant's competitive standing.'" *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.,* 801 F. Supp. 2d 419, 428 (M.D. N.C. 2011) (sealing documents and deposition transcripts that contained trade secrets, which included confidential personal identifying information of customers, pricing, and other corporate information regarding bids for goods). Indeed, the protection of confidential and proprietary business information from disclosure is appropriate and permissible in federal court, even at summary judgment. *See, e.g.,*

*Zenith Radio Corp.*, 529 F. Supp. at 889-90 & n.42 (asserting that confidential commercial information and competitive disadvantage are factors that weigh in favor of sealing exhibits, such as transcripts and expert reports, to a dispositive motion); *see also Lord Corp. v. S & B Tech. Prods., Inc.*, No. 5:09–CV–205–D, 2012 WL 4056755, at *1–2 (E.D.N.C. 2012) (finding the First Amendment right of access to a document filed in connection with summary judgment was overcome because the document contained trade secrets).

Additionally, numerous courts have recognized that revealing information about security—even piecemeal information—poses a risk sufficient to overcome the First Amendment right of access. *See, e.g.*, *United States ex rel. Kelly v. Serco, Inc.*, No. 11cv2975 WQH-RBB, 2014 WL 12675246, at *2–4 (S.D. Cal. Dec. 22, 2014) (sealing documents regarding Department of Homeland Security microwave communications systems under First Amendment standard at summary judgment because they contained "a variety of sensitive technical information" that "could be used by persons seeking to do harm the United States"); *In re Application for Access to Video Exhibits*, No. 21-0075 (PLF), 2021 WL 3602167, at *2–3 (D.D.C. Aug. 13, 2021) (declining to unseal surveillance videos because "releasing additional footage . . . in aggregate" would present security concerns); *see also* Sept. 10, 2021 Hr'g Tr. 8:25-9:5 (finding information regarding Capital One's current security should remain sealed).

The Excerpts that Capital One seeks to seal are located on the following passages of the Transcripts:

- The Excerpt on page 28, line 11 (beginning with the first word of the line and ending before the word "but").

- The Excerpt on page 118, line 2 (the line in full).

- The Excerpt on page 129, line 10 (beginning after the word "One" to the end of the line) through line 11 (only the first word) and in line 12 (the last two words) through line 13 (the first two words).

7

- The Excerpt on page 130, lines 14-24 (all lines in full) through page 131, lines 1-9 (all lines in full).

- The Excerpt on page 131, lines 14-16 (all lines in full).

- The Excerpt on page 154, lines 11-14 (starting with "this").

- The Excerpt on page 155, lines 13-25, through page 156, line 1 (all lines in full).

- The Excerpt on page 163, lines 17-18 (beginning with the second to last word on 17).

- The Excerpt on page 173, lines 15-20 (all lines in full).

- The Excerpt on page 174, lines 1-8 (beginning after the word after "have" in line 1 and then lines 2-8 in full).

- The Excerpt on page 174, lines 16 and 17 (beginning with the second word in line 16 and line 17 in full).

- The Excerpt on page 174, lines 19-25 (beginning after "and" in line 19) through page 175, line 8 (all lines in full).

- The Excerpt on page 175, lines 13-14 (in full)

.

- The Excerpt on page 181, lines 5-8 (ending with the third to last word on line 8).

- The Excerpt on page 182, lines 3-8 (in full)

.

- The Excerpt on page 189, line 4 (the line in full).

- The Excerpt on page 210, lines 3-8 (beginning after the word "scenario" in line 3 and then lines 4-8 in full).

- The Excerpt on page 234, lines 20-21 (beginning after the word "3.7.3" through the second to last word in line 21).

- The Excerpt on page 237, lines 17-20 (beginning with the word after "that" in line 17 and ending before the word "Plaintiffs" in line 20).

- The Excerpt on page 237, lines 25 (the entire line in full) through page 238, line 5 (the entire lines in full) and line 9 (through the second-to-last word).

- The Excerpt on page 239, lines 3-4 (beginning with the word after "requires" in line 3 to the word through the comma on line 4).

- The Excerpts on page 242, lines 7-9 (lines 7-8 in full and ending with the word before "initially" in line 9), lines 13-25 (beginning with the word after "regardless" in line 13 and then lines 14-25 in full).

- The Excerpt on page 243, lines 1-5 (all lines in full).

- The Excerpt on page 254, lines 13-14 (beginning after the word "breach" in line 13 and ending before the word "Capital" in line 14).

In this case, the Excerpts at issue contain confidential business information under federal law and sensitive security information about Capital One's cybersecurity infrastructure. This Court has recognized the importance of preventing cybercriminals accessing information and/or documentation that would help them commit crimes against Capital One. *Accord* Sept. 10, 2021 Hr'g Tr. 8:25-9:5. Because these Excerpts relate to current, specific details of Capital One's current cyber practices, policies, and technology, the Excerpts should be maintained under seal to protect Capital One. The release of such sensitive information will pose a security risk to Capital One because the technical details of Capital One's cybersecurity defenses and potential risks provide valuable information that malicious actors would need to circumvent those defenses or attempt a cyberattack. Sealing these limited Excerpts is also necessary to preserve information protected from public disclosure by the bank examiner privilege. *In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995) ("The primary purpose of the privilege is to preserve candor in communications between bankers and examiners, which those parties consider essential to the effective supervision of banking institutions."). As further explained in the Confidential Memorandum, the Excerpts should be maintained under seal under the First Amendment and common law standard.

## **CONCLUSION**

Accordingly, protecting Capital One's confidential, competitively sensitive business information and trade secrets, as well as bank examiner privileged information, justifies sealing these Excerpts. Capital One's Motion to Seal should be granted consistent with the proposed order attached to the Motion.

Respectfully submitted this 29th day of October, 2021.

    /s/ S. Mohsin Reza
David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
timothy.st.george@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
Elizabeth M. Briones (VSB No. 92130)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/
S. Mohsin Reza
*Counsel for Capital One*