# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

IN RE: CAPITAL ONE CONSUMER )
DATA SECURITY BREACH LITIGATION )  MDL No. 1:19md2915 (AJT/JFA)
              )

**This Document Relates to the Consumer Cases**

## PLAINTIFFS' RULE 72(a) OBJECTION
## <u>TO ORDER STAYING ORDER ON MOTIONS TO SEAL</u>

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................................1

LEGAL STANDARDS ...........................................................................................................2

A.      Standard of Review.........................................................................................................2

B.      Standard for Motion to Stay..........................................................................................3

PROCEDURAL AND FACTUAL BACKGROUND....................................................................4

ARGUMENT .........................................................................................................................10

A.      The Magistrate Judge's Stay Order Is Contrary to Law Because it Leaves Under Seal Materials that the Court has Finally Determined Should be Unsealed, and which the First Amendment and Fourth Circuit Precedent Require to be Filed in the Public Record.......10

      1.      The Stay Order Is an Unconstitutional Delay of Unsealing that the First Amendment and Common Law Require Immediately. .........................................10

      2.      The Motion Suggesting Lack of Jurisdiction is Itself Dispositive.........................11

B.      The Magistrate Judge's Stay Order Should be Set Aside Because Defendants Have Failed to Establish by "Clear and Convincing Circumstances" that the Need for a Stay Outweighs the Potential Harm to the Opposing Parties or Third Parties............................................13

      1.      The Public Interest Demands that this Court Set Aside the Stay Order and Enforce the Unsealing Order. .........................................................................................14

            a.      The Stay Order Violates the Public Interest Because the Unsealing Order Protects Vital First Amendment Rights. ....................................................14

            b.      The Stay Order Violates the Public Interest Because the Magistrate Judge Found that Defendants Failed to Limit Their Sealing Requests as Required by Loc. Civ. R. 5(C) and the First Amendment........................................16

            c.      The Stay Order Violates the Public Interest Because in his Unsealing Order, the Magistrate Judge Correctly and Meticulously Applied the Law. ........18

                  i.      The Magistrate Judge Identified the Correct Standards to Apply to the Eleven Motions to Seal. .........................................................18

                  ii.      In Ruling on the Sealing Motions, the Magistrate Judge Correctly Applied the Appropriate Legal Standard to the Exhibits and Information Sought to be Sealed or Redacted. .............................21

      2.      The Court Should Set Aside the Stay Order and Enforce the Unsealing Order Because Defendants Can Show no Likelihood of Success on the Merits.............23

3.      The Court Should Set Aside the Stay Order and Enforce the Unsealing Order Because Defendants can Show no Irreparable Harm Absent a Stay. ....................24

4.      The Court Should Set Aside the Stay Order and Enforce the Unsealing Order Because Plaintiffs and the Public Have Suffered and will Continue to Suffer Substantial Injury from the Granting of the Stay...................................................25

CONCLUSION.......................................................................................................................26

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiffs respectfully ask this Court to set aside the Magistrate Judge's order granting Defendants' Joint Motion to Stay Order Regarding the Unsealing of Exhibits and Briefs (the "Stay Order") (Doc. 2050), and to require the parties to comply with the Magistrate Judge's order granting in part and denying in part eleven motions to seal (the "Unsealing Order") (Doc. 1955).

## INTRODUCTION

The Magistrate Judge erred in granting Defendants' Joint Motion to Stay Order Regarding the Unsealing of Exhibits and Briefs, filed September 27, 2021, (Doc. 2004), through issuance of the Stay Order (Doc. 2050).  Defendants did not appeal the Unsealing Order and it is a final determination on the merits of whether material subject to the order should be unsealed.  The Stay Order, in which the Magistrate Judge deferred enforcement of his own Unsealing Order "until further action by the District Judge," was plain error under controlling constitutional principles established in binding Fourth Circuit precedent and this Court's Local Rules.  Only material that qualifies for sealing may be sealed, and any delay of the public's right to access material that does not qualify for sealing effectuates a First Amendment violation:

> The public's interest in monitoring the work of the courts is subverted when a court delays making a determination on a sealing request while allowing litigation to proceed to judgment in secret. . . . Because the public benefits attendant with open proceedings *are compromised by delayed disclosure of documents*, we take this opportunity to underscore the caution of our precedent and emphasize that the public and press generally have a *contemporaneous* right of access to court documents and proceedings *when the right applies*.  *Each passing day may constitute a separate and cognizable infringement of the First Amendment*.

*Doe v. Public Citizen*, 749 F.3d 246, 272-73 (4th Cir. 2014) (cleaned up) (emphasis added).  Under this controlling authority, the Magistrate Judge's Stay Order effectuates a clear violation of law that must be set aside and the material that the Magistrate Judge, after painstaking analysis, concluded did not meet the standard for sealing, must be immediately unsealed.

Even absent this controlling authority requiring the immediate unsealing of material that does not qualify for sealing, Defendants have also failed to establish by "clear and convincing circumstances" that the need for a stay outweighs the potential harm to the opposing parties or third parties. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). All four factors used to establish such "clear and convincing circumstances" weigh against the grant of a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). First and most important, the Stay Order effects a violation of the public interest of access to the judicial system that both the First Amendment to the U.S. Constitution and the Eastern District of Virginia Local Civil Rule 5 (E.D. Va. Loc. Civ. R. 5) are designed to protect. Second, Defendants can show no likelihood of success on the merits of the Stay Order since it effects an unconstitutional delay of First Amendment interests. Third, Defendants can demonstrate no irreparable harm that would result from the Stay Order being lifted, as there can be no harm from being required to comply with constitutionally-mandated duties. Fourth, Plaintiffs and the public have suffered and will continue to suffer substantial injury if the Stay Order is left in place. The Stay Order unconstitutionally delays the unsealing of judicial records relevant to at least the 98 million Americans who were directly affected by the Capital One Data Breach. Defendants seek to keep the Stay Order in place so they can continue to litigate this case behind an unconstitutional shroud of secrecy.

The Court should sustain Plaintiffs' objection, set aside the Stay Order, and require all parties to fully comply with Magistrate Judge Anderson's Unsealing Order.

