IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: CAPITAL ONE CONSUMER )
DATA SECURITY BREACH LITIGATION ) MDL No. 1:19md2915 (AJT/JFA)
_____ )

## ORDER

This matter is before the court on plaintiffs' motion to compel discovery regarding Capital One's statute of limitations and terms & conditions defenses. (Docket no. 2059). This motion has been briefed by the parties (Docket nos. 2060/2066, 2081/2082, and 2094/2095) and the court indicated in an earlier order that it would be decided without oral argument (Docket no. 2072).

Plaintiffs seek a corporate representative deposition concerning "data migration and statute of limitations issues" and "discovery" identifying when each class member provided their stolen PII to Capital One, when Capital One migrated each individual class member's stolen PII to the cloud, and factual inquires relevant to enforcement of the website terms & conditions. Recognizing that fact discovery closed in this case on November 20, 2020, plaintiffs argue that the statute of limitations defense was not raised until Capital One filed a motion to amend its answer on April 30, 2021 (Docket no. 1262), which was granted on May 7, 2021 (Docket no. 1295). As to the terms & conditions defense, plaintiffs claim this was first raised on May 28, 2021, in Capital One's opposition to class certification. (Docket no. 2060/2066 at 10–11). This motion to compel was filed on October 29, 2021, more than five months after Capital One's amended answer was filed and five months after the terms & conditions defense was raised in the opposition to the motion for class certification.

The parties have fully briefed and argued several motions during the last several months, including plaintiffs' motion for class certification (Docket no. 1259), Capital One's motion suggesting lack of jurisdiction (Docket no. 1385), Capital One's motion for summary judgment (Docket no. 1460), plaintiffs' motion for partial summary judgment (Docket no. 1646), Amazon's motion for summary judgment (Docket no. 1678), and numerous motions to exclude (Docket nos. 1389, 1394, 1397, 1427, 1431, 1559, 1638, 1658, 1674, 1816). While plaintiffs did not move to reopen discovery during that period, they did raise the issue during their objections to the District Judge concerning the order allowing Capital One to amend its answer (Docket no. 1507) and in responding to Capital One's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d) (Docket no. 1806-40). The District Judge overruled plaintiffs' objections to the order allowing Capital One to amend its answer on July 14, 2021 (Docket no. 1748) and the Rule 56(d) request is currently under advisement.

As an initial matter, the court agrees with Capital One's argument that plaintiffs have not been diligent in filing this motion and that it appears to be largely duplicative of the Rule 56(d) request pending before the District Judge. As the undersigned indicated in the hearing on the motion for leave to amend back in May 2021, plaintiffs would need to show good cause to reopen the discovery period and they failed to do so in the opposition to the motion for leave to amend. No follow up motion to pursue discovery was filed until October 29, 2021. The statute of limitations and terms & conditions issues have been fully briefed in the various motions that are currently pending. At this stage, if the District Judge determines that additional discovery is necessary to address any of the pending issues, he will inform the parties.

As to the statute of limitations defense, it is clear from plaintiffs' expert reports that they are seeking damages based on a theory of unjust enrichment starting in 2015. It is also clear

from Capital One's supplemental answer to interrogatory number 7 that the earliest date any of plaintiffs' credit card application data was stored in Capital One's AWS environment was January 2019. Plaintiffs have the burden to prove any damages they are seeking to recover in this action, and they were given the opportunity to pursue discovery relating to their damages claims during the enlarged fact discovery period established by the court. Plaintiffs did pursue extensive damage related discovery in this action, including what actions were taken by Capital One in transferring data to the AWS environment. Given the information provided by Capital One in discovery and in response to plaintiffs' follow up requests, there does not appear to be good cause to reopen discovery related to the statute of limitations defense.[1]

Likewise, there is no good cause to reopen discovery at this late date concerning the terms & conditions issue. Capital One questioned some of the representative plaintiffs concerning their awareness of the terms & conditions during the discovery period. Capital One has provided copies of the terms & conditions it relies upon in the briefing on the motions that are pending before the court. Those documents, along with other material available from the Wayback Machine, are sufficient for the parties to address whether Capital One has a viable terms & conditions defense to the claims raised. Accordingly, it is hereby

ORDERED that plaintiffs' motion to compel is denied.

Entered this 15th day of November, 2021.

/s/ JFA
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[1] This finding is based on a good cause standard for reopening discovery and is not intended to address whether additional information is necessary to rule on the pending motions before the District Judge. If the District Judge determines that specific information is needed to address the pending motions and he wishes to defer ruling pending the parties providing that specific information, it may be necessary to reopen this matter in the event the parties are unable to agree on how to provide the District Judge with the specific information requested.