## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

IN RE: CAPITAL ONE CONSUMER    )
DATA SECURITY BREACH LITIGATION    )    MDL No. 1:19md2915 (AJT/JFA)
_____)

This Document Relates to CONSUMER Cases

_____

### CAPITAL ONE AND AMAZON'S OPPOSITION TO PLAINTIFFS' RULE 72(a) OBJECTION TO ORDER STAYING ORDER ON MOTIONS TO SEAL

**KING & SPALDING LLP**

David L. Balser (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
Susan M. Clare (*pro hac vice*)
John C. Toro (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com

**FENWICK & WEST LLP**

Tyler G. Newby (*pro hac vice*)
Brian Buckley (*pro hac vice*)
Laurence F. Pulgram (*pro hac vice*)
Janie Y. Miller (*pro hac vice*)
Meghan E. Fenzel (*pro hac vice*)
Sarah V. Lightstone (*pro hac vice*)
Rina Plotkin (*pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Tel.: (415) 875-2300
Fax: (415) 281-1350
tnewby@fenwick.com
bbuckley@fenwick.com
lpulgram@fenwick.com
jmiller@fenwick.com
mfenzel@fenwick.com
slightstone@fenwick.com
rplotkin@fenwick.com

**HIRSCHLER FLEISCHER, PC**

Robert R. Vieth, Esq. (VSB No. 24304)
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Tel.: (703) 584-8366
Fax: (703) 584-8901
rvieth@hirschlerlaw.com

timothy.st.george@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... i

INTRODUCTION ...................................................................................................... 1

BACKGROUND ........................................................................................................ 3

LEGAL STANDARDS ............................................................................................... 9

ARGUMENT ............................................................................................................. 9

   I.   NOTHING REQUIRES JUDGE ANDERSON TO ISSUE AN IMMEDIATE
       RULING ON THE MOTIONS TO SEAL ........................................................ 9

  II.  JUDGE ANDERSON'S DECISION TO DEFER RULING ON THE
       SEALING MOTIONS IS NOT CONTRARY TO LAW. ................................ 11

      A.  Judge Anderson Has Not Issued a Final Ruling on the Eleven Sealing
          Motions ................................................................................................... 11

      B.  Judge Anderson's Decision to Defer Ruling Is Not Contrary to Law ......... 13

 III. WHILE IRRELEVANT TO THE COURT'S ANALYSIS HERE, THE
       *HILTON* FACTORS WEIGH IN DEFENDANTS' FAVOR. ........................ 16

      A.  Defendants Have Demonstrated a Likelihood of Irreparable Harm ............ 16

      B.  Defendants Have Demonstrated a Likelihood of Success on the Merits ...... 18

          1.  Judge Anderson Would Have Committed Clear Error by Not
             Deferring His Rulings ...................................................................... 19

          2.  Judge Anderson Would Have Committed Clear Error by Applying
             the Incorrect Standards .................................................................... 19

          3.  Judge Anderson Would Have Committed Clear Error by Unsealing
             the Materials at Issue. ...................................................................... 21

      C.  Defendants Have Demonstrated Deferral Will Not Injure Plaintiffs or the
          Public ...................................................................................................... 22

      D.  Deferral Is Not Contrary to the Public Interest; It Is in the Public
          Interest. ................................................................................................... 23

CONCLUSION ......................................................................................................... 24

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allied Chem. Corp. v. Daiflon, Inc.*,
    449 U.S. 33 (1980)............................................................................................................10

*In re Application of United States for an Order Pursuant to 18 U.S.C. Section
    2703(D)*,
    707 F.3d 283 (4th Cir. 2013) ...........................................................................................14

*Cap. One Fin. Corp. v. Sykes*,
    No. 3:20CV763, 2021 WL 2903241 (E.D. Va. July 9, 2021) .................................................17

*Cochran v. Volvo Grp. N. Am., LLC*,
    931 F. Supp. 2d 725 (M.D.N.C. 2013) ........................................................................20, 21

*Dietz v. Bouldin*,
    136 S. Ct. 1885 (2016).....................................................................................................10

*Doe v. Public Citizen*,
    749 F.3d 246 (4th Cir. 2014) .....................................................................................15, 16

*Giovani Carandola, Ltd. v. Bason*,
    303 F.3d 507 (4th Cir. 2002) .....................................................................................18, 23

*GTSI Corp. v. Wildflower Int'l, Inc.*,
    No. 1:09cv123 (JCC), 2009 WL 3245396 (E.D. Va. Sept. 29, 2009) ...................................16

*Hatch v. Demayo*,
    No. 1:16CV925, 2020 WL 1676953 (M.D.N.C. Apr. 6, 2020)............................................20

*Hilton v. Braunskill*,
    481 U.S. 770 (1987)...............................................................................................2, 7, 16

*Hunter v. Town of Mocksville*,
    961 F. Supp. 2d 803 (M.D.N.C. 2013) .................................................................................14

*Jackson v. JTM Capital Mgmt., LLC*,
    No. TDC-19-1009, 2021 WL 1238565 (D. Md. Apr. 2, 2021) ............................................14

*Jones v. Lowe's Cos.*,
    402 F. Supp. 3d 266 (W.D.N.C. 2019) .................................................................................14

*Kerr v. U.S. Dist. Court*,
    426 U.S. 394 (1976).........................................................................................................10

*Legend Night Club v. Miller*,
  637 F.3d 291 (4th Cir. 2011) ...............................................................23

*Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*,
  611 F. Supp. 2d 572 (E.D. Va. 2009) ...................................................18

*MeadWestvaco Corp. v. Rexam, PLC*,
  No. 1:10cv511, 2011 WL 2938456 (E.D. Va. July 18, 2011) .................9

*Minter v. Wells Fargo Bank, N.A.*,
  Nos. WMN-07-3442, WMN-08-1642, 2010 WL 5418910 (D. Md. Dec. 23,
  2010) ......................................................................................................20

*In re Murphy-Brown, LLC*,
  907 F.3d 788 (4th Cir. 2018) ...............................................................10

*Pari Respiratory Equip., Inc. v. Groskopf*,
  No. CIV.A. 3:07-CV-446, 2007 WL 2745322 (E.D. Va. Sept. 18, 2007)..............................17

*In re Policy Mgmt. Sys. Corp.*,
  67 F.3d 296, Nos. 94-2254, 942341, 1995 WL 541623 (4th Cir. Sept. 13,
  1995) ......................................................................................................14

*Reyazuddin v. Montgomery Cnty.*,
  7 F. Supp. 3d 526 (D. Md. 2014).........................................................15

*Rushford v. New Yorker Magazine, Inc.*,
  846 F.2d 249 (4th Cir. 1988) ..................................................19, 20, 21

*Senior Executives Ass'n v. United States*,
  891 F. Supp. 2d 745 (D. Md. 2012).....................................................17

