IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| IN RE: CAPITAL ONE CONSUMER | ) | |
| DATA SECURITY BREACH LITIGATION | ) | MDL No. 1:19md2915 (AJT/JFA) |
| | ) | |

### ORDER

This matter is before the court on Capital One's motion to file under seal an unredacted version of its memorandum in opposition to plaintiffs' motion to compel and exhibit C to that memorandum. (Docket no. 2083). Capital One filed a memorandum in support of this motion, a notice of filing, and a waiver of hearing. (Docket nos. 2084–86). Plaintiffs filed a detailed opposition to this motion seal (Docket no. 2112) and Capital One has filed a reply (Docket no. 2134).

The court has reviewed the motion, memorandum, response, reply, and the materials being sought to be filed under seal. Given that Capital One's redacted pleading relates to a discovery motion, the common law right of access standard applies to this motion to seal and the parties agree that the procedural requirements have been satisfied.

Nevertheless, even under the more lenient common law standard, it is evident that Capital One seeks to file under seal large amounts of information that is publicly known, addressed in other public filings, and does not even remotely comply with the necessary standards. As an initial matter, Capital One's argument in its reply that the mere fact that certain words or phrases are contained in a document that has been allowed to be filed under seal thereby satisfies any standard for filing a document under seal is meritless. Redacting words like required, demanded, discrepancy, cloud-accessible, online experience, clickwrap, and browsewrap because they are included in a document that has been allowed to remain under seal strains credibility. The

plaintiffs' motion itself includes much of the information Capital One seeks to file under seal such as the issues raised in the meet and confer and the materials being sought in the motion. It is clear that portions of plaintiffs' public filing contain identical or substantially identical language which may have been "cut and pasted" from detailed correspondence to Capital One's counsel in meet and confer correspondence. The fact that the court allowed correspondence between the parties to be filed under seal does not in any way justify a claim that all information in that letter should be shielded from the public.[1]

As detailed in plaintiffs' opposition to the motion to seal, the technology application contained in exhibit C that Capital One uses is described in other public filings. Since it is unclear whether the language in lines 19 and 20 on page 134 is publicly known, the court will allow Capital One to maintain the redaction to exhibit C described in its reply but it must file in the public record a less redacted version.

Having reviewed each of the redactions to the memorandum to determine whether they contain any trade secret, confidential information, or security sensitive information, and with one limited exception, it is clear that the redactions do not meet those requirements. Broad, general statements about claims being made, damages being sought, and types of information being requested are not the types of information that can be maintained under seal. The only possible exception is the redaction of the name of the cybersecurity tool on page 22 of the memorandum. Given that Capital One represents in its reply that disclosure of that cybersecurity tool could help a malicious actor attack Capital One's system, Capital One may redact that name. Otherwise, all other material in the memorandum shall be filed in the public record.

---

[1] If this was the case, it would be necessary to review each and every page of a document, word by word, line by line, to see if it meets the required standard.

For the reasons stated above, it is hereby

ORDERED that this motion to seal is granted in part and denied in part. Capital One shall file in the public record its memorandum and exhibit C with only the redactions set forth above.

Entered this 17th day of November, 2021.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia