# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION | Case No. 1:19md2915 (AJT/JFA) |

**THIS DOCUMENT RELATES TO THE CONSUMER CASES**

### BRIEF OF AMICUS CURIAE THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS IN SUPPORT OF PLAINTIFFS' RULE 72(a) OBJECTIONS

The Reporters Committee for Freedom of the Press (the "Reporters Committee") respectfully writes as amicus curiae in support of Plaintiff's objections, filed November 1, 2021 (Dkt. 2073), urging the Court to lift its stay (Dkt. 2050) of Magistrate Judge Anderson's September 13, 2021 order unsealing, in part, all materials associated with docket entry numbers 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915, (Dkt. 1955) (hereinafter, the "Unsealing Order").

As Judge Anderson recognized, the records addressed by the Unsealing Order are judicial documents that the press and public have a presumptive right to inspect under the both the First Amendment and common law.[1] *See* Unsealing Order, Dkt. 1955; *see also Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (holding that documents filed in connection with a dispositive motion, such as a motion for summary judgment, are subject to a presumption of public access because summary judgment adjudicates substantive rights). The right of access,

---

[1] In the Unsealing Order, Judge Anderson held that the First Amendment presumption of access applies to all of the docket entries at issue except exhibits A-G of Plaintiff's presentation slides, at Dkt. 1790, to which Judge Anderson found only the common law right of access applicable.

whether arising under the First Amendment or common law, "may be abrogated only in unusual circumstances." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004).

Judge Anderson correctly determined that no such unusual circumstances are present here. The Reporters Committee writes (1) to emphasize that the present, continued delay in unsealing these materials is effectively a denial of the public's right to inspect them, and (2) to bring the high interest of the press and the public in this litigation and the sealed materials to the Court's attention.

**I.      The ongoing delay in unsealing denies the public's right of access to judicial records.**

The current, indefinite stay of the Unsealing Order unjustifiably infringes the public's First Amendment and common law rights to inspect judicial records. "The value of openness in judicial proceedings can hardly be overestimated." *United States v. Moussaoui*, 65 F. App'x 881, 885 (4th Cir. 2003). Public access to judicial documents is instrumental in securing the integrity of the judicial process, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564–74 (1980), and unduly delaying public access contravenes the important interests that the First Amendment and common law rights of access guarantee. As the Fourth Circuit held in *Doe v. Pub. Citizen*: "The public's interest in monitoring the work of the courts is subverted when a court delays making a determination on a sealing request while allowing litigation to proceed to judgment in secret." 749 F.3d 246, 272 (4th Cir. 2014). Here, despite the Unsealing Order entered on September 13, the judicial documents at issue remain under seal, available to the public only in heavily redacted form. Each passing day those materials remain under seal "constitute[s] a separate and cognizable infringement of the First Amendment." *Pub. Citizen,* 749 F.3d at 272 (quoting *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897

(7th Cir. 1994)). Vindication of the public's right of access requires that the Unsealing Order take immediate effect.

Whether Judge Anderson's October 18 order, Dkt. 2050, is viewed as a stay of his earlier Unsealing Order, *see* Plaintiffs' Rule 72(a) Objection, Dkt. 2073, or as a deferral of a final ruling on the motions to seal, *see* Defendants' Opp'n, Dkt. 2133, its practical effect is to unjustifiably delay—and effectively deny—the public's right to inspect judicial documents. Where, as here, public access is required by law, it should be immediate and contemporaneous. *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014) ("[T]he public and press generally have a contemporaneous right of access to court documents and proceedings when the right applies."); *see also Lugosch v. Pyramid Co. of Onondaga* 435 F.3d 110, 112 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of immediate access where a right to access is found."). Indeed, the Fourth Circuit has consistently held that "the value of openness . . . is threatened whenever immediate access to ongoing proceedings is denied, whatever provision is made for later public disclosure." *In re Application & Affidavit for a Search Warrant,* 923 F.2d 324, 331 (4th Cir. 1991) (quoting *In re Charlotte Observer,* 882 F.2d 850, 856 (4th Cir. 1989)).

The public's right of access to judicial records and documents is "independent of the disposition of the merits of the case." *Stone v. Univ. of Md. Med. Sys.*, 855 F. 2d 178, 180, n.\* (4th Cir. 1988); *see also Pub. Citizen*, 749 F.3d at 273 ("[T]he public right of access under the First Amendment and common law is not conditioned upon whether a litigant wins or loses."). Thus, it does not matter, as Defendants have argued, that the pendency of a standing issue may moot summary judgment. The relevant inquiry is whether the records in question were filed with

3

the objective of seeking adjudicative relief.[2]

Contrary to Defendants' interpretation of Fourth Circuit authority, *see* Defendants' Opp'n, Dkt. 2133 at 13–16, neither *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283 (4th Cir. 2013) nor *In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) contravenes this principle. In *In re Policy Mgmt. Sys. Corp.*, the records in question were filed in connection with a motion to dismiss; for the court to consider materials outside the pleadings, it would have had to "convert[] the motion into a motion for summary judgment," which it declined to do. 67 F.3d 296 (4th Cir. 1995). That set of facts is not present here. And the Fourth Circuit's decision in *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283 (4th Cir. 2013), undercuts the very contention for which the Defendants cite it. That decision confirms that a presumption of public access attaches when records are "*filed* with the objective of obtaining judicial action or relief." 707 F.3d 283, 291 (4th Cir. 2013) (emphasis added). Finally, *Doe v. Pub. Citizen* does not suggest that the timing of the decision on the underlying motion was relevant to the court's public access analysis. To the contrary, the decision emphasizes that a "district court [] must . . . act on a sealing request as expeditiously as possible." 749 F.3d at 272–73. This squares with Loc. Civ. R. 5, mandating that parties justify a request to seal documents "at the time of filing."

