UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION | Case No. 1:19md2915 (AJT/JFA) |

**THIS DOCUMENT RELATES TO THE
CONSUMER CASES**

**MEMORANDUM IN SUPPORT OF THE OPPOSED MOTION OF
THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**

The Reporters Committee for Freedom of the Press (the "Reporters Committee") has moved for leave to file a brief as amicus curiae in support of Plaintiffs' Rule 72(a) Objections Regarding Order Staying Unsealing of Exhibits and Briefs (Dkt. 2073). Plaintiffs' Objections are directed toward Magistrate Judge Anderson's October 18, 2021, Order (Dkt. 2050) granting Defendant's Motion to Stay the effect of Judge Anderson's earlier Order on Motion to Seal (Dkt. 1955), which granted in part and denied in part eleven motions to seal submitted by Defendants (Dkt. 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915).

The Reporters Committee is an unincorporated nonprofit association founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, its attorneys provide *pro bono* legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

"The Court has broad discretion in deciding whether to permit a non-party to participate as an amicus curiae." *Tafas v. Dudas*, 511 F. Supp. 652, 659 (E.D. Va. 2007); *see also White v. Chapman*, No. 1:14CV848 JCC/IDD, 2015 WL 4360329, at *4 n.6 (E.D. Va. July 14, 2015). That discretion should be exercised in favor of granting the motion. The Reporters Committee

seeks to voice the independent interest of the public and the press in this civil action, and to offer analysis based on its deep familiarity with the legal issues presented. *See Tafas*, 511 F. Supp. 2d at 659 (criteria for granting leave to participate as amicus curiae). The Reporters Committee's brief seeks to highlight that the present, continued delay in unsealing the materials associated with the above-listed docket numbers is effectively a denial of the public's First Amendment and common law right of access to judicial records.

Magistrate Judge Anderson correctly recognized that the records in question are judicial documents that the press and public have a right to inspect. *See* Unsealing Order, Dkt. 1955; *see also Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The parties disagree as to whether Judge Anderson's October 18, 2021, order should be viewed as a stay of his earlier unsealing order, *see* Plaintiffs' Rule 72(a) Objection, Dkt. 2073, or as a deferral of a final ruling on the Defendants' motions to seal, *see* Defendant's Opp'n Dkt. 2133. Whoever is correct, the practical effect is the same: the public has been denied "a contemporaneous right of access to court documents and proceedings." *See Doe v. Pub. Citizen*, 749 F.3d 246, 727 (4th Cir. 2014). Defendants' assertion that access can be delayed until certain dispositive motions are decided, *see, e.g.,* Defendant's Opp'n, Dkt. 2133 at 13–16, is unavailing; the presumption of access attaches when records are *filed* with the objective of obtaining judicial action or relief, *see In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283 (4th Cir. 2013), and the court must act on a sealing request "as expeditiously as possible." *Doe v. Pub. Citizen*, 749 F.3d at 272–73. This principle is not unique to the Fourth Circuit; it has been echoed by numerous federal appellate courts. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 112 (2d Cir. 2006); *Republic of the Philippines v. Westinghouse Elec.* Corp., 949 F.2d 653, 660 (3d Cir. 1991).

Defendants assert that the public is uninterested in this case and the sealed documents at issue. *See, e.g.*, Dkt. 2133 at 2 ("*No member of the public* has ever objected to any of Defendants' motions to seal.") (emphasis in original). However, the interest of the press and the public in the immediate disclosure of the documents at issue is apparent here. Timeliness is a fundamental feature of news, *see, e.g.*, *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 561 (1976), and while the constitutional and common law presumptions of access mean that members of the press and public should not routinely need to appear in litigation to voice opposition to sealing motions, the immense interest in this case involving one of the largest data breaches ever necessitates prompt access so that the press may fully report and contextualize the matter for the public.

Accordingly, the Reporters Committee respectfully requests that the Court grant its motion for leave and accept the accompanying brief, which is offered to aid the Court in resolving Plaintiffs' Rule 72(a) objections to the October 18, 2021, Order staying unsealing.

Dated:  November 22, 2021                                         Respectfully submitted,


                                                            */s/ Craig T. Merritt*
                                                Craig T. Merritt (VSB No. 20281)
                                                Merritt Law, PLLC
                                                919 E. Main Street, Suite 1000
                                                Richmond, VA 23219
                                                Telephone:  804-916-1600
                                                Email:  cmerritt@merrittfirm.com

                                                *Counsel of Record for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November 2021, I will electronically file a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

        */s/ Craig T. Merritt*
Craig T. Merritt (VSB No. 20281)
Merritt Law, PLLC
919 E. Main Street, Suite 1000
Richmond, VA 23219
Telephone: 804-916-1600
Email: cmerritt@merrittfirm.com