UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) | |
| DATA SECURITY BREACH LITIGATION ) | MDL No. 1:19md2915 (AJT/JFA) |
| ) | |

**This Document Relates to the Consumer Cases**

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF RULE 72(a) OBJECTION
<u>TO ORDER STAYING UNSEALING ORDER</u>**

563842.1

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT ................................................................................................................................2

    A.    Plaintiffs' Current Responses to the Sealing of Materials Filed with Dispositive Motions Are Required by the First Amendment and Controlling Fourth Circuit Precedent. ...........................................................................................................3

    B.    Magistrate Judge Anderson Made Various Final Rulings in the September 10 Hearing and in the Unsealing Order, Leaving Open a Limited Opportunity For the Parties To Present Only Information "On Certain Parameters," Which Opportunity Defendants Have Waived Through Noncompliance. ......................................................4

    C.    Magistrate Judge Anderson Did Not "Invite" Defendants to File New Briefing and Declarations after his Unsealing Order; He Expressly Forbade It. ...............................6

    D.    Defendants Have Not Demonstrated Irreparable Injury and Continue to File Unjustified Sealing Motions Without Carrying Their Burden to Do So. .....................6

    E.    Defendants' Desire to Delay the Effects of the Unsealing Order and Proceed in Secret Until After the Court Decides the Underlying Motions Is Incorrect as a Matter of Law. ..................................................................................................................8

CONCLUSION ...........................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re an Order Pursuant to 18 U.S.C. Section 2703(D)*,
  707 F.3d 283 (4th Cir. 2013) ...................................................................................................9

*Doe v. Public Citizen*,
  749 F.3d 246 (4th Cir. 2014) .......................................................................................1, 2, 3, 5

*Jackson v. JTM Capital Management, LLC*,
  2021 WL 1238565 (D. Md. 2021) ....................................................................................10, 11

*Jones v. Lowe's Companies, Inc.*,
  402 F. Supp. 3d 266 (W.D.N.C. 2019), *aff'd* 845 F. App'x 205 (4th Cir. 2021) ................9, 10

*In re Policy Management Systems Corp.*,
  1995 WL 541623 (4th Cir. 1995) ............................................................................................9

*Reyazuddin v. Montgomery Cnty.*,
  7 F. Supp. 3d 526 (D. Md. 2014), *aff'd in part, rev'd in part*, 789 F.3d 407 (4th
  Cir. 2015) ...............................................................................................................................10

*Syngenta Crop Protection, LLC v. Willowood, LLC*,
  2017 WL 1745531 (M.D.N.C. 2017).....................................................................................10

*Wells v. Shriners Hosp.*,
  109 F.3d 198 (4th Cir. 1997) ...................................................................................................6

**Other Authorities**

E.D. Va. Loc. Civ. R. 5 ............................................................................................................ *passim*

E.D. Va. Loc. Civ. R. 5(C).................................................................................................... 8, 12

Fed. R. Civ. P. 72..................................................................................................................... 2, 6

Fed. R. Civ. P. 72(a) ............................................................................................................ 1, 3, 11

U.S. Const., amend. I ................................................................................................................ *passim*

# INTRODUCTION

Plaintiffs' Rule 72(a) Objection (Doc. 2073) to Magistrate Judge Anderson's Stay Order (Doc. 2050) seeks recognition that this case has reached the dispositive motion phase and, in accord with binding Fourth Circuit precedent interpreting both the First Amendment and E.D. Va. Loc. Civ. R. 5, must proceed in the open to vindicate "[t]he public's interest in monitoring the work of the courts." *Doe v. Public Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). Defendants' response characterizes Plaintiffs' efforts to comply with this constitutional mandate as a "gambit . . . to gain some type of leverage" and accuses Plaintiffs of basing their Objection "on blatant misrepresentations regarding the record." Doc. 2133 ("Opp.") at 3, 1. The parties have certainly presented divergent descriptions to this Court of Magistrate Judge Anderson's September 10 hearing and his September 13 Unsealing Order. Doc. 1955. However, as Magistrate Judge Anderson has ruled, Defendants' description, not Plaintiffs', misrepresents the record:

