## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

IN RE: CAPITAL ONE CONSUMER        )
DATA SECURITY BREACH LITIGATION    )        MDL No. 1:19md2915 (AJT/JFA)
_____ )

This Document Relates to CONSUMER Cases
_____

### CAPITAL ONE AND AMAZON'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE RESPONSE TO THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS'S BRIEF AS *AMICUS CURIAE*

Defendants have moved for leave to file a response to non-party The Reporters Committee for Freedom of the Press's ("RCFP") brief as *amicus curiae* (Dkt. 2143-1, "Amicus Brief" or "Br.") in support of Plaintiffs' Rule 72(a) Objection (Dkt. 2073, "Objection") to Judge Anderson's October 18, 2021 Order (Dkt. 2050, "October 18 Order"). The October 18 Order "defer[red] any action on" eleven pending motions to seal "until further action by the District Judge." Dkt. 2050 at 3.

Defendants should be permitted leave to file a response to the Amicus Brief because it was not timely filed with Plaintiffs' Objection, and Defendants were not able to address the RCFP's arguments in their Response to Plaintiffs' Objection. *See Sec. & Exch. Comm'n v. Watkins*, 317 F. Supp. 3d 1244, 1249 (N.D. Ga. 2018) (explaining that a court has discretion to allow for additional briefing "when a valid reason for additional briefing exists, such as when a movant raises new arguments in its reply brief"); *Artis v. Lyon Shipyard, Inc.*, No. 2:17CV595, 2018 WL 2013073, at *1 (E.D. Va. Apr. 26, 2018) (granting a party leave to respond to another party's supplemental filing that presented new information because a party "should be afforded the opportunity to respond to such supplemental filing[s]"); *Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 374 (E.D. Va. 2009) (allowing "supplemental briefing" where such briefing "would aid the decisional

process"). Because the RCFP asks the Court "to immediately unseal" the materials at issue, Br. at 7, the RCFP's arguments concern the original motions to seal themselves and *not* the present Objection. But the time for the RCFP to respond to the original motions to seal passed more than three months ago. *See* Dkts. 1788; 1792; 1804; 1811; 1831; 1837; 1845; 1883; 1891; 1892; 1917 (notices accompanying each motion to seal inviting "[p]arties and non-parties [to] submit memoranda in support of or in opposition to [each] Motion" due "within seven (7) days"). Even if the Amicus Brief were properly directed at the present dispute over the Objection (and it is not), it would still be two weeks late. *See* Fed. R. App. P. 29(a)(6) (stating "[a]n *amicus curiae* must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed"); *Wheelabrator Baltimore, L.P. v. Mayor & City Council of Baltimore*, 449 F. Supp. 3d 549, 555 n.1 (D. Md. 2020) ("[D]istrict courts . . . often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure."). And even if the Amicus Brief were not untimely, it was still filed one week *after* Defendants filed their Joint Response to Plaintiffs' Rule 72(a) Objection, thus leaving Defendants with no opportunity to respond.

Further, Defendants should be permitted leave to file a response because the Amicus Brief mischaracterizes the Court's orders. The RCFP contends that the October 18 Order was a "stay" of Judge Anderson's "September 13, 2021 order unsealing, in part, all materials associated with [eleven pending motions to seal]." Br. at 1. To the contrary, the October 18 Order simply deferred ruling on the pending motions to seal. And the September 13 Order (Dkt. 1955), did not "order unsealing" of all materials at issue in the eleven pending motions. Rather, the September 13 Order only required the public filing of those documents where all parties agreed with Judge Anderson's provisional sealing determinations announced at the September 10, 2021 hearing. *See* September 13 Order at 3. Consistent with Judge Anderson's instructions at the September 10, 2021 hearing

and in the September 13 Order, Defendants provided additional information on September 27, 2021 addressing why certain materials should remain under seal consistent with the Court's guidance and binding Fourth Circuit authority. *See* Dkts. 1991, 1992. Judge Anderson has not yet considered that additional information or issued a "final" ruling as to whether the materials at issue should remain sealed.

