# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

IN RE: CAPITAL ONE CONSUMER      )
DATA SECURITY BREACH LITIGATION    )    MDL No. 1:19md2915 (AJT/JFA)
_____ )

This Document Relates to: ALL ACTIONS

_____

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF EDWARD SHAMOON'S
MOTION FOR PARTIAL RECONSIDERATION OF ORDER STAYING ALL
NON-SETTLEMENT RELATED PROCEEDINGS IN CONSUMER
<u>ACTION OR IN THE ALTERNATIVE TO UNSEAL DOCUMENTS</u>**

**KING & SPALDING LLP**

David L. Balser (*pro hac vice*)
Michael R. Smith (*pro hac vice*)
S. Stewart Haskins II (*pro hac vice*)
Susan M. Clare (*pro hac vice*)
John C. Toro (*pro hac vice*)
Benjamin Lee (*pro hac vice*)
Kevin J. O'Brien (VSB No. 78886)
Robert D. Griest (*pro hac vice*)
Peter Starr (*pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
mrsmith@kslaw.com
shaskins@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
blee@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com
pstarr@kslaw.com

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**

Robert A. Angle (VSB No. 37691)

**FENWICK & WEST LLP**

Tyler G. Newby (*pro hac vice*)
Brian Buckley (*pro hac vice*)
Laurence F. Pulgram (*pro hac vice*)
Janie Y. Miller (*pro hac vice*)
Sarah V. Lightstone (*pro hac vice*)
Rina Plotkin (*pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Tel.: (415) 875-2300
Fax: (415) 281-1350
tnewby@fenwick.com
bbuckley@fenwick.com
lpulgram@fenwick.com
jmiller@fenwick.com
slightstone@fenwick.com
rplotkin@fenwick.com

**HIRSCHLER FLEISCHER, PC**

Robert R. Vieth, Esq. (VSB No. 24304)
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Tel.: (703) 584-8366
Fax: (703) 584-8901
rvieth@hirschlerlaw.com

Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
robert.angle@troutman.com
timothy.st.george@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One Defendants*

*Counsel for Amazon.com, Inc. and
Amazon Web Services, Inc.*

Gregory S. Bruch (*pro hac vice*)
BRUCH HANNA LLP
1099 New York Ave., NW
Suite 500
Washington, DC 20001
Tel.: (202) 969-1631
Fax: (202) 969-1625
gbruch@bruch-hanna.com

*Counsel for Defendant Michael
Johnson*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................2

ARGUMENT ......................................................................................................................8

   I.   The Securities Plaintiff's Motion for Reconsideration Should Be Denied. .........................8

      A.  The Securities Plaintiff Lacks Standing to Seek Reconsideration. ...............................8

      B.  The Motion for Reconsideration Is Untimely Under Rule 59(e). .................................9

      C.  The Securities Plaintiff Is Not Entitled to the Extraordinary Remedy of
Reconsideration on the Merits. ....................................................................................10

  II.  The Securities Plaintiff's Motion to Unseal Should Be Denied. ......................................12

      A.  The Securities Plaintiff's Motion to Unseal Is Untimely. .............................................12

      B.  The Securities Plaintiff's Motion to Unseal Fails on the Merits. ...............................15

          1.  All Three Reasons the Court Entered the October 18, 2021 Order Still
Apply.....................................................................................................................15

          2.  The First Amendment Right of Access Does Not Attach Until the District
Court Considers or Relies on the Sealed Documents. ...........................................16

          3.  Even if the Court Agrees to Rule on the Sealing Issues, the Securities
Plaintiff Is Not Entitled to the Sealed Documents. ...............................................21

          4.  The Sealed Documents Are Not Necessary for Putative Class Members to
Evaluate the Proposed Settlement.........................................................................23

      C.  The Securities Plaintiff's Motion to Unseal Violates the PSLRA's Automatic
Stay of "Discovery and Other Proceedings." ...............................................................24

CONCLUSION....................................................................................................................30

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alt v. EPA*,
    758 F.3d 588 (4th Cir. 2014) ................................................13

*Anderson v. First Sec. Corp.*,
    249 F. Supp. 2d 1256 (D. Utah 2002)......................................29

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
    2004 WL 1810661 (S.D.N.Y. Aug. 12, 2004)..............................30

*In re Application of United States for an Order Pursuant to 18 U.S.C. Section
    2703(D)*, 707 F.3d 283 (4th Cir. 2013)....................................17, 18, 19

*ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*,
    801 F. Supp. 2d 419 (M.D.N.C. 2011) ....................................19

*Bayer CropScience Inc. v. Syngenta Crop Protection, LLC*,
    2013 WL 12108073 (M.D.N.C. Sept. 30, 2013)..........................18

*Benjamin v. Sparks*,
    2018 WL 4113338 (E.D.N.C. Aug. 28, 2018)..............................19

*BP Exploration & Production, Inc. v. Claimant ID 100246928*,
    920 F.3d 209 (5th Cir. 2019) ..............................................13

*Cadence Bank, N.A. v. Horry Properties, LLC*,
    2012 WL 2917111 (D.S.C. July 17, 2012) ................................9

*In re Carnegie Int'l Corp. Sec. Litig.*,
    107 F. Supp. 2d 676 (D. Md. 2000)........................................25

*Clark v. Quesinberry*,
    No. 7:20-cv-00057 (W.D. Va. May 12, 2021)..............................18

*Cochran v. Volvo Grp. N. Am., LLC*,
    931 F. Supp. 2d 725 (M.D.N.C. 2013) ....................................21

*Courthouse News Serv. v. Schaefer*,
    2 F.4th 318 (4th Cir. 2021) ................................................20

*In re Cree, Inc. Sec. Litig.*,
    220 F.R.D. 443 (M.D.N.C. 2004)..........................................26

*Design Resources, Inc. v. Leather Indus. Am.*,
2014 WL 4159991 (M.D.N.C. Aug. 19, 2014).................................................................18

*Doe v. Pub. Citizen*,
749 F.3d 246 (4th Cir. 2014) ...................................................................................19, 20

*Fazio v. Lehman Bros., Inc.*,
2002 WL 32121836 (N.D. Ohio May 16, 2002)..............................................................26

*Felton v. Albemarle Reg'l Health Servs.*,
2021 WL 2324792 (E.D.N.C. June 7, 2021) .................................................................10

*Gubricky on behalf of Chipotle Mexican Grill, Inc. v. Ells*,
2018 WL 1558264 (D. Colo. Mar. 26, 2018) .................................................................27

*Hatch v. Demayo*,
2020 WL 1676953 (M.D.N.C. Apr. 6, 2020) .................................................................21

*Hill v. Braxton*,
277 F.3d 701 (4th Cir. 2002) .........................................................................................9

*Hopeman Bros., Inc. v. Cont'l Cas. Co.*,
2017 WL 11510381 (E.D. Va. Dec. 28, 2017) ...............................................................19

*Hunter v. Town of Mocksville*,
961 F. Supp. 2d 803 (M.D.N.C. 2013) ...........................................................................16

*Integrated Direct Mktg., LLC v. May*,
2016 WL 7334278 (E.D. Va. Aug. 12, 2016)............................................................10, 12

*In re Interior Molded Doors Antitrust Litigation*,
2020 WL 7259153 (E.D. Va. Dec. 10, 2020) .............................................................23, 24

*IVS Grp., Inc. v. All Am. Silo Co., LLC*,
2019 WL 8334609 (S.D.W. Va. Jan. 4, 2019)................................................................20

*Jackson v. JTM Capital Mgmt., LLC*,
2021 WL 1238565 (D. Md. Apr. 2, 2021) .....................................................................17

*Jones v. Lowe's Cos.*,
402 F. Supp. 3d 266 (W.D.N.C. 2019) ...........................................................................17

*United States ex rel. Kelly v. Serco, Inc.*,
2014 WL 12675246 (S.D. Cal. Dec. 22, 2014)...............................................................22

*In re Lease Oil Antitrust Litig. (No. II)*,
2008 WL 356505 (S.D. Tex. Jan. 30, 2008) .....................................................................9

*Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*,
   611 F. Supp. 2d 572 (E.D. Va. 2009) ....................................................................22

*In re Marriott*,
   2019 WL 4855202 (D. Md. Aug. 30, 2019) ......................................................28, 29

*MCDP Phoenix Serv. PTE. Ltd. v. First Fin. Int'l Bank Inc.*,
   2021 WL 3917032 (D.P.R. Sept. 1, 2021)..........................................................1, 9

*McPike v. Zero-Gravity Holdings, Inc.*,
   2018 WL 10436601 (E.D. Va. Mar. 27, 2018)..................................................17, 19

*In re Mut. Funds Inv. Litig.*,
   2005 WL 697022 (D. Md. Mar. 11, 2005).............................................................26

*Nielson v. Portfolio Recovery Assocs., LLC*,
   2019 WL 2513722 (D.S.C. June 18, 2019)...........................................................19

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978)..............................................................................................15

*Norris v. PNC Bank, N.A.*,
   2021 WL 5955820 (D. Md. Dec. 16, 2021)..........................................................19

*Pagidipati Enters., Inc. v. Lab'y Corp. of Am. Holdings*,
   2011 WL 5289725 (M.D.N.C. Nov. 2, 2011)........................................................19

*Pax Mondial Ltd. v. Afghan Res. Grp.*,
   2012 WL 13028561 (E.D. Va. July 27, 2012)......................................................19

*In re Policy Mgmt. Sys. Corp.*,
   67 F.3d 296, 1995 WL 541623 (4th Cir. Sept. 13, 1995).................................16, 18

