**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

IN RE: CAPITAL ONE CUSTOMER
DATA SECURITY BREACH LITIGATION

This Document Relates to: ALL ACTIONS:

MDL No. 1:19-md-2915 (AJT/JFA)


Case No. 1:19-cv-1472 (AJT)


**SECURITIES PLAINTIFF'S REPLY MEMORANDUM OF LAW FOR PARTIAL RECONSIDERATION OF ORDER STAYING ALL NON-SETTLEMENT RELATED PROCEEDINGS IN CONSUMER ACTION OR IN THE ALTERNATIVE TO UNSEAL DOCUMENTS**

## TABLE OF COTENTS

I.    PRELIMINARY STATEMENT ............................................................................. 1

II.   THE PUBLIC HAS A FIRST AMENDMENT RIGHT TO ACCESS THE SEALED
      DOCUMENTS............................................................................................................ 3

   A.   The Public Right of Access Attaches Once Documents Are Filed, Not When the
        Court Decides the Underlying Motion .................................................................. 3

   B.   Defendants Cannot Distinguish *Doe* and Other Cases Based on the Purported
        Egregiousness of the First Amendment Violations Because the Question in Those
        Cases Was Whether There Was a Right to Access That Could Be Violated............... 6

   C.   The Experience and Logic Test Mandates Unsealing.................................................... 7

   D.   The Settlement Mandates Disclosure ......................................................................... 8

III.  THE SECURITIES PLAINTIFF'S MOTION IS TIMELY AND PROPER ................ 9

   A.   The Request for Reconsideration is Timely.................................................................. 9

   B.   The Request to Seal Is Timely..................................................................................... 10

   C.   The PSLRA Stays "Discovery", Not Gathering Information ....................................... 11

IV.   CONCLUSION ......................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Alt v. U.S. E.P.A.*,
   758 F.3d 588 (4th Cir. 2014) ................................................................................. 11

*Am. Bank v. City of Menasha*,
   627 F.3d 261 (7th Cir. 2010) ............................................................................. 2, 12

*Bayer CropScience Inc. v. Syngenta Crop Prot., LLC*,
   No. 1:13-CV-316 (M.D.N.C. 2013) ........................................................................ 6

*Brado v. Vocera Commc'ns, Inc.*,
   14 F. Supp. 3d 1316 (N.D. Cal. 2014) .................................................................. 12

*Brady v. Maryland*,
   373 U.S. 83 (1963) ................................................................................................ 11

*Chicago Tchrs. Union, Loc. No. 1, AFT, AFL-CIO v. Hudson*,
   475 U.S. 292 (1986) ................................................................................................ 7

*Clark v. Quesinberry*,
   No. 7:20-cv-57 (W.D. Va. May 12, 2021) .............................................................. 6

*Courthouse News Serv. v. Schaefer*,
   2 F.4th 318 (4th Cir. 2021) ............................................................................. 1, 4, 7

*Design Res., Inc. v. Leather Indus. of Am.*,
   No. 1:10CV157 (M.D.N.C. Aug. 19, 2014) ............................................................ 6

*Doe v. Pub. Citizen*,
   749 F.3d 246 (4th Cir. 2014) ............................................................................... 1, 4

*Falat v. Sacks*,
   2021 WL 3261632 (C.D. Cal. May 19, 2021) ...................................................... 12

*Hunter v. Town of Mocksville*,
   961 F. Supp. 2d 803 (M.D.N.C. 2013) ................................................................... 5

*In re First Solar Derivative Litig.*,
   2016 WL 3548758 (D. Ariz. June 30, 2016) ........................................................ 14

*In re JDS Uniphase Corp. Sec. Litig.*,
   238 F. Supp. 2d 1127 (N.D. Cal. 2002) ............................................................... 12

*In re Pol'y Mgmt. Sys. Corp.*,
   67 F.3d 296 (4th Cir. 1995)......................................................................... 3

*In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*,
   707 F.3d 283 (4th Cir. 2013).................................................................. 1, 3

*Interior Molded Doors Antitrust Litig.*,
   2020 WL 7259153 (E.D. Va. Dec. 10, 2020)............................................. 8

