**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| IN RE: CAPITAL ONE CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:19-md-2915 (AJT/JFA) |
| This Document Relates to: ALL ACTIONS: | Case No. 1:19-cv-1472 (AJT) |
| MARCUS MINSKY, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | |
| CAPITAL ONE FINANCIAL CORPORATION, RICHARD FAIRBANK, ROBERT ALEXANDER, and MICHAEL JOHNSON, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW FOR PARTIAL RECONSIDERATION OF ORDER STAYING ALL NON-SETTLEMENT RELATED PROCEEDINGS IN CONSUMER ACTION OR IN THE ALTERNATIVE TO UNSEAL DOCUMENTS**

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................................ 1

II.   BACKGROUND ...................................................................................................... 3

    A.   Securities Plaintiff ...................................................................................... 3

    B.   The First Amendment and Staying Rulings ............................................... 3

    C.   Consumer Plaintiffs Appeal the Stay Order ............................................... 4

    D.   The Consumer Parties Settle and Ask to Stay the Unsealing Motion ........... 5

III.  ARGUMENT ........................................................................................................... 5

    A.   The Court Should Reconsider Its Order Staying All Non-Settlement Related
         Proceedings ................................................................................................. 5

         1.   *The Standards for Reconsideration Are Met* ................................ 5

         2.   *The Unsealing Motion's Logic Precludes a Stay* ............................ 6

    B.   In the Alternative, the Court Should Unseal the Sealed Documents ............ 7

         1.   *Standard* ........................................................................................ 7

         2.   *Two of the Three Reasons the Court Entered the Stay Order No Longer
             Apply* .............................................................................................. 7

         3.   *The Public Has A First Amendment Right To Access Documents When
             They Are Filed* ............................................................................... 9

         4.   *The Cases Defendants Have Cited Address Completely Different Issues* ........ 12

         5.   *The Public Has a First Amendment Right to Access the Sealed
             Documents* ...................................................................................... 15

         6.   *Even If the Fourth Circuit Had Not Held That the Public Is Entitled To
             Access to Documents Filed In Connection With Undecided Dispositive
             Motion, the Public Is Entitled To Do So Under the Experience and
             Logic Test* ...................................................................................... 16

    C.   The Exhibits to the Dispositive Motion Are Relevant Because They Will Be
         Considered in Evaluating the Settlement ..................................................... 18

    D.   The Securities Plaintiff Has Not Waived Any Right ................................... 22

E.    The PSLRA Discovery Stay Does Not Prevent the Court From Unsealing Documents that Are Not Entitled To Be Filed Under Seal ............................................................ 23

IV.  CONCLUSION ...................................................................................................................... 25

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*,
  801 F. Supp. 2d 419 (M.D.N.C. 2011) ..................................................................... 11

*ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*,
  No. 1:09CV471, 2013 WL 1149174 (M.D.N.C. Mar. 19, 2013) ............................ 11

*Baxter Int'l, Inc. v. Abbott,*
  *Lab'ys*, 297 F.3d 544 (7th Cir. 2002) ..................................................................... 17

*Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*,
  979 F. Supp. 2d 653 (M.D.N.C. 2013) .................................................................... 15

*Benjamin v. Sparks*,
  No. 4:14-CV-186-D, 2018 WL 4113338 (E.D.N.C. Aug. 28, 2018) ...................... 11

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
  814 F.3d 132 (2d Cir. 2016) .................................................................................... 20

*Bond v. Utreras*,
  585 F.3d 1061 (7th Cir. 2009) ................................................................................. 17

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*,
  920 F.3d 209 (5th Cir. 2019) ......................................................................... 21, 22, 24

*Clark v. Quesinberry*,
  No. 7:20-CV-00057, 2021 WL 5238601 (W.D. Va. May 11, 2021) ....................... 11

*Cochran v. Volvo Grp. N. Am., LLC*,
  931 F. Supp. 2d 725 (M.D.N.C. 2013) .................................................................... 14

*Consulting Engineers, Inc. v. Geometric Software Sols. & Structure Works LLC*,
  No. 1:06CV956 JCC, 2007 WL 2021901 (E.D. Va. July 6, 2007) ........................... 5

*Courthouse News Serv. v. Schaefer*,
  2 F.4th 318 (4th Cir. 2021) ................................................................................ 15, 16

*Cross Creek Seed, Inc. v. Gold Leaf Seed Co.*,
  No. 1:16CV1432, 2018 WL 1116565 (M.D.N.C. Feb. 26, 2018) ........................... 20

*Dawson v. Merck & Co.*,
  No. 112CV1876BMCPK, 2021 WL 242148 (E.D.N.Y. Jan. 24, 2021) ................... 21

*Design Res., Inc. v. Leather Indus. of Am.*,
No. 1:10CV157, 2014 WL 12595214 (M.D.N.C. Aug. 19, 2014) .......................................... 14

*Doe v. Pub. Citizen*,
749 F.3d 246 (4th Cir. 2014) .................................................................................... passim

*Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*,
24 F.3d 893 (7th Cir. 1994) .................................................................................................. 17

*Gubricky on behalf of Chipotle Mexican Grill, Inc. v. Ells*, No. 16-CV-2011-WJM-K,
LM, 2018 WL 1558264 (D. Colo. Mar. 26, 2018) .................................................................. 24

*Hopeman Bros., Inc. v. Cont'l Cas. Co.*,
307 F. Supp. 3d 433 (E.D. Va. 2018) ................................................................................... 10

*Hopeman Bros., Inc. v. Cont'l Cas. Co.*,
No. 4:16-CV-187, 2017 WL 11510381 (E.D. Va. Dec. 28, 2017) ......................................... 10

*Hunter v. Town of Mocksville*,
961 F. Supp. 2d 803 (M.D.N.C. 2013) .................................................................................. 14

*In re Cendant Corp.*,
260 F.3d 183 (3d Cir. 2001) ................................................................................................. 18

*In re Interior Molded Doors Antitrust Litig.*,
No. 3:18CV718, 2020 WL 7259153 (E.D. Va. Dec. 10, 2020) ................................... 10, 18, 19

*In re Jiffy Lube Sec. Litig.*,
927 F.2d 155 (4th Cir. 1991) ................................................................................................. 19

*In re Marriott*,
No. PWG-19-2879, 2019 WL 4855202 (D. Md. Aug. 30, 2019) ....................................... 23, 24

*In re Peanut Farmers Antitrust Litig.*,
No. 2:19-CV-00463, 2021 WL 3174247 (E.D. Va. July 27, 2021) ......................................... 19

*In re Pishevar*,
No. 119MC00503JGKSDA, 2020 WL 1862586 (S.D.N.Y. Apr. 14, 2020) ............................. 5

