IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> _____ ) | MDL No. 1:19md2915 (AJT/JFA) |

**ORDER**

On April 22, 2022, plaintiff Edward Shamoon ("Securities Plaintiff") filed a motion for partial reconsideration of order staying all non-settlement related proceedings in consumer action or in the alternative to unseal documents. (Docket no. 2223). On April 29, 2022, defendants filed a joint opposition to the Securities Plaintiff's motion. (Docket no. 2224). That same day, the Consumer Plaintiffs filed a response to the Securities Plaintiff's motion. (Docket no. 2225). The Securities Plaintiff filed a reply on May 5, 2022. (Docket no. 2226). The undersigned has reviewed the relevant pleadings and, for the following reasons, finds that the Securities Plaintiff's motion should be denied.

On December 20, 2021, the Consumer Plaintiffs and Consumer Defendants (collectively "Consumer Parties") filed a joint motion to stay proceedings and notified the court that they had reached a settlement. (Docket no. 2204). On December 21, 2021, the court entered an order granting the Consumer Parties' joint motion and staying all non-settlement related proceedings. (Docket no. 2206). The Securities Plaintiff seeks reconsideration of this order or, alternatively, an order unsealing certain documents filed in connection with the Consumer Parties' unresolved and stayed motions for summary judgment and class certification. (Docket no. 2223 at 1).

As an initial matter, the Securities Plaintiff has not established any circumstances to justify reconsideration of the court's December 21, 2021 stay order. The court's order stayed all non-settlement related proceedings, including all pending motions and objections, and it is

1

therefore an interlocutory order. Although the standard for reconsideration of an interlocutory order is not entirely clear, the Fourth Circuit has held that such motions are not subject to the heightened standards for reconsideration of a final judgment or order under Fed. R. Civ. P. 59(e) or 60(b). *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (noting that "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted"). The standards for reconsideration of a final judgment or order are instructive, however, and courts may refer to them when reviewing a motion to reconsider an interlocutory order. *See Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018).

      The Securities Plaintiff does not explicitly state the basis under which he is seeking reconsideration, but he cites to the standard for a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). (Docket no. 2223-1 at 5 n.4). Pursuant to Fed. R. Civ. P. 59(e), a motion to reconsider should be granted only if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Here, the Securities Plaintiff has shown no intervening change in controlling law or new evidence that would warrant reconsideration of the court's December 21, 2021 order. As discussed in more detail below, the court's decision to stay all non-settlement related proceedings, including motions related to sealing, was not a clear error of law, and reconsideration is not necessary to prevent any manifest injustice. For these reasons, the Securities Plaintiff is not entitled to reconsideration of the order staying all non-settlement related proceedings.

      As to the Securities Plaintiff's alternative request for relief, the court need not unseal the exhibits filed in connection with the Consumer Parties' motions for summary judgment and class

certification because no right to public access has attached to those documents.[1]  The common law and the First Amendment each establish an independent right of public access to documents and exhibits filed in federal court.  *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).  Whether evaluated under the common law or the First Amendment,[2] the right to public access applies only to judicial records.  *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988).  A document does not become a judicial record merely because it was filed; it "must be relevant to the performance of the judicial function and useful in the judicial process."  *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013) ["*In re Application*"] (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  The Fourth Circuit has held that "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights."  *In re Application*, 707 F.3d at 290.

In the instant motion, the Securities Plaintiff seeks documents filed in support of the Consumer Parties' motions for summary judgment and class certification.  (Docket no. 2223 at 1).  The Securities Plaintiff argues that these documents should be unsealed because they are subject to a First Amendment right to public access.  (Docket no. 2223-1 at 9).  As to the exhibits filed in connection with briefing on class certification, the Fourth Circuit has not previously

---

[1] Contrary to the Securities Plaintiff's argument otherwise, the considerations supporting the court's October 18, 2021 order staying action on the pending motions to seal remain in full effect.  Although a single public entity, The Reporters Committee for Freedom of the Press, has since filed an *amicus curiae* brief in support of unsealing (Docket no. 2143-1), counsel for the Consumer Plaintiffs continues to have access to the sealed documents.  Furthermore, it is even more apparent now, in light of the Consumer Parties' settlement, that the District Judge will likely never rule on the motions to which those sealed documents are related.

[2] The First Amendment right to public access attaches in narrower circumstances, but it provides a greater level of protection.  *See Va. Dep't of State Police*, 386 F.3d at 575.

recognized a First Amendment right of public access to such documents. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728–29 (M.D.N.C. 2013) ("The Court has located no case finding a First Amendment right of access to class certification briefing and exhibits."). Materials submitted in connection with a summary judgment motion, however, are typically subject to a First Amendment right of public access because summary judgment motions are dispositive. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252–53 (4th Cir. 1988). A court may nevertheless find that no right of access exists where the District Judge does not rely on the materials when making a decision, even where the decision itself is dispositive. *See Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013). Although it is apparent that documents do not become judicial records merely because they are filed, *see In re Application*, 707 F.3d at 290–91, the Fourth Circuit has not squarely ruled on the issue presented here: whether exhibits to a motion for summary judgment become judicial records upon filing (as the Securities Plaintiff argues) or whether the court must first consider or rely upon them (as defendants argue).