## LEGAL STANDARDS

### A.    Standard of Review

Under Rule 72(a), a party may submit objections to a magistrate judge's ruling on nondispositive matters. *See* Doc. 641 at 3 (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). Upon objection, this Court reviews "the objected-to order under the 'clearly erroneous or contrary

to law' standard." *Id.* at 4 (quoting 28 U.S.C. § 636(b)(1)(A); citing *Malletier v. Haute Diggity Dog, LLC*, 2007 WL 676222, at *1 (E.D. Va. Feb. 28, 2007)). Under the "clearly erroneous" standard, the magistrate judge's findings of fact must be rejected if "review of the entire record leaves the reviewing court with 'the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985)). A magistrate judge's "decision is considered 'contrary to law' 'when it fails to apply or misapplies relevant statu[t]es, case law, or rules of procedure." *Id.* (quoting *Attard Industries, Inc. v. U.S. Fire Ins. Co.*, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010)). "[F]or questions of law, 'there is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] *de novo* standard.'" *Id.* (quoting *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014)). Under either formulation, Plaintiffs' objection should be sustained, the Stay Order (Doc. 2050) vacated, and the Unsealing Order (Doc. 1955) enforced.

**B.      Standard for Motion to Stay**

The stay of an order "is an extraordinary device which should be sparingly granted." *Holloway v. City of Virginia Beac*h, 2021 WL 3037419, at *2 (E.D. Va. July 19, 2021). Courts in this District have concluded that the factors identified in *Hilton v. Braunskill*, 481 U.S. at 776— specifically, the likelihood of success on the merits, irreparable harm absent a stay, substantial injury to other interested parties from granting a stay, and the public interest—"present valid considerations that are appropriate in helping the court to determine how to exercise its discretion," even if analysis of those factors is not required. *Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix Inc.*, 2010 WL 11450510, *3 (E.D. Va. Apr. 22, 2010). The moving party seeking the stay must show by "clear and convincing circumstances" that the need for a stay outweighs the potential harm to the opposing parties or third parties. *Williford*, 715 F.2d at 127.

## PROCEDURAL AND FACTUAL BACKGROUND

Between July 30, 2021, and September 17, 2021, the parties filed eleven motions to seal relating to "various pleadings and exhibits that had been filed with the court involving plaintiffs' standing to assert breach of contract claims, Capital One's motion for summary judgment, Amazon's motion for summary judgment, plaintiffs' motion for partial summary judgment for breach of contract, and a motion *in limine* to exclude certain Office of the Comptroller of Currency ("OCC") documents." Stay Order (Doc. 2050) at 1.[1] Prior to holding a hearing on these eleven motions to seal on September 10, 2021, the Magistrate Judge "reviewed the motions, memoranda, responses, and extensive materials being sought to be filed under seal." Unsealing Order (Doc. 1955) at 1. The September 10 hearing began at 10:02 am and finished at 3:02 pm. September 10, 2021 Tr. (Doc. 1957) at 3, 140. During this five-hour span, the Magistrate Judge made detailed rulings regarding the standard to be applied to each motion; reviewed the memoranda and exhibits referenced in each of the eleven sealing motions in meticulous detail with the parties; made specific and detailed rulings whether they should remain under seal or be filed in the public docket; and gave the parties ample opportunity to argue and discuss each ruling on each document and each redaction. *Id.* at 1-140.

As the Magistrate Judge explained at the outset of the hearing, "I have warned the parties repeatedly that this day was coming . . . [when] the standard that applies [for sealing] dispositive motions requires a compelling governmental interest." *Id.* at 6. "And I'll tell you, it hasn't been met in almost all the instances on these motions to seal." *Id.* at 7. The Magistrate Judge further explained that Loc. Civ. R. 5 "states [that] blanket sealing is rarely appropriate" and that in many

---

[1] The motions to seal appear at docket entry numbers 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915.

instances in the eleven motions before him "things have been filed under seal with no attempt to redact information or anything." *Id.* at 8.

The Magistrate Judge ruled with clarity as to which categories of information would and would not satisfy the compelling government interest standard:  "On the defendants' side, historical information about the intrusion, what happened, how it happened, and what was done immediately to correct it is not a compelling governmental interest [but w]hat does satisfy the standard . . . is information that relates to the current architecture and system that is in place that needs to be protected so that bad actors can't go in and find out information that could assist them in further intrusions or other bad activities." *Id.* at 8-9. For example, "identification of tools . . ., applications . . . that are currently being used" and current "vendor names" for security tools could be redacted if accompanied by a showing that those tools could be used to infiltrate security systems. *Id.* at 103-04, 115-16.  However, the information security policies and standards that were in place in 2019 "will be in the public record" because "there is an argument as to whether certain policies and standards were complied with in the 2019 time frame." *Id.* at 106.

With respect to business information that Defendants sought to seal, the Magistrate Judge was also clear:  "broad-based numbers of profits, the general descriptions about type of customer, money paid in bulk amounts, again, that's not a compelling governmental interest." *Id.* at 11. "The same with the contract, to the extent that there is a services agreement or a contract . . . [the only business information that would satisfy the standard] *would be specific pricing information. And I don't see any specific pricing information* for specific services." *Id.* at 12 (emphasis added.)

"For the plaintiffs, . . . specific information that could be used later on, like social security numbers . . . and [c]omplete dates of birth" could be sealed, but not just the year of birth or "addresses, email addresses, who they bank with, what kind of phone they use, what kind of

computer they have, . . . income amounts, . . . that a person applied for a card, got denied for a card, that a person was involved in another alleged data breach, was involved in a settlement . . ., that's not a compelling governmental interest." *Id.* at 10-11.