*Soutter v. Equifax Info., Servs., LLC*,
  299 F.R.D. 126 (E.D. Va. 2014) ..........................................................21

*Syngenta Crop Protection, LLC v. Willowood, LLC*,
  No. 1:15–cv–274, 2017 WL 1745531 (M.D.N.C. May 4, 2017) .........14

*United States v. Moussaoui*,
  333 F.3d 509 (4th Cir. 2003) ...............................................................10

*United States v. U.S. Gypsum Co.*,
  333 U.S. 364 (1948)................................................................................9

*United States ex rel. Kelly v. Serco, Inc.*,
  No. 11cv2975, 2014 WL 12675246 (S.D. Cal. Dec. 22, 2014).............18

**Other Authorities**

Fed. R. Civ. P. 72 ............................................................................................... *passim*

U.S. Const, amend I. .......................................................................................... *passim*

U.S. Const., art.III, § 2 ...........................................................................................3, 4

*Mandamus*, Black's Law Dictionary (11th ed. 2019)................................................10

*In re: Procedures for the Filing, Service, and Management of Highly Sensitive*
    *Documents*
      (E.D. Va.).........................................................................................................23

**<u>INTRODUCTION</u>**

Judge Anderson's October 18, 2021 Order challenged by Plaintiffs held that "the undersigned will defer any action on these motions to seal until further action by the District Judge." Dkt. 2050 at 3. Judge Anderson's procedural decision to defer his ruling on the motions to seal is neither contrary to law nor clearly erroneous. Far from it. There is no requirement that Judge Anderson issue rulings on any specific timeline, and he certainly has discretion to defer ruling on issues, like those here, that may become moot. In fact, such deferral is particularly appropriate here because the Court may not rule on the dispositive motions at all given the pending jurisdictional challenges. Plaintiffs' Objection should be overruld on this threshold basis alone.

Yet, Plaintiffs' Objection also fails because it is based on blatant misrepresentations regarding the record. Plaintiffs' Objection seeks to confuse the issue at hand by suggesting that Judge Anderson's Order stays final rulings unsealing certain documents to which Defendants never objected. This is plainly false. Judge Anderson made clear that his determinations during the September 10 hearing and in his September 13 Order were provisional rulings and that he would issue his final ruling *after* the parties provided the Court with additional information. Judge Anderson also made it clear, in response to direct questioning from Capital One's counsel on this precise issue, that the clock for any Rule 72 objections on unsealing determinations would not begin to run until he issued that final order. That final order *still* has not been issued because Judge Anderson decided to defer that ruling.

Plaintiffs' challenge to Judge Anderson's decision also fails because Fourth Circuit authority effectively *requires* Judge Anderson to defer ruling on the motions to seal. The First Amendment right of access does not attach until this Court relies on or considers the materials at issue in ruling on dispositive motions. Thus, Judge Anderson properly decided to defer his final

1

ruling until this Court rules on the underlying substantive motions, which may moot the issue entirely if the case is dismissed for lack of subject matter jurisdiction.

Contrary to Plaintiffs' attempted distortions of the record, Judge Anderson's ability to defer the timing of his own rulings is the only issue before this Court on Plaintiffs' Objection.  And because Judge Anderson's decision to *defer* ruling does not *stay* any final ruling at all, the four-factor analysis articulated in *Hilton v. Braunskill*, 481 U.S. 770 (1987) is not relevant to this Court's review of Plaintiffs' Objection.  But even if those factors were relevant, all four would weigh in favor of a deferred ruling.  First, Defendants demonstrated they would suffer immediate and irreparable harm the moment their security-sensitive material, confidential business information, and trade secrets were prematurely disclosed.  Second, Defendants—not Plaintiffs—are likely to succeed on the merits because (1) Fourth Circuit authority requires the Court to defer ruling on the sealing motions, (2) Judge Anderson applied the incorrect standard in his provisional ruling to many of the documents at issue, and (3) Defendants demonstrated that the information in the documents met the applicable standards for sealing.  Third, Plaintiffs are not prejudiced by the deferral because they have access to all of the documents at issue.  Fourth, preventing security-sensitive information from falling into the hands of malicious actors who could use it to commit further cyberattacks is in the public's interest.

*No member of the public* has ever objected to any of Defendants' motions to seal. Ironically, Plaintiffs are the only ones who have objected to keeping these materials sealed. Plaintiffs have argued that Defendants breached a duty to safeguard their personal data from unauthorized access by Paige Thompson, the criminal hacker responsible for the Cyber Incident, and that Plaintiffs suffered harm as a result.  But now Plaintiffs seek to have sensitive information that goes to the heart of Defendants' cybersecurity defenses—the defenses designed to protect the

individuals Plaintiffs purport to represent and other similarly situated customers—exposed to the public immediately.

The only way to reconcile these contradictory positions is to view Plaintiffs' gambit for what it is: a transparent attempt to gain some type of leverage over Defendants by pressing to have their sensitive cybersecurity documents unsealed while the Court considers the pending jurisdictional challenges and dispositive motions. This Court should reject that improper effort and overrule the Objection.

## **BACKGROUND**

For the majority of this case, Plaintiffs did not challenge Defendants' motions to seal, agreeing that Defendants' confidential, cybersecurity sensitive information should not be part of the public record. Beginning in late July 2021, however—nearly two years into this litigation, after the hearing on the standing and class certification motions, and while the parties were in the middle of summary judgment briefing—Plaintiffs began challenging Defendants' sealing motions. *See* Dkts. 1791; 1803; 1810; 1844; 1849. In several filings, Plaintiffs contended, for the first time, that the First Amendment standard for sealing applied to briefs, exhibits, and hearing presentations filed in connection with Defendants' Article III standing motion, the parties' motions for summary judgment, and Plaintiffs' Motion for Class Certification. Plaintiffs made this assertion even though Plaintiffs had not raised the First Amendment argument in connection with Defendants' initial Motion Suggesting Lack of Subject Matter Jurisdiction, Defendants' motions for summary judgment, any of the briefs filed in connection with Plaintiffs' Motion for Class Certification, or Plaintiffs' own Motion for Partial Summary Judgment.[1]

---

[1] *Compare* Dkts. 1791; 1803; 1810; 1844; 1848; 1849 *with*, *e.g.*, Dkt. 1468 (Plaintiffs' arguing that a common law right of access applies to the opening brief in support of Capital One's Motion