The law of other Circuits is in accord. For instance, in *Lugosch v. Pyramid Co. of Onondaga*, the Second Circuit vacated a district court's order holding in abeyance a motion to

---

[2] Amicus curiae note that most, but not all, of the sealed records at issue were filed in support of or in opposition to summary judgment. *See* Dkt. 1802, 1809, 1843, 1829, 1887, 1888, & 1915; *see also* Dkt. 1833 & 1881 (Capital One's Motion in Limine to Exclude from Evidence in Connection with Summary Judgment Documents Issued by the Office of the Comptroller of the Currency). The remaining records at issue, *see* Dkt. 1786, 1790, are not implicated by Defendants' argument that the underlying summary judgment motions may be mooted.

intervene and unseal summary judgment filings in a civil case until the underlying motion was decided. 435 F.3d 110, 112 (2d Cir. 2006). The court explained that it was "error for the district court to conclude that it could not make any determinations under the [right of access] frameworks until it had ruled on the underlying summary judgment motion" because the documents were "as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121. The Third Circuit has taken a similar approach, noting:

> When [defendant] filed its motion for summary judgment, it did so in the hope that it would be a dispositive motion, and with the belief that it was entitled to such relief. . . . Thus, if, as [defendant] concedes, there would have been a right of public access had the motion been granted, we fail to see why such a right did not attach merely because the motion was denied.

*See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991). Here, unlike in *Lugosch* and *Westinghouse*, the Court has already determined that the documents in question are judicial documents. *See* Unsealing Order at 1–2. Thus, an indefinite stay or deferral of unsealing is inappropriate; immediate unsealing of the documents is required.

**II.     There is substantial public interest in the sealed documents.**

The constitutional and common law presumptions of public access ensure that members of the press and public need not appear routinely in litigation to voice opposition to sealing and secure access to judicial documents. *See, e.g.*, *White v. Chapman*, No. 1:14CV848 JCC/IDD, 2015 WL 4360329, at *4 n.6 (E.D. Va. July 14, 2015) ("[O]bjection by a member of the press or public is not a prerequisite to ordering documents unsealed."); *United States v. Antar*, 38 F.3d 1348, 1363 (3d Cir.1994) ("[T]he district judge appears not to have recognized that maintaining the transcripts under seal, though a passive act, was an active decision requiring justification under the First Amendment."); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) ("The district court must keep in mind the rights of a third party—the public."). Yet

Defendants have repeatedly asserted that the public is uninterested in this case and the sealed documents at issue. *See, e.g.*, Dkt. 2133 at 2 ("*No member of the public* has ever objected to any of Defendants' motions to seal.") (emphasis in original). The Reporters Committee writes to make clear to the Court its opposition to the delay in the unsealing of these documents, and the public's interest in their immediate disclosure.

The continued stay of the Unsealing Order is interfering with the ability of the press to report on the underlying litigation, which has generated substantial public interest. *See, e.g.*, Dave Perera, *Capital One Summary Judgment Hearing on US Data breach Dominated by Accusations and Allegations*, MLex, Oct. 1, 2021 ("Much of the evidence cited by defendants and plaintiffs is currently under seal at the behest of Capital One and Amazon Web Services. Defendants' desire to maintain confidentiality led to an unplanned closed court session lasting approximately 90 minutes during today's proceedings."); *cf. In re Interior Molded Doors Antitrust Litig.*, No. 3:18CV718, 2020 WL 7259153, at *6 (E.D. Va. Dec. 10, 2020) ("People deserve to have as much information as possible about how judges make decisions."). Indeed, the public interest in the sealed records is nearly self-evident. This case concerns one of the largest data breaches ever, and the sealed documents provide detail about "how the Data Breach occurred, how Capital One and Amazon responded, and their remediation attempts." Plaintiff's Opp'n to Joint Motion to Stay, Dkt. 2032 at 12.

Timeliness is a fundamental feature of news. *See, e.g.*, *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 561 (1976) ("As a practical matter . . . the element of time is not unimportant if press coverage is to fulfill its traditional function of bringing news to the public promptly."); *Int'l News Serv. v. Associated Press*, 248 U.S. 215, 235 (1918) (recognizing a quasi-property interest in "hot" news). Delaying disclosure "undermines the benefit of public scrutiny and may have the

same result as complete suppression." *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). Immediate access to the sealed judicial documents, on the other hand, will enable the press to fully report and contextualize this important case for the public. *See Pub. Citizen*, 749 F.3d at 252.

## CONCLUSION

Given Judge Anderson's ruling that the contested documents are judicial documents to which a right of access applies under both the common law and First Amendment, *see* Unsealing Order, the records should be made immediately accessible to the press and public. *See Pub. Citizen*, 749 F.3d at 272.

For the foregoing reasons, the Reporters Committee respectfully urges the Court to immediately unseal the various pleadings, exhibits, and slides associated with docket entry numbers 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915.

Dated: November 22, 2021                                Respectfully submitted,

                                                        */s/ Craig T. Merritt*
                                                        Craig T. Merritt (VSB No. 20281)
                                                        Merritt Law, PLLC
                                                        919 E. Main Street, Suite 1000
                                                        Richmond, VA 23219
                                                        Telephone: 804-916-1600
                                                        Email: cmerritt@merrittfirm.com

                                                        *Counsel of Record for Amicus Curiae*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of November 2021, I will electronically file a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

        */s/ Craig T. Merritt*
Craig T. Merritt (VSB No. 20281)
Merritt Law, PLLC
919 E. Main Street, Suite 1000
Richmond, VA 23219
Telephone: 804-916-1600
Email: cmerritt@merrittfirm.com