> This *motion to stay* and *the filings submitted by Capital One and Amazon in response to the September 13 order clearly reflect a misunderstanding of the scope of the court's ruling on the pending motions to seal*. The court explicitly directed the parties that *any supplemental filings should address only information* that the undersigned may have overlooked in the voluminous materials *that fell into one of the limited categories the court indicated justified sealing information* and **was not an opportunity to present new or additional information to overcome a failure to carry a burden in the initial briefing and argument as to the types of information that should be unsealed.** The large majority of Capital One's and Amazon's supplemental submissions are *an attempt to reargue what was argued and decided during the hearing on September 10, including rulings on specific exhibits* and redactions to pleadings and exhibits.

Stay Order (Doc. 2050) at 2, n.1 (italics added, bold in original). In their 32-page opposition memorandum, Defendants do not even mention Magistrate Judge Anderson's above description of their position. Instead, Defendants continue with the same tactic that led us here in the first place: when they receive an order that they do not like, they ignore it and defy it. The time has come for this case to be litigated in accord with the First Amendment standard of sealing. And

once Magistrate Judge Anderson found that much of the material Capital One and Amazon seek to maintain under seal does not qualify for sealing under the First Amendment standard, the deferral of unsealing violated Fourth Circuit precedent, the First Amendment, and Loc. Civ. R. 5. Therefore, Plaintiffs request this Court to set aside the Stay Order and enforce Magistrate Judge Anderson's September 13 Unsealing Order. Doc. 1955.

## ARGUMENT

Because Defendants' Opposition does not address Plaintiffs' Rule 72 Objection directly, but instead raises irrelevant and misleading side issues, Plaintiffs refer the Court to their opening brief for the controlling argument and precedent. Doc. 2073. To summarize: "Because the public benefits attendant with open proceedings are compromised by delayed disclosure of documents, . . . the public and press generally have a contemporaneous right of access to court documents and proceedings when the right applies." *Doe*, 749 F.3d at 272. Defendants attempt to distinguish *Doe* by arguing that the sealing there was arguably even greater than what Defendants have sealed here. Opp. at 15-16. That is irrelevant, as *Doe* reaffirms that "the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." 749 F.3d at 267. Defendants here have sealed without justification extensive information filed with summary judgment and other dispositive motions in violation of *Doe*'s controlling mandate, and vague assertions that their violations are less than those in *Doe* are unavailing.

In his Unsealing Order, Magistrate Judge Anderson correctly identified and applied the appropriate standards for sealing to eleven motions to seal that were before him, made final rulings regarding those standards and specific exhibits and redactions, and identified some limited categories in which the parties could submit an "exhibit by exhibit" list of any items he had missed. Defendants did not appeal the final rulings in the Unsealing Order in a timely fashion. Furthermore, Defendants waived their right to present information in the limited sealing categories

that Magistrate Judge Anderson permitted, by instead filing multiple voluminous briefs and new declarations in direct contradiction to the Unsealing Order.  Due to Defendants' failure either to timely appeal the rulings in the Unsealing Order or to timely identify items in the limited categories permitted within those rulings, the Unsealing Order is now final in its entirety.  The Stay Order that is the subject of Plaintiffs' Rule 72(a) Objection (and which stays the effects of the Unsealing Order) therefore constitutes an unconstitutional delay of the obligations of the parties and the Court to conduct judicial proceedings in the open and to seal only documents and information that are justified under the appropriate standard in advance of the filing.  Plaintiffs again refer the Court to their opening memorandum (Doc. 2073), which lays out the above argument in detail, and now turn to address the mischaracterizations and distractions Defendants raise in their Opposition.