Defendants should be permitted to respond to the RCFP's legal arguments that the October 18 Order infringes the public's First Amendment rights. Br. at 2. It does not. The October 18 Order was proper under binding Fourth Circuit authority, which holds that the First Amendment right of access does not attach until a court considers or relies on the materials in the course of "adjudicat[ing] substantive rights." *In re Application of U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). The RCFP is well aware of this authority, which is discussed on its website. This authority also defeats the RCFP's contention that a dismissal for lack of subject matter jurisdiction somehow does not moot the sealing issues (*see* Br. at 3–4) and it undermines the RCFP's attempt to distinguish Defendants' authority (*see id.* at 4). Defendants should also be permitted to respond to the RCFP's new argument that out-of-circuit authority is in accord with their misinterpretation of Fourth Circuit law.

Finally, Defendants should be permitted to respond to the RCFP's argument that there is "substantial public interest in the sealed documents." Br. at 5. This is inaccurate. The documents at issue contain Defendants' security-sensitive information, confidential business information, and trade secrets, which the public has no legal right to view. Nor would the sealed documents aid the public's understanding of this case, as the details of how the Cyber Incident occurred were widely reported in 2019, when the Cyber Incident was current news.

Accordingly, Defendants respectfully requests that the Court grant its motion for leave and accept the accompanying response to the RCFP's *amicus curiae* brief.

Dated:  December 2, 2021                                          Respectfully submitted,

/s/ _____                          /s/ _____

David L. Balser (*pro hac vice*)                         Robert R. Vieth, Esq. (VSB No. 24304)
S. Stewart Haskins II (*pro hac vice*)                  Abigail Johansen, Esq. (VSB No. 93585)
Susan M. Clare (*pro hac vice*)                         **HIRSCHLER FLEISCHER, PC**
John C. Toro (*pro hac vice*)                           8270 Greensboro Drive, Suite 700
Kevin J. O'Brien (VSB No. 78886)                       Tysons Corner, VA 22102
Robert D. Griest (*pro hac vice*)                       Tel.: (703) 584-8366
**KING & SPALDING LLP**                                Fax: (703) 584-8901
1180 Peachtree Street, N.E.                             rvieth@hirschlerlaw.com
Atlanta, GA 30309                                       ajohansen@hirschlerlaw.com
Tel.: (404) 572-4600
Fax: (404) 572-5140                                     Tyler G. Newby (*pro hac vice*)
dbalser@kslaw.com                                      Brian Buckley (*pro hac vice*)
shaskins@kslaw.com                                     Laurence F. Pulgram (*pro hac vice*)
sclare@kslaw.com                                       Janie Y. Miller (*pro hac vice*)
jtoro@kslaw.com                                        Meghan E. Fenzel (*pro hac vice*)
kobrien@kslaw.com                                      Sarah V. Lightstone (*pro hac vice*)
rgriest@kslaw.com                                      Rina Plotkin (*pro hac vice*)
                                                        **FENWICK & WEST LLP**
Robert A. Angle (VSB No. 37691)                         555 California Street, 12th Floor
Tim St. George (VSB No. 77349)                          San Francisco, CA 94104
Jon S. Hubbard (VSB No. 71089)                          Tel.: (415) 875-2300
Harrison Scott Kelly (VSB No. 80546)                    Fax: (415) 281-1350
**TROUTMAN PEPPER HAMILTON**                           tnewby@fenwick.com
**SANDERS LLP**                                         bbuckley@fenwick.com
1001 Haxall Point                                      lpulgram@fenwick.com
Richmond, VA 23219                                     jmiller@fenwick.com
Tel.: (804) 697-1200                                   mfenzel@fenwick.com
Fax:  (804) 697-1339                                   slightstone@fenwick.com
robert.angle@troutman.com                              rplotkin@fenwick.com
timothy.st.george@troutman.com
jon.hubbard@troutman.com                               *Counsel for Amazon.com, Inc. and Amazon*
scott.kelly@troutman.com                               *Web Services, Inc.*

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
**TROUTMAN PEPPER HAMILTON**
**SANDERS LLP**

401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2021, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.


*/s/*
David L. Balser

*Counsel for Capital One Defendants*