*Rampersad v. Deutsche Bank Sec. Inc.*,
   381 F. Supp. 2d 131 (S.D.N.Y. 2003)...................................................................26

*In re Remington Park Owners Ass'n, Inc.*,
   548 B.R. 108 (Bankr. E.D. Va. 2016)......................................................................9

*Reyazuddin v. Montgomery Cnty.*,
   7 F. Supp. 3d 526, 560 (D. Md. 2014)..................................................................17

*Robinson v. Bowser*,
   2013 WL 3791770 (M.D.N.C. July 19, 2013)........................................................19

*Rothman v. Snyder*,
   2020 WL 7395488 (D. Md. Dec. 17, 2020)...........................................................20

*Rushford v. New Yorker Mag., Inc.*,
   846 F.2d 249 (4th Cir. 1988) ........................................................................18, 19

*Scott v. Bond*,
   734 F. App'x 188 (4th Cir. 2018) ........................................................................13

*Sedona Corp. v. Ladenburg Thalmann*,
   2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) ..........................................................30

*Sempowich v. Tactile Sys. Tech., Inc.*,
   2020 WL 2789792 (E.D.N.C. May 29, 2020) ..........................................................19

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*,
   189 F.3d 909 (9th Cir. 1999) ............................................................................30

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*,
   825 F.3d 299 (6th Cir. 2016) ..............................................................13, 14, 27

*Sikorsky Aircraft Corp. v. United States*,
   112 Fed. Cl. 313 (2013) ...................................................................................15

*Smarr v. Hooks*,
   2021 WL 2209123 (W.D.N.C. June 1, 2021) ............................................................9

*Smilovits v. First Solar Inc.*,
   2016 WL 5682723 (D. Ariz. Sept. 30, 2016)......................................................29, 30

*In re Spectranetics Corp. Sec. Litig.*,
   2009 WL 3346611 (D. Colo. Oct. 14, 2009) .............................................25, 27, 28

*Srinivasan v. Snow*,
   211 F. App'x 186 (4th Cir. 2006) ........................................................................8

*Syngenta Crop Protection, LLC v. Willowood, LLC*,
   2017 WL 1745531 (M.D.N.C. May 4, 2017) ..........................................................17

*Thomas v. Warden of McCormick Corr. Inst.*,
   2021 WL 2283879 (D.S.C. June 4, 2021)...............................................................10

*In re Toyota Hybrid Brake Litig.*,
   2020 WL 6161495 (E.D. Tex. Oct. 21, 2020) ..........................................................8

*United States v. Carolina Comprehensive Health Network*,
   2021 WL 325705 (M.D.N.C. Feb. 1, 2021)..............................................................21

*United States v. Stokes*,
   2009 WL 2407679 (E.D.N.C. Aug. 5, 2009)...........................................................15

*Waste Mgmt., Inc. v. Great Divide Ins. Co.*,
   2018 WL 10454868 (E.D. Va. May 1, 2018) ...................................................19, 20

*Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*,
   278 F.R.D. 136 (D. Md. 2011)...........................................................................20

*Zaklit v. Glob. Linguist Sols., LLC*,
   2014 WL 4161981 (E.D. Va. Aug. 19, 2014).....................................................10

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 24 ..........................................................................13

Federal Rule of Civil Procedure 59 ..................................................................8, 9, 10

Federal Rule of Civil Procedure 60 .......................................................................8, 9

Federal Rule of Civil Procedure 72 .......................................................................6, 8

## INTRODUCTION

After over two years of litigation and thousands of court filings, including dozens of sealing motions that the Securities Plaintiff Edward Shamoon never participated in or objected to, the parties to the consumer cases consolidated in this MDL (the "Consumer Case") announced that they had reached a settlement.  As is common practice, the Court subsequently entered an order staying all non-settlement related motions and objections in the Consumer Case.  The Securities Plaintiff—whose case is subject to the automatic stay imposed by the Private Securities Litigation Reform Act (PSLRA) while the Securities Defendants'[1] motion to dismiss is pending—now seeks to insert himself in the consumer proceeding through this motion for partial reconsideration or, alternatively, to unseal certain documents.  Specifically, the Securities Plaintiff seeks to unseal the Consumer Defendants' confidential, cybersecurity information contained in documents attached to now-mooted motions filed in the Consumer Case.  But the Securities Plaintiff has no basis to challenge this Court's orders or the sealing of these documents, and his attempted end-run of the PSLRA discovery stay is procedurally barred and wholly meritless.  His motion should be denied.

*First*, the Securities Plaintiff's motion for reconsideration should be denied because it is untimely and because he lacks standing to seek reconsideration of the Court's stay orders.  Even if his motion for reconsideration were not procedurally barred, it fails because none of the extraordinary circumstances that warrant reconsideration are present here.

*Second*, the Securities Plaintiff's motion to unseal is also untimely.  The Local Rules of this Court set out an orderly procedure through which parties or non-parties may object to sealing

---

[1] The "Securities Defendants" are Capital One Financial Corporation, Richard Fairbank, Robert Alexander, and Michael Johnson.  The "Consumer Defendants" are Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively, "Capital One") and Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon").  The Consumer Defendants and the Representative Plaintiffs in the Consumer Case (the "Consumer Plaintiffs") are collectively referred to as the "Consumer Parties."

motions, but the Securities Plaintiff never once weighed in.  The time to object to the sealing motions at issue—the first of which was filed in July 2021—expired months ago.

*Third*, the Securities Plaintiff's arguments in support of unsealing fail on the merits.  There is no public right of access to judicial materials that a court does not consider or rely upon in adjudicating substantive motions, and the motions to which the sealed materials pertain will *never* be decided should the Consumer Parties' settlement receive court approval.  The Securities Plaintiff's argument that the First Amendment right of access attaches at the moment of filing, regardless of the role any document plays (or does not play) in adjudicating substantive rights, is legally incorrect.  Regardless, even if the First Amendment did apply, the Consumer Defendants have demonstrated why the documents at issue should remain sealed even under that standard.

*Fourth*, the Securities Plaintiff's attempt to obtain the sealed materials—all of which were produced in discovery in the Consumer Case—is prohibited by the automatic discovery stay of the PSLRA.  The PSLRA imposes an automatic stay of "all discovery and other proceedings" during the pendency of a motion to dismiss putative class-action claims such as those alleged in the Securities Complaint.  And here, the Securities Defendants' motion to dismiss the Securities Complaint has been fully briefed and pending decision since April 2020.  The PSLRA's automatic stay thus remains in effect.  The Securities Plaintiff is not a curious member of the general public or a dispassionate advocate for open courts—his clear, and sole, purpose is to try to discover sealed documents in an attempt to rescue his doomed Securities Complaint through amendment. Allowing the Securities Plaintiff to circumvent the PSLRA discovery stay in this manner would contravene the purpose of the statute.

## BACKGROUND

The Securities Plaintiff, Edward Shamoon, represents a putative class of investors who purchased Capital One common stock between July 23, 2015 and July 29, 2019 (the date Capital

One announced the Cyber Incident).  Dkt. 279 ¶ 1 (the "Securities Complaint").  On November 20, 2019, the Securities Action was transferred to and consolidated into this MDL.  Dkt. 189.  On February 18, 2020, the Securities Defendants[2] filed a motion to dismiss the claims asserted against them.  Dkt. 318.  That motion remains pending.  Pursuant to the PSLRA, "all discovery and other proceedings" in the Securities Action have been stayed since that time.  *See* 15 U.S.C. § 78u-4(b)(3)(B); *see also* Dkt. 305, 1/29/2020 Hr'g Tr. at 36:5-17 (determining that the Securities Plaintiff may not "participate in the discovery" process).

While the Securities Action has been stayed pending resolution of the motion to dismiss, the Consumer Parties have vigorously litigated the Consumer Case, completing discovery and filing numerous substantive motions.  For the majority of the Consumer Case, the Consumer Plaintiffs did not challenge the Consumer Defendants' motions to seal documents, implicitly agreeing that the Consumer Defendants' confidential, cybersecurity-sensitive information should not be part of the public record.  Beginning in late July 2021, however, the Consumer Plaintiffs began challenging the Consumer Defendants' sealing motions.  *See* Dkts. 1791; 1803; 1810; 1844; 1849.  Through these submissions, the Consumer Plaintiffs contended, for the first time, that the First Amendment standard for sealing applied to briefs, exhibits, and hearing presentations filed in connection with the Consumer Defendants' Article III standing motion, the parties' motions for summary judgment, and the Consumer Plaintiffs' Motion for Class Certification.[3]

---

[2] Amazon is not a party to the Securities Action.

[3] Notably, the Consumer Plaintiffs did not make these assertions in connection with the Consumer Defendants' initial Article III standing motion, the Consumer Defendants' Motion for Summary Judgment, the Consumer Plaintiffs' Motion for Class Certification, or the Consumer Plaintiffs' own Motion for Partial Summary Judgment.  *Compare* Dkts. 1791; 1803; 1810; 1844; 1849 *with*, *e.g.*, Dkt. 1468 (Consumer Plaintiffs arguing that a common law right of access applies to the opening brief in support of Capital One's Motion Suggesting Lack of Jurisdiction); Dkt. 1471

On September 10, 2021, Judge Anderson held a hearing regarding eleven motions to seal related to briefs, exhibits, and other materials filed in connection with the substantive motions discussed above. *See* Dkt. 1957, 9/10/2021 Hr'g Tr. at 1; Dkt. 2050 at 1 (October 18, 2021 Order) (listing motions to seal and associated substantive motions). The Court reviewed the materials at issue and made provisional rulings regarding (i) what standards governed the sealing analyses, and (ii) what information should be sealed or unsealed. The Court provisionally ruled that only certain categories of information could be sealed under the First Amendment standard. *See, e.g.*, *id.* at 8:25–9:2 (stating "information that relates to the current [technology] architecture and system that is in place" satisfies the First Amendment standard); *id.* at 9:12–19 (stating information relating to "remediation efforts" satisfies the First Amendment standard and observing that "the public needs to be protected").