*IVS Grp. Inc. v. The All Am. Silo Co., LLC*,
   2:17-CV-4018 (S.D. W. Va. Jan 25 2019).................................................. 6

*Jackson v. JTM Cap. Mgmt., LLC*,
   2021 WL 1238565 (D. Md. Apr. 2, 2021).................................................. 5

*Jones v. Lowe's Companies, Inc.*,
   402 F. Supp. 3d 266 (W.D.N.C. 2019)....................................................... 5

*Matter of Cont'l Illinois Sec. Litig.*,
   732 F.2d 1302 (7th Cir. 1984).................................................................... 4

*McPike v. Zero-Gravity Holdings, Inc.*,
   2018 WL 10436601 (E.D. Va. Mar. 27, 2018)......................................... 4

*Mineworkers' Pension Scheme v. First Solar Inc.*,
   722 F. App'x 644 (9th Cir. 2018)......................................................... 3, 13

*Ofisi v. BNP Paribas, S.A.*,
   285 F. Supp. 3d 240 (D.D.C. 2018).......................................................... 10

*Petrie v. Elec. Game Card, Inc.*,
   761 F.3d 959 (9th Cir. 2014)..................................................................... 12

*Reyazuddin v. Montgomery Cty., Md.*,
   7 F. Supp. 3d 526 (D. Md. 2014).............................................................. 6

*Rushford v. New Yorker Mag., Inc.*,
   846 F.2d 249 (4th Cir. 1988)................................................................. 4, 13

*Sempowich v. Tactile Sys. Tech., Inc.*,
   2020 WL 2789792 (E.D.N.C. May 29, 2020)........................................... 5

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
   825 F.3d 299 (6th Cir. 2016)......................................................... 2, 6, 8, 10

*Sikorsky Aircraft Corp. v. United States,*
 112 Fed. Cl. 313 (2013) ........................................................................ 11

*Smilovits v. First Solar Inc.,*
 2016 WL 5682723 (D. Ariz. Sept. 30, 2016)................................... 13, 14

*Syngenta Crop Prot., LLC v. Willowood, LLC,*
 2017 WL 1745531 (M.D.N.C. May 4, 2017)........................................ 5

*United States v. Amodeo,*
 44 F.3d 141 (2d Cir. 1995)................................................................. 1, 4

*United States v. Stokes,*
 2009 WL 2407679 (E.D.N.C. Aug. 5, 2009) ...................................... 10

*United States v. Ventura,*
 864 F.3d 301 (4th Cir. 2017)............................................................... 4

*Veltex Corp. v. Matin,*
 2010 WL 11549754 (C.D. Cal. June 25, 2010) ................................. 12

*Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm,*
 278 F.R.D. 136 (D. Md. 2011) ............................................................ 5

## **Statutes**

15 U.S.C. §78u-4(b)(3)(B).......................................................................... 12

## **Rules**

Fed. R. Civ. Proc. 23.1(b)(3) ..................................................................... 14

Fed. R. Civ. Proc. 26.................................................................... 2, 5, 12

Fed. R. Civ. Proc. 59(e) .............................................................................. 10

Fed. R. Civ. Proc. 60(c) .............................................................................. 10

Federal Circuit Rule 11(d) ......................................................................... 11

## I.    PRELIMINARY STATEMENT[1]

In the cases cited by both the Securities Plaintiff and Defendants, the Fourth Circuit consistently held that the First Amendment presumption of public access applies to documents "filed" in connection with dispositive motions. Defendants argue that the public does not have a First Amendment right to access documents filed in connection with a dispositive motion until the court decides the motion based entirely on their erroneous interpretation of one paragraph of *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013) ("*In re Application*"). Defendants' interpretation is not even consistent with the paragraph they cite; in that same paragraph, *In re Application* declares that it is "in harmony with" a case in which the Second Circuit found a right of access even though there was *no* judicial action. *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995).

Defendants' argument becomes even more tenuous when they attempt to account for other cases. After *In re Application*, the Fourth Circuit held that courts effect a violation of the First Amendment right to public access if they wait for a decision on a dispositive motion before deciding the motion to seal. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). The Defendants claim *Doe* is inapposite because there were more redactions. But whether the First Amendment was violated does not depend on the violation's purported egregiousness.