*In re Pol'y Mgmt. Sys. Corp.*,
67 F.3d 296 (4th Cir. 1995) ..................................................................................... 12, 13, 14

*In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*,
707 F.3d 283 (4th Cir. 2013) ...................................................................................... passim

*IVS Grp., Inc. v. All Am. Silo Co., LLC*,
No. 2:17-CV-4018, 2019 WL 2126704 (S.D.W. Va. May 14, 2019) ...................................... 11

*IVS Grp., Inc. v. All Am. Silo Co., LLC*,
   No. 2:17-CV-4018, 2019 WL 8334609 (S.D.W. Va. Jan. 4, 2019) ......................................... 11

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ................................................................................................... 17

*Matter of Cont'l Illinois Sec. Litig.*,
   732 F.2d 1302 (7th Cir. 1984) .................................................................................................. 9

*McPike v. Zero-Gravity Holdings, Inc.*,
   No. 1:17CV0562 (TSE/JFA), 2018 WL 10436601 (E.D. Va. Mar. 27, 2018) ......................... 9

*Nielson v. Portfolio Recovery Assocs., LLC*,
   No. CV 2:18-1610-RMG, 2019 WL 2513722 (D.S.C. June 18, 2019).................................... 10

*Norris v. PNC Bank, N.A.*,
   No. CV ELH-20-3315, 2021 WL 5955820 (D. Md. Dec. 16, 2021) ....................................... 14

*Pagidipati Enterprises, Inc. v. Lab'y Corp. of Am. Holdings*,
   No. 1:10CV742, 2011 WL 5289725 (M.D.N.C. Nov. 2, 2011)............................................... 11

*Pax Mondial Ltd. v. Afghan Res. Grp.*,
   No. 1:11CV1347, 2012 WL 13028561 (E.D. Va. July 27, 2012)............................................. 11

*Press-Enterprise Co. v. Superior Court*,
   478 U.S. 1 (1986) ...................................................................................................................... 7

*Robinson v. Bowser*,
   No. 1:12CV301, 2013 WL 3791770 (M.D.N.C. July 19, 2013)............................................... 10

*Rothman v. Snyder*,
   No. CV 20-3290 PJM, 2020 WL 7395488 (D. Md. Dec. 17, 2020) ....................................... 10

*Rushford v. New Yorker Mag., Inc.*,
   846 F.2d 249 (4th Cir. 1988)........................................................................................... passim

*Sempowich v. Tactile Sys. Tech., Inc.*, No. 5:18-CV-488-D,
   2020 WL 2789792 (E.D.N.C. May 29, 2020)......................................................................... 15

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
   825 F.3d 299 (6th Cir. 2016)........................................................................................... passim

*Sims v. BB&T Corp.*,
   No. 1:15-CV-732, 2018 WL 3466945 (M.D.N.C. July 18, 2018) ........................................... 18

*Stone v. Univ. of Maryland Med. Sys. Corp.*,
   855 F.2d 178 (4th Cir. 1988)............................................................................................... 7, 20

*United States ex rel. Grover v. Related Companies, LP*,
   4 F. Supp. 3d 21 (D.D.C. 2013) ................................................................................ 20

*United States v. Amodeo*,
   44 F.3d 141 (2d Cir. 1995) ........................................................................................ 13

*United States v. Carolina Comprehensive Health Network*,
   No. 1:16CV234, 2021 WL 325705 (M.D.N.C. Feb. 1, 2021) ................................... 15

*United States v. Deleon*,
   No. CR 15-4268 JB, 2016 WL 7242579 (D.N.M. Oct. 28, 2016) ............................... 6

*United States v. Wecht*,
   537 F.3d 222 (3d Cir. 2008) ...................................................................................... 17

*Virginia Dep't of State Police v. Washington Post*,
   386 F.3d 567 (4th Cir. 2004) ..................................................................................... 24

*Waste Mgmt., Inc. v. Great Divide Ins. Co.*,
   No. 3:17CV60, 2018 WL 10454868 (E.D. Va. May 1, 2018) ................................... 10

*Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm*,
   278 F.R.D. 136 (D. Md. 2011) ................................................................................... 11

*Weyerhaeuser Corp. v. Koppers Co.*,
   771 F. Supp. 1406 (D. Md. 1991) ................................................................................ 5

**Statutes**

15 U.S.C.A. § 78u-4(b)(3)(B) ............................................................................................ 3

**Rules**

Fed. R. Civ. P. 23(e)(2) .................................................................................................... 18

Lead Plaintiff Edward Shamoon ("Securities Plaintiff"), the Court-appointed lead plaintiff in *Minsky v. Capital One Financial Corp.*, 19-cv-1472 (AJT) (E.D. Va.), consolidated into this Multi-District Litigation, hereby moves the Court for an order partially reconsidering its decision to stay all non-settlement related proceedings (Dkt. No. 2206) or in the alternative to unseal certain documents filed in connection with the parties' motions for summary judgment or class certification ("Dispositive Motions").

## I.   PRELIMINARY STATEMENT[1][2]

When the consumer class action plaintiffs ("Consumer Plaintiffs") and defendants Capital One, Inc., Amazon.com, Inc., and Amazon Web Services, Inc. ("Consumer Defendants", and, with "Consumer Plaintiffs", "Consumer Parties") notified the Court that they had reached a settlement ("Settlement"), they sought, and the Court agreed, to stay all non-settlement related motions. One of the motions thus stayed sought to immediately unseal documents that had been filed under seal in connection with dispositive motions the Consumer Parties had filed ("Unsealing Motion").  Dkt. No. 2073.[3] In the Unsealing Motion, the Consumer Plaintiffs argued that "[o]nly material that qualifies for sealing may be sealed, and any delay of the public's right to access material that does not qualify for sealing effectuates a First Amendment violation." Unsealing Motion, at 1 (*citing Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). For that exact reason, the Court should

---

[1] This is a refiling of Dkt. No. 2209, which the Court deemed withdrawn because the Securities Plaintiff neither requested nor waived oral arguments. Dkt. No. 2222. The Securities Plaintiff did not initially request or waive oral arguments because the first pretrial order entered in this case provided that "[t]he usual practice for noticing motions for hearing on a regular Friday docket will not apply in this litigation. The Court will determine whether and when a hearing is needed and will notify the parties." Dkt. No. 3, at 2. The Securities Plaintiff interpreted this Order to provide that the Court would determine in the first instance whether oral arguments are necessary.
[2] Unless otherwise noted, all emphases are cited and citations omitted.
[3] All citations are to the main MDL docket, 1:19-md-2915 (AJT/JFA).