The court is persuaded that the First Amendment right to public access attaches when the court actually considers or relies upon documents in determining the substantive rights or obligations of parties, and not merely when such documents are filed.[3] In *Rushford*, the Fourth Circuit found that the First Amendment right to public access attached to documents submitted as part of a motion for summary judgment because "summary judgment adjudicates substantive rights and serves as a substitute for a trial." 846 F.2d at 252. The *Rushford* Court noted that the

---

[3] As a practical matter, the court observes that nothing is preventing the Consumer Parties from filing motions to withdraw without prejudice to refiling the sealed exhibits in light of the pending settlement agreement. The existence of this option undermines the Securities Plaintiff's argument that the public has an inherent right to access the documents that attaches upon filing.

documents at issue would have been submitted as evidence and revealed to the public at trial, and it declined to treat them differently when considered as part of a dispositive motion. *See id.* Similarly, in *Doe v. Public Citizen*, 749 F.3d 246 (4th Cir. 2014), the Fourth Circuit extended the First Amendment right to public access beyond summary judgment motions and accompanying exhibits to include judicial orders on summary judgment. *Doe*, 749 F.3d at 267. The *Doe* Court noted that "it would be anomalous to conclude that the First Amendment right of access applies to materials that formed the basis of the district court's decision ruling on a summary judgment motion but not the court's opinion itself." *Id.* at 267–68. Taken together, *Rushford* and *Doe* stand for the proposition that the First Amendment right of access applies to documents that would be disclosed publicly if used at trial and that would form and explain the basis for a judicial adjudication of substantive rights.

These considerations are inapplicable here, where, as defendants note, the parties have settled and where their substantive claims will presumably never be resolved by dispositive motions or at trial.[4] (Docket no. 2224 at 19). As the Fourth Circuit has held, the mere filing of a document does not automatically create a right of public access. *See In re Application*, 707 F.3d at 291–92. A right of public access exists only where documents "play a role in the adjudicative process, or adjudicate substantive rights."[5] *See id.* at 290. The Securities Plaintiff has not

---

[4] Concerns about prompt adjudication of motions to seal are likewise inapplicable. After finding that the right to public access had attached, the *Doe* Court criticized the district court's decision to leave a motion to seal pending while adjudicating the merits of the underlying claims. 749 F.3d at 272–73. Here, all non-settlement related proceedings have been stayed, and the court is not currently considering the Consumer Parties' substantive motions. As a result, there is no risk that litigation will "proceed to judgment in secret." *See id.* at 272.

[5] The court's language here does not suggest that such a right extends to documents that *could* "play a role in the adjudicative process, or adjudicate substantive rights." *See In re Application*, 707 F.3d at 290. The inference that such documents must *actually* play such a role is inconsistent with the Securities Plaintiff's argument that the court need only consider the type of document at issue. (Docket no. 2223-1 at 13).

established that the documents filed in support of the Consumer Parties' unresolved and stayed motions for summary judgment have or will factor into the adjudicative process in any meaningful sense.  Moreover, the Securities Plaintiff cannot make such a showing because the motions at issue will likely be denied as moot following final approval of the Consumer Parties' settlement agreement.  The Securities Plaintiff argues that "the public has a right to see trial exhibits when they are shown, even if the parties settle during the trial." (Docket no. 2223-1 at 9).  While the public may have a right to see trial exhibits once they are shown and introduced during a public trial, the public has no right to see trial exhibits that were never introduced at trial.  Such is the circumstance here, there has been no public trial and all non-settlement related proceedings have been stayed, and the sealed exhibits will likely never be considered in an actual adjudication of the parties' substantive claims.

      The Securities Plaintiff's argument that the Consumer Class and District Judge will need to consider the sealed documents to evaluate the terms of the Consumer Parties' settlement agreement is not persuasive.  As the Consumer Plaintiffs note in their response, the Consumer Parties' substantive briefs are largely public, and there is extensive information currently available regarding the data breach.  (Docket no. 2225 at 2–3).  The Securities Plaintiff does not point to any specific evidence that is necessary for an evaluation of the settlement, and the proposed settlement itself was filed with hundreds of pages of supporting documents and exhibits.  (Docket nos. 2218, 2219).  The Securities Plaintiff's argument that the District Judge will need to rely on the sealed exhibits is similarly speculative and unfounded.  If the District Judge finds that it is necessary to rely on some of the sealed exhibits when determining whether to approve the Consumer Parties' final settlement agreement, such materials would properly be the subject of a motion to unseal and an analysis of the applicability of the common law and First

Amendment rights to public access as to those documents.  *See In re Interior Molded Doors Antitrust Litigation*, No. 3:18-cv-718, 2020 WL 7259153, *5 (E.D. Va. Dec. 10, 2020) (affirming unsealing order where the court relied on unsealed expert witness reports filed in support of motions to certify class actions when considering the parties' proposed settlements).  Because there is no indication that the District Judge has relied or will rely on any of the sealed exhibits, such a motion is premature.  For these reasons, it is hereby

ORDERED that plaintiff's motion for partial reconsideration of order staying all non-settlement related proceedings in consumer action or in the alternative to unseal documents is denied.

Entered this 19th day of May, 2022.

Alexandria, Virginia

_____
John F. Anderson
United States Magistrate Judge