The Magistrate Judge also made clear rulings as to an OCC supervisory letter at issue in the sealing motions. He allowed the parties to seal the "conclusions in the supervisory letter, but only the paragraphs on those pages that had conclusions," and not the "introductory paragraph in the letter [or] a paragraph at the end of the letter. That information will not . . . remain under seal." *Id.*

Having made explicit the categories of information the Magistrate Judge found met the standard of compelling government interest, he turned to a document by document review of the materials the parties had sought to seal in their eleven motions, and applied the appropriate standard to those materials for the remainder of the five-hour hearing. As his earlier statements had made clear, the Magistrate Judge found that the standard had not "been met in almost all the instances on the[] motions to seal." *Id.* at 7. He did, however, allow specific redactions within the categories of information he had enumerated as meeting the compelling government interest standard. *Id.* at 27, 30, 103-04, 115. In some instances, the Court offered an opportunity for the parties to provide information for exhibits where the version included in the record was hard to read or otherwise provided limited public utility. *See, e.g.*, *id.* at 83-84, 96 (discussing difficult-to-read Chime chats and asking for input from Plaintiffs and Capital One about what public utility would be served by unsealing). He gave the parties an opportunity to address his rulings with specific information they could identify that met the standard as he had defined it. *Id.* at 18, 19, 31, 72, 78, 79, 84, 85, 98. In none of those instances did Defendants use the opportunity to successfully identify information specific enough to meet the compelling interest standard. They

did, however, continue to quibble with the Magistrate Judge's rulings.  For example, in response to the Magistrate Judge's exhortation that "historical information about the intrusion" did not meet the standard for sealing (*id.* at 8), Capital One counsel argued:  "I do think there is value in protecting historical technical information about the incident and how both companies attempted, or do – did protect their systems and data. . . . . And we believe that could be misused." *Id.* at 47. The Magistrate Judge responded:

> There is no way this case is going to get tried without the specific information coming out about what happened.  The public has a right to know that.  And the public will have a right to know whether – what Capital One and Amazon did was appropriate under the circumstances.  And you know, this dealt with over 100 million customers of Capital One.  You know, those customers are entitled to know, and the public is [too].

*Id.*  Throughout the hearing, the Magistrate Judge stated that, if a party thought he had missed any information that fit the parameters of what he had ruled could be sealed (e.g., SSNs and DOBs for Plaintiffs; security-sensitive details of *current* computer systems such as the names of particular tools or vendors for Defendants), they could point the Court to that particular information and ask for those redactions.  *Id.* at 14, 18, 20, 48, 81, 85, 98, 112, 115, 117, 134.  At the conclusion of the hearing, the Court confirmed that the hearing transcript contained actual rulings regarding unsealing of the materials involved in the eleven sealing motions:  "I have indicated what my ruling is, and [if] you are not contesting that, those documents need to be filed in the public record [by September 24, 2021]." *Id.* at 139.  With respect to additional information that the parties were permitted to offer, within the parameters set at the hearing, the Magistrate Judge required that it "indicates specifically what it is exhibit by exhibit" and so that he could issue decisions on any of the challenged documents "as quickly as possible, and hopefully before you have a subsequent hearing on [September] 30th." *Id.* at 138-39.

The Magistrate Judge reiterated his rulings and the limited areas where the parties could offer "additional information" in his September 13, 2021 Unsealing Order, including that:

1. The common law standard applied only to the selected presentation slides contained in exhibits A-G of the motion to seal Plaintiffs' presentation slides (Doc. 1790);

2. The First Amendment standard applied to the 171 slides contained in exhibit H of the Plaintiffs' presentation slides (Doc. 1790) (the class certification slides);

3. The First Amendment standard applied to all the remaining motions to seal (Docs. 1786, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915);

4. The Magistrate Judge had "stated during the [September 10] hearing what material could remain under seal and what material should be filed in the public record," and that: "In large part, the undersigned found that the party seeking to have certain information in the pleadings redacted or exhibits filed under seal had failed to carry its burden and the information should be unsealed;" and

5. In the event that "certain types of information that the court had indicated could remain under seal had been overlooked . . . , the court granted counsels' request that they be allowed to provide additional information concerning some of the redactions. . . . **However, it was made clear, that this was not an opportunity to present new or additional information in order to overcome a failure to carry a burden in the initial briefing and argument as to the types of information that should be unsealed."**

Unsealing Order (Doc. 1955) at 1-3 (emphasis added).

Defendants filed no Rule 72(a) objections to any of the rulings made at the hearing on September 10 or in the Unsealing Order, and the deadlines to do so have now passed.  Defendants instead chose to disregard the Magistrate Judge's admonition regarding new briefing and arguments: Capital One filed a 45-page "Confidential Memorandum" (Doc. 1991) and a 24-page Declaration from its Chief Technology Officer (Doc. 1991-1) and Amazon filed a 25-page "Confidential Memorandum" (Doc. 1992) and four Declarations totaling 16 pages (Docs. 1992-1, -2, -3, and -4), i.e., extensive "new or additional information in [an effort] to overcome a failure to carry a burden in the initial briefing and argument as to the types of information that should be unsealed" in violation of the Unsealing Order. (Doc. 1955).  Defendants followed this deluge with

their Joint Motion to Stay Order Regarding the Unsealing of Exhibits and Briefs, including another 29 pages of briefing, (Docs. 2005 and 2039) and their Motion to Strike or Withdraw Certain Exhibits, including another 41 pages of briefing.  (Docs. 2009 and 2051).  As the Magistrate Judge stated in his Stay Order:

> This motion to stay and the filings submitted by Capital One and Amazon in response to [the Unsealing Order] clearly reflect a misunderstanding of the scope of the court's ruling on the pending motions to seal [because t]he court explicitly directed the parties that any supplemental filings should address only the information that the undersigned may have overlooked in the sealing information and **was not an opportunity to present new or additional information to overcome a failure to carry a burden in the initial briefing and argument as to the types of information that should be unsealed.**  The large majority of Capital One's and Amazon's supplemental submissions are an attempt to reargue what was argued and decided during the hearing on September 10, including rulings on specific exhibits and redactions to pleadings and exhibits.

Stay Order (Doc. 2050) at 2, n.1 (emphasis in original).  Despite Defendants' complete disregard for the rulings made at the September 10 hearing and in the Unsealing Order, the Magistrate Judge granted the Motion to Stay.  In doing so, he cited insufficient reasons that he had already correctly rejected during the September 10 hearing on the motions to seal: (1) that hypothetically, the District Court may not decide some of the underlying motions (a conclusion in direct conflict with Loc. Civ. R. 5, which requires that parties have appropriate, limited, and justified bases for sealing *at the time of filing*); (2) that there was a pending motion to strike or withdraw (Doc. 2008) (which has since been deferred); (3) that Plaintiffs' counsel has access to the documents that are the subject of the motions to seal (which is not relevant – the *public's* right of access to information pursuant to the First Amendment and Loc. Civ. R. 5 is at issue); and (4) that no opposition to these motions to seal has been asserted by any nonparty (a notion the Magistrate Judge previously correctly rejected when he noted that the putative class itself includes 100 million members of the public who have a right to know what happened).  Stay Order (Doc. 2050) at 3.