On September 10, 2021, Judge Anderson held a hearing regarding eleven motions to seal related to briefs, exhibits, and hearing PowerPoint presentations filed in connection with Defendants' Article III standing motions, the parties' motions for summary judgment, Plaintiffs' motion for class certification, and Capital One's motion *in limine* regarding OCC documents. *See* 9/10/2021 Hr'g Tr. at 1; Dkt. 2050 at 1 (October 18, 2021 Order) (listing motions to seal and describing the substantive motions they concerned). Plaintiffs argued that materials connected with each of these motions should be assessed under the more rigorous First Amendment standard. During this hearing, Judge Anderson reviewed the briefs, exhibits, and presentations at issue and made provisional rulings regarding (1) what standards governed the sealing analyses, and (2) what information should be sealed or unsealed. Judge Anderson determined that the First Amendment standard applied to materials filed in connection with class certification, summary judgment, and Defendants' briefing regarding this Court's subject matter jurisdiction. *See, e.g.*, *id.* at 15:20–25 (applying First Amendment standard to brief concerning subject matter jurisdiction); *id.* at 40:7–12 (applying First Amendment standard to class certification filing); *id.* at 123:12–18 (applying First Amendment standard to motion *in limine* connected to summary judgment). Judge Anderson also determined that only certain categories of information could be sealed under the First Amendment standard. *See, e.g.*, *id.* at 8:25–9:2 (stating "information that relates to the current [technology] architecture and system that is in place" satisfies the First Amendment standard); *id.*

---

Suggesting Lack of Jurisdiction); Dkt. 1471 (same for Capital One's Opposition to Plaintiffs' Motion for Class Certification); Dkt. 1495 (same for the opening brief in support of Capital One's Motion for Summary Judgment); Dkt. 1642 (same for the opening brief in support of Plaintiffs' Motion for Partial Summary Judgment for Breach of Contract); *see also* Obj. at 11–12 n.2 (Plaintiffs' admitting their change in position on the sealing of class certification-related materials).

at 9:12–19 (stating information relating to "remediation efforts" satisfies the First Amendment standard and observing that "the public needs to be protected").

At multiple points throughout the hearing, Judge Anderson requested that the parties submit "additional information" that he could "consider" to finalize his provisional rulings. *See id.* at 97:25–98:2 ("[Y]ou can provide me with some additional information and I'll consider it."); *id.* at 138:11–13 (referencing the parties providing "additional information"); *id.* at 138:14–21 (similar); *id.* at 140:3–5 ("I'm giving you the ability to provide me with additional information on certain parameters."). Judge Anderson also stated that he would issue a final order only after considering the parties' additional information. *See id.* at 140:8–12 ("So, you know, obviously, if you're asking me to reconsider or look at additional information as to exhibit so and so . . . *then this isn't a final ruling.* So my *final ruling* will be when I make a decision on that submission . . . ." (emphasis added)). Finally, Judge Anderson clarified, in response to direct questioning from Defendants' counsel, that the parties should file Rule 72(a) objections only *after* he considered the parties' additional submissions and issued final rulings:

> Capital One's Counsel: "Your Honor, I just want to make absolutely sure I'm clear about today's order. Today's order is more on the nature of a provisional order. And the order from which any Rule 72 objection would stem, would be the order in two weeks, is that correct?"
>
> The Court: "Right. . . . ."

*Id.* at 139:23–140:3; *see also id.* at 138:4–7 (Capital One's counsel: "We just want to make sure that we're on the same page about what that means in terms of any objections, if we have any, and when that should be placed on the record."); *id.* at 140:8–12 (The Court: "[I]f you're asking me to reconsider or look at additional information as to exhibit so and so, and filing such and such, *then this isn't a final ruling.* So my final ruling will be when I make a decision on that submission . . . ." (emphasis added)); *id.* at 138:21–24 ("And then if I ultimately deny that, then you would

5

have the ability to file an objection, or request for reconsideration in front of a district judge within 14 days of that order.").

On September 13, 2021, Judge Anderson issued a provisional Order granting in part and denying in part the parties' motions to seal. *See* Dkt. 1955 ("September 13 Order"). Judge Anderson noted that "[g]iven the large volume of information involved in these various motions and the realization that certain types of information that the court had indicated could remain under seal had been overlooked in reviewing the materials, the court granted counsels' request that they be allowed to provide additional information . . . ." *Id.* at 2–3. The September 13 Order also required that "[a]ll redactions and documents *that are not the subject of a submission* filed in a timely manner should be filed in the public record by the party who initially filed that information under seal by September 29, 2021." *Id.* at 3 (emphasis added)); *see also* 9/10/2021 Hr'g Tr. at 139:2–4 ("I have indicated what my ruling is, and [if] you are not contesting that, those documents need to be filed in the public record . . . within 14 days from today.").

On September 27, 2021, pursuant to Judge Anderson's request, Defendants filed Confidential Memoranda and supporting Declarations providing Judge Anderson with this additional information contesting the unsealing of Defendants' documents. *See* Dkt. 1991 (Capital One's Confidential Memorandum); Dkt. 1992 (Amazon's Confidential Memorandum). The Confidential Memoranda reiterated Capital One's arguments, made at the September 10 hearing, that the First Amendment did not apply to certain of the at-issue materials and that sealing determinations were premature at this time under Fourth Circuit law. The Confidential Memoranda also provided Judge Anderson with additional detailed showings about why information in Defendants' documents fell into the categories of information he had identified as satisfying the First Amendment standard. Specifically, Capital One's 42-page Confidential

6

Memorandum—which is supported by a 24-page Declaration executed by the Chief Technology Officer of Capital One's cybersecurity organization (*see* Dkt. 1991-1)—set out, in document-by-document, page-by-page, and redaction-by-redaction detail, precisely the information that must be protected under even the First Amendment standard.   Likewise, Amazon filed a 25-page Confidential Memorandum—itself supported by four separate declarations totaling 16 additional pages (*see* Dkts. 1992-1–4)—that makes the same showings.

The same day Defendants filed their Confidential Memoranda, Defendants also filed a Joint Motion to Stay.  *See* Dkt. 2005.  Judge Anderson expressly suggested that Defendants file such a motion at the September 10, 2021 hearing.  *See* 9/10/2021 Hr'g Tr. at 138:14–21 ("To the extent that you're going to ask that my order is held in abeyance or stayed, maybe you should file something along with your response providing additional information . . . .").  In the Motion to Stay, Defendants moved to stay Judge Anderson's forthcoming final order on the sealing motions, clearly expressing their intent to file Rule 72 objections to any order unsealing the documents addressed in their Confidential Memoranda.  Dkt. 2005 at 3.  Defendants also showed that a stay of that forthcoming final order would be warranted while Defendants' objections were pending under the four-factor analysis articulated in *Hilton v. Braunskill*, 481 U.S. 770 (1987).  Specifically, Defendants demonstrated that Judge Anderson would err by not deferring a ruling on the sealing motions until after the pending dispositive motions were decided, by applying the First Amendment standard to the class certification and jurisdictional motions, and by finding that certain of the at-issue materials did not satisfy the First Amendment standard.  Defendants also demonstrated that they would be irreparably harmed by the premature disclosure of their security-sensitive material, confidential business information, and trade secrets and that neither Plaintiffs nor the public would be harmed by a stay.  *See* Dkt. 2005 at 8–10.  Plaintiffs filed their Opposition

on October 4, 2021 (Dkt. 2032) and Defendants filed their Joint Reply on October 7, 2021 (Dkt. 2039).