> **A.** **Plaintiffs' Current Responses to the Sealing of Materials Filed with Dispositive Motions Are Required by the First Amendment and Controlling Fourth Circuit Precedent.**

Defendants complain that "Beginning in late July 2021 . . . nearly two years into this litigation . . . while the parties were in the middle of summary judgment briefing – Plaintiffs began challenging Defendants' sealing motions [and] contended for the first time, that the First Amendment standard for sealing applied . . . ." Opp. at 3.  **Correct.**  The Fourth Circuit has stated: "We have squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Doe*, 749 F.3d at 267.  Magistrate Judge Anderson "warned the parties repeatedly that this day was coming . . . [when] the standard that applies [for sealing] dispositive motions requires a compelling governmental interest." September 10, 2021 Tr. (Doc. 1957) at 6.  Thus, Plaintiffs began to oppose Defendants' ubiquitous sealing motions under the First Amendment when controlling Fourth Circuit precedent and Magistrate Judge Anderson required them to do so.  Defendants' complaints about the change in standard reveals only that they do not wish to conduct this litigation in the open as required by that controlling

precedent, the First Amendment, and Loc. Civ. R. 5.  Thus, this Court should set aside the Stay Order and enforce the Unsealing Order immediately.

> **B.     Magistrate Judge Anderson Made Various Final Rulings in the September 10 Hearing and in the Unsealing Order, Leaving Open a Limited Opportunity For the Parties To Present Only Information "On Certain Parameters," Which Opportunity Defendants Have Waived Through Noncompliance.**

Magistrate Judge Anderson made many clear and "final" rulings during the five-hour September 10 hearing and in his Unsealing Order.  Plaintiffs set these forth in detail in their opening memorandum.  Doc. 2073 at 5-6, 8.  Defendants counter: "Judge Anderson made clear that his determinations during the September 10 hearing and in his September 13 Order were provisional rulings and that he would issue his final ruling after the parties provided the Court with additional information."  Opp. at 1.  This dispute has been the subject of an immense amount of paper filed by Defendants, but Magistrate Judge Anderson resolved it succinctly in the Stay Order: "The large majority of Capital One's and Amazon's supplemental submissions are an attempt to reargue what was argued and *decided* during the hearing on September 10, including *rulings on specific exhibits and redactions to pleadings and exhibits*."  Stay Order (Doc. 2050) at 2, n.1 (emphasis added).  Magistrate Judge Anderson further explained:  "The court explicitly directed the parties that any supplemental filings should address only information that the undersigned may have overlooked in the voluminous materials *that fell into one of the limited categories* the court indicated justified sealing information. . . ."  *Id.* (emphasis added). Magistrate Judge Anderson never once used the word "provisional" during the September 10 hearing, nor does it appear anywhere in the Unsealing Order.  September 10 Tr.; Doc. 1955.  Defendants themselves injected the word on the bottom of page 139 in a 140-page transcript.  Here is how they quote themselves in their opposition memorandum:

> Capital One's Counsel:  "Your Honor, I just want to make absolutely sure I'm clear about today's order.  Today's order is more on the nature of a provisional order.

563842.1                                        4

> And the order from which any Rule 72 objection would stem, would be the order in two weeks, is that correct?
>
> The Court: "Right . . . ."

Opp. at 5. Their ellipses is the deception. The Court's actual response was: "Right. And, I mean, obviously, I'm giving you the ability to provide me with additional information *on certain parameters*." September 10 Tr. at 140 (emphasis added). The Court further explained that only "if you're asking me to reconsider or look at additional information as to exhibit so and so or filing such and such [within those parameters], then this isn't a final ruling." *Id*. Everything else was a final ruling. Magistrate Judge Anderson further stated: "I'm not planning to have back and forth briefing." *Id.* Defendants did not provide the information Magistrate Judge Anderson permitted within the required parameters, but instead submitted voluminous disallowed briefing, which Magistrate Judge Anderson later correctly characterized as "an attempt to reargue what was argued and decided during the hearing on September 10." Stay Order (Doc. 2050) at 2, n.1. This Court should credit Magistrate Judge Anderson's own assessment of his rulings in the September 10 hearing and in his Unsealing Order as "decided," including his assessment that Defendants' "motion to stay and the filings submitted . . . in response to the [Unsealing Order]" are violations of his "explicit[] direct[ions]." *Id.* As a result of Defendants' failure to follow his directions to make limited submissions within the permitted parameters or to challenge the Unsealing Order with a Rule 72 challenge, the entire Unsealing Order is now final, and should be immediately enforced, because there is "a contemporaneous right of access to court documents and proceedings when the right applies. Each passing day may constitute a separate and cognizable infringement of the First Amendment." *Doe*, 749 F.3d at 272 (internal quotes omitted).