At multiple points throughout the hearing, the Court requested that the parties submit "additional information" that it could "consider" before finalizing its provisional rulings. *See* Dkt. 1957 at 97:25–98:2 ("[Y]ou can provide me with some additional information and I'll consider it."); *id.* at 140:3–5 ("I'm giving you the ability to provide me with additional information on certain parameters."). This Court also stated that it would issue a final order only after considering the parties' additional submissions. *See id.* at 140:8–12 ("So, you know, obviously, if you're asking me to reconsider or look at additional information as to exhibit so and so . . . *then this isn't a final ruling*. So my *final ruling* will be when I make a decision on that submission . . . ." (emphasis added)). Finally, this Court clarified, in response to direct questioning from the

_____

(same for Capital One's Opposition to Consumer Plaintiffs' Motion for Class Certification); Dkt. 1495 (same for the opening brief in support of Capital One's Motion for Summary Judgment); Dkt. 1642 (same for the opening brief in support of Consumer Plaintiffs' Motion for Partial Summary Judgment); *see also* Dkt. 2073 at 11–12 n.2 (Consumer Plaintiffs admitting their change in position on the sealing of class certification-related materials).

Consumer Defendants' counsel, that the parties should file Rule 72(a) objections only *after* it considered the parties' additional submissions and issued final rulings.  *See id.* at 139:23–140:3; *id.* at 138:21–24 (The Court: "And then if I ultimately deny [your motion], then you would have the ability to file an objection, or request for reconsideration in front of a district judge within 14 days of that order.").

On September 13, 2021, Judge Anderson issued a provisional order granting in part and denying in part the Consumer Parties' motions to seal.  *See* Dkt. 1955 ("Provisional Order").  The Provisional Order noted that "[g]iven the large volume of information involved in these various motions and the realization that certain types of information that the court had indicated could remain under seal had been overlooked in reviewing the materials, the court granted counsels' request that they be allowed to provide additional information . . . ."  *Id.* at 2–3.  The Provisional Order also required that "[a]ll redactions and documents *that are not the subject of a submission* filed in a timely manner should be filed in the public record by the party who initially filed that information under seal by September 29, 2021."  *Id.* at 3 (emphasis added)); *see also* Dkt. 1957, 9/10/2021 Hr'g Tr. at 139:2–4 ("I have indicated what my ruling is, and [if] you are not contesting that, those documents need to be filed in the public record . . . within 14 days from today.").

On September 27, 2021, the Consumer Defendants filed Confidential Memoranda and supporting Declarations that provided the Court with additional information contesting the unsealing of Defendants' documents.  *See* Dkt. 1991 (Capital One's Confidential Memorandum); Dkt. 1992 (Amazon's Confidential Memorandum).  The Confidential Memoranda reiterated that the First Amendment standard for sealing did not apply to certain of the materials and that sealing determinations were premature under Fourth Circuit law.  The Confidential Memoranda also demonstrated why the materials at issue should be protected under the First Amendment standard.

On September 27, 2021, the Consumer Defendants filed a Joint Motion to Stay the Court's forthcoming final order on the sealing motions. *See* Dkt. 2005. This Court expressly suggested that Defendants file such a motion at the September 10, 2021 hearing. *See* Dkt. 1957, 9/10/2021 Hr'g Tr. at 138:14–21 ("To the extent that you're going to ask that my order is held in abeyance or stayed, maybe you should file something along with your response providing additional information."). In that Joint Motion, the Consumer Defendants expressed their intent to file Rule 72 objections to any order unsealing the documents addressed in their Confidential Memoranda. Dkt. 2005 at 3. Defendants also showed that a stay of that forthcoming final order would be warranted while Defendants' objections were pending. *See id.* at 4–10. Finally, Capital One filed a Motion to Strike or Withdraw Certain Exhibits Associated with Pending Motions on September 27, 2021 (the "Motion to Strike"). *See* Dkt. 2008. In that motion, Capital One requested that the Court strike from the public record (1) the demonstrative presentation slides Plaintiffs used during argument on their Motion for Class Certification, and (2) eight exhibits attached to Plaintiffs' Opposition to Capital One's Motion for Summary Judgment. Dkt. 2009 at 6–18. Capital One also sought to withdraw or file more limited excerpts of ten exhibits attached to its Opposition to Plaintiffs' Motion for Partial Summary Judgment. *See id.* at 18–21.

On October 18, 2021, Judge Anderson issued an Order stating he would "defer any action on the[] motions to seal" until Judge Trenga ruled on the Consumer Parties' substantive motions and Capital One's Motion to Strike. *See* Dkt. 2050 at 3. Specifically, the Court found that "the[] motions to seal involve filings related to motions that may never be decided by the court" or that were subject to the pending Motion to Strike, that "plaintiffs' counsel has access to the documents" at issue, and that "no opposition to these motions to seal has been asserted by any nonparty." *Id.*

On October 20, 2021, Judge Trenga held a hearing on Capital One's Motion to Strike or Withdraw.  Mirroring Judge Anderson's prior decision (*see* Dkt. 2058, 10/20/21 Hr'g Tr. at 6:9–17), Judge Trenga deferred ruling.  Specifically, Judge Trenga explained that he viewed Judge Anderson's October 18, 2021 Order as "sufficiently protect[ing]" the documents at issue and considered the Motion to Strike to be a "housekeeping issue" about "what should be part of the record[.]"  *Id.* at 35:2–6, 35:12–15.  Judge Trenga accordingly found that "the best course" was for "the Court . . . to go ahead and decide the pending . . . class certification and summary judgment motions, on the present record" and "defer ruling on" what documents are properly part of the public record until those motions are decided.  *Id.* at 35:9–11, 35:16–20.

On November 1, 2021, Plaintiffs filed a Rule 72(a) Objection to Judge Anderson's October 18, 2021 Order deferring ruling on the Motion to Stay (the "Objection").  *See* Dkt. 2073.  Judge Trenga has not yet ruled on the Objection.  For this threshold reason, the relief Plaintiff Shamoon seeks here is premature.  Through the proposed order submitted with his motion, Plaintiff Shamoon asks the Court to "enforce[] its Order . . . [at] Dkt. No. 1955 . . . and unseal[] the documents that the Court previously found should be made available to the public."  Dkt. 2209-1.  But nothing about the Provisional Order (Dkt. 1955) has gone "[un]enforce[d]."  The only documents that Order directed "should be made available to the public" were documents as to which no party contested sealing.  *See* Dkt. 1955 at 3.  The Consumer Defendants complied with the Order more than three months ago—on September 29, 2021—by publicly filing those documents.  *See* Dkts. 2025, 2026.  Thus, even if the Court granted the Consumer Plaintiffs' Objection, no documents would be immediately unsealed—rather, that would have the effect of lifting the October 18, 2021 stay the Court entered related to the eleven pending motions to seal (Dkt. 2050).  The October 18, 2021 order simply "defer[red] any action on the [eleven pending] motions to seal until further

action by the District Judge." *Id.* at 3.  Accordingly, if the stay were lifted, the Court would still need to issue final rulings on the eleven pending motions to seal, and the Consumer Defendants would have the opportunity to file their own Rule 72 objections before any documents could be unsealed.

On December 20, 2021, the Consumer Parties notified the Court that they had reached a settlement and filed a Joint Motion to Stay Proceedings in the Consumer Case.  Dkt. 2204.  Of note, the Joint Motion sought a stay of "all pending motions and objections." *Id.*  The Court granted the Joint Motion on December 21, 2021.  Dkt. 2206.

On January 4, 2022, the Securities Plaintiff filed this Motion for Partial Reconsideration of the Order Staying All Non-Settlement Proceedings in Consumer Action or in the Alternative to Unseal Documents (the "Motion" or "Mot.").  Dkt. 2210.  Through this Motion, Plaintiff belatedly seeks access to the documents sealed in connection with the substantive motions discussed above (the "Sealed Documents").

## ARGUMENT

### I.   The Securities Plaintiff's Motion for Reconsideration Should Be Denied.

#### A.  The Securities Plaintiff Lacks Standing to Seek Reconsideration.

As an initial matter, the Securities Plaintiff lacks standing to bring this Motion for Reconsideration.  Where, as here, a party moves for reconsideration "and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." *Srinivasan v. Snow*, 211 F. App'x 186, 190–91 (4th Cir. 2006).  Under either Rule, non-parties generally lack standing to move for reconsideration of such an order. *See In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *20 (E.D. Tex. Oct. 21, 2020) (denying non-party's motion for reconsideration for lack of standing and noting that result would be the same under either Rule

59(e) or Rule 60(b)); *see also In re Remington Park Owners Ass'n, Inc.*, 548 B.R. 108, 132 (Bankr. E.D. Va. 2016) (denying non-party's request for reconsideration under Rule 60(b) for lack of standing); *MCDP Phoenix Serv. PTE. Ltd. v. First Fin. Int'l Bank Inc.*, 2021 WL 3917032, at *2-3 (D.P.R. Sept. 1, 2021) (same); *Cadence Bank, N.A. v. Horry Properties, LLC*, 2012 WL 2917111, at *2 (D.S.C. July 17, 2012) (denying Rule 59(e)) motion for lack of standing); *In re Lease Oil Antitrust Litig. (No. II)*, 2008 WL 356505, at *2 (S.D. Tex. Jan. 30, 2008) (same).  The Securities Action has been consolidated into this MDL, but Plaintiff Shamoon is not a party to the Consumer Case—the case in which the order Plaintiff Shamoon seeks reconsideration of was entered. *Compare* Dkt. 279 ¶ 1 (describing the nature of the Securities Plaintiff's claims) *with* Dkt. 971 ¶¶ 1–5, 10–25 (describing the nature of the Consumer Plaintiffs' claims and listing the parties to the Consumer Case); *see also* Dkt. 2206 (stating that the stay order Plaintiff Shamoon challenges "Relates to the CONSUMER CASES").  Plaintiff Shamoon accordingly lacks standing to move for reconsideration of that stay.