More recently, the Fourth Circuit held that the public has a right to access complaints as soon as they are filed, partly ***because*** there may never be any judicial action. *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021). Defendants try to explain away *Courthouse*

---

[1] Unless otherwise noted, all emphases are added and citations omitted. Capitalized words not defined herein take the meanings set out in Plaintiffs' memorandum of law in support of their motion for partial reconsideration or to unseal ("Motion to Unseal"), Dkt. No 2210 ("Opening Brief").  Citations to "Op. Br. _" are to pages of the Opening Brief. Citations to "Def. Br. _" are to pages of Defendants' opposition to the Motion to Unseal, Dkt. No. 2213.

*News*, but all they come up with is that pleadings are different from other documents under the First Amendment, for some reason they never articulate.

Nor do Defendants explain why courts in the Fourth Circuit decide motions to seal when they are filed, rather than waiting until after the decision on the underlying dispositive motion. Unable to distinguish these cases, in a footnote, Defendants cite eleven of these cases and say, simply, that the courts "ignore[ed] relevant authority".

Thus, Fourth Circuit law mandates that courts decide motions to seal "expeditiously" however long it takes to decide the underlying motion.

Defendants also argue that the Court should not reach the Securities Plaintiff's arguments because he purportedly waived his right to bring a motion. But the Defendants admit that "the Court has an obligation to review the parties' filings and decide whether sealing is warranted under the applicable standard." Def.Br. 14. Defendants' concession moots their argument; as it is the Court's obligation, the identity of the person making the arguments is irrelevant. This is why the right to file a motion to unseal "can[not] be waived." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th Cir. 2016). In any case, as further set out below, the Securities Plaintiff's motion is timely.

Finally, Defendants argue that a stay of "discovery and other proceedings" imposed by the Private Securities Litigation Reform Act ("PSLRA" and "PSLRA Discovery Stay") also stays motions to unseal. Yet as courts have found again and again, the term "discovery" in the PSLRA Discovery Stay takes its customary technical meaning of compulsory production of documents or disclosure secured by Federal Rules of Civil Procedure 26-37 and 45. *E.g. Am. Bank v. City of Menasha*, 627 F.3d 261, 265 (7th Cir. 2010), *as amended* (Dec. 8, 2010). And while Defendants cite a decision that they claim held otherwise, that opinion did not concern the

2

PSLRA Discovery Stay and was not a decision on a motion to unseal. *Mineworkers' Pension Scheme v. First Solar Inc.*, 722 F. App'x 644, 647 (9th Cir. 2018) ("Because Appellants have not shown the district court abused its discretion in denying intervention, we need not reach the merits of their arguments about modifying the protective order.").

The Court should either grant a partial reconsideration of its Order at Dkt. No. 2206 or unseal the Sealed Documents, as set out in the Motion to Unseal.

## II.    THE PUBLIC HAS A FIRST AMENDMENT RIGHT TO ACCESS THE SEALED DOCUMENTS

### A.    The Public Right of Access Attaches Once Documents Are Filed, Not When the Court Decides the Underlying Motion

As the Securities Plaintiff's opening brief explained, the two Fourth Circuit cases Defendants rely upon, *In re Pol'y Mgmt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) and *In re Application*, address when documents become judicial records. The public's right to access filings, whether under common law or the First Amendment, extends only to such judicial records. Thus, were Defendants' reading of *Policy Management* and *In re Application* correct, the Court would err whenever it ordered unsealing before the underlying motion was decided, as it frequently has. *E.g.* Dkts. Nos. 347, 432, 730.

In fact, Defendants misread *Policy Management* and *In re Application*. The cases do not hold, as Defendants suggest, that documents submitted to the court only become judicial records when the court decides the underlying motion. In *Policy Management*, the documents were not judicial records because they were extrinsic documents submitted in connection with a motion to dismiss and thus could not influence the court's decision. 1995 WL 541623, at *3 (Sept. 13, 1995). *In re Application* found that the documents were judicial records because they were "***filed*** with the objective of obtaining judicial action." *In re Application*, 707 F.3d at 291. Indeed, *In re Application* explained that it was "in harmony with" a Second Circuit case, *Amodeo*, 44 F.3d at

3

146, where the First Amendment right of access attached even though the court never made any judicial decision.[2]

The Securities Plaintiff set out these arguments in the Opening Brief, 11-15. Defendants have not responded.