1

reconsider its order staying the decision on the Unsealing Motion, returning the Unsealing Motion to Judge Trenga's calendar.

If the Court does not reconsider its order, it should order the documents unsealed in the first instance. The Court has found that the public had a First Amendment right to access certain documents submitted in connection with the Consumer Plaintiffs' motion for class certification and summary judgment ("Dispositive Motions"; the "Sealed Documents" are all and only those documents the Court determined the public had a First Amendment right to inspect). The Court later stayed its order pending actions by Judge Trenga ("Stay Order").

Two of the three reasons the Court provided for the Stay Order are no longer applicable. Two members of the public have sought to unseal the Sealed Documents. Neither of them have access to the documents.

The third reason, that Judge Trenga may not rule on the Dispositive Motions, cannot on its own permit sealing.  When the Consumer Parties filed exhibits to the Dispositive Motions, these documents became judicial records. No further action is necessary to grant the public a First Amendment right of access. Moreover, even if the Consumer Parties do not ask Judge Trenga to decide the Dispositive Motions, the Sealed Documents will continue to be relevant to judicial decisions. The Consumer Parties are proposing to dispose of the claims of 98 million Americans. These settlement class members must decide whether to join, object to, or exclude themselves from the Settlement, and Judge Trenga must decide whether to approve it. Both will base their decision on the merits of the case. And the merits are set out in the Dispositive Motions.

Courts do their business in public. When the Consumer Parties filed materials obtained in discovery in support of or in opposition to the Dispositive Motions, they lost the right to conceal those materials from the public. The Court should reconsider its decision staying consideration of

the Unsealing Motion or in the alternative determine in the first instance that the Sealed Documents should be publicly filed.

## II.      BACKGROUND

### A.      Securities Plaintiff

Plaintiff Edward Shamoon ("Securities Plaintiff") is the court-appointed lead plaintiff in *Minsky v. Capital One Financial Corp.*, 19-cv-1472 (AJT) (E.D. Va.), which is consolidated into this multi-district litigation (19-md-2915 (AJT/JFA)) ("MDL"). Mr. Shamoon represents a putative class of investors who purchased Capital One common stock between July 23, 2015 and July 29, 2019. Dkt. No. 279, Amended Class Action Complaint for Violations of the Federal Securities Laws ("Securities Complaint"), ¶1. He raises claims under Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act") against Capital One, Richard Fairbank, Robert Alexander, and Michael Johnson ("Securities Defendants"). *Id.* ¶¶26-29. The Securities Complaint does not raise any claims on behalf of Capital One customers.

The Defendants moved to dismiss the Securities Complaint in February 2020. Dkt. No. 318. That motion triggered an automatic stay of discovery imposed by the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C.A. § 78u-4(b)(3)(B). As the Court has yet to rule on the motion to dismiss the Securities Complaint, Securities Plaintiff has not received any discovery. In particular, Securities Plaintiff has not had access to the Sealed Documents.

### B.      The First Amendment and Staying Rulings

The Consumer Parties filed motions to seal many documents submitted in connection with the Consumer Parties' motions for summary judgment and the Consumer Plaintiffs' motion for class certification ("Dispositive Motions"). The Consumer Plaintiffs opposed many of the motions to seal.  The Consumer Plaintiffs filed their opposition on behalf of "the class and the public at large." Unsealing Motion, Dkt. No. 2073,  at 26.

On September 13, 2021, after examining all the motions to seal and holding a five-hour hearing, the Court ruled that the vast majority of these documents triggered the First Amendment right to public access to courts and that in the vast majority of cases, that presumption was not rebutted.  Dkt. No. 1955 ("First Amendment Order"). The "Sealed Documents", as defined in this motion, are ***all*** and ***only*** the documents the Court found (a) triggered the First Amendment right to public access, and (b) where the presumption of access was not rebutted.

On October 18, 2021, the Court entered an order staying its First Amendment Ruling (i.e., the Stay Ruling). Dkt. No. 2050. The Court provided as its reasons:

> Given that these motions to seal involve filings related to motions that may never be decided by the court (or are subject to a pending motion to strike or withdraw), that plaintiffs' counsel has access to the documents that are the subject of the motions to seal, and that no opposition to these motions to seal has been asserted by any nonparty, the undersigned will defer any action on these motions to seal until further action by the District Judge.

*Id.* at 3.

### C.      Consumer Plaintiffs Appeal the Stay Order

Consumer Plaintiffs timely appealed by filing the Unsealing Motion. In the Unsealing Motion, Consumer Plaintiffs argued, among other things, that when courts rule that documents attached to motions for summary judgment do not meet the First Amendment standard for sealings, they violate the First Amendment by staying their rulings until the motions for summary judgment are decided. Unsealing Motion, at 10-11. The Consumer Plaintiffs argued that "each passing day 'constitute(s) a separate and cognizable infringement of the First Amendment.'" *Id.* at 11 (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014)). The Reporters' Committee for Freedom of the Press ("Reporters' Committee") filed an amicus curiae brief in support of the Unsealing Motion and the Consumer Plaintiffs' argument that the delay in filing the Sealed Documents inflicted an unconstitutional harm on the public. Dkt. No. 2143-1.

4

**D.**     **The Consumer Parties Settle and Ask to Stay the Unsealing Motion**

On December 20, 2021, the Consumer Parties filed a Joint Motion to Stay Proceedings which notified the Court that they had reached a settlement ("Consumer Settlement"). Dkt. No. 2204. In their motion, the Consumer Parties sought the following relief:

> WHEREFORE, the [Consumer] Parties respectfully move this Court to enter an Order staying all non-settlement related proceedings in this multidistrict litigation, including a stay of all pending motions and objections.

The Consumer Parties did not identify any motion in particular.

The Securities Plaintiff did not sign the notice, was not consulted or informed in advance, and does not consent to the stay the Consumer Parties requested.

The next day, the Court entered an order staying all non-settlement related proceedings. Dkt. No. 2206.

**III.**     **ARGUMENT**

    **A.**     **The Court Should Reconsider Its Order Staying All Non-Settlement Related Proceedings**

        *1.*     *The Standards for Reconsideration Are Met*

While motions for reconsideration face a strict standard,[4] that is because their purpose is to allow the court to reevaluate the basis for its decision, rather than to let parties rehash their previous arguments. *See Consulting Engineers, Inc. v. Geometric Software Sols. & Structure Works LLC*, No. 1:06CV956 JCC, 2007 WL 2021901, at *2 (E.D. Va. July 6, 2007). Thus, courts are more likely to grant reconsideration when a party did not have the opportunity to be heard. *In re Pishevar*, No. 119MC00503JGKSDA, 2020 WL 1862586, at *3 (S.D.N.Y. Apr. 14, 2020)

---

[4] A motion for reconsideration should ordinarily only be granted if "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991).