Plaintiffs submit this Rule 72(a) objection to the Stay Order and respectfully request this Court to set the Stay Order aside and immediately enforce the Unsealing Order.

## ARGUMENT

**A.**   **The Magistrate Judge's Stay Order Is Contrary to Law Because it Leaves Under Seal Materials that the Court has Finally Determined Should be Unsealed, and which the First Amendment and Fourth Circuit Precedent Require to be Filed in the Public Record.**

**1.**   **The Stay Order Is an Unconstitutional Delay of Unsealing that the First Amendment and Common Law Require Immediately.**

Defendants did not object to the Unsealing Order pursuant to Rule 72, rendering it a final determination on the merits of whether the materials should remain under seal. Instead, Defendants ignored the Court's Unsealing Order and flooded the docket with new briefing and materials the Magistrate Judge had expressly forbidden, including their Joint Motion to Stay, in which Defendants attempt a new and untimely gambit of asking to *delay enforcement* of the Unsealing Order until after the Court decides summary judgment. Defendants ask the Court to then determine on which documents it specifically relied, and then to unseal only those. Alternatively, Defendants argue that if the Court were to grant their Motion Suggesting Lack of Subject Matter Jurisdiction (Doc. 1385), it would not have to address their self-evidently insufficient efforts to seal all the other dispositive motions. This delay gambit invites error, as the Fourth Circuit has explained:

> The public's interest in monitoring the work of the courts is *subverted when a court delays making a determination on a sealing request while allowing litigation to proceed to judgment in secret. . . .* Because the public benefits attendant with open proceedings are compromised by delayed disclosure of documents, we take this opportunity to underscore the caution of our precedent and emphasize that the public and press generally have a *contemporaneous right of access* to court documents and proceedings *when the right applies. Each passing day may constitute a separate and cognizable infringement of the First Amendment.*

*Doe*, 749 F.3d at 272-73 (cleaned up) (emphasis added).  Furthermore, "[t]he affirmance of the summary judgment order in this case does not moot the . . . motion to unseal because *the right of access to judicial records and documents* is *independent of the disposition of the merits of the case.*"  *Stone v. Univ. of Md. Med. Sys.*, 855 F. 2d 178, 180, n.* (4th Cir. 1988).  Under this controlling authority, the Magistrate Judge's Stay Order effectuates a clear violation of law that must be set aside and the material that the Magistrate Judge, after painstaking analysis, concluded did not meet the standard for sealing, must be immediately unsealed.

Likewise, Defendants' Motion Suggesting Lack of Jurisdiction cannot justify delay of enforcement of the Unsealing Order.  That motion has no effect on the sealing of other dispositive motions and exhibits because the case for sealing a document must be made "at the time of the filing . . . ," (Loc. Civ. R. 5(B)), and each passing day "constitute(s) a separate and cognizable infringement of the First Amendment."  *Doe*, 749 F.3d at 273.  As the Magistrate's Unsealing Order, his September 10 hearing transcript, and even his Stay Order reveal, Defendants *did not meet their burden to justify the sealing they sought* with regard to the eleven motions to seal at issue.  Thus, the Magistrate Judge's Stay Order permitting a delay in unsealing is a constitutional violation, and thus, "contrary to law."  Plaintiffs' objection should thus be sustained, the Stay Order (Doc. 2050) vacated, and the Unsealing Order (Doc. 1955) enforced.

### 2.    The Motion Suggesting Lack of Jurisdiction is Itself Dispositive.

Furthermore, the Motion Suggesting Lack of Jurisdiction too is a dispositive motion for purposes of the sealing standard, because it is a fact-intensive inquiry that mimics the evidentiary requirements of the summary judgment motion.  (Doc. 1871 at 2-3; Doc. 1502 at 2-3).[2]  In both

---

[2] Plaintiffs did not request that this Court apply the First Amendment standard to the Motion Suggesting Lack of Jurisdiction at the time Defendants filed their sealing papers, but that was in

motions, Defendants ask this Court to delve into the facts and evidence surrounding the four-month period when, unknown to Defendants, a criminal hacker had obtained 98 million people's data from their system. In their first jurisdictional motion, Defendants ask the Court to find that the evidence Plaintiffs have submitted to this Court, including the hacker's intent to distribute the data and the Plaintiffs' subsequent identity theft, is insufficient to raise a reasonable inference that the data has been disseminated beyond the hacker herself. Many of the same documents and evidence submitted to refute this inference for summary judgment were also submitted for the jurisdictional motion, and were discussed at both hearings in which subject matter jurisdiction was discussed by the Court and the parties. As an initial matter and as Plaintiffs have repeatedly argued, this demonstrates why the jurisdictional motion should be denied—the question raised cannot be determined without also deciding questions of fact central to the merits of this case—and so the Court necessarily has jurisdiction as to the merits.

In any event, even if the Court were to decide (and dispose of) the case on the basis of the jurisdictional motion alone, the Court would be required to examine and refer to the very same exhibits and information relevant to these merits questions, including but not limited to some of the central questions in the summary judgment motions. Such questions include whether a reasonable jury could infer based on the evidence presented that the PII indisputably stolen in the Breach and retained by the known hacker for over four months without detection was disseminated by her or one or more unknown follow-on hackers, and whether Plaintiffs' temporally and logically connected identity theft and fraud resulted therefrom. "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process . . . ." *In re Application of the*

---

error, and over-sealing can always be corrected. As the Magistrate Judge stated: "It's a different day." September 10, 2021 Tr. at 6.

*U.S.*, 707 F.3d 283, 290 (4th Cir. 2018).   Clearly, the documents submitted relating to the jurisdiction motion would "play a role in the adjudicative process" even if the Court reviewed them and decided to dispose of this case based upon a finding that, taken together, they constitute insufficient evidence to support the reasonable inferences for which Plaintiffs argue.  This renders the Motion Suggesting Lack of Jurisdiction dispositive for purposes of applying the First Amendment standard for sealing.  *See also Under Seal v. Under Seal*, 230 F.3d 1354 (table), 2000 WL 1294239 (4th Cir. 2000) (affirming dismissal of underlying case for *lack of jurisdiction* but still remanding for consideration of sealing order).[3]

Thus, this Court must set the Stay Order aside and immediately enforce the Unsealing Order.