Also on September 27, 2021, Capital One filed a Motion to Strike or Withdraw Certain Exhibits Associated with Pending Motions. *See* Dkt. 2008. In that motion, Capital One requested that the Court strike from the public record the demonstrative presentation slides Plaintiffs used during argument on their Motion for Class Certification and eight exhibits attached to Plaintiffs' Opposition to Capital One's Motion for Summary Judgment. Dkt. 2009 at 6–18. Capital One also sought to withdraw or file more limited excerpts of ten exhibits attached to its Opposition to Plaintiffs' Motion for Partial Summary Judgment for Breach of Contract. *See id.* at 18–21. As Capital One explained, it filed the Motion to Strike or Withdraw because of the "risk that the documents it concerns will improperly be made publicly available" given Plaintiffs' position on sealing issues. Dkt. 2051 at 1; *see also* 10/20/21 Hr'g Tr. at 5:7–15; *id.* at 6:18–21.

Before the October 20, 2021 hearing on the motion to strike, Judge Anderson issued the October 18, 2021 Order to which Plaintiffs now object. In that Order, Judge Anderson stated that he would "defer any action on these motions to seal" until this Court rules on the parties' substantive motions. *See* Dkt. 2050 at 3. Specifically, Judge Anderson found that "the[] motions to seal involve filings related to motions that may never be decided by the court," that "plaintiffs' counsel has access to the documents" at issue, and that "no opposition to these motions to seal has been asserted by any nonparty." *Id.*

Judge Anderson's October 18, 2021 Order was a focus of this Court's analysis at the October 20, 2021 hearing on the Motion to Strike or Withdraw. *See* 10/20/21 Hr'g Tr. at 6:9–17. The Court followed a course that essentially mirrored that taken by Judge Anderson by deferring ruling. Specifically, the Court explained that it viewed Judge Anderson's October 18, 2021 Order

as "sufficiently protect[ing]" the documents Capital One sought to protect from public release through its Motion to Strike or Withdraw.  *Id.* at 35:12–15.  The Court also explained that it considered "[t]he nature of the [M]otion [to Strike or Withdraw a]s really in the nature of a housekeeping issue with respect to what should be part of the record and, if so, whether the record should contain those portions under seal or not under seal."  *Id.* at 35:2–6.  The Court accordingly found that "the best course" was for "the Court . . . to go ahead and decide the pending . . . class certification and summary judgment motions, on the present record" and "defer ruling on" what documents are properly part of the public record until those motions are decided.  *Id.* at 35:9–11, 35:16–20.

On November 1, 2021, Plaintiffs filed a Rule 72(a) Objection to Judge Anderson's October 18, 2021 Order.  *See* Dkt. 2073.

## LEGAL STANDARDS

Rule 72(a) states that the District Judge should only set aside orders on non-dispositive motions that are "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a).  An order is "clearly erroneous" where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  And "an order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedures.'"  *MeadWestvaco Corp. v. Rexam, PLC*, No. 1:10cv511 (GBL/TRJ), 2011 WL 2938456, at *2 (E.D. Va. July 18, 2011).

## ARGUMENT

### I.   NOTHING REQUIRES JUDGE ANDERSON TO ISSUE AN IMMEDIATE RULING ON THE MOTIONS TO SEAL.

As a threshold matter, Plaintiffs' Objection fails because it seeks to challenge Judge Anderson's decision *not to issue a ruling* at this time.  Judge Anderson's Order was clear: he would

"defer any action on [the motions to seal] until further action by" this Court.  Dkt. 2050 at 3.
Nothing about Judge Anderson's decision to decide the motions at a later time is contrary to law.
In fact, *no law or rule* requires Judge Anderson to rule on the sealing motions—or any motion, for
that matter—within any particular timeline.[2]

It is well established that federal judges have near plenary authority to manage their
dockets.  *See, e.g.*, *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).  Judge Anderson's decision to
defer ruling on the motions to seal (like this Court's decision to defer ruling on the related Motion
to Strike or Withdraw) falls squarely within that inherent authority.  Further, because the sealing
motions may become moot by the dismissal of this case on jurisdictional grounds, Judge
Anderson's decision to defer ruling conserves judicial resources while preserving the status quo.
The fallacy of Plaintiffs' position is highlighted by the fact that Judge Anderson could have
deferred ruling on the sealing motions *without* issuing an order at all, and Plaintiffs would have no
recourse to challenge such a deferral.  This simple fact is reason enough to deny Plaintiffs'
Objection.

---

[2] In essence, Plaintiffs' Objection—which seeks to compel Judge Anderson to issue an immediate
order on the motions to seal—is a petition for writ of mandamus by another name.  *United States
v. Moussaoui*, 333 F.3d 509, 513 n.5 (4th Cir. 2003) (explaining that mandamus is the appropriate
procedural device to challenge a court's "refus[al] to rule on a motion"); *Mandamus*, Black's Law
Dictionary (11th ed. 2019) (defining mandamus as a "writ issued by a court to compel performance
of a particular act").  But mandamus is an extraordinary remedy that is seldom granted.  *See, e.g.*,
*Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795
(4th Cir. 2018).  Moreover, Plaintiffs have made no showing that they are entitled to that
extraordinary relief.  *See Murphy-Brown*, 907 F.3d at 795 ("Courts provide mandamus relief only
when (1) petitioner has no other adequate means to attain the relief it desires; (2) petitioner has
shown a clear and indisputable right to the requested relief; and (3) the court deems the writ
appropriate under the circumstances." (alterations accepted and internal quotation marks omitted)).
Nor could they because Judge Anderson's decision on when to rule on the pending motions to seal
is fully within his discretion.  *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)
("Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular
result is 'clear and indisputable.'").

## II.    JUDGE ANDERSON'S DECISION TO DEFER RULING ON THE SEALING MOTIONS IS NOT CONTRARY TO LAW.

Plaintiffs' Objection is improper and fails at the threshold for the reasons set out in Section I above.  But even if the Court were to consider the merits, Plaintiffs' Objection fails there as well. Specifically, the Objection is based on two false premises: (1) that Judge Anderson issued a final, appealable order, and (2) that Judge Anderson's decision to defer is contrary to law.  Neither of these are true, thus the Objection should be overruled.

### A. Judge Anderson Has Not Issued a Final Ruling on the Eleven Sealing Motions.

Plaintiffs' Objection rests on misrepresentations of Judge Anderson's determinations at the September 10, 2021, hearing and subsequent September 13, 2021, Order as "a final determination on the merits."  Obj. at 13; *see also id.* at 1; Dkt. 2040 at 11 (Plaintiffs stating in their Opposition to the Motion to Strike or Withdraw that the September 13, 2021, Order "is final.").  Contrary to Plaintiffs' misrepresentations, Judge Anderson's determinations were not final, and Defendants were not required to object to them within the fourteen days allowed under Federal Rule of Civil Procedure 72(a).