### C.   Magistrate Judge Anderson Did Not "Invite" Defendants to File New Briefing and Declarations after his Unsealing Order; He Expressly Forbade It.

Defendants suggest Magistrate Judge Anderson invited them to submit their Motion to Stay: "Judge Anderson expressly suggested that Defendants file such a motion at the September 10, 2021 hearing." Opp. at 7. This assertion directly contradicts the text of Magistrate Judge Anderson's later Stay Order: "This motion to stay . . . clearly reflect[s] a misunderstanding of the scope of the court's ruling on the pending motions to seal." Stay Order (Doc. 2050) at 2, n.1. Defendants' claim appears to come from the following language at the September 10 hearing, where Magistrate Judge Anderson told Defendants: "To the extent that you're going to ask that my order is held in abeyance or stayed, maybe you should *file something along with your response providing additional information . . . .*" September 10 Tr. at 138 (emphasis added). In other words, file a Rule 72 Objection to the Unsealing Order. Defendants did not do so, and thus waived any appeal. *See Wells v. Shriners Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997). Plaintiffs contend that Defendants also waived their right to offer the permitted "additional information," when they failed to timely do what "[t]he court explicitly directed. . . ." Stay Order (Doc. 2050) at 2, n. 1.[1]

### D.   Defendants Have Not Demonstrated Irreparable Injury and Continue to File Unjustified Sealing Motions Without Carrying Their Burden to Do So.

If this Court is wondering why Defendants did not simply submit the "additional information" within the limited parameters permitted, and challenge any other portions of the Unsealing Order with a Rule 72 Objection, it is because they cannot identify any "additional

---

[1] If after the Court sets aside the Stay Order and instructs Magistrate Judge Anderson to enforce his Unsealing Order, the magistrate judge determines that some portion of Defendants' submissions actually offered additional information within the permitted limited parameters, and if he is willing to overlook their defiance of his instruction that "this was not an opportunity to present new or additional information in order to overcome a failure to carry a burden in the initial briefing and argument" (Doc. 1955 at 3) as to the vast majority of their submissions, then Plaintiffs ask in the alternative that he review just that limited information, rule whether any of it is sealable under those parameters, and unseal the remainder.

information" that fits those limited parameters, and they have no valid objection to Magistrate Judge Anderson's rulings. As Magistrate Judge Anderson stated clearly: "In large part, the undersigned found that the party seeking to have certain information in the pleadings redacted or exhibits filed under seal had failed to carry its burden and the information should be unsealed." Unsealing Order (Doc. 1955) at 2. Defendants do not want to proceed with this litigation under the standard required by the First Amendment; they did not like the Unsealing Order; and so they labeled it "provisional" as a ploy to deny it and defy it. Not wishing to comply, but without valid objections, Defendants engaged in multiple collateral attacks, filing "Confidential Memoranda," extensive new declarations, a Motion to Strike or Withdraw Certain Exhibits, and the Motion to Stay, with attendant briefs. Docs. 1991, 1991-1, 1992, 1992-1 to -4, 2004, 2005, 2008, 2009, 2039 and 2051. Although the question of whether Defendants in fact have "security-sensitive material, confidential business information, and trade secrets" (Opp. at 7) at risk of being unsealed is not before this Court, they do not. Instead, even after Magistrate Judge Anderson's rulings on the categories of material that may be sealed, Defendants continue to file motions to seal that blatantly violate these rulings and fail to comply with their obligation to open judicial proceedings and Loc. Civ. R. 5. For example, Magistrate Judge Anderson recently denied the vast majority of Capital One's sealing requests even under the common law standard that applies to discovery motions:

> [E]ven under the more lenient common law standard, it is evident that Capital One seeks to file under seal large amounts of information that is publicly known, addressed in other public filings, *and does not even remotely comply with the necessary standards*. As an initial matter. Capital One's argument in its reply that the mere fact that certain words or phrases are contained in a document that has been allowed to be filed under seal thereby satisfies any standard for filing a document under seal is *meritless*. Redacting words like required, demanded, discrepancy, cloud-accessible, online experience, clickwrap, and browsewrap because they are included in a document that has been allowed to remain under seal *strains credibility*.
>     \*                   \*                   \*

> Having reviewed each of the redactions to the memorandum to determine *whether they contain any trade secret, confidential information, or security sensitive information, and with one limited exception, it is clear that the redactions do not meet those requirements.* Broad, general statements about claims being made, damages being sought, and types of information being requested are not the types of information that can be maintained under seal. The only possible exception is the redaction of the name of the cybersecurity tool on page 22 of the memorandum. . . . Otherwise, all other material in the memorandum shall be filed in the public record.