### B.  The Motion for Reconsideration Is Untimely Under Rule 59(e).

The Motion should also be denied as untimely.  Although Plaintiff Shamoon (perhaps strategically) declines to make explicit whether he seeks reconsideration under Rule 59(e) or 60(b), he refers to the standard used to assess motions for reconsideration under Rule 59(e).  *See* Mot. at 5 n.3 (setting out standards for motions for reconsideration under Rule 59(e)); *see also Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (same); Fed. R. Civ. P. 60(b) (setting out different factors); *Smarr v. Hooks*, 2021 WL 2209123, at *2 (W.D.N.C. June 1, 2021) (same).  Additionally, Plaintiff Shamoon seeks "partial reconsideration" of the Court's December 21, 2021 Order *only* so that Judge Trenga can decide the Consumer Plaintiffs' Rule 72(a) Objection to the Court's October 18, 2021 Order (*i.e.*, the order staying consideration of the sealing motions).

This confirms that his Motion is, effectively, a belated Rule 59(e) motion for reconsideration of the October 18 Order. That being the case, Plaintiff Shamoon had only 28 days from the date of the Court's October 18, 2021 Order to move for reconsideration. Fed. R. Civ. P. 59(e). He did not do so. Accordingly, his Motion is untimely by almost two months and should be denied. *See Thomas v. Warden of McCormick Corr. Inst.*, 2021 WL 2283879, at *2 (D.S.C. June 4, 2021) (denying Rule 59(e) motion for reconsideration as untimely); *Felton v. Albemarle Reg'l Health Servs.*, 2021 WL 2324792, at *1 (E.D.N.C. June 7, 2021) ("To the extent the Feltons seek reconsideration under Federal Rule of Civil Procedure 59, the motion is untimely.").

### C. The Securities Plaintiff Is Not Entitled to the Extraordinary Remedy of Reconsideration on the Merits.

Even if not procedurally barred, Plaintiff Shamoon's Motion for Reconsideration should be denied on the merits. "A motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Zaklit v. Glob. Linguist Sols., LLC*, 2014 WL 4161981, at *2 (E.D. Va. Aug. 19, 2014) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Because "motions for reconsideration of interlocutory orders have the propensity to waste judicial resources and hinder the efficient administration of justice," this Court only grants such motions under three narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." *Integrated Direct Mktg., LLC v. May*, 2016 WL 7334278, at *1 (E.D. Va. Aug. 12, 2016) (internal citation omitted).

None of these circumstances is present here. In fact, Plaintiff Shamoon does not even identify which prong of the three-factor test he contends is applicable. He merely states that he

"did not have the opportunity to be heard" on this issue (Mot. at 5–6), which is (i) incorrect[4] and (ii) immaterial, given that (a) the Sealed Documents were filed in the Consumer Case, (b) Plaintiff Shamoon is not party to the Consumer Case, and (c) none of his rights are at stake in the Consumer Case.  The entire premise of Plaintiff Shamoon's request for reconsideration is misguided for these very reasons.  For instance, while Plaintiff Shamoon complains that he "did not sign the notice,[5] was not consulted or informed in advance, and does not consent to the stay the Consumer Parties requested" (*id.* at 5), he simultaneously acknowledges that his "Securities Complaint does not raise any claims on behalf of Capital One customers" (*id*. at 3).  Clearly, the Parties' Joint Motion to Stay Proceedings (Dkt. 2204) and the Court's subsequent order granting it (Dkt. 2206) apply only to the Consumer Case.  Because Mr. Shamoon does not represent any Capital One customers, his consent to the Consumer Parties' joint motion was not required.  And he has no right to insert himself into that case now and seek reconsideration of a motion to which he was not party and failed to timely oppose.

Finally, while Mr. Shamoon acknowledges that a motion for reconsideration should not be used by a "part[y to] rehash [its] previous arguments," he proceeds to do precisely that.  He quotes at length from Consumer Plaintiffs' Rule 72(a) Objections (*see, e.g.*, Mot. at 4, 6, 8), which itself largely repeated the arguments Consumer Plaintiffs made before Judge Anderson in the first instance.  But the effort falls flat.  Because Mr. Shamoon cannot point to any "intervening change

---

[4] As explained below, *see infra* Section II.A, Plaintiff Shamoon *did* have the "opportunity to be heard" in relation to the underlying motions to seal.  Local Rule 5(C) sets out an orderly procedure under which parties and non-parties may submit memoranda opposing or supporting a motion to seal.  Plaintiff Shamoon simply never availed himself of that opportunity.  Nor was it the role of the Consumer Plaintiffs to represent Plaintiff Shamoon's interests regarding the motions to seal.

[5] Given the context, Mr. Shamoon's reference to "the notice" presumably refers to the Consumer Parties' Joint Motion to Stay Proceedings (Dkt. 2204).

in controlling law," "new evidence," or "manifest injustice," his Motion for Reconsideration must be denied. *See Integrated Direct*, 2016 WL 7334278, at *1.

## II.     The Securities Plaintiff's Motion to Unseal Should Be Denied.

The Securities Plaintiff's Alternative Motion to Unseal should likewise be denied because (i) it too is untimely, and (ii) even if it were not, it would fail on the merits.

### A.  The Securities Plaintiff's Motion to Unseal Is Untimely.

The Court's Local Rules clearly prescribe when a party or non-party can request the unsealing of a document that has been filed provisionally under seal: the time to do so is "within seven (7) days after the filing of the motion to seal[.]" E.D. Va. L. Civ. R. 5(C). Here, the first of the eleven motions to seal at issue was filed on July 30, 2021, and the last was filed on August 23, 2021. The Securities Plaintiff's time to object, therefore, expired between four-and-a-half and five-and-a-half months ago. *See* Dkts. 1786; 1915. Plaintiff Shamoon's counsel is registered to receive notifications from the Court's CM/ECF's system each time a filing is made in the MDL— and thus had actual knowledge of the deadline to object to each of the underlying motions to seal via a notice inviting "[p]arties and non-parties [to] submit memoranda in support of or in opposition to" the motion "within seven (7) days" of its filing. *See* Dkts. 1788; 1792; 1804; 1811; 1831; 1837; 1845; 1883; 1891; 1892; 1917.

Rather than making his views on the sealing motions known when he was required to, the Securities Plaintiff opted to sit silent while the Consumer Plaintiffs opposed the sealing motions. *See* Mot. at 22.[6] Now that the Consumer Parties have announced that they have reached a

---

[6] In addition to not filing a response to any of the underlying motions to seal, Plaintiff Shamoon did not appear at the publicly noticed hearing the Court held on those motions. *See* Dkt. 1929 (providing notice of the hearing); Dkt. 1957, 9/10/2021 Hr'g Tr. at 1–2 (noting appearances at the hearing). He likewise did not oppose Defendants' joint motion to stay a decision on the pending

settlement, the Securities Plaintiff apparently regrets that tactical choice.  The Court, however, should not reward the Securities Plaintiff's conscious decision to free ride on earlier arguments asserted by the Consumer Plaintiffs by allowing him to address sealing issues now.  *See Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014) (affirming denial of motion to intervene where non-party monitored the proceedings at issue and made a tactical choice not to involve itself); *Scott v. Bond*, 734 F. App'x 188, 191-92 (4th Cir. 2018) (affirming court's refusal to allow a non-party to intervene in a case post-settlement because of an intervenor's potential to "derail[] a lawsuit within sight of the terminal" and because such intervention would prejudice the existing parties by potentially "threaten[ing] the delicate balance [they] reached . . . after protracted negotiations").[7]

In an attempt to justify his dilatory conduct, the Securities Plaintiff cites *BP Exploration & Production, Inc. v. Claimant ID 100246928*, 920 F.3d 209, 212 (5th Cir. 2019) for the proposition that "it is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access" and *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) for the proposition that "arguments against sealing cannot be waived."  Mot. at 22. Neither case is persuasive.  The portion of *BP Exploration & Production* that Plaintiff Shamoon cites simply stands for the proposition that a "sealing agreement by the parties should not bind" the decisions a court makes on sealing issues.  920 F.3d at 211.  The same is true of *Shane*—that opinion merely explains that even where a party or non-party does not oppose a motion to seal, a court has an independent obligation to ensure that sealing is proper.  825 F.3d at 307 ("A court's

---

motions to seal (Dkt. 2004), even though the Consumer Plaintiffs filed such an opposition and even though he now seeks to force a ruling on the issues that order stayed.  *See* Dkt. 2209-1.