Defendants' interpretation of *In re Application* is also inconsistent with other Fourth Circuit cases. In *Doe*, the Fourth Circuit held that a court effected a violation of the First Amendment by waiting until after it decided the underlying dispositive motion rather than "act[ing] on a sealing request as expeditiously as possible." 749 F.3d at 272-73. In *Courthouse News*, the Fourth Circuit reinforced *Doe* by holding that the public has a First Amendment right to contemporaneous access to newly-filed complaints, in part ***because*** they might never become the subject of judicial action. 2 F.4th at 326-27. Neither case is consistent with Defendants' interpretation of *In re Application*. If the public's right to review documents had only attached after a decision on the underlying motion, then the courts' decision to delay the right to access would not have violated any rights in either *Doe* or *Courthouse News*.

Defendants acknowledge that district courts in the Fourth Circuit routinely order that parties publicly file documents submitted in connection with motions long before the court has decided the underlying motion. Defendants claim these courts, including this Court in *McPike v. Zero-Gravity Holdings, Inc.*, 2018 WL 10436601, at *1 (E.D. Va. Mar. 27, 2018), are "ignoring relevant authority", namely *In re Application*. Indeed, Defendants maintain that one court ignored *In re Application* even though it quoted the exact language Defendants claim defers a decision on the motion to seal until after the decision on the underlying motion. *Sempowich v.*

---

[2] Similarly, *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) relied on *Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984), where the underlying motion was withdrawn. Indeed, the Fourth Circuit commonly interprets cases by reviewing the authorities those cases cite. *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017).

4

*Tactile Sys. Tech., Inc.*, 2020 WL 2789792, at *1 (E.D.N.C. May 29, 2020).[3] It is implausible that so many judges in the Fourth Circuit are so wrong about an issue courts regularly address.

Defendants' argument is especially strained because it presumes that this Circuit's district courts routinely ignore controlling authority that mandates ***sealing***. Ordinarily, the parties seek to seal documents, but no one files an opposition to the motion to seal. With no one opposing the motion to seal, it is more likely that courts would not learn of authority that ***precludes***, rather than mandates, sealing.

To support their interpretation, Defendants cite five cases, four of which are easily distinguishable.[4] *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) suggested, before *Doe*, that the public "arguably" did not have a First Amendment right to view documents that courts did not in fact rely upon. That is consistent with Plaintiffs' position. *In re Application* "arguably" could have been misread the way Defendants ask the Court to, but *Doe* settled any doubts. In two other cases, the courts allowed documents that contained sensitive confidential business information to remain sealed. *Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 292 (W.D.N.C. 2019), *aff'd,* 845 F. App'x 205 (4th Cir. 2021); *Jackson v. JTM Cap. Mgmt., LLC*, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021). Because the harm caused by

---

[3] Defendants attempt to distinguish a twelfth, *Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 141 (D. Md. 2011). But the case does not, as Defendants claim, concern a Rule 26 protective order. Instead, the court granted leave to publicly file a document in connection with a forthcoming summary judgment motion because the public would have a right to access as soon as it was filed. Thus, *Waterkeeper* speaks to the precise issue the Court must decide: whether the filing of a document in connection with a dispositive motion triggers the public's First Amendment right of access.

[4] In a fifth, a District Judge did not give effect to controlling precedent. *Syngenta Crop Prot., LLC v. Willowood, LLC*, 2017 WL 1745531, at *5 (M.D.N.C. May 4, 2017). This is hardly surprising. No party opposed any motion to seal and none cited *Doe* to the court. *Syngenta* merely illustrates that courts do not function as well when deprived of the adversary process.

public disclosure may overcome the First Amendment presumption of access, the courts did not need to add, though they did, that they had not relied on the information. In a fourth decision that also predated *Doe*, the court cited several reasons to maintain documents under seal and then stated that "[i]n addition", the court had not relied on the documents.[5] *Reyazuddin v. Montgomery Cty., Md.*, 7 F. Supp. 3d 526, 560 (D. Md. 2014)*, rev'd in part on other ground, Reyazuddin v. Montgomery Cty., Maryland*, 789 F.3d 407 (4th Cir. 2015).