("Because Petitioner did not have an opportunity to be heard regarding the December 29, 2017 Declaration he filed in the Definers Lawsuit, before the Court issued its Prior Opinion, the Court in its discretion grants Petitioner's motion for reconsideration"); *see also United States v. Deleon*, No. CR 15-4268 JB, 2016 WL 7242579, at *27 (D.N.M. Oct. 28, 2016) ("A movant for reconsideration thus faces an easier task when he or she files a targeted, narrow-in-scope motion asking the Court to reconsider a small, discrete portion of its prior ruling than when he or she files a broad motion to reconsider that rehashes the same arguments from the first motion, and essentially asks the Court to grant the movant a mulligan on its earlier failure to present persuasive argument and evidence.").

The motion to stay proceedings was filed as a joint motion. The Securities Plaintiff did not receive prior notice that it would be filed, or that there was a proposed settlement. The Court entered the order the next day. The Securities Plaintiff never had a chance to oppose the motion.

2.      *The Unsealing Motion's Logic Precludes a Stay*

The Consumer Plaintiffs' and Reporters' Committee's thorough memoranda in support of the Unsealing Motion set out the reasons Judge Trenga should order that the Consumer Parties immediately file the Sealed Documents. Dkts. No. 2073, 2143-1, and 2146. On appeal, the Consumer Plaintiffs argued that "each passing day 'constitute(s) a separate and cognizable infringement of the First Amendment.'" Unsealing Motion, at 11 (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014)). The Consumer Plaintiffs' position is that "[o]nly material that qualifies for sealing may be sealed, and any delay of the public's right to access material that does not qualify for sealing effectuates a First Amendment violation." Unsealing Motion, at 1 (*citing Doe*, 749 F.3d at 272–73).

All of the arguments the Consumer Plaintiffs and Reporters' Committee made in these briefs apply with equal force here. The Consumer Settlement does not change anything. If delay

6

before the Court was notified of the Consumer Settlement violated the First Amendment, then so does delay after the Court is notified. If the Stay Ruling violates the public's right to access, then so does staying its appeal.

**B.    In the Alternative, the Court Should Unseal the Sealed Documents**

        *1.    Standard*

"Motions to file documents under seal are disfavored and discouraged."  Loc. Civ. R. 5(C). In the Fourth Circuit, "the more rigorous First Amendment standard" applies "to documents filed in connection with a summary judgment motion in a civil case," because "summary judgment adjudicates substantive rights and serves as a substitute for a trial."  *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252–53 (4th Cir. 1988). Accordingly, a court may restrict access to proceedings and filings subject to the First Amendment right "only on the basis of a compelling . . .  interest, and only if the denial is narrowly tailored to serve that interest."  *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).  The burden to overcome the First Amendment right of access is on the party seeking to restrict access, and that party must present specific reasons in support of its position.  *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 7, 15 (1986). Moreover, the public's right of access to documents filed in connection with summary judgment and other dispositive motions attaches when the records are "*filed* with the objective of obtaining judicial action or relief."  *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013) ("*In re Application*"); *see also* Loc. Civ. R. 5 (mandating that parties justify a request to seal documents "at the time of filing").

        *2.    Two of the Three Reasons the Court Entered the Stay Order No Longer Apply*

The Court gave three reasons to grant the Stay Order: (1) no member of the public had sought to unseal the Sealed Documents; (2) the Consumer Plaintiffs had access to the sealed

documents; and (3) Judge Trenga might never act on the Dispositive Motions. Dkt. No. 2050.

Accordingly, the Court provided that it "will defer any action on these motions to seal until further

action by the District Judge." *Id.*

As to (1), not only does the Securities Plaintiff seek unsealing, so does the Reporters'

Committee.

As to (2), the Consumer Plaintiffs explained on appeal that they brought their motion on

behalf of the public, not themselves. The Consumer Plaintiffs stated in support of the Unsealing

Motion that Defendants "hope[d] to seal [their misconduct] from view":

> By staying the [First Amendment] Order, the Magistrate Judge effected a violation
> of the public interest of access to the judicial system that is vindicated by both the
> First Amendment and Loc. Civ. R. 5 – a decision clearly contrary to the law.
> Defendants hope to shield from view the details of their failure to guard the personal
> information of 98 million Americans, but '[p]ublic confidence [in the judiciary]
> cannot long be maintained where important judicial decisions are made behind
> closed doors and then announced in conclusive terms to the public, with the record
> supporting the court's decision sealed from public view.'"

Unsealing Motion, at 15 (*quoting Doe*, 749 F.3d at 263).

The Consumer Plaintiffs added that "the public has a right to understand" the facts

concealed in the Sealed Documents:

> [The] public has a right to understand the mechanisms through which the Data
> Breach occurred, along with detailed and factual information about the ways that
> Capital One and Amazon responded (or failed to respond). That much of the
> information at issue may be embarrassing and unflattering is not worthy of this
> Court's protection.

*Id.* at 15-16.

Further, neither Mr. Shamoon, nor the Reporters' Committee, nor the 98 million Americans

whose personally identifying information was compromised have access to the Sealed Documents.

Thus, the Unsealing Motion sought to grant the public access to the Sealed Documents. It

does not matter that the Consumer Plaintiffs themselves have access.

3.    *The Public Has A First Amendment Right To Access Documents When They Are Filed*

In *McPike v. Zero-Gravity Holdings, Inc.*, No. 1:17CV0562 (TSE/JFA), 2018 WL 10436601, at *1 (E.D. Va. Mar. 27, 2018), the Court considered a motion to attach an exhibit to a motion for summary judgment. The motion for summary judgment had been filed on March 13. By March 27, the Court denied the motion to seal and ordered the movant to publicly file the document. *Id.* The document was filed the next day. *McPike v. Zero-Gravity Holdings, Inc.*, 17-cv-5062 (TSE/JFA), at Dkt. No. 229 (E.D. Va. March 28, 2018).

The Court got it right in *McPike*. The Fourth Circuit has consistently held that the presumption of access applies when the documents are filed. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) ("The more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."); *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014)("the First Amendment right of access attaches to documents and materials filed in connection with a summary judgment motion[.]") (*citing Rushford*, 846 F.2d at 253).

The language that the presumption applies to documents "filed", before and irrespective of any decision, is critical to the Fourth Circuit's decisions. *Rushford* cited with approval a Seventh Circuit Court of Appeals case in which the motion for summary judgment was **withdrawn**. *Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1309–10 (7th Cir. 1984). Further, in *Rushford*, the Fourth Circuit found that the public had a right to access documents filed in connection with a summary judgment motion because summary judgment is like a trial. *Id.* But the public has a right to see trial exhibits when they are shown, even if the parties settle during the trial.