**B.     The Magistrate Judge's Stay Order Should be Set Aside Because Defendants Have Failed to Establish by "Clear and Convincing Circumstances" that the Need for a Stay Outweighs the Potential Harm to the Opposing Parties or Third Parties.**

The stay of an order "is an extraordinary device which should be sparingly granted." *Holloway*, 2021 WL 3037419, at *2.  Even absent the controlling authority establishing the Magistrate Judge's constitutional violation in delaying the unsealing of material that the Magistrate Judge determined does not qualify for sealing, Defendants have also failed to establish by "clear and convincing circumstances" that the need for a stay outweighs the potential harm to the opposing parties or third parties.  *Williford*, 715 F.2d at 127.

In evaluating whether a stay of an order is warranted, courts in this District have concluded that the factors identified in *Hilton v. Braunskill*, 481 U.S. at 776—likelihood of success on the merits, irreparable harm absent a stay, substantial injury to other interested parties from granting

---

[3] Cited pursuant to U.S.Ct. of App. 4th Cir. Rule 32.1, 28 U.S.C.A., Citation of Unpublished Dispositions, because it has precedential value in relation to a material issue in the case and there is no published opinion that would serve as well.

a stay, and the public interest—"present valid considerations that are appropriate in helping the court to determine how to exercise its discretion," even if analysis of those factors is not required. *Digital Vending*, 2010 WL 11450510, at *3.[4]

Applying these factors here also demonstrates the Stay Order is erroneous and must therefore be set aside and the Unsealing Order immediately enforced.

### 1. The Public Interest Demands that this Court Set Aside the Stay Order and Enforce the Unsealing Order.

Plaintiffs start with the fourth *Hilton v. Braunskill* factor first, the public interest, because it is the most important issue before the Court, given the constitutional rights at issue.

### a. The Stay Order Violates the Public Interest Because the Unsealing Order Protects Vital First Amendment Rights.

Defendants cannot establish their need for a stay of the Unsealing Order, let alone by "clear and convincing circumstances," because the Unsealing Order correctly protects the vital First Amendment interest in having an open judicial system: "The public right of access has two dimensions. First the right protects the public's ability to oversee and monitor the workings of the Judicial Branch. . . . Second, public access to the courts promotes the institutional integrity of the Judicial Branch." *Doe*, 749 F.3d at 263.

This same public interest of an open judiciary is expressed by E.D. Va. Loc. Civ. R. 5. In the Eastern District of Virginia: "Motions to file documents under seal are disfavored and discouraged." Loc. Civ. R. 5(C). Furthermore, ". . . no document or portion of a document may be filed under seal unless the filer has complied with the procedures set forth herein." Loc. Civ. R. 5(A). The case for sealing a document must be made "at the time of the filing . . . identifying

---

[4] In *Digital Vending*, the plaintiff moved the Court for a stay so that it could litigate its Rule 72 appeal of a magistrate's order compelling production of purportedly privileged documents. *Id.* at *1. As established below, Defendants failed to timely lodge any Rule 72 objection to the Unsealing Order and so the Unsealing Order should be enforced for that reason alone.

the statute, rule or order authorizing the filing under seal and describing what information is being filed under seal." Loc. Civ. R. 5(B).

By staying the Unsealing Order, the Magistrate Judge effected a violation of the public interest of access to the judicial system that is vindicated by both the First Amendment and Loc. Civ. R. 5—a decision clearly contrary to the law. Defendants hope to shield from view the details of their failure to guard the personal information of 98 million Americans, but "[p]ublic confidence [in the judiciary] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Doe*, 749 F.3d at 263.

Where the putative class consists of 98 million people and where Capital One and Amazon seek to seal the substantive facts that underlie the claims asserted in the Complaint, the public interest warrants setting aside the Stay Order and immediately enforcing the Unsealing Order. "We have cautioned district courts that the right of public access, whether arising under the First Amendment or the common law, 'may be abrogated only in unusual circumstances.'" *Doe*, 749 F.3d at 266 (quoting *Stone*, 855 F. 2d at 182). Judge Gibney's order in *In re: Interior Molded Doors Antitrust Litigation* provides an excellent overview of the importance of the public's right to understand the case. *See In re Interior Molded Doors Antitrust Litigation*, No. 3:18CV718, 2020 WL 7259153 at *4 (E.D. Va. Dec. 10 2020). As Judge Gibney explained:

> Courts do their business in public. The litigants and the public enjoy a "presumptive right of access" to papers filed with the courts. The defendants want to shut the door on a big part of these proceedings to protect their "competitive" strength in the market—a strength that the evidence arguably shows came from the very misconduct they want to conceal. Both the original motions to seal as well as the motions to reconsider try to keep this door shut. The law demands otherwise.

*Id.* Here, the public, including almost half the adult population of the United States, was affected by the Data Breach and by Defendants' actions and failures in regard to it. That public has a right

to understand the mechanisms through which the Data Breach occurred, along with detailed and factual information about the ways that Capital One and Amazon responded (or failed to respond). That much of the information at issue may be embarrassing and unflattering is not worthy of this Court's protection. *Id.* at *6-7 ("Commercial embarrassment does not go far in justifying secrecy in the courts. As much as litigants dislike it, courts routinely air personal and commercial information.").

> **b.** **The Stay Order Violates the Public Interest Because the Magistrate Judge Found that Defendants Failed to Limit Their Sealing Requests as Required by Loc. Civ. R. 5(C) and the First Amendment.**

Defendants' failure to limit their sealing requests as required by Loc. Civ. R. 5(C) and the First Amendment requires this Court to set aside the Stay Order and order all parties to comply with the Unsealing Order. As stated in Loc. Civ. R. 5(C), a party seeking to file a document under seal must make a good faith effort to redact or seal only as much as necessary to protect legitimate interests and the blanket sealing of documents is rarely appropriate." *See Virginia Dept. of State Police*, 386 F.3d at 575. The Magistrate Judge specifically found that Defendants had failed to comply with this requirement of Loc. Civ. R. 5(C):

> The rule also requires that a good faith effort be made to redact only what is necessary to protect a legitimate interest. That hasn't been done in most of these things.
>
> Supporting a motion to seal with blanket vague general statements and conclusions doesn't satisfy the burden. As the local rule states, blanket sealing is rarely appropriate. Many instances, you know, things have been filed under seal with no attempt to redact information or anything. It just says, you know, we want the whole document filed under seal, or 171 slides filed under seal. That's – doesn't satisfy the burden.