Beginning with the September 10, 2021, hearing, Judge Anderson made unequivocally clear that his determinations were "provisional," not final.  9/10/2021 Hr'g Tr. at 139: 23–140:3. After making his provisional rulings, Judge Anderson *expressly requested* that Defendants provide the Court with additional information.  *See, e.g., id.* at 97:25–98:2 ("[Y]ou can provide me with some additional information and I'll consider it."); *id.* at 138:11–13 (referencing the parties providing "additional information"); *id.* at 138:14–21 (similar); *id.* at 140:3–5 ("I'm giving you the ability to provide me with additional information on certain parameters.").  If a party submitted such information, Judge Anderson stated that he would "consider[] . . . that additional information," *id.* at 138:20–21, and then issue a final order after considering that additional

information, *see id.* at 140:8–12 ("So, you know, obviously, if you're asking me to reconsider or look at additional information as to exhibit so and so . . . *then this isn't a final ruling*. So my *final ruling* will be when I make a decision on that submission . . . ." (emphasis added)).

Judge Anderson's September 13, 2021, Order is not final, either. That Order only required the parties to publicly file documents that *were not* the subject of the supplemental sealing submissions Judge Anderson requested at the September 10, 2021, hearing. *See* Dkt. 1955 at 3 ("[T]he court granted counsels' request that they be allowed to provide additional information concerning some of the redactions to the pleadings and exhibits to address why that specific information should remain under seal. . . . All redactions and documents *that are not the subject of a submission* filed in a timely manner should be filed in the public record by the party who initially filed that information under seal by September 29, 2021." (emphasis added)). Put another way, the September 13 Order's filing provisions applied only to those documents where all parties "agree[d]" with Judge Anderson's provisional sealing determinations. *See id.*; *see also* 9/10/2021 Hr'g Tr. at 138:25–139:8 (Judge Anderson explaining the same). And Defendants did not agree. Rather, Defendants' supplemental Confidential Memoranda and supporting Declarations exhaustively set out their disagreements with Judge Anderson's provisional sealing determinations. *See* Dkts. 1991; 1992.

Plaintiffs also misrepresent the record when they state that Defendants' Joint Motion to Stay (Dkt. 2004) Judge Anderson's forthcoming final order was "forbidden" by Judge Anderson. Obj. at 10. To the contrary, Judge Anderson *expressly stated* that a Motion to Stay may be necessary. *See* 9/10/2021 Hr'g Tr. at 138:14–21 ("To the extent that you're going to ask that my order is held in abeyance or stayed, maybe you should file something along with your response providing additional information . . . .").

12

Finally, Plaintiffs' assertion that Defendants failed to timely lodge their Rule 72(a) objections is wrong.  *See* Obj. at 8, 10, 14 n.4, 18, 23.  In response to specific questions by Capital One's counsel regarding the timing of any Rule 72 objections, Judge Anderson was clear that he would issue a final order only *after* considering any additional information submitted by the parties in their supplemental submissions, and "then if I ultimately deny that, *then you would have the ability to file an objection*, or request for reconsideration in front of the district judge *within 14 days of that order*."  9/10/2021 Hr'g Tr. at 138:21–24 (emphasis added).  And that has not yet occurred because Judge Anderson decided to defer ruling.

Tellingly, Plaintiffs cite *nothing* from the September 10, 2021, hearing transcript or the September 13 Order indicating that either is "a final determination on the merits" or suggesting that Defendants were required to file Rule 72(a) objections within fourteen days of those dates. *See* Obj. at 1, 10, 13, 14 n.4, 18, 23.  Nor could Plaintiffs make such a showing.  Judge Anderson's statements were unambiguous and were made in response to direct questions from Capital One's counsel about challenging any unsealing determinations.  *See supra* pp. 5–6.  Further, Plaintiffs make no attempt to reconcile Judge Anderson's request for "additional information"—which Defendants were not required to provide until September 27, 2021—with their position that Judge Anderson has already made final determinations.  Plaintiffs' misrepresentations of Judge Anderson's repeated and explicit directions are supported by neither the record nor logic.  This Court should reject Plaintiffs' attempt to manufacture a "procedural gotcha" with no basis in the record and deny the Objection.

### B. Judge Anderson's Decision to Defer Ruling Is Not Contrary to Law.

Setting aside Plaintiffs' misrepresentations regarding the state of Judge Anderson's provisional sealing determinations, Judge Anderson's decision to defer final ruling on the sealing

motions was not contrary to law.   In fact, Fourth Circuit authority effectively *compels* such deferral.[3]   The First Amendment right of access attaches only to documents "if they play a role in the adjudicative process, or adjudicate substantive rights."   *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).   Thus, "to the extent the Court does not rely on the information in reaching its decision, no right of access applies."   *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013); *see also In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (table), Nos. 94-2254, 942341, 1995 WL 541623, at *3–4 (4th Cir. Sept. 13, 1995) (holding that documents filed in connection with a motion to dismiss were not judicial records because they were not considered by the court and noting that "[n]either the Supreme Court nor this Court has ever held that the mere filing of a document triggers the First Amendment guarantee of access.").

Under this authority, courts in this circuit routinely seal (or leave sealed) exhibits to dispositive motions if the court did not rely on them in ruling on the motions.   *See, e.g.*, *Jones v. Lowe's Cos.*, 402 F. Supp. 3d 266, 292–93 (W.D.N.C. 2019) (denying motion to unseal excerpts of summary judgment exhibits where the court "did not rely" on said excerpts), *aff'd* 845 F. App'x 205 (4th Cir. 2021); *Jackson v. JTM Capital Mgmt., LLC*, No. TDC-19-1009, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021) ("[B]ecause any other information is not specifically necessary to the resolution of the Motion for Summary Judgment . . . the Court will seal the specific exhibits as filed with the Motion for Summary Judgment."); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15–cv–274, 2017 WL 1745531, at *3 (M.D.N.C. May 4, 2017) ("The parties seek to seal several exhibits on which the Court did not rely to determine the relevant evidentiary and summary

---

[3] Plaintiffs incorrectly state that Defendants' deferral argument is "new and untimely."  Obj. at 10. To the contrary, Defendants expressly raised this argument at the September 10, 2021 hearing. *See* 9/10/2021 Hr'g Tr. at 22:16–23:1.

judgment motions.  Because the Court did not rely on these exhibits, they were not part of the adjudicative process.  Therefore, these exhibits are not judicial records and the public does not have a right to access them."); *Reyazuddin v. Montgomery Cnty.*, 7 F. Supp. 3d 526, 560 (D. Md. 2014) (granting motion to seal personnel records in part because the court did not rely on the substance of the documents in ruling on summary judgment), *rev'd in part on other grounds*, 789 F.3d 407 (4th Cir. 2015).  Because this authority effectively *requires* courts to defer ruling on motions to seal until the First Amendment right of access attaches, Judge Anderson did not rule "contrary to law" in similarly deferring here.  This Court recognized as much at the October 20, 2021 hearing when it decided to defer ruling on Capital One's Motion to Strike that also implicated sealing concerns.  *See* 10/20/2021 Hr'g Tr. at 35:2–20 ("[T]he Court is going to go ahead and decide the pending motions, class certification and summary judgment motions, on the present record and will defer ruling on this motion until after it rules on the pending motions.").