Order entered by Magistrate Judge Anderson on November 17, 2021 (Doc. 2136) (emphasis added). That Order is not currently before the Court, but Plaintiffs excerpt the above language to demonstrate that Defendants continue to ignore their obligations under Loc. Civ. R. 5; they continue to over-seal in order to obscure the underlying facts of this litigation; and they continue to waste the parties' and Magistrate Judge Anderson's time and effort by filing motions to seal that do "not even remotely comply with the necessary standards." *Id.* With respect to the eleven sealing motions at issue here, the Court must set aside the clearly erroneous Stay Order and immediately enforce the clearly correct and unchallenged Unsealing Order so that Defendants will stop filing their excessive and unsupported sealing requests that have ballooned the docket in this case to well over 2100 filings.

> **E.  Defendants' Desire to Delay the Effects of the Unsealing Order and Proceed in Secret Until After the Court Decides the Underlying Motions Is Incorrect as a Matter of Law.**

Defendants seek to reorient the public policy of the Eastern District of Virginia as regards to sealing: "Motions to file documents under seal are disfavored and discouraged." Loc. Civ. R. 5(C). Defendants turn this policy on its head by arguing that they should not be required to justify their sealing requests until after the Court rules on their dispositive motions, makes a determination on exactly which documents it relied, and then unseals only those documents. Opp. at 13-15.[2]

---

[2] Defendants do not explain how their proposed regime would actually work, but presumably the Court must at least put in writing what documents it relied on, which ones it did not, and why.

This construct directly contradicts the commands that ". . . no document or portion of a document may be filed under seal unless the filer has complied with the procedures set forth herein," and that the case for sealing must be made "at the time of the filing . . . identifying the statute, rule or order authorizing the filing under seal and describing what information is being filed under seal."  Loc. Civ. R. 5.  Defendants misrepresent the case law they cite to effectively repeal Loc. Civ. R. 5.  The principal case on which they rely involved a document filed with a motion to dismiss, meaning that the document could *not be considered* as part of the motion.  *In re Policy Management Systems Corp.*, 1995 WL 541623 at *3-4 (4th Cir. 1995).  As the Fourth Circuit explained, however, had the district court converted the motion to dismiss into one for summary judgment, pursuant to Rule 12(d), "the First Amendment guarantee of access [would] attach[]."  *Id.* at *4, n.5.  Similarly, in *In re an Order Pursuant to 18 U.S.C. Section 2703(D)*, the Fourth Circuit affirmed that "discovery documents *filed in connection* with a dispositive motion, such as a motion for summary judgment, were subject to the right of access because summary judgment adjudicated substantive rights."  707 F.3d 283, 290 (4th Cir. 2013) (internal quotation omitted) (emphasis added). That case denied access to documents because they were filed in connection with "criminal investigations at [the] § 2703(d) phase, [and] openness will frustrate the government's operations."  *Id.* at 292.  The case thus has nothing to do with shutting off access to summary judgment papers in civil litigation until after a decision.  In *Jones v. Lowe's Companies, Inc.*, the court correctly evaluated a Plaintiff's request to unseal the summary judgment pleadings and exhibits under a First Amendment standard, and unsealed the vast majority of them, leaving sealed certain excerpts regarding non-party

---

Furthermore, how would determining and explaining why it was "not relying on" a document not make that document part of the judicial decision-making by the Court's rejection of it? Without this type of analysis, the public will be left in the dark as to the judicial functioning.  A casual contemplation of the byzantine process that the Defendants' proposal would require reveals why it is not the law.