[7] *Alt* and *Scott* arose in the context of motions to intervene under Rule 24.  Even though Plaintiff Shamoon may not have been technically required to file a formal motion to intervene in the Consumer Case (due to his case's consolidation into the MDL), *Alt* and *Scott* are instructive here because they demonstrate that courts look with disfavor on late-breaking attempts by non-parties to insert themselves into disputes.

13

obligation to keep its records open for public inspection is not conditioned on an objection from anybody."). And although the *Shane* Court declined to accept a party's argument that a motion to unseal was untimely, *see id.*, that decision can be attributed to the different facts *Shane* involved. *Shane* concerned a motion to unseal filed by a group of intervenors who were not involved in the underlying litigation. *See id.* at 304 (explaining that parties seeking relief in *Shane* "sought to unseal the court record by means of a motion to intervene for that limited purpose"). Unlike the Securities Plaintiff here, then, the intervenors in *Shane* did not have notice of the sealing issues they sought to contest when those issues first arose, nor did they have the opportunity to object before the sealing issues were resolved by the district court.[8]

Here, the Securities Plaintiff had ample opportunity to assert any rights he believes he has with respect to the sealing motions filed in the Consumer Case months ago; he chose not to do so. *See* Mot. at 22. Defendants do not contest that the Court has an obligation to review the parties' filings and decide whether sealing is warranted under the applicable standard independent of any agreements the parties have made. Rather, Defendants contend that, given the Securities Plaintiff's prior decision *not* to address the motions to seal—which makes this case quite unlike *Shane*—the Securities Plaintiff should not now be permitted to make those arguments months after the motions were filed. Indeed, the Securities Plaintiff's failure to raise sealing issues before this late stage of the Consumer Case supports the inference that his present Motion is designed primarily to end-run the PSLRA's discovery stay, *see infra* Section II.C, or to create leverage by threatening to reveal

---

[8] *Shane* is also distinguishable for reasons unrelated to the timeliness issue. For example, *Shane* involved the wholesale sealing of pleadings (not just exhibits) with no corresponding justification from the parties seeking sealing. 825 F.3d at 306–07. Here, in contrast, only limited factual information has been redacted from pleadings and only certain exhibits to those pleadings have been sealed. Defendants also submitted extensive memoranda and declarations justifying the sealing of these materials. *See* Dkts. 1991; 1991-1; 1992; 1992-1; 1992-2; 1992-3; 1992-4.

"sources of business information that might harm [Capital One's] competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (describing circumstances under which access to court records should not be granted).

Because the proper time for Plaintiff Shamoon to make sealing-related arguments elapsed months ago, the Court should deny his Motion to Unseal as untimely.  *See Sikorsky Aircraft Corp. v. United States*, 112 Fed. Cl. 313, 316 (2013) (denying motion to unseal as untimely); *United States v. Stokes*, 2009 WL 2407679, at *1 (E.D.N.C. Aug. 5, 2009) (same).

**B.  The Securities Plaintiff's Motion to Unseal Fails on the Merits.**

Even if the Securities Plaintiff's Motion to Unseal were not untimely, it still fails.  Most of Plaintiff Shamoon's arguments have already been made by the Consumer Plaintiffs, considered by this Court (often multiple times), and rejected.  The few new arguments the Securities Plaintiff offers are meritless, and the additional case law he cites is either inapposite or from outside of this circuit (or both).  At bottom, the Securities Plaintiff cannot point to any compelling reason for this Court to reconsider its October 18, 2021 Order or unseal any documents at this time.

**1.  All Three Reasons the Court Entered the October 18, 2021 Order Still Apply.**

In its October 18, 2021 Order, this Court decided to "defer any action on [the motions to seal] until further action by the District Judge" for three reasons: (1) "the[] motions to seal involve filings related to motions that may never be decided by the court," (2) "plaintiffs' counsel has access to the documents" at issue, and (3) "no opposition to the[] motions to seal ha[d] been asserted by any nonparty."  Dkt. 2050 at 3.  The Securities Plaintiff argues that two of these three reasons "[n]o [l]onger [a]pply."  *See* Mot. at 7–8.  But this contention is demonstrably false.

First, the Securities Plaintiff argues that this Court's finding that "no member of the public had sought to unseal" the materials at issue is no longer true in light of Plaintiff's instant Motion and an amicus brief filed by a journalist advocacy group (*see* Dkt. 2143, Reporters Committee's

Motion for Leave).  But as Defendants have shown, the Securities Plaintiff's objection is untimely and procedurally barred.  *See supra* Section II.A.  And the Reporters Committee's amicus brief was merely filed "in support of [the Consumer] Plaintiff[s]'objections" (Dkt. 2143-1 at 1), which have been stayed and will no longer be pursued by the Consumer Plaintiffs.  Thus, there are still no *timely*, *procedurally proper* objections from the public regarding the sealing motions.

Second, the Securities Plaintiff argues that the Consumer Plaintiffs' access to the documents is immaterial because the Consumer Plaintiffs objected "on behalf of the public."  Mot. at 7-8.  But the Consumer Plaintiffs represent their own interests, not those of "the public."  Local Rule 5(C) and the public notices that accompany motions to seal set out the procedures through which the public may raise objections to a party's motion to seal.  The Securities Plaintiff did not avail himself of these procedures.  *See also supra* Section II.A.  Even if the Consumer Plaintiffs did represent the public at large (and they do not), this would not change the basis for this Court's Order—Consumer Plaintiffs had, and still have, access to the Sealed Documents.  Dkt. 2050 at 3.

### 2.  The First Amendment Right of Access Does Not Attach Until the District Court Considers or Relies on the Sealed Documents.

The Securities Plaintiff's assertion that the mere filing of documents triggers the First Amendment right of access is simply wrong.  *See* Mot. at 8–11, 11–18.  As Defendants have explained—and as this Court has implicitly found (*see* Dkt. 2050 at 2–3)—there is no public right of access to materials that a court does not consider or rely on in adjudicating substantive rights. *See In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (table), 1995 WL 541623, at *3–4 (4th Cir. Sept. 13, 1995) (holding that documents filed in connection with a motion to dismiss were not judicial records because they were not considered by the court in adjudicating the motion); *id.* ("Neither the Supreme Court nor this Court has ever ruled that the mere filing of a document triggers the First Amendment guarantee of access."); *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806

(M.D.N.C. 2013) ("[T]o the extent the Court does not rely on the information in reaching its decision, no right of access applies.").  Pursuant to this authority, courts in the Fourth Circuit routinely seal (or leave sealed) dispositive motion exhibits that are not considered or relied upon by the court.[9]

The logic of these cases applies with special force here.  In light of the Consumer Parties' forthcoming settlement, the Court has not—and likely *will never*—decide their dispositive motions.  The materials at issue will thus play no "role in the adjudicative process" and will not be used to "adjudicate substantive rights."  *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).  Accordingly, the public (and, by extension, Plaintiff Shamoon) has no right to access them.

Seeking to avoid this straightforward conclusion, Plaintiff Shamoon devotes almost half of his brief to attacking it.  *See generally* Mot. at 8–18.  For instance, Plaintiff Shamoon claims that Fourth Circuit courts "typically decide motions to seal documents . . . before the dispositive motions are decided," pointing to *McPike v. Zero-Gravity Holdings, Inc.*, 2018 WL 10436601 (E.D. Va. Mar. 27, 2018) and other cases.  Mot. at 10; *see also* Mot. at 8–9.  But many of Plaintiff's *own cases* in fact defer ruling on sealing issues until *after* the court has decided substantive

---

[9] *See, e.g.*, *Jones v. Lowe's Cos.*, 402 F. Supp. 3d 266, 292–93 (W.D.N.C. 2019) (denying motion to unseal excerpts of summary judgment exhibits where the court "did not rely" on said excerpts); *Jackson v. JTM Capital Mgmt., LLC*, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021) ("[B]ecause any other information is not specifically necessary to the resolution of the Motion for Summary Judgment . . . the Court will seal the specific exhibits as filed with the Motion for Summary Judgment."); *Syngenta Crop Protection, LLC v. Willowood, LLC*, 2017 WL 1745531, at *3 (M.D.N.C. May 4, 2017) ("The parties seek to seal several exhibits on which the Court did not rely to determine the relevant evidentiary and summary judgment motions.  Because the Court did not rely on these exhibits, they were not part of the adjudicative process.  Therefore, these exhibits are not judicial records and the public does not have a right to access them."); *Reyazuddin v. Montgomery Cnty.*, 7 F. Supp. 3d 526, 560 (D. Md. 2014) (granting motion to seal personnel records in part because the court did not rely on the substance of the documents in ruling on summary judgment), *rev'd in part on other grounds*, 789 F.3d 407 (4th Cir. 2015).

motions.[10]  These cases, and the authorities cited by Defendants, confirm that the right of access does not attach until a court considers or relies on the documents in question—and thus, it is entirely appropriate to decide motions to seal after resolving the associated dispositive motion. *See supra* pp. 16–17 & n.9.

More to the point, Plaintiff Shamoon's position—and most of his case law—is based on a misunderstanding of Fourth Circuit authority.  Plaintiff Shamoon asserts that "[t]he Fourth Circuit has consistently held that the presumption of access applies when the documents are *filed*," citing *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249 (4th Cir. 1988).  Mot. at 9 (emphasis added); *see also id.* at 11–14 (making similar argument).  But *Rushford* is not the Fourth Circuit's final word on this subject.  The Fourth Circuit clarified its jurisprudence in *In re: Policy Management Systems Corp.*, 67 F.3d 296 (4th Cir. 1995), which held that the First Amendment right of access did not attach to documents that were *filed* with a motion to dismiss but not *considered* by the court. Similarly, *In re Application* reconciled *Rushford* and *Policy Management Systems* and held that documents are judicial records only if they play a role in the adjudicative process or are used to adjudicate substantive rights.  *See* 707 F.3d at 291; *see also supra* pp. 16–17 & n.9 (collecting cases).