Thus, in Defendants' cases, courts cited the failure to use the documents as only one reason among many to allow sealing. In contrast, any case in which a court orders sealing before the underlying motion is flatly inconsistent with Defendants' reading of *In re Application*.

**B.     Defendants Cannot Distinguish *Doe* and Other Cases Based on the Purported Egregiousness of the First Amendment Violations Because the Question in Those Cases Was Whether There Was a Right to Access That Could Be Violated**

Defendants attempt to distinguish *Doe, Shane,* 825 F.3d at 306, and several other cases because of the purported egregiousness of the sealing and redactions in those cases. Nearly all the Fourth Circuit cases the parties have cited – *Rushford*, *Policy Management*, *In re Application*, and *Doe* – concern the preliminary question of whether documents are judicial

---

[5] The Fourth Circuit directs that courts decide motions to seal "expeditiously", not immediately. Further, because parties often file motions to seal in connection with reply memoranda of law, motions to seal are typically submitted some time after the underlying motions. So it is no surprise that courts sometimes wait until after the decision on the underlying motion to decide the motions to seal when there is no significant delay, particularly before *Doe*. *E.g.* Bayer *CropScience Inc. v. Syngenta Crop Prot., LLC*, No. 1:13-CV-316, dkts.56-57, 69 (M.D.N.C. 2013) (deciding motion to seal two weeks after motion is submitted to new judge); *Design Res., Inc. v. Leather Indus. of Am.*, No. 1:10CV157, dkts. no. 208-209 (M.D.N.C. 2014) (motions to seal decided approximately one month after being submitted to district judge); *IVS Grp. Inc. v. The All Am. Silo Co., LLC*, 2:17-CV-4018 (S.D. W. Va. 2019), Dkt. No. 132 (stating that "the court will resolve the sealing matter in due course … while" not after " the court evaluates the dispositive motions…"). Without benefit of adversarial briefing, the court erred in *Clark v. Quesinberry*, No. 7:20-cv-57 (W.D. Va. 2021).

records. The purported egregiousness of the sealing only becomes relevant later when the court decides whether the movant has overcome the presumption of access. Even a small violation of the First Amendment – which this assuredly is not –  is still a violation that a court ought to remedy. *Chicago Tchrs. Union, Loc. No. 1, AFT, AFL-CIO v. Hudson*, 475 U.S. 292, 305 (1986). Thus, it does not matter whether the violations in those cases were more egregious than in this one.

Moreover, though Defendants congratulate themselves for having filed documents with narrow redactions, nearly every piece of internal correspondence and every expert report was filed under seal. Indeed, as the Court found, the First Amendment standard "hasn't been met in almost all the instances on these motions to seal." Transcripts of September 10, 2021 hearing, Dkt. No. 1957, at 6:25-7:2.[6]

### C.     The Experience and Logic Test Mandates Unsealing

The Defendants ignore the experience and logic test because they say, incorrectly, that the analytical approach requires that the Court defer the motion to seal until after a decision on the dispositive motions.  They ignore that the Fourth Circuit recently held that the experience and logic test "can and sometimes does *independently* furnish the basis for a First Amendment right of access to a judicial document or to judicial proceedings." *Courthouse News*, 2 F. 4th at 327. Thus, for the reasons set out in Plaintiffs' Open Brief at 16-17, the experience and logic test would have mandate unsealing even if the analytical approach had not.

---

[6] The Defendants argue that the First Amendment right of access does not apply to documents submitted in connection with a motion for class certification. But as the Court explained: "[T]he better weight of authority is a motion for class certification has to be dealt with as a dispositive type motion because it means whether all individuals in a class can be presenting the claim, or whether only the representative plaintiffs [can]. So by denying a motion for class certification and requiring that individual plaintiffs file their own cases as opposed to representing an entire class, that it is, in some respects, dispositive of others who are not the representative plaintiffs." *Id.* at 40:7:17.