The Fourth Circuit was even more explicit in *Doe*. There, the district court failed to rule on a motion to seal while it considered a motion for summary judgment. *Doe*, 749 F.3d at 256. The

Fourth Circuit held that the court had erred because "[t]he public's interest in monitoring the work of the courts is subverted when a court delays making a determination on a sealing request while allowing litigation to proceed to judgment in secret." *Id.* at 272. It continued:

> Because the district court allowed Company Doe's motion to seal to remain pending for nine months while it adjudicated the merits of Company Doe's claims, neither the public nor the press was able to monitor the progress of the litigation as it unfolded. The district court's nine-month delay in ruling on the sealing motion ostensibly was based upon its belief that the merits of Company Doe's claims were "inextricably intertwined" with the issues of sealing. But the public right of access under the First Amendment and common law is not conditioned upon whether a litigant wins or loses. The district court erred by failing to act expeditiously on the sealing motion.

*Id.* at 273.

Courts in the Fourth Circuit have read *Doe* to require a prompt adjudication of motions to seal documents attached to dispositive motions, and the prompt public filing of documents the courts determine the public has a First Amendment right to access.  *Nielson v. Portfolio Recovery Assocs., LLC*, No. CV 2:18-1610-RMG, 2019 WL 2513722, at *1 (D.S.C. June 18, 2019) (interpreting *Doe* to require the court to require public filing of documents before decision on motion for summary judgment); *Rothman v. Snyder*, No. CV 20-3290 PJM, 2020 WL 7395488, at *2 (D. Md. Dec. 17, 2020) (similar); *In re Interior Molded Doors Antitrust Litig.*, No. 3:18CV718, 2020 WL 7259153, at *5 (E.D. Va. Dec. 10, 2020) (characterizing as "weak" the argument that a settlement removed the need for public filing).

Further, courts in the Fourth Circuit typically decide motions to seal documents attached to dispositive motions at the time the sealing motions are filed, well before the dispositive motions are decided. *Waste Mgmt., Inc. v. Great Divide Ins. Co.*, No. 3:17CV60, 2018 WL 10454868, at *2 (E.D. Va. May 1, 2018); *Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *3 (M.D.N.C. July 19, 2013); *Hopeman Bros., Inc. v. Cont'l Cas. Co.*, No. 4:16-CV-187, 2017 WL 11510381, at *2 (E.D. Va. Dec. 28, 2017) (opinion on summary judgment at *Hopeman Bros., Inc.*

10

*v. Cont'l Cas. Co.*, 307 F. Supp. 3d 433, 438 (E.D. Va. 2018)); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 427 (M.D.N.C. 2011)(opinion on summary judgment at *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, No. 1:09CV471, 2013 WL 1149174, at *1 (M.D.N.C. Mar. 19, 2013)); *Pagidipati Enterprises, Inc. v. Lab'y Corp. of Am. Holdings*, No. 1:10CV742, 2011 WL 5289725, at *2 (M.D.N.C. Nov. 2, 2011); *Pax Mondial Ltd. v. Afghan Res. Grp.*, No. 1:11CV1347, 2012 WL 13028561, at *1 (E.D. Va. July 27, 2012).

Indeed, some courts determine whether the parties may file documents under seal ***before*** the filing of the dispositive motion. *Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 141, 145 (D. Md. 2011) (removing confidentiality designation on document solely for the purpose of filing as an exhibit to a motion for summary judgment); *IVS Grp., Inc. v. All Am. Silo Co., LLC*, No. 2:17-CV-4018, 2019 WL 8334609, at *2 (S.D.W. Va. Jan. 4, 2019) to file documents under seal in forthcoming motion for summary judgment).[5] In other cases, when deciding motions to seal promptly after they were filed and well before a decision on the underlying motions, courts have ordered the parties to choose between withdrawing the documents so that they would not form part of the record on summary judgment or immediately publicly filing the documents. *Clark v. Quesinberry*, No. 7:20-CV-00057, 2021 WL 5238601, at *2 (W.D. Va. May 11, 2021); *Benjamin v. Sparks*, No. 4:14-CV-186-D, 2018 WL 4113338, at *6 (E.D.N.C. Aug. 28, 2018).

In all these cases, the courts might never have decided the dispositive motions that mandated public filing. Yet, in all these cases, the courts still ordered the parties to publicly file the documents. The Court should do the same here.

---

[5] The motion was not filed until a month later on January 30, 2019. *IVS Grp., Inc. v. All Am. Silo Co., LLC*, No. 2:17-CV-4018, 2019 WL 2126704, at *3 (S.D.W. Va. May 14, 2019)

####    4.    *The Cases Defendants Have Cited Address Completely Different Issues*

To determine whether documents are entitled to be sealed, courts answer three questions. First, they determine whether the documents are judicial documents. If they find that the documents are judicial documents, then they determine whether the public is presumed to be entitled to access the documents under either the First Amendment or the common law. Then, they determine whether the presumption(s) are rebutted.

As the cases cited by the Consumer Parties show, that the court has yet to decide the summary judgment and class certification motions could have been relevant, if at all, only to the question of whether the Sealed Documents are judicial documents. The Consumer Defendants cited *In re Pol'y Mgmt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) (unpublished table decision) and *In re Applicatoin,* 707 F.3d at for their argument that the court should stay its decision unless and until the District Court decides the Dispositive Motions. As *In re Application* explained, both cases answered the question of whether documents are judicial records:

> With respect to whether the derivative § 2703(d) *motions* are "judicial records," our prior cases guide this inquiry. In *Rushford,* we held that discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, were subject to the right of access because "summary judgment adjudicates substantive rights." 846 F.2d at 252. In *In re Policy Management Systems Corp.*, we refrained from ascribing the First Amendment right of access to documents not considered by the court but filed with a motion to dismiss, reasoning that they "do not play any role in the adjudicative process." 67 F.3d 296 (4th Cir.1995) (unpublished table decision). Taken together, *Rushford* and *In re Policy Management Systems Corp.* hold that documents filed with the court are "judicial records" if they play a role in the adjudicative process, or adjudicate substantive rights.

707 F.3d at 290.

Thus, if the *In re Application* and *Policy Management* tests are not met, then it is not simply the case that the documents are not subject to the First Amendment right of access. They are not

even subject to the common law right of access. Thus, any of the Court's decisions ordering public filing of any document relating to any motion that has not been decided would have been in error.