September 10, 2021 Tr. (Doc. 1957) at 7-8. Because the Defendants failed to limit their sealing appropriately under Loc. Civ. R. 5(C), the Magistrate Judge was forced to spend five hours reviewing briefs and exhibits one by one. At one point, Capital One's counsel admitted that they

had moved to seal many items without regard to the First Amendment standard and without regard to the opposition filed by Plaintiffs, simply because the same items had been previously sealed during the discovery phase.  *Id.* at 35.  The Magistrate Judge responded:

> But the procedural posture of this case is motion to seal, opposition, reply.  And if you had an opportunity to file your reply, and did file a reply, if upon reviewing the opposition you felt it was not appropriate to continue to ask things to be filed under seal, you should have indicated that in your reply so that I wouldn't have to spend time, and we all wouldn't have to spend time, dealing with issues relating to matters that are not necessary, okay?

*Id.*  Loc. Civ. R. 5(A) is explicit that "no document or portion of a document may be filed under seal unless the filer has complied with the procedures set forth herein."  Defendants' failure to "make a good faith effort to redact or seal only as much as necessary to protect legitimate interests" alone is enough to justify the unsealing of their information and exhibits in accord with the Unsealing Order.  Loc. Civ. R. 5(C).  Defendants' failure was especially egregious with regard to Plaintiffs' slide deck related to class certification, where Capital One admitted *in its sealing response* that many of the slides did not meet *either* the common law or First Amendment standard for sealing but nevertheless argued the *entire deck* should be sealed. *See* Doc. 1851 at 13-14 & n.2; September 10, 2021 Tr. (Doc. 1957) at 37:15-25.

Similarly, with respect to the materials to which the Unsealing Order correctly applied the First Amendment standard, despite multiple opportunities to do so, Defendants have failed to show that they are attempting to restrict public access "only on the basis of a compelling governmental interest and only if [] narrowly tailored to serve that interest."  *Virginia Dept. of State Police*, 386 F.3d at 575.  Defendants have shown blatant disregard for the First Amendment standard and the right of public access to the facts surrounding their Data Breach.  They have now compounded that by showing a blatant disregard for the Magistrate Judge's time and care when they ignored that "[t]he court explicitly directed the parties that any supplemental filings should address

only. . . the limited categories the court indicated justified sealing . . . and [instead filed] a large majority of . . . supplemental submissions [that] are an attempt to reargue what was argued and decided during the hearing on September 10. . . ."  Stay Order (Doc. 2050) at 2, n.1.  Instead of addressing the Magistrate Judge's request for an "exhibit by exhibit" description of any information that he might have missed within the designated categories, Defendants have played a shell game of misdirection by filing volumes of disallowed new briefing and submissions designed only to obscure the fact that they have no legitimate basis for the extensive sealing they seek at this dispositive motion stage.  Under the First Amendment, Defendants can no longer hide the embarrassing details of the Data Breach behind a curtain of excessive sealing.  This failure to limit their sealing as required by both the First Amendment and Loc. Civ. R. 5(C) is another reason the Stay Order violates the public interest of open judicial proceedings.

> **c.** **The Stay Order Violates the Public Interest Because in his Unsealing Order, the Magistrate Judge Correctly and Meticulously Applied the Law.**

The Unsealing Order correctly decided the appropriate schema for sealing and unsealing at this dispositive stage of the litigation.  A review of the Unsealing Order is not before this Court because Defendants have not timely appealed the Unsealing Order under Rule 72, but the public interest dictates that the Unsealing Order be immediately enforced, because it was correctly decided.

> **i.** **The Magistrate Judge Identified the Correct Standards to Apply to the Eleven Motions to Seal.**

While a common law standard applies to sealing motions in the discovery phase, as the Magistrate Judge explained during the September 10 hearing, "the standard that applies with dispositive motions requires a compelling governmental interest, according to the Fourth Circuit law, to be filed under seal . . . and only if . . . narrowly tailored to serve that interest." September

10, 2021 Tr. (Doc. 1957) at 6.  As the Magistrate Judge correctly asserted in his Unsealing Order, the Fourth Circuit identified this standard in *Virginia Dept. of State Police*, 386 F.3d at 575. Unsealing Order (Doc. 1955) at 2.  Furthermore, "[t]he party seeking to restrict the public's access has the burden and must present specific reasons in support of its position.  Conclusory assertions are insufficient. As stated in Loc. Civ. R. 5(C), a party seeking to file a document under seal must make a good faith effort to redact or seal only as much as necessary to protect legitimate interests and the blanket sealing of documents is rarely appropriate." *Id.* (citing *Virginia Dept. of State Police*, 386 F.3d at 575) (internal citations omitted).

The Magistrate Judge correctly ruled that the First Amendment standard applies to all eleven motions to seal that were before him at the September 10 hearing, except that, with respect to the motion to seal plaintiffs' presentation slides (Doc. 1790), the First Amendment standard applies to Exhibit H (class certification slide deck); but the common law standard applies to Exhibits A-G (pre-dispositive motion slide decks). Unsealing Order (Doc. 1955) at 1-2. Fourth Circuit jurisprudence "make[s] clear that a First Amendment right of access applies to documents that 'play a role in the adjudicative process, or adjudicate substantive rights.'  To fall in the category of 'judicial records,' a document must 'be relevant to the performance of the judicial function and useful in the judicial process.'" *In re Interior Molded Doors Antitrust Litigation*, No. 3:18CV718, 2020 WL 7259153 at *5 (E.D. Va. Dec. 10 2020) (quoting *In re Application of the U.S.*, 707 F.3d at 290-291 (internal quotation marks omitted)).  "[T]he more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion…" *Rushford v. The New Yorkers Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (emphasis added).