Plaintiffs' Objection ignores this authority, instead arguing that Judge Anderson committed a *constitutional violation* by deferring his ruling.  *See* Obj. at 10–11.  Plaintiffs' extreme position rests on taking snippets from *Doe v. Public Citizen*, 749 F.3d 246 (4th Cir. 2014), out of context. But that case is distinguishable.  In *Doe*, the district court sealed, "in their *entireties*," almost every document on the docket, including:

> (1) the pleadings and attachments thereto; (2) the motions, related briefing, and exhibits supporting (i) Company Doe's motion for a preliminary injunction, (ii) the Commission's motion to dismiss, (iii) Company Doe's motion to amend its complaint, and (iv) the parties' cross-motions for summary judgment; and (3) the amended pleadings as well as numerous other residual matters.

*Id.* at 266 (emphasis added).  Likewise, the court filed its memorandum opinion "with redactions to virtually all of the facts, the court's analysis, and the evidence supporting its decision."  *Id.* at 267.  And finally, these documents—virtually the entire docket—were left under seal in their entirety for "nine months."  *Id.* at 272.  Thus, the *Doe* court's statement that "the work of the courts

15

is subverted" when courts delay sealing determinations (*id.*)—which Plaintiffs quote without providing any of the necessary context—must be understood in light of the extreme facts at issue in that case.  Moreover, nothing in *Doe* indicates that Judge Anderson ruled "contrary to law."  In fact, *Doe* recognizes that the First Amendment right of access applies "only to *particular* judicial records and documents," *id.* at 266 (emphasis added) (internal quotation marks omitted), and requires only that district judges make sealing determinations "as expeditiously as possible," *id.* at 272–73.  Here, because the right of access does not attach until the Court considers or relies on the documents at issue, an "expeditious[]" ruling is not possible until that point.

## III.   WHILE IRRELEVANT TO THE COURT'S ANALYSIS HERE, THE *HILTON* FACTORS WEIGH IN DEFENDANTS' FAVOR.

Because Judge Anderson only *deferred* final action on the motions to seal, the *Hilton v. Braunskill* analysis that courts undertake when assessing whether to stay a *final order* pending appeal is not relevant to this Court's determination of Plaintiffs' Objection.  But even if that analysis were relevant, it would counsel in Defendants' favor.

*Hilton v. Braunskill* sets out four factors: (1) the likelihood of success on the merits; (2) the risk of irreparable injury absent a stay; (3) the risk of substantial injury to other interested parties if a stay is granted; and (4) where the public interest lies.  481 U.S. at 776; *see also GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123 (JCC), 2009 WL 3245396, at *1 (E.D. Va. Sept. 29, 2009) (applying this test).  All four of these factors weigh in favor of Defendants here.

### A.   Defendants Have Demonstrated a Likelihood of Irreparable Harm.

First, Defendants have demonstrated they would suffer irreparable injury.  *See* Dkt. 2005 at 8–9; Dkt. 2039 at 5–6.  The information Defendants seek to keep under seal concerns (1) specific, technical details of their cybersecurity posture and current technology environment, and (2) competitively sensitive proprietary information, including trade secrets.  To support these

16

assertions, Defendants filed detailed Confidential Memoranda and accompanying declarations pursuant to Judge Anderson's instructions.  Dkts. 1991; 1992.  Those Memoranda set out—in document-by-document, page-by-page, and redaction-by-redaction detail—exactly the information that Defendants seek to protect and the irreparable harm Defendants would suffer if the information were disclosed.  Importantly, Defendants demonstrated that much of the information could be used by malicious actors—such as adversarial state actors (like China's People's Liberation Army, which committed the Equifax data breach), rogue criminal hacking organizations (like DarkSide, which committed the Colonial Pipeline ransomware attack this year), and individual cybercriminals—to commit further cyberattacks against Defendants.  *See* Dkt. 2005 at 5 n.3.

Moreover, Defendants have shown that the harm to them will be complete once the materials at issue are made public. Dkt. 2039 at 5–6.  Once information about Defendants' current cybersecurity infrastructure and proprietary trade secrets are made public, it cannot be reversed, and Defendants would effectively be deprived of any right to appeal.  Accordingly, courts have recognized that overturning such an order would be meaningless once the documents are already in the public record.  *See, e.g.*, *Senior Executives Ass'n v. United States*, 891 F. Supp. 2d 745, 755 (D. Md. 2012) ("[G]enerally speaking, the public disclosure of confidential information is irreparable." (citing *Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1317 (1983)); *Cap. One Fin. Corp. v. Sykes*, No. 3:20CV763, 2021 WL 2903241, at *14 (E.D. Va. July 9, 2021) ("[O]nce confidential information is disclosed to a competitor, the information cannot regain its secret status. . . .  [A]ny further disclosure of the confidential information or customer lists at issue would result in irreparable harm to Capital One."); *Pari Respiratory Equip., Inc. v. Groskopf*, No. CIV.A. 3:07-CV-446, 2007 WL 2745322, at *2 (E.D. Va. Sept. 18, 2007) ("The company contends,

correctly, that the improper use or disclosure of confidential information constitutes irreparable harm[.]").

Although Plaintiffs are aware of these arguments, they make no attempt to address them in their Objection (likely because they cannot). Instead, Plaintiffs resort to inappropriately collapsing the separate "success on the merits" and "irreparable harm" factors. *See* Obj. at 24.

Plaintiffs also argue that "[a]n order that requires a party to act in accord with their constitutional duties cannot cause harm." *Id.* But Defendants have no "constitutional dut[y]" to disclose security sensitive materials, confidential business information, or trade secrets. In fact, courts recognize that parties' interest in protecting such information overcomes the First Amendment right of access. *See, e.g.*, *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581–82 (E.D. Va. 2009) (proprietary rights in trade secrets); *United States ex rel. Kelly v. Serco, Inc.*, No. 11cv2975 WQH-RBB, 2014 WL 12675246, at *2–4 (S.D. Cal. Dec. 22, 2014) (sealing "a variety of sensitive technical information" that "could be used by persons seeking to do harm [to] the United States" under First Amendment standard).[4]

## B. Defendants Have Demonstrated a Likelihood of Success on the Merits.

Defendants also have shown a likelihood of success on the merits. *See* Dkt. 2005 at 5–7; Dkt. 2039 at 6–11. Specifically, Defendants demonstrated that Judge Anderson would have committed "clear error" by (1) prematurely ruling on the sealing issues, (2) applying the incorrect standards to the materials at issue, and (3) finding that the materials Defendants seek to protect were not worthy of protection.