563842.1                                               9

personnel information as satisfying the First Amendment standard for sealing.  402 F. Supp. 3d 266, 291-292 (W.D.N.C. 2019), *aff'd* 845 F. App'x 205 (4th Cir. 2021). The court's statement that it had also not considered those excerpts is at best *dicta* and in no way undermines the established rule of law that information filed with summary judgment must be unsealed unless it meets the First Amendment standard.  *Id.*; *see also Reyazuddin v. Montgomery Cnty.*, 7 F. Supp. 3d 526, 560 (D. Md. 2014) (considering summary judgment filings under the First Amendment standard for sealing and finding that non-party personnel records met that standard), *aff'd in part, rev'd in part*, 789 F.3d 407 (4th Cir. 2015).  Similarly, in *Syngenta Crop Protection, LLC v. Willowood, LLC*, the court noted that: "Whether derived from the common law or the First Amendment, the public's right of access may be abrogated only in unusual circumstances [and] the party seeking to limit public access bears the burden to show that sealing is appropriate."  2017 WL 1745531 at *2 (M.D.N.C. 2017) (internal quotation omitted). The court identified "documents at issue [that] were submitted in connection with the parties' cross-motions for summary judgment, [and with] motions to exclude certain expert opinions" as "materials [the Court] considered in deciding those motions" and they were largely unsealed.  *Id.* at *3. The court mentions, but does not describe, three exhibits "on which the Court did not rely to determine the relevant evidentiary and summary judgment motions."  *Id.* The court provides no further description of these exhibits and does not state that they were even filed in connection with summary judgment motions.  This case does not support Defendants' theory that exhibits filed in support of summary judgment that have already been found to not satisfy the First Amendment standard for sealing can be sealed until after a decision. Similarly, in *Jackson v. JTM Capital Management, LLC*, the court again correctly held that the First Amendment standard for sealing "applies to documents filed in connection with a summary judgment motion in a civil case."  2021 WL 1238565 at *3 (D. Md. 2021) (internal quotations

563842.1                                                         10

omitted). While it found that even though disclosure of certain information "could result in a competitive disadvantage" thus providing a basis to seal it under the First Amendment, where "certain details from these documents are highly relevant to the resolution of the pending Motion for Summary Judgment" references to those documents in the opinion would not be sealed. *Id.* at *4. The documents themselves, however, having satisfied the First Amendment standard, could remain sealed. *Id.* Again, this does not support Defendants' theory that they should be allowed to seal documents submitted with respect to dispositive motions that have already been found not to satisfy the First Amendment standard for sealing.

Thus, all the district court cases cited by Defendants affirm the need for parties to justify their sealing requests for dispositive motions under the First Amendment standard, and none of those cases abrogates the requirement that the party requesting sealing justify their requests at the time of filing. Certainly, none of the cases cited by Defendants can effectuate a repeal of the requirements of Loc. Civ. R. 5 that ". . . no document or portion of a document may be filed under seal unless the filer has complied with the procedures set forth herein," and that the case for sealing must be made "at the time of the filing . . . identifying the statute, rule or order authorizing the filing under seal and describing what information is being filed under seal."

## CONCLUSION

For the foregoing reasons and those stated in Plaintiffs' opening memorandum, the Stay Order that is the subject of Plaintiffs' Rule 72(a) Objection constitutes an unconstitutional delay of the obligations of the parties and the Court to conduct judicial proceedings in the open and to seal only documents and information where the sealing is justified under the appropriate standard in advance of the filing. Where Magistrate Judge Anderson found the material did not meet the standard for sealing, the First Amendment, Loc. Civ. R. 5(C), and the entire sealing public policy

of the Eastern District, demand that it be unsealed without delay. Plaintiffs respectfully request this Court set aside the Stay Order (Doc. 2050) as "contrary to law" and immediately enforce the Unsealing Order (Doc. 1955).

Dated: November 22, 2021

Respectfully submitted,

By: */s/ Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
300 N. Washington Street, Suite 404
Alexandria, VA 22314
Telephone: (888) 987-9991
stw@websterbook.com

*Plaintiffs' Local Counsel*

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 2200
Kansas City, MO 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
khriebel@locklaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
jyanchunis@ForThePeople.com

*Plaintiffs' Lead Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                    */s/ Steven T. Webster*
                                    Steven T. Webster (VSB No. 31975)
                                    WEBSTER BOOK LLP