---

[10] *See, e.g.*, *Bayer CropScience Inc. v. Syngenta Crop Protection, LLC*, 2013 WL 12108073 (M.D.N.C. Sept. 30, 2013) (deciding motions for preliminary injunction almost three weeks before deciding related sealing issues); *Design Resources, Inc. v. Leather Indus. Am.*, 2014 WL 4159991 (M.D.N.C. Aug. 19, 2014) (deciding motion for partial summary judgment on same day as related sealing issues); Order at 1, *IVS Grp., Inc. v. The All Am. Silo Co., LLC*, (S.D. W. Va. Jan. 25, 2019), ECF No. 132 (stating "the court will resolve the sealing matter in due course . . . while the court evaluates the dispositive motions . . . ."); *See also* Oral Order, *Clark v. Quesinberry*, No. 7:20-cv-00057 (W.D. Va. May 12, 2021), ECF No. 45 ("Defendant Donnelly filed a motion for summary judgment.  This motion has since been dismissed as moot now that the claims against Donnelly have been dismissed with prejudice.  As such, Exhibit E to Brief in Support of Motion for Summary Judgment shall be *permanently sealed as the motion for summary judgment and accompanying exhibits are now moot*." (emphasis added) (internal citations omitted)).

Here, the Sealed Documents have not, and likely will never, be used in the adjudicative process or to adjudicate substantive rights. *See id.* The cases the Securities Plaintiff cites in support of the argument that this Court should decide sealing issues *before* resolving the Consumer Parties' dispositive motions rely erroneously on *Rushford* alone and/or ignore the Fourth Circuit's decisions in *Policy Management Systems Corp.* and *In re Application*.[11]

The Securities Plaintiff also relies on out-of-context snippets from *Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014) to argue that this Court must "adjudicat[e]" sealing issues "prompt[ly]." *See* Mot. at 9–10. But *Doe* is distinguishable in that it involved far more extensive sealing than is at issue here. In *Doe*, the district court sealed, "in their *entireties*," almost every single document on the docket, including:

> (1) the pleadings and attachments thereto; (2) the motions, related briefing, and exhibits supporting (i) Company Doe's motion for a preliminary injunction, (ii) the Commission's motion to dismiss, (iii) Company Doe's motion to amend its complaint, and (iv) the parties' cross-motions for summary judgment; and (3) the amended pleadings as well as numerous other residual matters.

*Id.* at 266 (emphasis added). Likewise, the court filed its memorandum opinion "with redactions to virtually all of the facts, the court's analysis, and the evidence supporting its decision." *Id.* at 267. And finally, these documents—virtually the entire docket—were left under seal in their

_____

[11] *See Waste Mgmt., Inc. v. Great Divide Ins. Co.*, 2018 WL 10454868, at *2 (E.D. Va. May 1, 2018) (ignoring relevant authority); *Robinson v. Bowser*, 2013 WL 3791770, at *3 (M.D.N.C. July 19, 2013) (ignoring relevant authority and citing *Rushford*); *Hopeman Bros., Inc. v. Cont'l Cas. Co.*, 2017 WL 11510381, at *2 (E.D. Va. Dec. 28, 2017) (ignoring relevant authority); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 427 (M.D.N.C. 2011) (citing *Rushford*); *Pagidipati Enters., Inc. v. Lab'y Corp. of Am. Holdings*, 2011 WL 5289725, at *2 (M.D.N.C. Nov. 2, 2011) (ignoring relevant authority and citing *Rushford*); *Pax Mondial Ltd. v. Afghan Res. Grp.*, 2012 WL 13028561, at *1 (E.D. Va. July 27, 2012) (same); *Nielson v. Portfolio Recovery Assocs., LLC*, 2019 WL 2513722, at *1–2 (D.S.C. June 18, 2019) (same); *Benjamin v. Sparks*, 2018 WL 4113338, at *6 (E.D.N.C. Aug. 28, 2018) (same); *Norris v. PNC Bank, N.A.*, 2021 WL 5955820 (D. Md. Dec. 16, 2021) (same); *Sempowich v. Tactile Sys. Tech., Inc.*, 2020 WL 2789792, at *2 (E.D.N.C. May 29, 2020) (relying on *Rushford* despite correctly identifying *In re Application*); *McPike*, 2018 WL 10436601, at *1 (similar).

19

entirety for "nine months." *Id.* at 272.  Thus, the *Doe* court's statement that "the work of the courts is subverted" when courts delay sealing determinations (*id.*)—which Plaintiff Shamoon quotes without providing any context—must be understood in light of the extreme facts at issue in that case.[12]  Moreover, nothing in *Doe* is inconsistent with this Court's decision to stay proceedings or defer ruling on the sealing issues.  In fact, *Doe* recognizes that the First Amendment right of access applies "only to *particular* judicial records and documents," *id.* at 266 (emphasis added), and requires only that district judges make sealing determinations "as expeditiously as possible," *id.* at 272–73.  Here, no "expeditious[]" ruling is required because the right of access does not (and will never) attach to the documents at issue.  *See supra* pp. 16–17 & n.9.

The Securities Plaintiff's remaining cases and arguments are easily dispensed with.  The numerous out-of-circuit cases are not binding on this Court and are not persuasive in any event.  *See* Mot. at 9, 13, 16–17 (citing out-of-circuit cases).  The case of *Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136 (D. Md. 2011) dealt with confidentiality designations under a Rule 26 protective order, *not* sealing—it is thus completely inapposite, as Plaintiff Shamoon's own authority recognizes.  *See Bayer Cropscience*, 979 F. Supp. 2d at 655 (noting that the parties "briefs in support of the motions to seal . . . focus on the standard for a protective order rather than the sealing of court records").  The case of *Courthouse News Serv. v. Schaefer*, 2 F.4th 318 (4th Cir. 2021), concerns whether the First Amendment right of access

---

[12] As with *Doe*, many of the Securities Plaintiff's cases are further inapposite because they deal with a party seeking to file entire briefs, or even all dispositive briefing, under seal.  *See, e.g.*, *Waste Mgmt.*, 2018 WL 10454868, at *2 (noting parties' "request to file all summary judgment briefing under seal"); *IVS Grp., Inc. v. All Am. Silo Co., LLC*, 2019 WL 8334609, at *1 (S.D.W. Va. Jan. 4, 2019) ("Pending is the parties' joint motion to file dispositive motion briefing under seal[.]"); *Rothman v. Snyder*, 2020 WL 7395488, at *2 (D. Md. Dec. 17, 2020) ("It is clear that Court cannot seal the entire case in one fell swoop . . . as Plaintiffs' motion to seal would have it.").  By contrast, the Consumer Defendants have only ever sought the limited, targeted sealing of material.

attaches to a complaint—a question that is not before this Court.  And in *United States v. Carolina Comprehensive Health Network*, 2021 WL 325705 (M.D.N.C. Feb. 1, 2021), the court neither applied the First Amendment standard nor dealt with a dispositive motion.[13]

Finally, Plaintiff Shamoon makes a policy argument that "taxpayers" and "students of the judicial system" have a "right to know" about the "enormous expenditure of judicial resources" occasioned by this MDL.  Mot. at 17.  This argument provides no basis for unsealing Defendants' confidential, sensitive documents.  And it is ironic, to say the least, for Plaintiff Shamoon to feign indignation at the expenses caused by this MDL when he himself filed a meritless securities fraud class action against Capital One and now seeks to unseal documents (on behalf of the "public") that he will undoubtedly seek to use to amend his complaint and attempt to trigger *more* litigation.

### 3. Even if the Court Agrees to Rule on the Sealing Issues, the Securities Plaintiff Is Not Entitled to the Sealed Documents.

Even if the First Amendment right of access attached the moment a document were filed— and it does not—the right still would not apply to documents filed in connection with the Consumer Parties' briefing on class certification and Article III standing.  Courts in this circuit squarely hold that the First Amendment standard *does not* apply to documents filed in connection with class certification.  *See, e.g.*, *Hatch v. Demayo*, 2020 WL 1676953, at *2 (M.D.N.C. Apr. 6, 2020) ("'There does not appear to be a First Amendment right of access' to briefs and exhibits filed in connection with a motion for class certification." (citation omitted)); *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728–29 (M.D.N.C. 2013) ("The Court has located *no case* finding

---

[13] The Securities Plaintiff's discussion of the "experience and logic test," Mot. at 16–18, is redundant in light of authority squarely holding that the First Amendment right of access attaches to summary judgment materials and does not apply to class certification materials.  *See supra* pp. 16–17 & n.9, *infra* pp. 21–22; *see also* Mot. at 16 (acknowledging "the Court need not apply the experience and logic test").

a First Amendment right of access to class certification briefing and exhibits, and the Court will not find such a right today." (emphasis added)).  As for the Consumer Parties' standing briefs, this Court's determination of its own subject matter jurisdiction is not an adjudication of Consumer Plaintiffs' substantive rights, so no First Amendment right of access attaches.[14]

Additionally, as for those documents to which the First Amendment applies, they should remain sealed because they meet the applicable standard.  The Sealed Documents contain cybersecurity-sensitive information, confidential business information, and trade secrets and are thus properly protected under the First Amendment standard.  *See, e.g., Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581–82 (E.D. Va. 2009) (proprietary rights in trade secrets); *United States ex rel. Kelly v. Serco, Inc.*, 2014 WL 12675246, at *2–4 (S.D. Cal. Dec. 22, 2014) (sealing "a variety of sensitive technical information" that "could be used by persons seeking to do harm [to] the United States" under First Amendment standard); Dkt. 1957, 9/10/2021 Hr'g Tr. at 8:25–9:2 (stating "information that relates to the current [technology] architecture and system that is in place" satisfies the First Amendment standard); *id.* at 9:12–19 (same, with respect to information relating to "remediation efforts").