### D.      The Settlement Mandates Disclosure

Defendants have redacted wholesale any description of what they actually did to prevent the Data Breach, what they did to address it, and what evidence exists that the data seized in the Data Breach was subsequently disseminated to bad actors.

While the public knows that there was a data breach and some details thereof, the Consumer Plaintiffs' claims largely sound in negligence. The merits of each of these claims depends on what Capital One and Amazon actually did to protect Settlement Class Members' information.  Moreover, the Consumer Parties hotly dispute whether Settlement Class Members' personal information was actually exposed. The Consumer Defendants maintain that the hacker, Paige Thompson, did not disseminate or sell any data. The Consumer Plaintiffs maintain that Ms. Thompson may have disseminated the data and that, moreover, other hackers may have been able to use the instructions she publicly posted to hack Capital One. The facts underlying the parties' theories are set out in expert reports that have not been publicly filed, though they were the subject of *Daubert* motions. Settlement Class Members have no way of knowing the merits, or even whether their personal information was widely released, without the information Defendants seek to conceal.

In *Interior Molded Doors Antitrust Litig.*, 2020 WL 7259153, at *5 (E.D. Va. Dec. 10, 2020), the parties reached a settlement while a decision on class certification was pending. The settlement was a significant discount to the damages asserted by the settlement class members. The plaintiffs relied, in part, on documents that had been filed in connection with class certification to justify the discount. The court ordered the documents' unsealing because it and settlement class members would examine the merits of the case in determining what to do. *Id.*; *see also Shane*, 825 F.3d 299 at 307 (similar).

This case is no different. The Plaintiffs have asserted that damages in this case run to the tens of billions of dollars. Capital One is paying $190 million to settle the claims against it. While the Settlement may call for Amazon to pay additional consideration, the total settlement is still a steep discount from even the bottom of Consumer Plaintiffs' range.

Settlement Class Members will have to determine whether to participate in the Settlement or exclude themselves from or object to it. Without knowing the merits, Settlement Class Members cannot know whether the settlement is good or bad. Further, now that the Consumer Action Parties have settled, the only persons who might make arguments against the Settlement are class action objectors, who will not have access to the merits-related documents that have been filed under seal.

## III.   THE SECURITIES PLAINTIFF'S MOTION IS TIMELY AND PROPER

### A.   The Request for Reconsideration is Timely

The Securities Plaintiff filed the Motion to Seal within fourteen days of the Court's order staying all non-settlement proceedings. The Securities Plaintiff seeks, among other things, reconsideration of that order solely to remove the stay on an appeal presently before Judge Trenga. Granting so much of the Motion to Seal that seeks reconsideration will allow Judge Trenga to decide the appeal.

To argue that Plaintiffs' motion is ***un***timely, the Defendants ask the Court to determine that what the Securities Plaintiff really asks is to have this Court amend its October 18 order. But as Defendants recognize in their opposition to the Rule 72 appeal, that question concerns the merits of the appeal. Consumer Defendants' Opposition to Plaintiffs' Rule 72 Appeal, Dkt. No.

2133, at 10-13; Consumer Plaintiffs' Reply in Support of Rule 72 Appeal, Dkt. No. 2146, at 4-8. The question is before Judge Trenga and is for him to decide.[7]

### B.        The Request to Seal Is Timely

The Defendants concede that "the Court has an obligation to review the parties' filings and decide whether sealing is warranted under the applicable standard independent of any agreements the parties have made." Def.Br. 14. By conceding that it is *the Court's* obligation, Defendants effectively concede that the Court should consider the arguments Plaintiffs make.

Plaintiffs have presented arguments that "sealing is [not] warranted under the applicable standard." That in Defendants' view the Securities Plaintiff is not the right person to bring the arguments is irrelevant. These arguments are either correct or incorrect. If they are correct, then the Court, exercising its independent obligation, should unseal them. If they were incorrect, then the Court would deny the motion on the merits. It is for this exact reason that the Sixth Circuit found that an argument against sealing "can[not] be waived." *Shane*, 825 F.3d at 307.