But that is not the case. The Court's orders are correct. The reference to "play[ing] a role in the adjudicative process" can describe the role a particular document actually plays in an actual adjudication. But it can also describe the role that *type* of document plays, as in the statement that "motions for summary judgment play a role in the adjudicative process." In *In re Application*, the Fourth Circuit found that the motions were judicial records "because they were filed ***with the objective of obtaining judicial action*** or relief pertaining to § 2703(d) orders." 707 F.3d at 291.

Indeed, *In re Application* cited with approval a Second Circuit decision in which a court-appointed receiver had filed reports merely to keep the court apprised of her activities without requesting any specific relief, *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). The reports were judicial records solely because they were "relevant to the performance of the judicial function and useful in the judicial process" and could have been – but never were – used in determining whether to terminate the receiver. *Id.* at 145.

*Policy Management* is even clearer. There, the plaintiff filed documentary evidence in opposition to the defendants' motion to dismiss. *Policy Management*, 1995 WL 541623, at *3. As the Fourth Circuit noted, extrinsic documents are not considered on a motion to dismiss. *Id.* at *4.[6] The district court could only use the documents if it converted the motion *sua sponte* into a motion for summary judgment. The Fourth Circuit held that the documents did not become judicial

---

[6] As the dissent noted, the majority appeared to be under the misapprehension that courts never consider extrinsic documents in ruling on a motion to dismiss. *Id.* at *6 n.2 (Michael, J., dissenting). The majority's categorical belief that extrinsic documents can never be considered on a motion to dismiss explains why it found that documents were completely irrelevant unless the court converted the motion to summary judgment.

documents *because* they were not the type of documents that could be used on a motion to dismiss. *Id.*

Policy Management did not hold that the court must actually consider documents in reaching a decision for the First Amendment to apply. Indeed, the majority held that "if the court converts the motion to dismiss into a motion for summary judgment, then the First Amendment guarantee of access attaches under *Rushford*." *Id.* at *4 n.5. The Fourth Circuit did not add that the documents would only be converted if the court relied on them to decide the motion for summary judgment.

Thus, *In re Application* and *Policy Management* instructed courts to look not at whether they actually considered the records in the course of rendering a decision, but whether they are the types of records that courts consider in deciding the motion in support of which the records were filed. And courts in the Fourth Circuit have interpreted *In re Application* to demand the court examine the role the type of document plays in adjudication, not the role the specific document played in the specific adjudication. *Design Res., Inc. v. Leather Indus. of Am.*, No. 1:10CV157, 2014 WL 12595214, at *3 (M.D.N.C. Aug. 19, 2014) ("Because these documents were filed with the objective of either supporting or contesting DRI's motion, they were intended to "play a role in the adjudicative process, or adjudicate substantive rights[,]") (*citing In re Application*, 707 F.3d at 290); *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013) (finding documents submitted in connection with as-yet undecided motion for class certification judicial records because "[a] motion for class certification is filed *with the objective* of seeking judicial action, and the question of class certification affects the parties' substantive rights."); *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (similar); *Norris v. PNC Bank,*

*N.A.*, No. CV ELH-20-3315, 2021 WL 5955820, at *3 (D. Md. Dec. 16, 2021)(First Amendment protection applied to just-filed, undecided motion for summary judgment).

     5.     *The Public Has a First Amendment Right to Access the Sealed Documents*

In the Fourth Circuit, courts determine whether the public has a ***First Amendment*** right to access judicial records by looking at the kind of motion the movant has filed and what relief it seeks. *Rushford* held that the public has a First Amendment right to access documents attached to motions for summary judgment. 846 F.2d at 252. *In re Application* held that there was no First Amendment right to access §2703 motions. 707 F.3d at 290. The Fourth Circuit recently held that the public has a First Amendment right to immediate access to complaints. *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 326 (4th Cir. 2021). In each case, the Fourth Circuit's discussion was limited to considering the type of document filed, not what role the document had actually played in the litigation.

District Courts conduct the same analysis. For example, in *United States v. Carolina Comprehensive Health Network*, No. 1:16CV234, 2021 WL 325705, at *4 (M.D.N.C. Feb. 1, 2021), the court determined that documents were judicial records "because they were filed with the objective of obtaining judicial action or relief." It then determined that the documents were not entitled to First Amendment protection by reference to the relief they sought: "they relate to an investigative process in which openness plays no significant role." *Id.* at *4 n.2. *See also Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013) (determining whether documents are judicial records and then determining that motions for preliminary injunctions warrant First Amendment protection, even though motion had not been decided).

In this respect, under *Rushford*, documents filed in connection with motions for summary judgment are entitled to First Amendment protection. *Sempowich v. Tactile Sys. Tech., Inc.*, No.

15

5:18-CV-488-D, 2020 WL 2789792, at *7 (E.D.N.C. May 29, 2020)(finding First Amendment right to access applicable to documents filed in connection with motion for summary judgment because "[t]he Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case")(*citing Rushford*, 846 F.2d at 252–53).

Thus, the Court correctly found that the public had a right to access to the Sealed Documents.

> 6.    *Even If the Fourth Circuit Had Not Held That the Public Is Entitled To Access to Documents Filed In Connection With Undecided Dispositive Motion, the Public Is Entitled To Do So Under the Experience and Logic Test*

The Fourth Circuit recently explained the analytical framework courts must follow to determine whether the First Amendment right to public access attaches. First, the Fourth Circuit has already ruled that the public has access to certain categories of documents, including documents filed in connection with motions for summary judgment. *Courthouse News,* 2 F.4th at 326. But when a new category of documents is at issue, courts should employ the experience and logic test, which mandates a First Amendment right to publicly access judicial records or proceedings: "(1) that "ha[ve] historically been open to the press and general public;" and (2) where "public access plays a significant positive role in the functioning of the particular process in question." *Id.* As the Fourth Circuit noted, the experience and logic test "can and sometimes does *independently* furnish the basis for a First Amendment right of access to a judicial document or to judicial proceedings." *Id.* at 327 (emphasis in original).

Because *Rushford* directly held that documents attached to motions for summary judgment are entitled to protection, the Court need not apply the experience and logic test. If it does, however, that test also supports public filing.

16

First, the public has historically had access to documents filed in connection with a motion for summary judgment when they were filed. In *Doe*, the court erred by waiting nine months to consider the motion to seal while it considered the motion for summary judgment whose exhibits the movant sought to seal. 749 F.3d at 273. Following *Doe*, courts in the Fourth Circuit regularly adjudicate motions to seal exhibits to motions for summary judgment soon after – or even before – they are filed. See 9-12, above. Other circuits have squarely held that the First Amendment presumption of access attaches when a party files a document in connection with a motion for summary judgment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006); *United States v. Wecht*, 537 F.3d 222, 229 (3d Cir. 2008)(refusing to defer release of information until after judgment because "[a]lthough post-trial release of information may be better than none at all, the value of the right of access would be seriously undermined if it could not be contemporaneous"); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record."); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)("In light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous.")(superseded on other grounds as stated in *Bond v. Utreras*, 585 F.3d 1061, 1068 (7th Cir. 2009)).