In addition to the summary judgment filings, class certification filings, including expert-related materials, are "useful in the judicial process" because "the Court, [and] also prospective class members, will need to analyze the [materials] to decide how to move ahead." *Interior Molded Doors*, 2020 WL 7259153, at *5; *see also Soutter v. Equifax Info., Servs., LLC*, 299 F.R.D. 126, 130 (E.D. Va. 2014) (discussing that, although class certification is not identical to summary judgment, it can "as a practical matter" have the same "dispositive consequences."). Here, the Magistrate Judge agreed with this reasoning:  "I believe that the better weight of authority is a motion for class certification has to be dealt with as a dispositive type motion because it means whether all individuals in a class can be presenting the claim."  September 10, 2021 Tr. (Doc. 1957) at 40.

As the Magistrate Judge explained at the September 10 hearing, even if a particular motion among the eleven fell under the common law standard, because this case has unquestionably reached the stage of dispositive motions, "You know, this information is getting out in later exhibits . . . [A]ll of that's coming out under the First Amendment."  *Id*. at 30.  He explained that he had "warned the parties repeatedly that this day was coming . . . once I have to apply the First Amendment standard in pleadings that are being sought to be filed under seal, it's going to be a different day.  And it's a different day."  *Id*. at 6.

Capital One acknowledged the issues raised in class certification in this case are dispositive in nature when it insisted on filing its summary judgment motion during the class certification proceedings, months before it was due:  "Because the arguments in Capital One's forthcoming class certification opposition are substantially intertwined with the arguments it plans to raise in its motion for summary judgment, Capital One intends to move for summary judgment on May

28, 2021—at the same time it opposes Plaintiffs' motion for class certification."  Capital One's

Motion to Modify Scheduling Order (Doc. 1300) at 1 (emphasis added).

Thus, under Fourth Circuit law and Capital One's own admissions, the Magistrate Judge

correctly decided that the First Amendment standard applies to all eleven motions to seal at issue

in the Unsealing Order, except with respect to certain of Plaintiffs' demonstrative slides, which

would proceed under the common law standard.

> ii. **In Ruling on the Sealing Motions, the Magistrate Judge Correctly Applied the Appropriate Legal Standard to the Exhibits and Information Sought to be Sealed or Redacted.**

In addition to correctly identifying the standards that apply to the eleven sealing motions

at issue, the Magistrate Judge correctly ruled on which categories of information would satisfy the

compelling government interest standard:  information relating to current (not historical) computer

security details such as names of tools, applications and vendors, and confidential business

information such as specific pricing for specific services (of which he saw none in any of the

materials sought to be sealed).  September 10, 2021 Tr. (Doc. 1957) at 8-9, 11, 103-105, 115.

Defendants have failed to identify any information in the materials sought to be sealed that

fits within the categories the Magistrate Judge ruled could be sealed under the First Amendment

standard, despite the fact that Defendants have had at least five bites at this particular apple:

1. When they filed briefs in support of their own sealing or in response to Plaintiffs' requested sealing;

2. When they filed their reply briefs;

3. In open court at the July 12 and 13 hearings before this Court (with respect to the demonstrative exhibits used at that hearing);

4. At the five hour hearing on the topic before Magistrate Judge Anderson on September 10;

5. In the additional submission Magistrate Judge Anderson permitted after the September 20 hearing.[5]

Yet Defendants have failed—at every opportunity, even when going beyond the scope of the information permitted by Judge Anderson to submit declarations—to submit sufficient evidence that meets their burden for sealing information from the public in contravention of the First Amendment.

The Magistrate Judge's rulings on the scope of proper sealing are in accord with Fourth Circuit Law. He "outlined the rationale for unsealing certain documents, while refusing to unseal others, approved certain redactions, and permitted the disclosure of redacted documents. As such, the magistrate judge individually considered the documents, and redacted and unsealed certain documents, satisfying the procedural requirements for sealing." *In re Application of the U.S.*, 707 F.3d at 294. Substantively, he ruled that Defendants could seal specific information such as tool and vendor names *in current use* that might assist bad actors to hack their systems, but denied Defendants' request to seal historical or general information such as the details of how the Breach occurred and high level financial numbers. This also is in accord with precedent within the Fourth Circuit, which has permitted sealing of trade secrets, personnel files, and the like, none of which is present in the materials Defendants wish to seal. *See*, *e.g.*, *Erichsen v. RBC Capital Markets, LLC*, 883 F. Supp. 2d 563, 575 (E.D.N.C. 2012) (although "documents containing trade secrets and proprietary information are often placed under seal," where a "defendant has only alleged 'confidential commercial information," and has not attempted to redact, motion to seal was denied). The Fourth Circuit recently stated: "We take this opportunity to note that an excessive

---

[5] The only submissions Defendants filed following the Unsealing Order that ostensibly followed the Magistrate Judge's instructions were their Notices of Filing Exhibits Pursuant to Order Dkt. 1955 (Doc. 2025-Amazon and Doc. 2026-Capital One). All other submissions violated the Magistrate Judge's explicit instructions and should be disregarded.

portion of the summary-judgment record is under seal.  *Summary-judgment materials are subject to the public's right of access to judicial records under the First Amendment*." *Sprint Nextel Corp. v. Wireless Buybacks Holdings*, 938 F.3d 113, 120 (4th Cir. 2019) (emphasis added).  The Magistrate Judge's careful evaluation of the documents at issue fulfilled both the substantive and procedural requirements for sealing in the Fourth Circuit and the Eastern District of Virginia.  Thus, the public interest demands that the correctly decided Unsealing Order be enforced.