---

[4] Plaintiffs' lone case, *Giovani Carandola, Ltd. v. Bason*, involved a preliminary injunction of a North Carolina statute that prohibited certain simulated erotic acts in licensed establishments that served alcohol. 303 F.3d 507, 510, 521 (4th Cir. 2002). Here, there is no state action, no violation of a First Amendment right or freedom, and no preliminary injunction. For these reasons (and a host of other ones), Plaintiffs' case is inapposite.

### 1. Judge Anderson Would Have Committed Clear Error by Not Deferring His Rulings.

Defendants have shown that Judge Anderson would have committed clear error by ruling on the sealing motions before the First Amendment right of access attaches.  Dkt. 2039 at 7–9.  As shown above, the First Amendment right of access does not attach until a court relies on or considers materials filed in connection with a summary judgment motion.  Courts routinely defer their sealing determinations for exactly this reason, and Plaintiffs' arguments to the contrary fail.  *See supra* Section II.B..

### 2. Judge Anderson Would Have Committed Clear Error by Applying the Incorrect Standards.

Defendants have further shown that Judge Anderson would have committed clear error by applying the First Amendment standard to materials filed in connection with Defendants' class certification oppositions and motion suggesting lack of subject matter jurisdiction, as he indicated at the September 10, 2021 hearing.  Dkt. 2005 at 7–8; Dkt. 2039 at 9–10; *see* 9/10/2021 Hr'g Tr. at 15:20–25 (applying First Amendment standard to brief concerning subject matter jurisdiction); *id.* at 40:7–12 (applying First Amendment standard to class certification filing).

With respect to the Motion Suggesting Lack of Subject Matter Jurisdiction, Fourth Circuit precedent is clear that the First Amendment right of access attaches only to "dispositive motion[s]" that "adjudicate[] substantive rights and serve[] as a substitute for a trial[.]"  *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988).  This Court's determination of its own subject matter jurisdiction is not an adjudication of Plaintiffs' substantive rights.  In fact, if this Court determines that it lacks subject matter jurisdiction, then it necessarily lacks the power to adjudicate Plaintiffs' substantive rights.

In their Objection, Plaintiffs' only argument conflates motions that are "dispositive" with motions that are "fact-intensive."  Obj. at 11.  Plaintiffs cite no authority in support of this

argument, which is at odds with Fourth Circuit precedent holding that the right of access attaches only to motions that "adjudicate[] substantive rights" and serve as "a substitute for . . . trial." *Rushford*, 846 F.2d at 252.  The Court's determination of its subject matter jurisdiction may be "fact-intensive," but that does not mean it is "dispositive."  In fact, any dismissal for lack of subject matter jurisdiction would necessarily be without prejudice.

With respect to the Motion for Class Certification, courts in this circuit have squarely held that the First Amendment standard *does not* apply to documents filed in connection with class certification.  *See, e.g.*, *Hatch v. Demayo*, No. 1:16CV925, 2020 WL 1676953, at *2 (M.D.N.C. Apr. 6, 2020) ("'There does not appear to be a First Amendment right of access' to briefs and exhibits filed in connection with a motion for class certification." (citation omitted)); *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728–29 (M.D.N.C. 2013) ("The Court has located *no case* finding a First Amendment right of access to class certification briefing and exhibits, and the Court will not find such a right today." (emphasis added)).[5]

Plaintiffs argue that the First Amendment right of access attaches because such documents are "'useful in the judicial process.'"  Obj. at 20 (quoting *In re Interior Molded Doors Antitrust Litig.*, No. 3:18CV718, 2020 WL 7259153 at *6 (E.D. Va. Dec. 10, 2020)).  But this is not the standard, as discussed above.  *See Rushford*, 846 F.2d at 252.  It is also irrelevant that class

---

[5] Plaintiffs have previously argued that courts have "applied the First Amendment standard to sealing of class-certification [sic] materials."  Dkt. 2032 at 9 (citing *Minter v. Wells Fargo Bank, N.A.*, Nos. WMN-07-3442, WMN-08-1642, 2010 WL 5418910, *6 (D. Md. Dec. 23, 2010)).  But *Minter* merely states that the plaintiffs *argued* that the First Amendment standard applies to class certification.  *See id.* ("Given that the cases plaintiffs cite are inapposite with regard to the bulk of discovery material at issue, plaintiffs appropriately focus their First Amendment public right of access argument on discovery material filed with the Court in conjunction with Plaintiffs' Class Certification Memorandum.").  More to the point, the *Minter* court explicitly stated that it "need not reach the issue of whether a common law or First Amendment public right of access attaches to the documents filed as exhibits to Plaintiffs' Class Certification Memorandum."  *Id.* at *14.

certification may "as a practical matter" have "dispositive consequences." *Souter v. Equifax Info., Servs., LLC*, 299 F.R.D. 126, 130 (E.D. Va. 2014).  As the court in *Cochran* recognized, class certification *is not* an adjudication of substantive rights, but "a creature of the Federal Rules of Civil Procedure" that was not authorized until 1938.  931 F. Supp. 2d at 728.  In fact, if this Court declines to certify a class, then putative class members may still bring individual suits against Defendants.  And if this Court certifies a class, that is not an adjudication of Plaintiffs' claims— rather, it is merely a determination that a class action may be a superior method for doing so.[6]

### 3. Judge Anderson Would Have Committed Clear Error by Unsealing the Materials at Issue.

Defendants also have shown Judge Anderson would have committed clear error by unsealing the materials at issue.  Dkt. 2005 at 7; Dkt. 2039 at 10–11.  As Defendants have described above, the materials contain security-sensitive information, confidential business information, and trade secrets and thus are properly sealed under the First Amendment standard.  *See supra* pp. 16– 17.  Pursuant to Judge Anderson's instructions, Defendants filed Confidential Memoranda containing extensive additional support for why the materials contain information that falls into the categories Judge Anderson identified should be sealed.  *See supra* pp. 6–7.  Plaintiffs' only argument is to baldly assert that Defendants' Confidential Memoranda "should be disregarded" and that "Defendants have failed . . . to submit sufficient evidence that meets the[] burden for sealing information[.]"  Obj. at 22 & n.5.  Plaintiffs are wrong, but Judge Anderson has not yet

---

[6] Plaintiffs also make the puzzling contention that Capital One "acknowledged" and "admi[tted]" that class certification is "dispositive in nature" because Capital One "fil[ed] its summary judgment motion during class certification proceedings."  Obj. at 20–21.  But Capital One's decision to file its Motion for Summary Judgment early did not transform a non-dispositive motion into a dispositive one.

ruled on the Confidential Memoranda, so Plaintiffs' argument that the Memoranda should be "disregarded" is irrelevant to the issue before this Court and should be rejected.[7]