Pursuant to this Court's instructions, the Consumer Defendants submitted Confidential Memoranda and supporting declarations setting out in document-by-document, page-by-page, and redaction-by-redaction detail precisely the information that must be protected.  *See* Dkt. 1991 (Capital One's Confidential Memorandum); Dkt. 1992 (Amazon's Confidential Memorandum). Accordingly, the materials at issue should remain sealed in any event.

---

[14] Notably, it appears the Securities Plaintiff is not attempting to unseal materials filed with the Consumer Parties' subject matter jurisdiction briefing.  *See* Mot. at 1 (moving "in the alternative to unseal certain documents filed in connection with the parties' motions for summary judgment or class certification" and making no mention of the standing briefing).

### 4. The Sealed Documents Are Not Necessary for Putative Class Members to Evaluate the Proposed Settlement.

Finally, the Securities Plaintiff asserts at length—and without support—that the Sealed Documents will be "evaluated" by the Court and by absent class members in the course of approving the forthcoming settlement agreement. Mot. at 18–22. That is incorrect. As an initial matter, the Sealed Documents contain security-sensitive information, confidential business information, and trade secrets that are protected under even the First Amendment standard (and thus should be kept out of the public record in any event). *See supra* Section II.A.3. The Securities Plaintiff cannot explain how these materials—which contain information such as the names of security vendors and highly technical details regarding Capital One's current cybersecurity architecture—will need to be "evaluated" by either the Court or absent class members.

Moreover, the information that absent class members will *actually* use to evaluate any settlement is already public. The Consumer Parties' substantive briefs are on the public docket and contain only limited, targeted redactions. What's more, the pertinent technical details of the Cyber Incident are already public—and have been for years. *See, e.g.*, Robert Krebs, *What We Can Learn from the Capital One Hack*, Krebs on Security (Aug. 2, 2019), https://krebsonsecurity.com/2019/08/what-we-can-learn-from-the-capital-one-hack/. Absent class members thus already have all the information they need to "evaluate" any settlement the Consumer Parties reach.

The Securities Plaintiff relies extensively on *In re Interior Molded Doors Antitrust Litigation*, 2020 WL 7259153 (E.D. Va. Dec. 10, 2020), to argue that the forthcoming settlement mandates the unsealing of these materials, but that case is distinguishable on multiple grounds. To begin, the defendants in *Interior Molded Doors* failed to make *any* showing that the expert reports at issue should remain sealed under *any* standard. *See id.* at *6 ("Under either the common law or

23

the First Amendment, the defendants do not offer reasons that outweigh the interest in public

disclosure.").  That plainly is not the case here.  Additionally, the court in *Interior Molded Doors*

relied on the sealed expert reports in the course of approving the proposed settlement.  *See id.* at

*5 ("[T]he Court has made that [probable cause] finding, based in part on the expert witness reports

that the plaintiffs filed in court"); *id.* (noting the court assessed the expert reports "[i]n a hearing

on the proposed settlements").  Here, by contrast, there is no proposed settlement agreement; there

has been no hearing on a proposed settlement; and the Court has not relied on or considered the

materials at issue in the course of approving a proposed settlement.  Finally, the expert reports at

issue in *Interior Molded Doors* contained damages calculations that were integral to assessing the

fairness, reasonableness, and adequacy of the proposed settlement.  *See id.* at *5 ("[T]he Court

asked plaintiffs' counsel to explain how the damages described by the experts related to the amount

of the proposed settlement").  The same is not true here.  The materials at issue contain security-

sensitive information, confidential business information, and trade secrets that have no bearing on

assessing the fairness of the settlement.  *See supra* Section II.A.3.[15]

### C. The Securities Plaintiff's Motion to Unseal Violates the PSLRA's Automatic Stay of "Discovery and Other Proceedings."

Although the Securities Plaintiff claims to seek unsealing in order to vindicate "the public's

right of access" to the Sealed Documents (Mot. at 7), he tacitly concedes that the true purpose of

---

[15] The cases the Securities Plaintiff relies on in this regard are inapposite and come predominantly from outside of this circuit.  In *Stone v. University of Maryland Medical System Corp.*, the parties moved to seal the entire record case except for the complaints and answers, which the district court granted "[i]n a one-sentence order" issued "the next day" without any hearing or reasoning.  855 F.2d 178, 180 (4th Cir. 1988).  Nothing resembling that situation is before this Court.  *Cross Creek Seed, Inc. v. Gold Leaf Seed Co.*, involved a retroactive motion to seal material in multiple filings that had already been public for months and that the court had already relied on to litigate the parties' motion to dismiss briefing.  2018 WL 1116565, at *1–4 (M.D.N.C. Feb. 26, 2018).  It could not be more different from this case.

his Motion is to allow him to discover documents he hopes to use to amend his complaint (or assess the desirability of such an amendment).[16] That course of action is precluded by the PSLRA, which imposes an automatic stay of "all discovery and other proceedings" during the pendency of a motion to dismiss.  15 U.S.C. § 78u-4(b)(3)(B).

The Securities Defendants' motion to dismiss the Securities Complaint has been fully briefed and pending decision since April 2020.  And all of the Sealed Documents were produced in the course of discovery in the Consumer Case[17]—so they are encompassed by the statutory prohibition.  If the Securities Complaint survives the Securities Defendants' motion to dismiss, then the Securities Plaintiff will receive those documents that are relevant to his claims, pursuant to an appropriate protective order.  The Court should reject the Securities Plaintiff's attempt to circumvent the PSLRA under the guise of the public interest.

The automatic stay is a centerpiece of the PSLRA.  It serves to ensure "that a plaintiff in a securities fraud action plead specific facts based on actual knowledge, and *not on knowledge acquired through discovery*."  *In re Spectranetics Corp. Sec. Litig*., 2009 WL 3346611, at *1 (D. Colo. Oct. 14, 2009) (emphasis added).  In other words, a securities plaintiff must demonstrate that he can survive a motion to dismiss *without* the benefit of discovery.  *See, e.g.*, *In re Carnegie Int'l Corp. Sec. Litig*., 107 F. Supp. 2d 676, 683 (D. Md. 2000) ("The intent of the PSLRA is served by a stay of discovery until the defendants have the *opportunity* to test the sufficiency of the complaint under the orderly procedures provided by the rules and court orders.") (emphasis in original);

---

[16] *See* Mot. at 23 (arguing that "us[ing] material from the unsealed materials to bolster [a] pleading[]" is not an improper circumvention of the PSLRA).

[17] One of the Sealed Documents—the slide deck the Consumer Plaintiffs used while presenting oral argument on their Motion for Class Certification, Dkt. 1791-8—was not produced during discovery.  But it contains quotations from and screenshots of an array of confidential documents that were produced during discovery.  *See* Dkt. 1991 at 33–34.

*Rampersad v. Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131, 134 (S.D.N.Y. 2003) (noting that "the purpose of the PSLRA stay" is to "permit[] [discovery] in securities actions only after the court has sustained the legal sufficiency of the complaint") (internal citation omitted).

The Securities Defendants filed their motion to dismiss the Securities Complaint on February 18, 2020 (Dkt. 318), and it remains pending. Because the automatic stay provision of the PSLRA remains in effect during "the pendency of any motion to dismiss," 15 U.S.C. § 78u-4(b)(3)(B), it plainly applies here. In fact, this Court has already held on the record that the Securities Plaintiff is not entitled "to participate in the discovery schedule" put in place for the Consumer Case. *See* Dkt. 305, 1/29/2020 Hr'g Tr. at 36:5–17; *see also id.* at 18–19 ("Judge Trenga: Once we get past the motions to dismiss, then we'll decide what we need to do."). For purposes of the PSLRA's automatic stay, nothing has changed since that hearing—the motion to dismiss remains pending; the stay remains in effect.

The Securities Plaintiff contends the PSLRA stay does not apply because "the motion to unseal is neither 'discovery' nor a related 'proceeding.'" Mot. at 22. But that interpretation conflicts with the plain language of the statute. "The reference in the statute to a stay of 'all discovery' is to be interpreted broadly," *Fazio v. Lehman Bros., Inc*., 2002 WL 32121836, at *2 (N.D. Ohio May 16, 2002), and courts have, accordingly, imposed the stay in a range of different scenarios. *See, e.g.*, *id.* (holding that the PSLRA stay applies "even as to discovery against co-defendants who have not filed motions to dismiss"); *In re Mut. Funds Inv. Litig*., 2005 WL 697022, at *1 (D. Md. Mar. 11, 2005) (interpreting PSLRA stay to preclude discovery on non-securities-fraud claims); *In re Cree, Inc. Sec. Litig*., 220 F.R.D. 443, 446 (M.D.N.C. 2004) (extending PSLRA stay to prohibit discovery from non-parties). The PSLRA contains no special exception for motions to unseal.