The cases Defendants cite in opposition are inapposite. First, Defendants cite two cases they claim found motions to seal untimely. But in *United States v. Stokes*, 2009 WL 2407679, at *1 (E.D.N.C. Aug. 5, 2009), the government filed a document under seal so that the court could consider it *ex parte* to determine whether it was exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963). Although the defendant styled his motion as a "motion

---

[7] The Defendants incorrectly argue that Securities Plaintiff's motion must be construed as a motion under Rule 59(e) or 60(b). Both Rules apply to motions to alter final judgments, and there is none here. Fed. R. Civ. Proc. 59(e) (allows for filing of motion "to alter or amend a judgment"); *Ofisi v. BNP Paribas, S.A.*, 285 F. Supp. 3d 240, 242 (D.D.C. 2018). Indeed, if either rule applies, then the Securities Plaintiff's motion is timely. A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment", while a Rule 60(b) motion must be filed "no more than a year after the entry of the judgment or [final] order." Fed. R. Civ. Proc. 60(c). As there has been no final judgment or order, the Securities Plaintiff's motion is timely.

to unseal", the relief he sought was to have the document disclosed to him. *Id.* Dkt. No. 86, ¶3. Thus, the motion was not a motion to unseal, it was a motion to disclose under *Brady*. In *Sikorsky Aircraft Corp. v. United States*, 112 Fed. Cl. 313, 316 & n.3 (2013), the government lost a trial. After judgment had entered, now-repealed Federal Circuit Rule 11(d) gave the parties had 45 days to submit the record on appeal, including all redactions. After the 45 day period, the government sought to unseal a portion of the record on appeal. The motion was untimely because the record before the Federal Circuit Court of Appeals was fixed.   The trial court denied the motion to unseal the documents on its own docket on the merits, not because it was untimely.

Second, Defendants cite decisions on motions to intervene. But to be entitled to intervention, a movant must file a "timely" motion. *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). The district court has discretion to determine whether a motion is timely, but it must determine whether documents may be sealed regardless of any motions. Moreover, courts considering motions to intervene must weigh numerous factors that are not relevant to the determination of whether to unseal documents, including most notably prejudice to the non-movants, which is not relevant in examining motions to seal.

## C.      The PSLRA Stays "Discovery", Not Gathering Information[8]

To decide whether the motion to unseal violates the PSLRA Discovery Stay, the Court need only answer one question: is a motion to seal "discovery"? Because it is not, the motion to unseal does not violate the PSLRA Discovery Stay.

The PSLRA stays "discovery and other proceedings" during the pendency of a motion to dismiss.15 U.S.C. §78u-4(b)(3)(B). In enacting the PSLRA, Congress used the word "discovery"

---

[8] Defendants claim the Securities Plaintiff purports to be vindicating the rights of the public. Op.Br. 24-25. In fact, the language they quote provides that the public, including the Securities Plaintiff, has a right to access documents. *Id.* The Securities Plaintiff forthrightly acknowledges that he seeks to vindicate his own right as a member of the public, not the public's right in general. Op.Br. 24.

in its conventional legal sense. *See American Bank*, 627 F.3d at 265. As set out in Black's Law Dictionary, that conventional legal meaning is "[c]ompulsory disclosure, at a party's request, of information that relates to the litigation", as provided in Federal Rules of Civil Procedure 26-37 and 45.

The PSLRA does not stay other means plaintiffs have of obtaining information to be used in drafting an amended complaint. *American Bank*, 627 F.3d at 266 (PSLRA Discovery Stay does not prohibit public records requests); *Falat v. Sacks*, 2021 WL 3261632, at *2 (C.D. Cal. May 19, 2021) (PSLRA Discovery Stay does not prohibit requests for corporate records); *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 969 (9th Cir. 2014) (PSLRA Discovery Stay does not prohibit a party from receiving and using documents obtained by previously-issued discovery). Indeed, courts may grant securities plaintiffs' motions compel disclosure of information if such relief is not "discovery". *E.g. In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1134 (N.D. Cal. 2002) (granting order to limit former employees' confidentiality agreements to permit them to speak with plaintiffs' counsel); *Brado v. Vocera Commc'ns, Inc.*, 14 F. Supp. 3d 1316, 1318 (N.D. Cal. 2014) (granting order allowing plaintiffs to use documents voluntarily obtained from third party); *Veltex Corp. v. Matin*, 2010 WL 11549754, at *2 (C.D. Cal. June 25, 2010) (on plaintiff's motion, ordering defendant, plaintiff's attorney, to produce client file to plaintiff).