Granting access to exhibits to motions for summary judgment motions that were never decided also meets the logic test. Filing and other court fees do not come close to recouping the taxpayer's expense in running federal courts. "Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002). This Court and Judge Trenga

have clearly expended enormous resources in adjudicating this case. Considering the Dispositive Motions accounted for a substantial portion of that time. Judge Trenga held a combined ***three days*** of oral arguments on the Dispositive Motions. He clearly spent time preparing for the oral arguments and has plainly spent time considering the Dispositive Motions after the hearing. The public has a First Amendment right to know what the Parties submitted to trigger this enormous expenditure of judicial resources.

Moreover, the presumption against sealing records is especially strong in class actions like the Consumer Action. *Shane*, 825 F.3d at 305 ("[I]n class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied ...with particular strictness.'") (*quoting In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)); *accord Sims v. BB&T Corp.*, No. 1:15-CV-732, 2018 WL 3466945, at *1 (M.D.N.C. July 18, 2018). Indeed, this case may be the best illustration of why the presumption should be strong in class action. The class is not just large; it includes nearly one third of U.S. adults.

### C.   The Exhibits to the Dispositive Motion Are Relevant Because They Will Be Considered in Evaluating the Settlement

The Consumer Parties will seek approval of a classwide settlement. Dkt. No. 2204, ¶1. They will present absent class members with the options of filing a claim, or objecting to or excluding themselves from the settlement. The Consumer Parties will then ask Judge Trenga to find that the settlement is "fair, reasonable, and adequate", and finally approve it. Fed. R. Civ. P. 23(e)(2).

Absent class members will decide what to do based largely on the merits of the case. *In re Interior Molded Doors Antitrust Litig.*, 2020 WL 7259153, at *5 (E.D. Va. Dec. 10, 2020). In determining whether to approve the settlement Judge Trenga will consider "(1) the relative strength

18

of the plaintiffs' case on the merits; [and] (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial." *In re Peanut Farmers Antitrust Litig.*, No. 2:19-CV-00463, 2021 WL 3174247, at *2 (E.D. Va. July 27, 2021) (quoting *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991)). Thus, the merits of the case will feature prominently in the remainder of the Consumer Actions.

Courts reject attempts to seal merits-related documents in connection with class action settlements. In *Interior Molded Doors*, at *5 (E.D. Va. Dec. 10, 2020), the plaintiffs filed a motion for class certification, which Judge Gibney deemed a dispositive motion. The parties reached a settlement before a decision on that motion. They sought to seal expert reports filed in connection with a *Daubert* motion related to the class certification motion. Judge Gibney refused. He found that notwithstanding the settlements, "[n]ot only the Court, but also the prospective class members, will need to analyze the [class certification expert] reports to decide how to move ahead." *Id.* at *5.

> People deserve to have as much information as possible about how judges make decisions. Suppose, for instance, that the Court ultimately approves the proposed settlements in this case. Economists, legal scholars, and just plain curious people may legitimately ask how the Court came to approve the settlements considering the evidence in the case. They may wonder whether wealthy businesses too heavily influenced the Court. Or they may want to see how private litigation solves a serious public problem. Access to all the facts helps them answer these questions. Public confidence in the judiciary mandates openness whenever possible.

*Id.* at *6.

Thus, the reports "will have continued usefulness in the judicial process, making the expert reports public records protected by the First Amendment." *Id.* at *5; *see also Shane,* 825 F.3d at 306 (reversible error to seal documents filed in connection with motion for class certification obviated because of settlement).

As the Consumer Parties have told the Court again and again, and as the Court and Judge Trenga have recognized in spending hour after hour adjudicating it, the Consumer Action is a vastly important case. It is important to the 98 million Americans whose information was compromised, to the media, to students of the courts, and to other interested parties. Their interest in the merits does not go away when the parties propose a classwide settlement; it increases.

Indeed, even in cases that do not require that court approval, courts are wary of letting a settlement extinguish the public's First Amendment right of access. The public's right of access to judicial records and documents is "independent of the disposition of the merits of the case." *Stone*, 855 F.2d at 180, n.* (4th Cir. 1988); *see also Doe*, 749 F.3d at 273 ("the public right of access under the First Amendment and common law is not conditioned upon whether a litigant wins or loses."). As a result, it is well-established that the fact that the parties have agreed to settle the action does not affect the public's right of access to sealed pleadings under the First Amendment. *See Cross Creek Seed, Inc. v. Gold Leaf Seed Co.*, No. 1:16CV1432, 2018 WL 1116565, at *3 (M.D.N.C. Feb. 26, 2018) ("As a preliminary matter, the Parties' settlement of this case before a final adjudication on the merits of Plaintiff's claims does not, by itself, affect either the status of the relevant material as judicial records or the public's right of access thereto."); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("The fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status of pleadings. . . . Thus, pleadings are considered judicial records 'even when the case is pending before judgment or resolved by settlement.'"); *United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 26 (D.D.C. 2013) (noting that "the fact that the Relator, himself, is abandoning the litigation does not lessen or change the public's interest in hearing [the] allegations").

Indeed, courts are especially wary of allowing parties to bargain away the public's access to documents by settling a case before the court decides the motion. As the Fifth Circuit observed, "[b]oth sides may want confidentiality. ***Even when only one party does, the other may be able to extract a concession by agreeing to a sealing request (this type of tradeoff is common in settlement agreements).***" *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211–12 (5th Cir. 2019). Thus, "[o]nce filed on the docket, the presumption of access attaches to a document and does not disappear." *Dawson v. Merck & Co.*, No. 112CV1876BMCPK, 2021 WL 242148, at *5 (E.D.N.Y. Jan. 24, 2021). *Dawson* added:

> To conclude otherwise would permit the parties in a case to summarily close the curtain on the public's view into the judicial branch of government without the court's ability to weigh the presumption of access against any countervailing interests.

*Id.*

The Consumer Plaintiffs' briefing certainly suggested that Defendants were seeking to conceal something from the American public. They wrote that "Defendants hope to shield from view the details of their failure to guard the personal information of 98 million Americans" Unsealing Motion, at 15, and that:

> [The] public has a right to understand the mechanisms through which the Data Breach occurred, along with detailed and factual information about the ways that Capital One and Amazon responded (or failed to respond). That much of the information at issue may be embarrassing and unflattering is not worthy of this Court's protection.