2.      **The Court Should Set Aside the Stay Order and Enforce the Unsealing Order Because Defendants Can Show no Likelihood of Success on the Merits.**

Taking the first three *Hilton v. Braunskill* factors now in order, Defendants cannot demonstrate a likelihood of success with respect to staying the unsealing process, first because they failed to timely object to the Unsealing Order under Rule 72(a).  The Magistrate Judge entered the Unsealing Order on September 13, 2021, and he explicitly made rulings in that Order as well as rulings during the September 10 hearing that were referenced in the Unsealing Order.  These rulings include a determination of the standard that applies to each sealing motion, the categories of information that meet the First Amendment standard, and many specific rulings that particular documents or information (such as the computer security standards and policies in effect in 2019) do not meet the standard and must be filed in the public record.  Unsealing Order (Doc. 1955) at 1-2.  The Magistrate Judge issued these rulings no later than September 13, 2021.  None of these rulings was remotely "provisional." Under Federal Rule of Civil Procedure 72(a), Defendants had 14 days to serve and file objections to these rulings in the Unsealing Order:  "A party may not assign as error a defect in the order not timely objected to." *Id.*  The 14-day deadline passed on September 27, 2021, and Defendants failed to file such objections, instead filing a 45-page brief rearguing the sealing, a Motion to Strike, and a Motion to Stay.  This failure alone is a completely sufficient reason for this Court to set aside the Magistrate Judge's Stay Order and enforce the

Unsealing Order. *See, e.g.*, *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) ("The law in this circuit is clear. If written objections to a magistrate judge's recommendations are not [timely] filed with the district court . . . , a party waives its right to an appeal.") (quoting *Wells v. Shriners Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997) (internal quotation marks omitted)); *Giganti v. Gen–X Strategies, Inc.,* 222 F.R.D. 299, 304 n.8 (E.D. Va. 2004) ("[A] party may not assign as error a defect in the order not timely objected to.") (quoting Rule 72(a)).  As a result, Defendants have waived their objections to the Magistrate Judge's holdings regarding the application of the First Amendment standard to class certification, *motions in limine*, and summary judgment, and to the specific decisions made on the record at the September 10 hearing regarding the application of that standard to particular exhibits.

In addition, Defendants can show no likelihood of success on the merits, because the Unsealing Order was correctly decided given all of the public interest arguments raised in the sections above.

3.     **The Court Should Set Aside the Stay Order and Enforce the Unsealing Order Because Defendants can Show no Irreparable Harm Absent a Stay.**

As to the next *Hilton v. Braunskill* factor, Defendants can show no irreparable harm absent a stay.  Because Defendants cannot show any likelihood of defeating the Unsealing Order on its merits, they have no basis for obtaining a stay.  They are required under the First Amendment and Loc. Civ. R. 5(C) to unseal their documents, and can show no "irreparable harm" from being required to comply with the important public interest expressed in those provisions.  An order that requires a party to act in accord with their constitutional duties cannot cause harm:  "If anything, the system is improved by such an [order]."  *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir. 2002) (finding that a municipality is "in no way harmed by issuance of a preliminary injunction which prevents state from enforcing restrictions likely to be found unconstitutional").

Defendants can show no irreparable injury that would result from setting aside the Stay Order because the Unsealing Order requires constitutionally-mandated unsealing at this dispositive motion stage, and delay only compounds the unconstitutional secrecy under which Defendants wish to litigate this case.

### 4. The Court Should Set Aside the Stay Order and Enforce the Unsealing Order Because Plaintiffs and the Public Have Suffered and will Continue to Suffer Substantial Injury from the Granting of the Stay.

As to the final *Hilton v. Braunskill* factor, Plaintiffs and the public have and will experience substantial injury from the granting of the stay. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Legend Night Club v. Miller*, 637 F.3d 291, 302-03 (4th Cir. 2011) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673 (1976) (plurality opinion) (citation omitted)); *see also Giovani Carandola*, 303 F.3d at 521 (same).[6]

Defendants also argue that the enforcement of the First Amendment and Loc. Civ. R. 5 should be delayed because a nonparty has not yet specifically opposed a motion to seal in this case. As the Magistrate Judge noted, however, this case involves nearly 100 million members of the public. September 10, 2021 Tr. (Doc. 1957) at 47. Plaintiffs' counsel has moved to certify all 98 million class members as a class and so seeks to represent their interests. Furthermore, "[t]he rights of access of the media 'are co-extensive with and do not exceed those rights of members of the public in general." *In re Greensboro News Co.*, 727 F.2d 1320, 1322 (4th Cir. 1984); *Virginia*

---

[6] Plaintiffs have also been damaged by having to file at least 54 sealing briefs since class certification papers were filed in April 2021, many of which would not have been necessary but for Defendants' careless and cavalier over-sealing. As the Magistrate Judge noted, if it "was not appropriate to continue to ask things to be filed under seal, you should have indicated that. . . so that we all wouldn't have to spend time, dealing with issues relating to matters that are not necessary. . . ." September 10, 2021 Tr. (Doc. 1957) at 35. Plaintiffs' counsel and the Court have been forced to spend hundreds of hours working on these sealing motions.

*State Police*, 386 F.3d at 575, n.5.  Plaintiffs' oppositions to Defendants' motions to seal therefore represent the interests of the class and the public at large.  Magistrate Judge Anderson specifically noted this at the September 10 hearing. September 10, 2021 Tr. (Doc. 1957) at 47, 68.

Thus, all four *Hilton v. Braunskill* factors dictate against the Stay Order and support enforcement of the Unsealing Order.  Defendants have failed to establish by "clear and convincing circumstances" that the need for a stay outweighs the potential harm to the opposing parties or third parties. *Williford*, 715 F.2d at 127.

## CONCLUSION

In sum, the Magistrate Judge's Stay Order in which he delayed enforcement of his Unsealing Order violated the First Amendment, Fourth Circuit precedent, and this Court's Local Rules. Separately, Defendants failed to make the required showing that a stay was warranted in their Motion to Stay. Therefore, the Stay Order is "contrary to law" and this Court should set it aside under Rule 72(a) because "it fails to apply or misapplies relevant statu[t]es, case law, or rules of procedure." *Attard Industries, Inc. v. U.S. Fire Ins. Co.*, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010).

For all of the reasons set forth herein, Plaintiffs respectfully request that the Court set aside the Stay Order (Doc. 2050) and immediately enforce the Unsealing Order (Doc. 1955) in compliance with both the First Amendment and Loc. Civ. R. 5(C)—and the entire sealing schema of the Eastern District.

Dated: November 1, 2021                          Respectfully submitted,

By: */s/ Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, VA 22314
Telephone: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 2200
Kansas City, MO 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
jyanchunis@ForThePeople.com

*Plaintiffs' Lead Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Steven T. Webster*
Steven T. Webster (VSB No. 31975)
WEBSTER BOOK LLP