### C. Defendants Have Demonstrated Deferral Will Not Injure Plaintiffs or the Public.

Plaintiffs will not suffer any substantial injury from deferral of a ruling on the motions to seal.  Dkt. 2005 at 9; Dkt. 2039 at 11–13.  Plaintiffs' counsel have unfettered access to unsealed, unredacted versions of all the materials at issue.  Dkt. 2005 at 9; Dkt. 2039 at 12–13.  Judge Anderson expressly noted this as a basis for his deferral.  *See* Dkt. 2050 at 3 (finding that "plaintiffs' counsel has access to the documents that are the subject of the motions to seal"). Whether the briefs and exhibits are *also* filed on the public docket has no impact on Plaintiffs' ability to access the documents or litigate this case.  And if, for some reason, one of the Representative Plaintiffs requires access to these materials, the Amended Stipulated Protective Order allows Plaintiffs' counsel to request that Defendants consent to a particular Plaintiff or Plaintiffs having access to such information.  *See* Dkt. 368 at 9 § V(A), 15–16 § VI.  Tellingly, no Representative Plaintiff has made such a request to date.

Plaintiffs' Objection largely dodges discussion of this factor and seeks to conflate it with the public interest factor addressed below (presumably because Plaintiffs recognize they can show no actual harm from the stay).  *See infra* Section III.D.  However, Plaintiffs do make the strained argument that they have been "damaged" by "having to file at least 54 sealing briefs since class certification papers were filed in April 2021[.]" Obj. at 25 n.6.  This has nothing to do with whether *the deferral at issue*—which post-dates those sealing briefs—injures Plaintiffs.  Moreover, to the

---

[7] Plaintiffs also argue that Defendants cannot show a likelihood of success on the merits because "they failed to timely object to the Unsealing Order under Rule 72(a)."  Obj. at 23–24.  As discussed above, Judge Anderson's determinations were not final, and Defendants were not required to object to them by September 27, 2021.  *See* Section II.A *supra*.

extent Plaintiffs complain that the sealing briefs pertaining to the current dispute are "unnecessary," that is a problem of Plaintiffs' own making.  The Objection makes no showing that Plaintiffs have been injured by the deferral.

### D. Deferral Is Not Contrary to the Public Interest; It Is in the Public Interest.

Finally, the public interest favors a deferral.  Dkt. 2005 at 9–10; Dkt. 2039 at 11–13.  As Plaintiffs should recognize, the public interest is served by ensuring the safety and security of Defendants' cyber operations and the public's PII in light of the growing threat of cybercriminals.[8] Plaintiffs argue that "the Unsealing Order . . . protects the vital First Amendment interest in having an open judicial system," Obj. at 14, and that maintaining the documents under seal constitutes "[t]he loss of [a] First Amendment freedom[]," *id.* at 25 (quoting *Legend Night Club v. Miller*, 637 F.3d 291, 302–03 (4th Cir. 2011) & citing *Giovani Carandola*, 303 F.3d at 521).[9]  But as Defendants have explained, courts recognize that a party's interests in protecting security-sensitive information, confidential business information, or trade secrets overcome the First Amendment right of access.  *See supra* p. 18.

Preventing the unnecessary disclosure of security-sensitive information of a national bank and a cloud services provider that adversarial state actors or cybercriminals could exploit to commit cyberattacks ***furthers***—not harms—the public interest.  And there is no evidence that the

---

[8] This Court, like others across the country, has also recognized this risk.  *See* Second Amended Standing Order, *In re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents* (E.D. Va.) (adopting new procedures for the protection of highly sensitive documents in response to "recent disclosures of widespread breaches of both private sector and government computer systems").

[9] Plaintiffs' cited cases—both of which involve state action, injunctions, the First Amendment right of free expression, and statutes that regulated the serving of alcohol at erotic dance clubs—are completely inapposite for those reasons.  *See Legend Night Club*, 637 F.3d at 294–95, *Giovani Carandola*, 303 F.3d at 509–11; *see also* n.4 *supra*.

public disagrees.  As Judge Anderson recognized in his deferral order, the materials at issue have been sealed for the entire duration of this litigation, yet *no member of the public* has ever objected. *See* Dkt. 2050 at 3 ("[N]o opposition to these motions to seal has been asserted by any nonparty . . . .").

While Plaintiffs purport to devote nine pages of their 26-page brief to addressing the "public interest," *see* Obj. at 14–23, most of Plaintiffs' arguments are irrelevant to that factor. Instead, Plaintiffs conflate their own interests with those of the public at large, arguing that "Plaintiffs' counsel . . . represent[s] their interests."  Obj. at 25; *see also id.* at 26 ("Plaintiffs' oppositions to Defendants' motions to seal therefore represent the interests of the class and the public at large.").  But Plaintiffs' position in this dispute is ***at odds*** with the interests of the putative class members and the public.  Manufacturing what are essentially procedural waiver arguments, Plaintiffs seek to immediately unseal security-sensitive information that malicious actors can use to perpetrate further cyberattacks against Defendants or other AWS customers, which imperils the very people Plaintiffs claim to represent.  This Court should reject Plaintiffs' transparent attempt to gain leverage and uphold Judge Anderson's Order deferring ruling on the motions to seal consistent with Fourth Circuit precedent.

## **CONCLUSION**

For the reasons set forth above, the Court should overrule Plaintiffs' Objection.

Dated: November 15, 2021                    Respectfully submitted,

/s/                                                             /s/
David L. Balser (*pro hac vice*)                Robert R. Vieth, Esq. (VSB No. 24304)
S. Stewart Haskins II (*pro hac vice*)         **HIRSCHLER FLEISCHER, PC**
Susan M. Clare (*pro hac vice*)                 8270 Greensboro Drive, Suite 700
John C. Toro (*pro hac vice*)                    Tysons Corner, VA 22102
Kevin J. O'Brien (VSB No. 78886)             Tel.: (703) 584-8366
Robert D. Griest (*pro hac vice*)              Fax: (703) 584-8901

**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax:  (804) 697-1339
robert.angle@troutman.com
timothy.st.george@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One*

rvieth@hirschlerlaw.com

Tyler G. Newby (*pro hac vice*)
Brian Buckley (*pro hac vice*)
Laurence F. Pulgram (*pro hac vice*)
Janie Y. Miller (*pro hac vice*)
Meghan E. Fenzel (*pro hac vice*)
Sarah V. Lightstone (*pro hac vice*)
Rina Plotkin (*pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Tel.: (415) 875-2300
Fax: (415) 281-1350
tnewby@fenwick.com
bbuckley@fenwick.com
lpulgram@fenwick.com
jmiller@fenwick.com
mfenzel@fenwick.com
slightstone@fenwick.com
rplotkin@fenwick.com

*Counsel for Amazon.com, Inc. and Amazon
Web Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

_/s/_ _____
David L. Balser

*Counsel for Capital One Defendants*