26

In arguing otherwise, the Securities Plaintiff relies on three non-controlling and distinguishable decisions. *See* Mot. at 22–24. He first cites the Sixth Circuit's *Shane* decision, discussed *supra*, which (i) is not a securities case examining the PSLRA, and (ii) involved the wholesale sealing of pleadings and exhibits that bears little resemblance to the sealing and redactions at issue here. More importantly, the holding in *Shane* on which the Securities Plaintiff relies—*i.e.*, its refusal to equate the unsealing of filed documents with "class members [taking] new discovery after settlement"—has no application here. *See Shane*, 825 F.2d at 307. Defendants do not contend that the Securities Plaintiff's unsealing request is an attempt to "take new discovery," as in *Shane*. Defendants contend that the PSLRA precludes the Securities Plaintiff from initiating court proceedings to obtain information derived from discovery *and using it to amend his complaint* before a decision on the already-pending motion to dismiss. The law squarely supports Defendants' position in this regard. *See, e.g., In re Spectranetics*, 2009 WL 3346611, at *7 ("*Any tactic* to achieve discovery solely for the purposes of bolstering one's chances of surviving a motion to dismiss or drafting a superior complaint . . . *is rejected under the PSLRA*.") (emphasis added).

The Securities Plaintiff next cites two cases that do address the PSLRA discovery stay, but neither is persuasive. In *Gubricky on behalf of Chipotle Mexican Grill, Inc. v. Ells*, securities plaintiffs sought to intervene in a derivative case (that was pending against that entity in a different federal court) for the purpose of unsealing certain documents. 2018 WL 1558264 (D. Colo. Mar. 26, 2018). The court granted in part the plaintiffs' motion to unseal, but it ordered only the removal of specific, limited redactions to the complaints that had been filed under seal in the derivative case. *See id.* at *4. The court's reason for doing so was simply that "the substance of numerous paragraphs [that were previously redacted] has already been publicly revealed" over the course of

the litigation.  *Id.* at *5.  In so holding, moreover, the court specifically noted that the securities plaintiffs "do not seek production of the Section 220 Demand responses (*i.e.*, *the documents underlying the redacted portions of the complaints*), but only the removal of redactions" from the pleadings themselves.  *Id.* at *3 (emphasis added).  In this case, however, the Securities Plaintiff seeks the underlying, produced documents themselves.

The final case relied on by Plaintiff Shamoon is *In re Marriott*, 2019 WL 4855202 (D. Md. Aug. 30, 2019), an MDL proceeding in which the District of Maryland granted securities plaintiffs' motion to unseal certain materials that had been filed in other litigation tracks.[18]  There are several reasons that Judge Grimm's decision in *Marriott* is not persuasive here.  First, unlike in this case, Judge Grimm ordered from the outset of *Marriott* that the securities plaintiffs could "rely on information that is publicly available, *including publicly available information derived from or based on discovery* produced in the other [MDL litigation] Tracks."  *Id.* at *1 (emphasis added).  Here, by contrast, the Court has already held that Plaintiff Shamoon is prohibited from participating in discovery.  *See* Dkt. 305, 1/29/2020 Hr'g Tr., at 36:5–17.  Second, the securities plaintiffs in *Marriott* had not even filed their operative complaint as of the time of Judge Grimm's ruling.  *See* Amended Complaint, No. 8:19-md-02879, at Dkt. 440 (reflecting that securities plaintiffs filed their operative complaint several weeks after Judge Grimm's order on unsealing).  In this case, by contrast, the Securities Defendants' motion to dismiss has been pending for nearly two years.  Third, as Plaintiff Shamoon notes, Judge Grimm's decision in *Marriott* rested on a determination that "motions to unseal are not 'discovery.'"  Mot. at 23.  That distinction may have made sense in *Marriott*, given that most of the documents at issue were merely pleadings.  *See*

---

[18] Specifically, the *Marriott* court ordered the unsealing of (i) amended complaints, (ii) a motion to dismiss, and (iii) an attachment to the motion to dismiss, all of which were filed in litigation tracks that were not subject to the PSLRA's discovery stay.  *Id.* at *1 n.2.

2019 WL 4855202, at *2 ("[P]leadings differ from discovery.").  But such a distinction does not make sense here, where all the materials at issue were produced in discovery.

Distinguishing between sealed materials and "discovery" in the manner urged by the Securities Plaintiff would require the Court to turn a blind eye to the true purpose of his Motion. Plaintiff Shamoon argues, in reliance on *Marriott*, that even though he plans "to use information from the unsealed materials to bolster [his] pleadings," that does not violate the PSLRA, because "[d]etermining whether something is discovery or not should not depend upon its desired use." Mot. at 23 (citing *Marriott*, 2018 WL 1558264, at *3).  This Court should not take so narrow a view.  Here, the Securities Plaintiff's "desired use" of the Sealed Documents—*i.e.,* to amend his complaint in order to state a viable securities fraud claim—is precisely what the PSLRA prohibits. *See Anderson v. First Sec. Corp.*, 249 F. Supp. 2d 1256, 1272 (D. Utah 2002) (striking new theory of liability from amended complaint where plaintiffs "impermissibly based their new claim on information obtained through discovery after the prior Complaint had been filed but before this court had sustained the legal sufficiency of the Complaint").

The better approach is embodied by *Smilovits v. First Solar Inc.*, 2016 WL 5682723 (D. Ariz. Sept. 30, 2016), in which the court rejected an argument similar to the one the Securities Plaintiff advances here.  In *Smilovits*, shareholders pursuing a derivative action sought to intervene and unseal documents in a related case, "hoping to find support for their demand futility claim." *Id.* at *2.  Because allegations of demand futility may not be based on facts learned in discovery, the shareholders in *Smilovits* argued—like the Securities Plaintiff here—that their request was based merely on the public's First Amendment "right[] to access documents in the public record." *Id.* at *4–5.  The Court disagreed, correctly holding that the "present motion is not a First Amendment inquiry from a *generally interested citizen*, but a clear attempt to avoid the Court's

previous rulings . . . . [and] maneuver around the well-accepted rule that 'discovery may not be used to supplement demand futility allegations.'" *Id.* at *5 (citation omitted) (emphasis added).

The same rationale applies here.  A central "purpose of the [PSLRA's] stay provision is to prevent a plaintiff from *utilizing discovery to formulate a claim*." *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) (emphasis added).  *See also In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, 2004 WL 1810661, at *2 (S.D.N.Y. Aug. 12, 2004) (noting that under the PSLRA, "[d]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim") (internal citation omitted).  But Plaintiff Shamoon seeks to use documents produced in discovery to amend his complaint.  If Plaintiff Shamoon sought to lift the stay to obtain discovery and bolster his pleadings, that would clearly be impermissible.  *See SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 912 (9th Cir. 1999) (holding that a plaintiff's desire to "uncover facts sufficient to satisfy the [PSLRA's] pleading requirements" does not justify lifting the stay).  This Court should not permit Plaintiff to accomplish the very same objective by unsealing documents produced in discovery.

## **CONCLUSION**

For the reasons set forth above, the Court should deny the Securities Plaintiff's Motion.


Dated: January 18, 2022                    Respectfully submitted,

/s/ *David L. Balser*                              /s/ *Robert R. Vieth*
David L. Balser (*pro hac vice*)                 Robert R. Vieth, Esq. (VSB No. 24304)
S. Stewart Haskins II (*pro hac vice*)           **HIRSCHLER FLEISCHER, PC**
Susan M. Clare (*pro hac vice*)                  8270 Greensboro Drive, Suite 700
John C. Toro (*pro hac vice*)                    Tysons Corner, VA 22102
Kevin J. O'Brien (VSB No. 78886)                 Tel.: (703) 584-8366
Robert D. Griest (*pro hac vice*)                Fax: (703) 584-8901
**KING & SPALDING LLP**                          rvieth@hirschlerlaw.com
1180 Peachtree Street, N.E.

Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
kobrien@kslaw.com
rgriest@kslaw.com

Robert A. Angle (VSB No. 37691)
Tim St. George (VSB No. 77349)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax:  (804) 697-1339
robert.angle@troutman.com
timothy.st.george@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com

Mary C. Zinsner (VSB No. 31397)
S. Mohsin Reza (VSB No. 75347)
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
401 9th Street, NW, Suite 1000
Washington, DC 20004
Tel.: (202) 274-1932
Fax: (202) 274-2994
mary.zinsner@troutman.com
mohsin.reza@troutman.com

*Counsel for Capital One Defendants*

Tyler G. Newby (*pro hac vice*)
Brian Buckley (*pro hac vice*)
Laurence F. Pulgram (*pro hac vice*)
Janie Y. Miller (*pro hac vice*)
Sarah V. Lightstone (*pro hac vice*)
Rina Plotkin (*pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Tel.: (415) 875-2300
Fax: (415) 281-1350
tnewby@fenwick.com
bbuckley@fenwick.com
lpulgram@fenwick.com
jmiller@fenwick.com
slightstone@fenwick.com
rplotkin@fenwick.com

*Counsel for Amazon.com, Inc. and Amazon
Web Services, Inc.*

/s/ *Greg S. Bruch*
Gregory S. Bruch (*pro hac vice*)
BRUCH HANNA LLP
1099 New York Ave., NW
Suite 500
Washington, DC 20001
Tel.: (202) 969-1631
Fax: (202) 969-1625
gbruch@bruch-hanna.com

*Counsel for Defendant Michael Johnson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2022, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ _____
David L. Balser

*Counsel for Capital One Defendants*