The motion to unseal is not "discovery". It is not brought pursuant to Rules 26-37 or 45. It does not demand that Defendants produce documents or answer questions. Indeed, it does not even seek to compel any party to do anything. All it asks is that the Court properly decide that documents the Consumer Parties have already filed on the Court's docket are entitled to First Amendment protection. That is why *Marriott* and *Gubricky* both found that a motion to unseal is not "discovery." Op.Br. 23-24.

Defendants attempt to distinguish *Marriott* because it concerned pleadings. According to Defendants, "[p]leadings differ from discovery." Well, yes. So do documents filed in connection with dispositive motions. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988)("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being 'raw fruits of discovery.'"). The exhibits to the parties' dispositive motions are no longer "discovery" because they were filed in connection with a dispositive motion.

Defendants cite a number of cases in a lengthy treatise on the supposed importance of the PSLRA Discovery Stay. But all but one of the cases they cite concern different circumstances in which plaintiffs sought "discovery" in its conventional legal sense. The sole exception is not a securities case and is not a decision on a motion to seal. *Smilovits v. First Solar Inc.*, 2016 WL 5682723, at *1 (D. Ariz. Sept. 30, 2016) ("*Smilovits II*"). In *Smilovits II*, a plaintiff sought permissive intervention in order to file a motion to modify the protective order at issue. As set out above, the court has discretion to grant or deny a motion to intervene for various reasons, including those related to the movant's conduct. The court denied the motion for permissive intervention in its discretion, as the Ninth Circuit noted on appeal. *Mineworkers' Pension Scheme v. First Solar Inc.*, 722 F. App'x 644, 647 (9th Cir. 2018) ("Because Appellants have not shown the district court abused its discretion in denying intervention, we need not reach the merits of their arguments about modifying the protective order.") ("*Smilovits III*").

The Securities Plaintiff has not filed and need not file a motion to intervene. Def.Br. 13 n.7. Here, the Securities Plaintiff has not filed and need not file a motion to intervene. Thus, the only question is whether a motion to unseal is "discovery".

Further, in *Smilovits*, there was no PSLRA Discovery Stay **because the plaintiffs did not bring securities claims**. Instead, the plaintiffs brought shareholder derivative claims. The court denied the motion to intervene because "allegations of demand futility [] should reflect facts known to Plaintiffs when they elected not to make a demand[.]" *In re First Solar Derivative Litig.*, 2016 WL 3548758, at *14 (D. Ariz. June 30, 2016) ("*Smilovits I*"); Fed. R. Civ. Proc. 23.1(b)(3) (plaintiffs must allege "reasons for not obtaining the action or not making the effort"). Thus, the court denied intervention because the documents the plaintiffs obtained would not have been relevant to demand futility, so allowing them to intervene was pointless.

Thus, *Smilovits* was not a securities case and that court was not deciding a motion to unseal, so it is completely irrelevant to this case.

## IV.    CONCLUSION

For the foregoing reasons as well as those set out in the Securities Plaintiff's Opening Brief, the Court should grant the motion for reconsideration and/or unseal the Sealed Documents.


Dated: January 24, 2022                    Respectfully submitted,

                                           **THE LAW FIRM OF CARLTON F.**
                                           **BENNETT, P.L.L.C.**

                                           /s/ Carlton F. Bennett
                                           Carlton F. Bennett (Va. Bar No. 18453))
                                           120 South Lynnhaven Road, Suite 100
                                           Virginia Beach, VA 23452
                                           Phone: (757) 266-5149
                                           Fax: (757) 486-8910
                                           Email: cbennett@carltonbennettlaw.com

                                           *Liaison Counsel for the Securities Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne (*pro hac vice*)
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com

*Lead Counsel for the Securities Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by the Court's

CM/ECF System on counsel of record on January 24, 2022.

/s/ Carlton F. Bennett