*Id.* at 15-16.

Having reached the settlement, the Consumer Plaintiffs understandably no longer seek to protect the public's right to access documents. The Securities Plaintiff anticipates that the Consumer Parties will withdraw all pending motions as part of the Settlement, including the Unsealing Motion. In their joint motion to stay proceedings, the Consumer Parties state that it

"would be in the interest of judicial efficiency and conserve the resources of the Court and the [Consumer] Parties" to stay all pending motions. Simply delaying a decision on the Unsealing Motion does not preserve the Court's resources. It thus appears that part of the value the Consumer Defendants derive from the Settlement is "shield[ing] from view the details of their failure to guard the personal information of 98 million Americans."  But because "[i]t is the public that has the right of access [] private litigants should not be able to contract that right away." *BP*, 920 F.3d at 211.

The Consumer Parties may have reached a settlement. But the 98 million Americans whose information was compromised, the media that would report on the issue, and Capital One's investors attempting to determine whether their executives are good fiduciaries, still don't have their answers.

### D.      The Securities Plaintiff Has Not Waived Any Right

The First Amendment right to view judicial records belongs to the public. But because the parties rarely have any interest in unsealing documents, "it is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access." *BP*, 920 F.3d at 211-12.

Courts in the Fourth Circuit understand this responsibility perfectly. This Court, like all others, does not grant motions to seal solely because they are unopposed. Instead, even absent any opposition, the Court will skeptically and thoroughly examine the motions to ensure that any material that is not entitled to be sealed is filed publicly. Thus, because "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody", arguments against sealing *cannot* be waived. *Shane*, 825 F.3d at 307.

The Securities Plaintiff had even less reason to intervene in this case. This is the rare case in which a party *objected* to sealing. The Consumer Plaintiffs presented detailed and persuasive arguments in their oppositions to Defendants' motions to seal. Further, they were far better placed

to make arguments because they had access to the underlying documents themselves. Thus, the Securities Plaintiff reasonably relied on the Consumer Plaintiffs to present the case and quickly intervened when the Consumer Plaintiffs stopped pursuing the relief they had requested.

### E.      The PSLRA Discovery Stay Does Not Prevent the Court From Unsealing Documents that Are Not Entitled To Be Filed Under Seal

The PSLRA stays "discovery" and related "proceedings" during the pendency of a motion to dismiss. Because the motion to unseal is neither "discovery" nor a related "proceeding", it is not stayed.

In *Shane*, class action settlement objectors sought to have the court unseal documents which had been filed in the underlying litigation. Controlling case law prohibited settlement class members from obtaining discovery, and so the parties argued that the objectors could not seek to have documents unsealed. 825 F.3d at 307.

 But as the Sixth Circuit observed, "there is an obvious difference (so obvious that one wonders how a party could overlook it) between limiting the right of class members to take new discovery after settlement, and denying them the right to view materials already in the court record." *Id.* Thus, as the Sixth Circuit recognized, unsealing a document is ("obvious[ly]") not discovery.

The court in *Marriott* directly determined that motions to unseal are not "discovery" subject to the discovery stay. *In re Marriott*, No. PWG-19-2879, 2019 WL 4855202, at *1 (D. Md. Aug. 30, 2019). The plaintiffs sought to have the court unseal documents already on the public docket. The defendants objected on the basis of the PSLRA stay. The court granted the motion to unseal because it was not "discovery." As it noted, "Plaintiffs do not ask the Defendants to produce anything, they ask that information already docketed in this case be publicly available." *Id.* at *2.

Once the documents were publicly filed, they were no longer "raw fruits of discovery". *Id.* Seeking to unseal them was, accordingly, not "discovery". *Id.*

Moreover, the court found that the plaintiffs' objective – "to use information from the unsealed materials to bolster their pleadings" – is not an "end-run around the PSLRA stay": "[d]etermining whether something is discovery or not should not depend upon its desired use." *Id.* *(citing Gubricky on behalf of Chipotle Mexican Grill, Inc. v. Ells*, No. 16-CV-2011-WJM-KLM, 2018 WL 1558264, at *3 (D. Colo. Mar. 26, 2018) ("It is plain to this Court that Movants are looking for information they hoped to obtain when they filed their motion in *Ong* to lift the PSLRA stay, but Movants' actions in this Court are not an end-run around the Southern District of New York's denial order."). To rule otherwise would be perverse. Denying the public access to documents it is entitled to see harms every U.S. person's First Amendment rights. It is black letter law that all members of the public have the same right to vindicate their First Amendment right to access improperly sealed information. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)("[t]he rights of access of the media 'are co-extensive with and do not exceed those rights of members of the public in general.'"). The PSLRA cannot overrule the First Amendment to make the Securities Plaintiff the only U.S. person who cannot vindicate his rights in this case. *Id.*; *see also Gubricky*, 2018 WL 1558264, at *4.

In any case, as the Fifth Circuit held: "[I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access." *BP*, 920 F.3d at 211-12. *See also Shane*, 825 F. 3d at 307 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.") If documents are being improperly withheld, it does not really matter that it is the Securities Plaintiff who is bringing it to the Court's attention.

## IV.    CONCLUSION

The Court has already ruled that the Sealed Documents are judicial documents which the First Amendment presumes the public is entitled to see and that the presumption is not rebutted. The Court stayed this First Amendment Order. The argument the Consumer Plaintiffs make in appealing that ruling is that each day's delay inflicts an additional harm on the public. It is perverse to stay consideration of a motion that argues that each day's delay in granting the relief the motion requests harms the public.

In the alternative, the Court properly found that the public has a right to access the Sealed Documents. The predicates for the Court's order staying its First Amendment Order are either no longer applicable or are not sufficient to support filing under seal. The Court should unseal the documents that the Court previously found should be made available to the public. *See* Dkt. No. 1955 (granting in part and denying in part the motions to seal associated with docket entry numbers 1786, 1790, 1802, 1809, 1829, 1833, 1843, 1881, 1887, 1888, and 1915).

Dated: April 20, 2022                    Respectfully submitted,

**THE LAW FIRM OF CARLTON F. BENNETT, P.L.L.C.**

/s/ Carlton F. Bennett
Carlton F. Bennett (Va. Bar No. 18453))
120 South Lynnhaven Road, Suite 100
Virginia Beach, VA 23452
Phone: (757) 266-5149
Fax: (757) 486-8910
Email: cbennett@carltonbennettlaw.com

*Liaison Counsel for Plaintiffs*

25

**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne (*pro hac vice* pending)
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com

*Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by the Court's

CM/ECF System on counsel of record on April 20, 2022.

/s/ Carlton F. Bennett